Missing Case Number:
24-1442

# United States Court of Appeals
## for the First Circuit

---

MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

2024 JUN 21 AM 10: 46

Defendants – Appellees.

---

**Motion for Enlargement of Time to Respond to the APPELLANT'S BRIEFING NOTICE.**

Matthew Lane Hassell the Appellant, requests a reasonable amount of time, 30 (THIRTY) days and nights to respond to the Notice, so that he can have the United States Supreme Court issue adjudication facts and process. This motion is made with clean hands, in good faith for proper purposes and not for delay and for clarity of challenge, so that no party will be prejudiced in granting this motion.

Plaintiff has not been given the opportunity to adequately research the Public Laws and Acts of Congress and United States Code Annotated and the Rules of the Court so he may put forth a cognizable presentment. For this and other reasons, Plaintiff honorably requests the extension of time to respond. Mr. Hassell respectfully reminds the Honorable Justices of the Highly Honored Court of the Original Colonies he in not an attorney but presents his research into the Clerk of the United States Court of Appeals for the First Circuit, attached hereto, in order for their inspection, so he may have the time to memorialize from where Appellants knowledge and experience inheres from, and, due to the depth of the matter with which this judicial and lawful controversy attempts to cover.

Are previous entries even an honorable offer when the signatory line does not memorialize the Congressionally Authorized Constitutionally Ordained and Established Courthouse (et al, i.e. State and Article III, United States Constitutions)? I present 34 pages at issue of the filing of the Writ of Error attached hereto.

Respectfully and Timely Submitted;

Date: 20 June, 2024

Matthew-Sone: Howell

Appellant

---------- END OF PAGE ----------

I Matthew-Lane: Hassell certify that a true copy of this document has been mailed to: 6 Defendants whose names are recorded on the judicial court record. This original is presented to the Clerk of Court where the Writ of Error is pending and will present proof of mailing upon demand and will file such with relevant United States Courthouses no less and 10 days and certainly before the end of the month of June 2024.

# CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document has been mailed

to: Todd H. Prevett, Judge

Nathan W. Kenison-Marvin, Attorney

[Defendant or Defendants attorney]

at: N.H. Attorney General's Office (DOJ)

1 Granite Place

Concord, N.H. 03301

[address] on the 20th of June, 2024 [date].

______________________________

Signature

Print Name: Matthew-Lane: Hassell

Address: 20 Arlington St. Unit D

Nashua, New Hampshire 03060

Phone Number: (603) 231-0844

E-mail Address: Mhas191@yahoo.com

---------- END OF PAGE ----------

I Matthew-Lane: Hassell certify that a true copy of this document has been mailed to: 6 Defendants whose names are recorded on the judicial court record. This original is presented to the Clerk of Court where the Writ of Error is pending and will present proof of mailing upon demand and will file such with relevant United States Courthouses no less and 10 days and certainly before the end of the month of June 2024.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document has been mailed

to: Michael L. Alfano, Judge

Nathan W. Kenison-Marvin, Attorney

[Defendant or Defendants attorney]

at: N.H. Attorney General's Office (DOJ)

1 Granite Place

Concord, N.H. 03301

[address] on the 20th of June, 2024 [date].

Matthew-Lane: Hassell

Signature

Print Name: Matthew-Lane: Hassell

Address: 20 Arlington St. Unit D

Nashua, New Hampshire 03060

Phone Number: (603) 231-0844

E-mail Address: Mhas191@yahoo.com

---------- END OF PAGE ----------

I Matthew-Lane: Hassell certify that a true copy of this document has been mailed to: 6 Defendants whose names are recorded on the judicial court record. This original is presented to the Clerk of Court where the Writ of Error is pending and will present proof of mailing upon demand and will file such with relevant United States Courthouses no less and 10 days and certainly before the end of the month of June 2024.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document has been mailed

to: Kerry P. Steckowych, Judge

Nathan W. Kenison-Marvin, Attorney

[Defendant or Defendants attorney]

at: N.H. Attorney General's Office (DOJ)

1 Granite Place

Concord, N.H. 03301

[address] on the 20th of June, 2024 [date].

Matthew-Lane: Hassell

Signature

Print Name: Matthew-Lane: Hassell

Address: 20 Arlington St. Unit D

Nashua, New Hampshire 03060

Phone Number: (603) 231-0844

E-mail Address: Mhas191@yahoo.com

---------- END OF PAGE ----------

I Matthew-Lane: Hassell certify that a true copy of this document has been mailed to: 6 Defendants whose names are recorded on the judicial court record. This original is presented to the Clerk of Court where the Writ of Error is pending and will present proof of mailing upon demand and will file such with relevant United States Courthouses no less and 10 days and certainly before the end of the month of June 2024.

# CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document has been mailed

to: Mark E. KIMBARK

[Defendant or Defendants attorney]

at: 3 Stoneleigh Dr.

Derry, N.H. 03038

[address] on the 20th of June, 2024 [date].

Matthew-Lane: Hassell

Signature

Print Name: Matthew-Lane: Hassell

Address: 20 Arlington St. Unit D

Nashua, New Hampshire 03060

Phone Number: (603) 231-0844

E-mail Address: Mhas191@yahoo.com

---------- END OF PAGE ----------

I Matthew-Lane: Hassell certify that a true copy of this document has been mailed to: 6 Defendants whose names are recorded on the judicial court record. This original is presented to the Clerk of Court where the Writ of Error is pending and will present proof of mailing upon demand and will file such with relevant United States Courthouses no less and 10 days and certainly before the end of the month of June 2024.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document has been mailed

to: CHERYL L. KIMBARK

[Defendant or Defendants attorney]

at: 3 Stoneleigh Dr

Derry, N.H. 03038

[address] on the 20th of June, 2024 [date].

Matthew-Lane: Hassell

Signature

Print Name: Matthew-Lane: Hassell

Address: 20 Arlington St. Unit D

Nashua, New Hampshire 03060

Phone Number: (603) 231-0844

E-mail Address: Mhas191@yahoo.com

---------- END OF PAGE ----------

I Matthew-Lane: Hassell certify that a true copy of this document has been mailed to: 6 Defendants whose names are recorded on the judicial court record. This original is presented to the Clerk of Court where the Writ of Error is pending and will present proof of mailing upon demand and will file such with relevant United States Courthouses no less and 10 days and certainly before the end of the month of June 2024.

# CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document has been mailed

to: DEVIN AILEEN KIMBARK

___________________________

[Defendant or Defendants attorney]

at: 3 Stoneleigh Dr.

Derry, N.H. 03038

___________________________

[address] on the 20th of June, 2024 [date].

Matthew-Lane: Hassell

Signature

Print Name: Matthew-Lane: Hassell

Address: 20 Arlington St. Unit D

Nashua, New Hampshire 03060

Phone Number: (603) 231-0844

E-mail Address: Mhas191@yahoo.com

---------- END OF PAGE ----------

**28 U.S.C.**
United States Code, 2010 Edition
Title 28 - JUDICIARY AND JUDICIAL PROCEDURE
From the U.S. Government Publishing Office, www.gpo.gov

# TITLE 28—JUDICIARY AND JUDICIAL PROCEDURE

*This title was enacted by act June 25, 1948, ch. 646, §1, 62 Stat. 869*

62 Sta t .] 80th CONG., 2d SESS.—CH. 646—JUNE 25, 1948 869 [CHAPTER 646] AN ACT To revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary". Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That title 28 of the United States Code, entitled "Judicial Code and Judiciary" is hereby revised, codified, and enacted into law, and may be cited as "Title 28, United States Code, section —", as follows: TITLE 28, JUDICIARY AND JUDICIAL PROCEDURE

June 25, 1948 [H. R. 3214] [Public Law 773] Title 28, U. S. Code. Codification and enactment into law.

PUBLIC LAW CHAPTER 646:

## CHAPTER 3—COURTS OF APPEALS

§ 42. Allotment of Supreme Court justices to circuits The Chief Justice of the United States and the associate justices of the Supreme Court shall from time to time be allotted as circuit justices among the circuits by order of the Supreme Court. The Chief Justice may make such allotments in vacation. A justice may be assigned to more than one circuit, and two or more justices may be assigned to the same circuit.

§ 44. Appointment, tenure, residence and salary of circuit judges - (b) Circuit judges shall hold office during good behavior.

§ 454. Practice of law by justices and judges Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor.

## CHAPTER 41—ADMINISTRATIVE OFFICE OF UNITED STATES COURTS

§ 607. Practice of law prohibited An officer or employee of the Administrative Office

shall not engage directly or indirectly in the practice of law in any court of the United States.

§654. Arbitration

(a) Referral of Actions to Arbitration.—Notwithstanding any provision of law to the contrary and except as provided in subsections (a), (b), and (c) of section 652 and subsection (d) of this section, a district court may allow the referral to arbitration of any civil action (including any adversary proceeding in bankruptcy) pending before it when the parties consent, except that referral to arbitration may not be made where—

(1) the action is based on an alleged violation of a right secured by the Constitution of the United States;

(2) jurisdiction is based in whole or in part on section 1343 of this title; or

(3) the relief sought consists of money damages in an amount greater than $150,000.

(b) Safeguards in Consent Cases.—Until such time as rules are adopted under chapter 131 of this title relating to procedures described in this subsection, the district court shall, by local rule adopted under section 2071(a), establish procedures to ensure that any civil action in which arbitration by consent is allowed under subsection (a)—

(1) consent to arbitration is freely and knowingly obtained; and

(2) no party or attorney is prejudiced for refusing to participate in arbitration.

(c) Presumptions.—For purposes of subsection (a)(3), a district court may presume damages are not in excess of $150,000 unless counsel certifies that damages exceed such amount.

(d) Existing Programs.—Nothing in this chapter is deemed to affect any program in which arbitration is conducted pursuant to section [1] title IX of the Judicial Improvements and Access to Justice Act (Public Law 100–702), as amended by section 1 of Public Law 105–53.

(Added Pub. L. 100–702, title IX, §901(a), Nov. 19, 1988, 102 Stat. 4660; amended Pub. L. 105–315, §6, Oct. 30, 1998, 112 Stat. 2995.)

## CHAPTER 57—GENERAL PROVISIONS APPLICABLE TO COURT OFFICERS AND EMPLOYEES

§ 959. Trustees and receivers suable; management; State laws (a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury. (b) A trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

§ 960. Tax liability Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.

**CHAPTER 85—DISTRICT COURTS; JURISDICTION**

§ 1331. Federal question; amount in controversy The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States.

§ 1343. Civil rights - The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 47 of Title 8; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 47 of Title 8 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

§ 1346. United States as defendant (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
(b) Subject to the provisions of chapter 173 of this title, the district courts, together with the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. (c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.

§ 1349. Corporation organized under federal law as party The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

§ 1352. Bonds executed under federal law The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States.

## CHAPTER 87—DISTRICT COURTS; VENUE

§ 1404. Change of venue (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer. (c) A district court may order any civil action to be tried at any place within the division in which it is pending.

## CHAPTER 89—DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS

§ 1442. Federal officers sued or prosecuted (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States. (3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties; (4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House. (b) A personal action commenced in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State, wherein jurisdiction is obtained by the State court by personal service of process, may be removed by the defendant to the district court of the United States for the district and division in which the defendant was served with process.

§ 1443. Civil rights cases Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; . (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

## CHAPTER 111—GENERAL PROVISIONS

§1651. Writs

(a) The Supreme Court and all courts established by Act of Congress may issue all

writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court, which has jurisdiction.

(June 25, 1948, ch. 646, 62 Stat. 944 ; May 24, 1949, ch. 139, §90, 63 Stat. 102 .)

Historical and Revision Notes

1948 Act

Based on title 28, U.S.C., 1940 ed., §§342, 376, 377 (Mar. 3, 1911, ch. 231, §§234, 261, 262, 36 Stat. 1156 , 1162).

Section consolidates sections 342, 376, and 377 of title 28, U.S.C., 1940 ed., with necessary changes in phraseology.

Such section 342 provided:

"The Supreme Court shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction; and writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed under the authority of the United States, or to persons holding office under the authority of the United States, where a State, or an ambassador, or other public minister, or a consul, or vice consul is a party."

Rule 20. Procedure on a Petition for an Extraordinary Writ

1. Issuance by the Court of an extraordinary writ authorized by 28 U. S. C. §1651(a) is not a matter of right, but of discretion sparingly exercised. To justify the granting of any such writ, the petition must show that the writ will be in aid of the Court's appellate jurisdiction, that exceptional circumstances warrant the exercise of the Court's discretionary powers, and that adequate relief cannot be obtained in any other form or from any other court.

2. A petition seeking a writ authorized by 28 U. S. C. §1651(a), §2241, or §2254(a) shall be prepared in all respects as required by Rules 33 and 34. The petition shall be captioned "*In re* [name of petitioner]" and shall follow, insofar as applicable, the form of a petition for a writ of certiorari prescribed by Rule 14. All contentions in support of the petition shall be included in the petition. The case will be placed on the docket when 40 copies of the petition are filed with the Clerk and the docket fee is paid, except that a petitioner proceeding *in forma pauperis* under Rule 39, including an inmate of an institution, shall file the number of copies required for a petition by such a person under Rule 12.2, together with a motion for leave to proceed *in forma pauperis*, a copy of which shall precede and be attached to each copy of the petition. The petition shall be served as required by Rule 29 (subject to subparagraph 4(b) of this Rule).

3. (a) A petition seeking a writ of prohibition, a writ of mandamus, or both in the alternative shall state the name and office or function of every person against whom relief is sought and shall set out with particularity why the relief sought is not available in any other court. A copy of the judgment with respect to which the writ is sought, including any related opinion, shall be appended to the petition together with any other document essential to understanding the petition.

(b) The petition shall be served on every party to the proceeding with respect to which relief is sought. Within 30 days after the petition is placed on the docket, a party shall file 40 copies of any brief or briefs in opposition thereto, which shall comply fully with Rule 15. If a party named as a respondent does not wish to respond to the petition, that party may so advise the Clerk and all other parties by letter. All persons served are deemed respondents for all purposes in the proceedings in this Court.

## CHAPTER 115—EVIDENCE; DOCUMENTARY

§ 1733. Government records and papers; copies (a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept. (b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof.

§ 1737. Copy of officer's bond Any person to whose custody the bond of any officer of the United States has been committed shall, on proper request and payment of the fee allowed by any Act of Congress, furnish certified copies thereof, which shall be prima facie evidence in any court of the execution, filing and contents of the bond.

§ 1738. State and Territorial statutes and judicial proceedings; full faith and credit The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto. The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form. Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

§ 1739. State and Territorial nonjudicial records; full faith and credit - All nonjudicial records or books kept in any public office of any State, Territory, or Possession of the United States, or copies thereof, shall be proved or admitted in any court or office in any other State, Territory, or Possession by the attestation of the custodian of such records or books, and the seal of his office annexed, if there be a seal, together with a certificate of a judge of a court of record of the county, parish, or district in which such office may be kept, or of the Governor, or secretary of state, the chancellor or keeper of the great seal, of the State, Territory, or Possession that the said attestation is in due form and by the proper officers. If the certificate is given by a judge, it shall be further authenticated by the clerk or prothonotary of the court, who shall certify, under his hand and the seal of his office, that such judge is duly commissioned and qualified; or, if given by such Governor, secretary, chancellor, or keeper of the great seal, it shall be under the great seal of the State, Territory, or Possession in which it is made. Such records or books, or copies

thereof, so authenticated, shall have the same full faith and credit in every court and office within the United States and its Territories and Possessions as they have by law or usage in the courts or offices of the State, Territory, or Possession from which they are taken.

§ 1785. Privilege against incrimination A witness shall not be required on examination under letters rogatory to disclose or produce any evidence tending to incriminate him under the laws of any State or Territory of the United States or any foreign state.

§ 1874. Actions on bonds and specialties In all actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, wherein the forfeiture, breach, or nonperformance appears by default or confession of the defendant, the court shall render judgment for the plaintiff for such amount as is due. If the sum is uncertain, it shall, upon request of either party, be assessed by a jury.

## CHAPTER 151—DECLARATORY JUDGMENTS
§ 2201. Creation of remedy In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment ar decree and shall be reviewable as such.

§ 2202. Further relief Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

## CHAPTER 131—RULES OF COURTS
§ 2072. Rules of civil procedure for district courts The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts of the United States in civil actions. Such rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as at common law and as declared by the Seventh Amendment to the Constitution. Such rules shall not take effect until they have been reported to Congress by the Attorney General at the beginning of a regular session and until after the close of such session. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. Nothing in this title anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.

§ 2281. Injunction against enforcement of State statute: three judge court required An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or

judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

§ 2284. Three-judge district court; composition; procedure In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows: (1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding. (2) If the action involves the enforcement, operation or execution of State statutes or State administrative orders, at least five days notice of the hearing shall be given to the governor and attorney general of the State. . If the action involves the enforcement, operation or execution of an Act of Congress or an order of any department or agency of the United States, at least five days' notice of the hearing shall be given to the Attorney General of the United States, to the United States attorney for the district, and to such other persons as may be defendants. Such notice shall be given by registered mail by the clerk, and shall be complete on the mailing thereof. (3) In any such case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage. The order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the full court. It shall contain a specific finding, based upon evidence submitted to such judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted. (4) In any such case the application shall be given precedence and assigned for. a hearing at the earliest practicable day. Two judges must concur in granting the application. (5) Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing. A district court of three judges shall, before final hearing, stay any action pending therein to enjoin, suspend or restrain the enforcement or execution of a State statute or order thereunder, whenever it appears that a State court of competent jurisdiction has stayed proceedings under such statute or order pending the determination in such State court of an action to enforce the same. If the action in the State court is not prosecuted diligently and in good faith, the district court of three judges may vacate its stay after hearing upon ten days notice served upon the attorney general of the State.

**CHAPTER 163—FINES, PENALTIES AND FORFEITURES**

§ 2461. Mode of recovery (a) Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action. (b) Unless otherwise provided by Act of Congress, whenever a forfeiture of property is prescribed as

a penalty for violation of an Act of Congress and the seizure takes place on the high seas or on navigable waters within the admiralty and maritime jurisdiction of the United States, such forfeiture may be enforced by libel in admiralty but in cases of seizures on land the forfeiture may be enforced by a proceeding by libel which shall conform as near as may be to proceedings in admiralty.

§ 2462. Time for commencing proceedings Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

**CHAPTER 171—TORT CLAIMS PROCEDURE**

§ 2671. Definitions As used in this chapter and sections 1346 (b) and 2401 (b) of this title, the term— "Federal agency" includes the executive departments and independent establishment of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States but does not include any contractor with the United States. "Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation. "Acting within the scope of his offict or employment", in the case of a member of the military or naval forces of the United States, means acting in line of duty.

2674. Liability of United States. The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof.

§ 2677. Compromise The Attorney General, with the approval of the court, may arbitrate, compromise, or settle any claim cognizable under section 1346 (b) of thistitle, after the commencement of an action thereon.

§ 2679. Exclusiveness of remedy The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346 (b) of this title, and the remedies provided by this title in such cases shall be exclusive.

§ 2680. Exceptions The provisions of this chapter and section 1346 (b) of this title shall not apply to— (a) Any claim based upon an act or omission of an employee of the

Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused. (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

Sec . 21. Section 42 of the Act approved March 2, 1917 (ch. 145, 39 Stat. 966; 48 U. S. C., section 864) is amended to read as follows: "Sec . 42. The laws of the United States relating to appeals, certiorari, removal of causes, and other matters or proceedings as between the courts of the United States and the courts of the several States shall govern in such matters and proceedings as between the United States District Court for the District of Puerto Rico and the courts of Puerto Rico.

Sec. 23 Section 2 of the Act approved January 31, 1928 (chapter 14, 45 Stat. 54), as amended, is amended to read as follows: "Sec. 2. All Acts of Congress referring to writs of error shall be construed as amended to the extent necessary to substitute appeal for writ of error." 28 U.S.C. § 861b. Substitution of appeal for writ of error.

**5 U.S.C.**

United States Code, 2011 Edition

Title 5 - GOVERNMENT ORGANIZATION AND EMPLOYEES

From the U.S. Government Publishing Office, www.gpo.gov

# TITLE 5—GOVERNMENT ORGANIZATION AND EMPLOYEES

*This title was enacted by Pub. L. 89–554, §1, Sept. 6, 1966, 80 Stat. 378*

## §552. Public information; agency rules, opinions, orders, records, and proceedings

(a) Each agency shall make available to the public information as follows:

(1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public—

(A) descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;

(B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;

(C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and

(E) each amendment, revision, or repeal of the foregoing.

Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register.

(2) Each agency, in accordance with published rules, shall make available for public inspection and copying—

(A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

(B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;

(C) administrative staff manuals and instructions to staff that affect a member of the public;

(D) copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; and

(E) a general index of the records referred to under subparagraph (D);

unless the materials are promptly published and copies offered for sale. For records created on or after November 1, 1996, within one year after such date, each agency shall make such records available, including by computer telecommunications or, if computer telecommunications means have not been established by the agency, by other electronic means. To the extent required to prevent a clearly unwarranted invasion of personal privacy, an agency may delete identifying details when it makes available or publishes an opinion, statement of policy, interpretation, staff manual, instruction, or copies of records referred to in subparagraph (D). However, in each case the justification for the deletion shall be explained fully in writing, and the extent of such deletion shall be indicated on the portion of the record which is made available or published, unless including that indication would harm an interest protected by the exemption in subsection (b) under which the deletion is made. If technically feasible, the extent of the deletion shall be indicated at the place in the record where the deletion was made. Each agency shall also maintain and make available for public inspection and copying current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by this paragraph to be made available or published. Each agency shall promptly publish, quarterly or more frequently, and distribute (by sale or otherwise) copies of each index or supplements thereto unless it determines by order published in the Federal Register that the publication would be unnecessary and impracticable, in which case the agency shall nonetheless provide copies of such index on request at a cost not to exceed the direct cost of duplication. Each agency shall make the index referred to in subparagraph (E) available by computer telecommunications by December 31, 1999. A final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public may be relied on, used, or cited as precedent by an agency against a party other than an agency only if—

(i) it has been indexed and either made available or published as provided by this paragraph; or

(ii) the party has actual and timely notice of the terms thereof.

(3)(A) Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

(B) In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily

reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section.

(C) In responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system.

(D) For purposes of this paragraph, the term "search" means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request.

(E) An agency, or part of an agency, that is an element of the intelligence community (as that term is defined in section 3(4) of the National Security Act of 1947 (50 U.S.C. 401a(4))) shall not make any record available under this paragraph to—

(i) any government entity, other than a State, territory, commonwealth, or district of the United States, or any subdivision thereof; or

(ii) a representative of a government entity described in clause (i).


(4)(A)(i) In order to carry out the provisions of this section, each agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced. Such schedule shall conform to the guidelines which shall be promulgated, pursuant to notice and receipt of public comment, by the Director of the Office of Management and Budget and which shall provide for a uniform schedule of fees for all agencies.

(ii) Such agency regulations shall provide that—

(I) fees shall be limited to reasonable standard charges for document search, duplication, and review, when records are requested for commercial use;

(II) fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research; or a representative of the news media; and

(III) for any request not described in (I) or (II), fees shall be limited to reasonable standard charges for document search and duplication.


In this clause, the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial

skills to turn the raw materials into a distinct work, and distributes that work to an audience. In this clause, the term "news" means information that is about current events or that would be of current interest to the public. Examples of news-media entities are television or radio stations broadcasting to the public at large and publishers of periodicals (but only if such entities qualify as disseminators of "news") who make their products available for purchase by or subscription by or free distribution to the general public. These examples are not all-inclusive. Moreover, as methods of news delivery evolve (for example, the adoption of the electronic dissemination of newspapers through telecommunications services), such alternative media shall be considered to be news-media entities. A freelance journalist shall be regarded as working for a news-media entity if the journalist can demonstrate a solid basis for expecting publication through that entity, whether or not the journalist is actually employed by the entity. A publication contract would present a solid basis for such an expectation; the Government may also consider the past publication record of the requester in making such a determination.

(iii) Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

(iv) Fee schedules shall provide for the recovery of only the direct costs of search, duplication, or review. Review costs shall include only the direct costs incurred during the initial examination of a document for the purposes of determining whether the documents must be disclosed under this section and for the purposes of withholding any portions exempt from disclosure under this section. Review costs may not include any costs incurred in resolving issues of law or policy that may be raised in the course of processing a request under this section. No fee may be charged by any agency under this section—

(I) if the costs of routine collection and processing of the fee are likely to equal or exceed the amount of the fee; or

(II) for any request described in clause (ii) (II) or (III) of this subparagraph for the first two hours of search time or for the first one hundred pages of duplication.

(v) No agency may require advance payment of any fee unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250.

(vi) Nothing in this subparagraph shall supersede fees chargeable under a statute specifically providing for setting the level of fees for particular types of records.

(vii) In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo: *Provided*, That the court's review of the matter shall be limited to the record before the agency.

(viii) An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).

(C) Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.

[(D) Repealed. Pub. L. 98–620, title IV, §402(2), Nov. 8, 1984, 98 Stat. 3357.]

(E)(i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

(ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—

(I) a judicial order, or an enforceable written agreement or consent decree; or

(II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

(F)(i) Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.

(ii) The Attorney General shall—

(I) notify the Special Counsel of each civil action described under the first sentence of clause (i); and

(II) annually submit a report to Congress on the number of such civil actions in the preceding year.

(iii) The Special Counsel shall annually submit a report to Congress on the actions taken by the Special Counsel under clause (i).

(G) In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member.

(5) Each agency having more than one member shall maintain and make available for public inspection a record of the final votes of each member in every agency proceeding.

(6)(A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—

(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

(ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall

notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

The 20-day period under clause (i) shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section. The 20-day period shall not be tolled by the agency except—

(I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section; or

(II) if necessary to clarify with the requester issues regarding fee assessment. In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

(B)(i) In unusual circumstances as specified in this subparagraph, the time limits prescribed in either clause (i) or clause (ii) of subparagraph (A) may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days, except as provided in clause (ii) of this subparagraph.

(ii) With respect to a request for which a written notice under clause (i) extends the time limits prescribed under clause (i) of subparagraph (A), the agency shall notify the person making the request if the request cannot be processed within the time limit specified in that clause and shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. To aid the requester, each agency shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency. Refusal by the person to reasonably modify the request or arrange such an alternative time frame shall be considered as a factor in determining whether exceptional circumstances exist for purposes of subparagraph (C).

(iii) As used in this subparagraph, "unusual circumstances" means, but only to the extent reasonably necessary to the proper processing of the particular requests—

(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;

(II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or

(III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein.

(iv) Each agency may promulgate regulations, pursuant to notice and receipt of public comment, providing for the aggregation of certain requests by the same requestor, or by a group of requestors acting in concert, if the agency reasonably believes that such requests actually constitute a single request, which would otherwise satisfy the unusual circumstances specified in this subparagraph, and the requests involve clearly related matters. Multiple requests involving unrelated matters shall not be aggregated.

(C)(i) Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request. Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.

(ii) For purposes of this subparagraph, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.

(iii) Refusal by a person to reasonably modify the scope of a request or arrange an alternative time frame for processing a request (or a modified request) under clause (ii) after being given an opportunity to do so by the agency to whom the person made the request shall be considered as a factor in determining whether exceptional circumstances exist for purposes of this subparagraph.

(D)(i) Each agency may promulgate regulations, pursuant to notice and receipt of public comment, providing for multitrack processing of requests for records based on the amount of work or time (or both) involved in processing requests.

(ii) Regulations under this subparagraph may provide a person making a request that does not qualify for the fastest multitrack processing an opportunity to limit the scope of the request in order to qualify for faster processing.

(iii) This subparagraph shall not be considered to affect the requirement under subparagraph (C) to exercise due diligence.

(E)(i) Each agency shall promulgate regulations, pursuant to notice and receipt of public comment, providing for expedited processing of requests for records—

(I) in cases in which the person requesting the records demonstrates a compelling need; and

(II) in other cases determined by the agency.

(ii) Notwithstanding clause (i), regulations under this subparagraph must ensure—

(I) that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request; and

(II) expeditious consideration of administrative appeals of such determinations of whether to provide expedited processing.

(iii) An agency shall process as soon as practicable any request for records to which the agency has granted expedited processing under this subparagraph. Agency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review under paragraph (4), except that the judicial review shall be based on the record before the agency at the time of the determination.

(iv) A district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request.

(v) For purposes of this subparagraph, the term "compelling need" means—

(I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

(vi) A demonstration of a compelling need by a person making a request for expedited processing shall be made by a statement certified by such person to be true and correct to the best of such person's knowledge and belief.

(F) In denying a request for records, in whole or in part, an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request, unless providing such estimate would harm an interest protected by the exemption in subsection (b) pursuant to which the denial is made.

(7) Each agency shall—

(A) establish a system to assign an individualized tracking number for each request received that will take longer than ten days to process and provide to each person making a request the tracking number assigned to the request; and

(B) establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including—

(i) the date on which the agency originally received the request; and

(ii) an estimated date on which the agency will complete action on the request.

(b) This section does not apply to matters that are—

(1)(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(2) related solely to the internal personnel rules and practices of an agency;

(3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute—

(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and

(B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(9) geological and geophysical information and data, including maps, concerning wells.

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made.

(c)(1) Whenever a request is made which involves access to records described in subsection (b)(7)(A) and—

(A) the investigation or proceeding involves a possible violation of criminal law; and

(B) there is reason to believe that (i) the subject of the investigation or proceeding is not aware of its pendency, and (ii) disclosure of the existence of the records could reasonably be expected to interfere with enforcement proceedings,

the agency may, during only such time as that circumstance continues, treat the records as not subject to the requirements of this section.

(2) Whenever informant records maintained by a criminal law enforcement agency under an informant's name or personal identifier are requested by a third party according to the informant's name or personal identifier, the agency may treat the records as not subject to the requirements of this section unless the informant's status as an informant has been officially confirmed.

(3) Whenever a request is made which involves access to records maintained by the Federal Bureau of Investigation pertaining to foreign intelligence or counterintelligence, or international terrorism, and the existence of the records is classified information as provided in subsection (b)(1), the Bureau may, as long as the existence of the records remains classified information, treat the records as not subject to the requirements of this section.

(d) This section does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section. This section is not authority to withhold information from Congress.

(e)(1) On or before February 1 of each year, each agency shall submit to the Attorney General of the United States a report which shall cover the preceding fiscal year and which shall include—

(A) the number of determinations made by the agency not to comply with requests for records made to such agency under subsection (a) and the reasons for each such determination;

(B)(i) the number of appeals made by persons under subsection (a)(6), the result of such appeals, and the reason for the action upon each appeal that results in a denial of information; and

(ii) a complete list of all statutes that the agency relies upon to authorize the agency to withhold information under subsection (b)(3), the number of occasions on which each statute was relied upon, a description of whether a court has upheld the decision of the agency to withhold information under each such statute, and a concise description of the scope of any information withheld;

(C) the number of requests for records pending before the agency as of September 30 of the preceding year, and the median and average number of days that such requests had been pending before the agency as of that date;

(D) the number of requests for records received by the agency and the number of requests which the agency processed;

(E) the median number of days taken by the agency to process different types of requests, based on the date on which the requests were received by the agency;

(F) the average number of days for the agency to respond to a request beginning on the date on which the request was received by the agency, the median number of days for the agency to respond to such requests, and the range in number of days for the agency to respond to such requests;

(G) based on the number of business days that have elapsed since each request was originally received by the agency—

(i) the number of requests for records to which the agency has responded with a determination within a period up to and including 20 days, and in 20-day increments up to and including 200 days;

(ii) the number of requests for records to which the agency has responded with a determination within a period greater than 200 days and less than 301 days;

(iii) the number of requests for records to which the agency has responded with a determination within a period greater than 300 days and less than 401 days; and

(iv) the number of requests for records to which the agency has responded with a determination within a period greater than 400 days;

(H) the average number of days for the agency to provide the granted information beginning on the date on which the request was originally filed, the median number of days for the agency to provide the granted information, and the range in number of days for the agency to provide the granted information;

(I) the median and average number of days for the agency to respond to administrative appeals based on the date on which the appeals originally were received by the agency, the highest number of business days taken by the agency to respond to an administrative appeal, and the lowest number of business days taken by the agency to respond to an administrative appeal;

(J) data on the 10 active requests with the earliest filing dates pending at each agency, including the amount of time that has elapsed since each request was originally received by the agency;

(K) data on the 10 active administrative appeals with the earliest filing dates pending before the agency as of September 30 of the preceding year, including the number of business days that have elapsed since the requests were originally received by the agency;

(L) the number of expedited review requests that are granted and denied, the average and median number of days for adjudicating expedited review requests, and the number adjudicated within the required 10 days;

(M) the number of fee waiver requests that are granted and denied, and the average and median number of days for adjudicating fee waiver determinations;

(N) the total amount of fees collected by the agency for processing requests; and

(O) the number of full-time staff of the agency devoted to processing requests for records under this section, and the total amount expended by the agency for processing such requests.

(2) Information in each report submitted under paragraph (1) shall be expressed in terms of each principal component of the agency and for the agency overall.

(3) Each agency shall make each such report available to the public including by computer telecommunications, or if computer telecommunications means have not been established by the agency, by other electronic means. In addition, each agency shall make the raw statistical data used in its reports available electronically to the public upon request.

(4) The Attorney General of the United States shall make each report which has been made available by electronic means available at a single electronic access point. The Attorney General of the United States shall notify the Chairman and ranking minority member of the Committee on Government Reform and Oversight of the House of Representatives and the Chairman and ranking minority member of the Committees on Governmental Affairs and the Judiciary of the Senate, no later than April 1 of the year in which each such report is issued, that such reports are available by electronic means.

(5) The Attorney General of the United States, in consultation with the Director of the Office of Management and Budget, shall develop reporting and performance guidelines in connection with reports required by this subsection by October 1, 1997, and may establish additional requirements for such reports as the Attorney General determines may be useful.

(6) The Attorney General of the United States shall submit an annual report on or before April 1 of each calendar year which shall include for the prior calendar year a listing of the number of cases arising under this section, the exemption involved in each case, the disposition of such case, and the cost, fees, and penalties assessed under subparagraphs (E), (F), and (G) of subsection (a)(4). Such report shall also include a description of the efforts undertaken by the Department of Justice to encourage agency compliance with this section.

(f) For purposes of this section, the term—

(1) "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or

other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency; and

(2) "record" and any other term used in this section in reference to information includes—

(A) any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format; and

(B) any information described under subparagraph (A) that is maintained for an agency by an entity under Government contract, for the purposes of records management.

(g) The head of each agency shall prepare and make publicly available upon request, reference material or a guide for requesting records or information from the agency, subject to the exemptions in subsection (b), including—

(1) an index of all major information systems of the agency;

(2) a description of major information and record locator systems maintained by the agency; and

(3) a handbook for obtaining various types and categories of public information from the agency pursuant to chapter 35 of title 44, and under this section.

(h)(1) There is established the Office of Government Information Services within the National Archives and Records Administration.

(2) The Office of Government Information Services shall—

(A) review policies and procedures of administrative agencies under this section;

(B) review compliance with this section by administrative agencies; and

(C) recommend policy changes to Congress and the President to improve the administration of this section.

(3) The Office of Government Information Services shall offer mediation services to resolve disputes between persons making requests under this section and administrative agencies as a non-exclusive alternative to litigation and, at the discretion of the Office, may issue advisory opinions if mediation has not resolved the dispute.

(i) The Government Accountability Office shall conduct audits of administrative agencies on the implementation of this section and issue reports detailing the results of such audits.

(j) Each agency shall designate a Chief FOIA Officer who shall be a senior official of such agency (at the Assistant Secretary or equivalent level).

(k) The Chief FOIA Officer of each agency shall, subject to the authority of the head of the agency—

(1) have agency-wide responsibility for efficient and appropriate compliance with this section;

(2) monitor implementation of this section throughout the agency and keep the head of the agency, the chief legal officer of the agency, and the Attorney General appropriately informed of the agency's performance in implementing this section;

(3) recommend to the head of the agency such adjustments to agency practices, policies, personnel, and funding as may be necessary to improve its implementation of this section;

(4) review and report to the Attorney General, through the head of the agency, at such times and in such formats as the Attorney General may direct, on the agency's performance in implementing this section;

(5) facilitate public understanding of the purposes of the statutory exemptions of this section by including concise descriptions of the exemptions in both the agency's handbook issued under subsection (g), and the agency's annual report on this section, and by providing an overview, where appropriate, of certain general categories of agency records to which those exemptions apply; and

(6) designate one or more FOIA Public Liaisons.

(*l*) FOIA Public Liaisons shall report to the agency Chief FOIA Officer and shall serve as supervisory officials to whom a requester under this section can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff. FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

(Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 383; Pub. L. 90–23, §1, June 5, 1967, 81 Stat. 54; Pub. L. 93–502, §§1–3, Nov. 21, 1974, 88 Stat. 1561–1564; Pub. L. 94–409, §5(b), Sept. 13, 1976, 90 Stat. 1247; Pub. L. 95–454, title IX, §906(a)(10), Oct. 13, 1978, 92 Stat. 1225; Pub. L. 98–620, title IV, §402(2), Nov. 8, 1984, 98 Stat. 3357; Pub. L. 99–570, title I, §§1802, 1803, Oct. 27, 1986, 100 Stat. 3207–48, 3207–49; Pub. L. 104–231, §§3–11, Oct. 2, 1996, 110 Stat. 3049–3054; Pub. L. 107–306, title III, §312, Nov. 27, 2002, 116 Stat. 2390; Pub. L. 110–175, §§3, 4(a), 5, 6(a)(1), (b)(1), 7(a), 8–10(a), 12, Dec. 31, 2007, 121 Stat. 2525–2530; Pub. L. 111–83, title V, §564(b), Oct. 28, 2009, 123 Stat. 2184.)

In subsection (b)(3), the words "formulated and" are omitted as surplusage. In the last sentence of subsection (b), the words "in any manner" are omitted as surplusage since the prohibition is all inclusive.

Standard changes are made to conform with the definitions applicable and the style of this title as outlined in the preface to the report.

## §552b. Open meetings

(a) For purposes of this section—

(1) the term "agency" means any agency, as defined in section 552(e) [1] of this title, headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President with the advice and consent of the Senate, and any subdivision thereof authorized to act on behalf of the agency;

(2) the term "meeting" means the deliberations of at least the number of individual agency members required to take action on behalf of the agency where such deliberations determine or result in the joint conduct or disposition of official agency business, but does not include deliberations required or permitted by subsection (d) or (e); and

(3) the term "member" means an individual who belongs to a collegial body heading an agency.

(b) Members shall not jointly conduct or dispose of agency business other than in accordance with this section. Except as provided in subsection (c), every portion of every meeting of an agency shall be open to public observation.

(c) Except in a case where the agency finds that the public interest requires otherwise, the second sentence of subsection (b) shall not apply to any portion of an agency meeting, and the requirements of subsections (d) and (e) shall not apply to any information pertaining to such meeting otherwise required by this section to be disclosed to the public, where the agency properly determines that such portion or portions of its meeting or the disclosure of such information is likely to—

(1) disclose matters that are (A) specifically authorized under criteria established by an Executive order to be kept secret in the interests of national defense or foreign policy and (B) in fact properly classified pursuant to such Executive order;

(2) relate solely to the internal personnel rules and practices of an agency;

(3) disclose matters specifically exempted from disclosure by statute (other than section 552 of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(4) disclose trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) involve accusing any person of a crime, or formally censuring any person;

(6) disclose information of a personal nature where disclosure would constitute a clearly unwarranted invasion of personal privacy;

(7) disclose investigatory records compiled for law enforcement purposes, or information which if written would be contained in such records, but only to the extent that the production of such records or information would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel;

(8) disclose information contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions;

(9) disclose information the premature disclosure of which would—

(A) in the case of an agency which regulates currencies, securities, commodities, or financial institutions, be likely to (i) lead to significant financial speculation in currencies, securities, or commodities, or (ii) significantly endanger the stability of any financial institution; or

(B) in the case of any agency, be likely to significantly frustrate implementation of a proposed agency action,

except that subparagraph (B) shall not apply in any instance where the agency has already disclosed to the public the content or nature of its proposed action, or where the agency is required by law to make such disclosure on its own initiative prior to taking final agency action on such proposal; or

(10) specifically concern the agency's issuance of a subpena, or the agency's participation in a civil action or proceeding, an action in a foreign court or international tribunal, or an arbitration, or the initiation, conduct, or disposition by the agency of a particular case of formal agency adjudication pursuant to the procedures in section 554 of this title or otherwise involving a determination on the record after opportunity for a hearing.

(d)(1) Action under subsection (c) shall be taken only when a majority of the entire membership of the agency (as defined in subsection (a)(1)) votes to take such action. A

separate vote of the agency members shall be taken with respect to each agency meeting a portion or portions of which are proposed to be closed to the public pursuant to subsection (c), or with respect to any information which is proposed to be withheld under subsection (c). A single vote may be taken with respect to a series of meetings, a portion or portions of which are proposed to be closed to the public, or with respect to any information concerning such series of meetings, so long as each meeting in such series involves the same particular matters and is scheduled to be held no more than thirty days after the initial meeting in such series. The vote of each agency member participating in such vote shall be recorded and no proxies shall be allowed.

(2) Whenever any person whose interests may be directly affected by a portion of a meeting requests that the agency close such portion to the public for any of the reasons referred to in paragraph (5), (6), or (7) of subsection (c), the agency, upon request of any one of its members, shall vote by recorded vote whether to close such meeting.

(3) Within one day of any vote taken pursuant to paragraph (1) or (2), the agency shall make publicly available a written copy of such vote reflecting the vote of each member on the question. If a portion of a meeting is to be closed to the public, the agency shall, within one day of the vote taken pursuant to paragraph (1) or (2) of this subsection, make publicly available a full written explanation of its action closing the portion together with a list of all persons expected to attend the meeting and their affiliation.

(4) Any agency, a majority of whose meetings may properly be closed to the public pursuant to paragraph (4), (8), (9)(A), or (10) of subsection (c), or any combination thereof, may provide by regulation for the closing of such meetings or portions thereof in the event that a majority of the members of the agency votes by recorded vote at the beginning of such meeting, or portion thereof, to close the exempt portion or portions of the meeting, and a copy of such vote, reflecting the vote of each member on the question, is made available to the public. The provisions of paragraphs (1), (2), and (3) of this subsection and subsection (e) shall not apply to any portion of a meeting to which such regulations apply: *Provided*, That the agency shall, except to the extent that such information is exempt from disclosure under the provisions of subsection (c), provide the public with public announcement of the time, place, and subject matter of the meeting and of each portion thereof at the earliest practicable time.

(e)(1) In the case of each meeting, the agency shall make public announcement, at least one week before the meeting, of the time, place, and subject matter of the meeting, whether it is to be open or closed to the public, and the name and phone number of the official designated by the agency to respond to requests for information about the meeting. Such announcement shall be made unless a majority of the members of the

agency determines by a recorded vote that agency business requires that such meeting be called at an earlier date, in which case the agency shall make public announcement of the time, place, and subject matter of such meeting, and whether open or closed to the public, at the earliest practicable time.

(2) The time or place of a meeting may be changed following the public announcement required by paragraph (1) only if the agency publicly announces such change at the earliest practicable time. The subject matter of a meeting, or the determination of the agency to open or close a meeting, or portion of a meeting, to the public, may be changed following the public announcement required by this subsection only if (A) a majority of the entire membership of the agency determines by a recorded vote that agency business so requires and that no earlier announcement of the change was possible, and (B) the agency publicly announces such change and the vote of each member upon such change at the earliest practicable time.

(3) Immediately following each public announcement required by this subsection, notice of the time, place, and subject matter of a meeting, whether the meeting is open or closed, any change in one of the preceding, and the name and phone number of the official designated by the agency to respond to requests for information about the meeting, shall also be submitted for publication in the Federal Register.

(f)(1) For every meeting closed pursuant to paragraphs (1) through (10) of subsection (c), the General Counsel or chief legal officer of the agency shall publicly certify that, in his or her opinion, the meeting may be closed to the public and shall state each relevant exemptive provision. A copy of such certification, together with a statement from the presiding officer of the meeting setting forth the time and place of the meeting, and the persons present, shall be retained by the agency. The agency shall maintain a complete transcript or electronic recording adequate to record fully the proceedings of each meeting, or portion of a meeting, closed to the public, except that in the case of a meeting, or portion of a meeting, closed to the public pursuant to paragraph (8), (9)(A), or (10) of subsection (c), the agency shall maintain either such a transcript or recording, or a set of minutes. Such minutes shall fully and clearly describe all matters discussed and shall provide a full and accurate summary of any actions taken, and the reasons therefor, including a description of each of the views expressed on any item and the record of any rollcall vote (reflecting the vote of each member on the question). All documents considered in connection with any action shall be identified in such minutes.

(2) The agency shall make promptly available to the public, in a place easily accessible to the public, the transcript, electronic recording, or minutes (as required by paragraph (1)) of the discussion of any item on the agenda, or of any item of the testimony of any

witness received at the meeting, except for such item or items of such discussion or testimony as the agency determines to contain information which may be withheld under subsection (c). Copies of such transcript, or minutes, or a transcription of such recording disclosing the identity of each speaker, shall be furnished to any person at the actual cost of duplication or transcription. The agency shall maintain a complete verbatim copy of the transcript, a complete copy of the minutes, or a complete electronic recording of each meeting, or portion of a meeting, closed to the public, for a period of at least two years after such meeting, or until one year after the conclusion of any agency proceeding with respect to which the meeting or portion was held, whichever occurs later.

(g) Each agency subject to the requirements of this section shall, within 180 days after the date of enactment of this section, following consultation with the Office of the Chairman of the Administrative Conference of the United States and published notice in the Federal Register of at least thirty days and opportunity for written comment by any person, promulgate regulations to implement the requirements of subsections (b) through (f) of this section. Any person may bring a proceeding in the United States District Court for the District of Columbia to require an agency to promulgate such regulations if such agency has not promulgated such regulations within the time period specified herein. Subject to any limitations of time provided by law, any person may bring a proceeding in the United States Court of Appeals for the District of Columbia to set aside agency regulations issued pursuant to this subsection that are not in accord with the requirements of subsections (b) through (f) of this section and to require the promulgation of regulations that are in accord with such subsections.

(h)(1) The district courts of the United States shall have jurisdiction to enforce the requirements of subsections (b) through (f) of this section by declaratory judgment, injunctive relief, or other relief as may be appropriate. Such actions may be brought by any person against an agency prior to, or within sixty days after, the meeting out of which the violation of this section arises, except that if public announcement of such meeting is not initially provided by the agency in accordance with the requirements of this section, such action may be instituted pursuant to this section at any time prior to sixty days after any public announcement of such meeting. Such actions may be brought in the district court of the United States for the district in which the agency meeting is held or in which the agency in question has its headquarters, or in the District Court for the District of Columbia. In such actions a defendant shall serve his answer within thirty days after the service of the complaint. The burden is on the defendant to sustain his action. In deciding such cases the court may examine in camera any portion of the transcript, electronic recording, or minutes of a meeting closed to the public, and may take such additional

evidence as it deems necessary. The court, having due regard for orderly administration and the public interest, as well as the interests of the parties, may grant such equitable relief as it deems appropriate, including granting an injunction against future violations of this section or ordering the agency to make available to the public such portion of the transcript, recording, or minutes of a meeting as is not authorized to be withheld under subsection (c) of this section.

(2) Any Federal court otherwise authorized by law to review agency action may, at the application of any person properly participating in the proceeding pursuant to other applicable law, inquire into violations by the agency of the requirements of this section and afford such relief as it deems appropriate. Nothing in this section authorizes any Federal court having jurisdiction solely on the basis of paragraph (1) to set aside, enjoin, or invalidate any agency action (other than an action to close a meeting or to withhold information under this section) taken or discussed at any agency meeting out of which the violation of this section arose.

(i) The court may assess against any party reasonable attorney fees and other litigation costs reasonably incurred by any other party who substantially prevails in any action brought in accordance with the provisions of subsection (g) or (h) of this section, except that costs may be assessed against the plaintiff only where the court finds that the suit was initiated by the plaintiff primarily for frivolous or dilatory purposes. In the case of assessment of costs against an agency, the costs may be assessed by the court against the United States.

(j) Each agency subject to the requirements of this section shall annually report to the Congress regarding the following:

(1) The changes in the policies and procedures of the agency under this section that have occurred during the preceding 1-year period.

(2) A tabulation of the number of meetings held, the exemptions applied to close meetings, and the days of public notice provided to close meetings.

(3) A brief description of litigation or formal complaints concerning the implementation of this section by the agency.

(4) A brief explanation of any changes in law that have affected the responsibilities of the agency under this section.

(k) Nothing herein expands or limits the present rights of any person under section 552 of this title, except that the exemptions set forth in subsection (c) of this section shall govern in the case of any request made pursuant to section 552 to copy or inspect the transcripts, recordings, or minutes described in subsection (f) of this section. The requirements of

chapter 33 of title 44, United States Code, shall not apply to the transcripts, recordings, and minutes described in subsection (f) of this section.

(*l*) This section does not constitute authority to withhold any information from Congress, and does not authorize the closing of any agency meeting or portion thereof required by any other provision of law to be open.

(m) Nothing in this section authorizes any agency to withhold from any individual any record, including transcripts, recordings, or minutes required by this section, which is otherwise accessible to such individual under section 552a of this title.

(Added Pub. L. 94–409, §3(a), Sept. 13, 1976, 90 Stat. 1241; amended Pub. L. 104–66, title III, §3002, Dec. 21, 1995, 109 Stat. 734.)

DECLARATION OF POLICY AND STATEMENT OF PURPOSE

Section 2 of Pub. L. 94–409 provided that: "It is hereby declared to be the policy of the United States that the public is entitled to the fullest practicable information regarding the decision making processes of the Federal Government. It is the purpose of this Act [see Short Title note set out above] to provide the public with such information while protecting the rights of individuals and the ability of the Government to carry out its responsibilities."

**§554. Adjudications**

(a) This section applies, according to the provisions thereof, in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing, except to the extent that there is involved—

(1) a matter subject to a subsequent trial of the law and the facts de novo in a court;

(2) the selection or tenure of an employee, except a [1] administrative law judge appointed under section 3105 of this title;

(3) proceedings in which decisions rest solely on inspections, tests, or elections;

(4) the conduct of military or foreign affairs functions;

(5) cases in which an agency is acting as an agent for a court; or

(6) the certification of worker representatives.

(b) Persons entitled to notice of an agency hearing shall be timely informed of—

(1) the time, place, and nature of the hearing;

(2) the legal authority and jurisdiction under which the hearing is to be held; and

(3) the matters of fact and law asserted.

When private persons are the moving parties, other parties to the proceeding shall give prompt notice of issues controverted in fact or law; and in other instances agencies may

by rule require responsive pleading. In fixing the time and place for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives.

(c) The agency shall give all interested parties opportunity for—

(1) the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment when time, the nature of the proceeding, and the public interest permit; and

(2) to the extent that the parties are unable so to determine a controversy by consent, hearing and decision on notice and in accordance with sections 556 and 557 of this title.

(d) The employee who presides at the reception of evidence pursuant to section 556 of this title shall make the recommended decision or initial decision required by section 557 of this title, unless he becomes unavailable to the agency. Except to the extent required for the disposition of ex parte matters as authorized by law, such an employee may not—

(1) consult a person or party on a fact in issue, unless on notice and opportunity for all parties to participate; or

(2) be responsible to or subject to the supervision or direction of an employee or agent engaged in the performance of investigative or prosecuting functions for an agency.

An employee or agent engaged in the performance of investigative or prosecuting functions for an agency in a case may not, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 557 of this title, except as witness or counsel in public proceedings. This subsection does not apply—

(A) in determining applications for initial licenses;

(B) to proceedings involving the validity or application of rates, facilities, or practices of public utilities or carriers; or

(C) to the agency or a member or members of the body comprising the agency.

(e) The agency, with like effect as in the case of other orders, and in its sound discretion, may issue a declaratory order to terminate a controversy or remove uncertainty.

(Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 384; Pub. L. 95–251, §2(a)(1), Mar. 27, 1978, 92 Stat. 183.)