# 24-1442

# United States Court of Appeals
**for the First Circuit**

John Joseph Moakley
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-9057

---

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

RECEIVED FOR FILING
IN CLERK'S OFFICE
2024 JUL 26 P 1:45
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

**MOTION FOR HEARING EN BANC**
Fed. R. App. P. 35 (a)(1) and (a)(2)
20 Pages

Comes now, Matthew-Lane: Hassell (here and after, known as Mr. Hassell and/or Plaintiff), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the

truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity. I hereby invoke common law as one of the people, I, Plaintiff, am not an agent of government.

Plaintiff asserts he has lost all faith in the Judiciary.

I, Matthew Lane Hassel, do hereby respectfully demand a hearing En Banc under the Common Laws of the New Hampshire Republic and under the authority of the New Hampshire Constitution et al and the United States Constitution et al and under the authority of Title 28 United States Code §1331 and Fed. R. App. P. 35(b)(B). I hereby respectfully demand this Court take "Judicial Notice" under Fed. R. Evid. 201 (c)(2) of all filing(s) and motion(s) and paper(s) and pleading(s) or the like entered into the Court(s) in the entirety of this matter, to include but is not limited to the questions presented to the Court listed below.

In front of this Court lies several questions of exceptional importance and consideration is necessary to secure and/ or maintain uniformity of the court's decisions; Bridges v. California, 314 U.S. 252, 289 (1941) (Frankfurter, J., dissenting). The operations of the courts and the judicial conduct of judges are matters of utmost public concern.

**Morrison v. Coddington, 662 P. 2d. 155, 135 Ariz. 480 (1983)**: Fraud and deceit may arise from silence where there is a duty to speak the truth, as well as from speaking an untruth. In regard to courts of record: "If the court is not in the exercise of its general jurisdiction, but of some special statutory jurisdiction, it is as to such proceeding an inferior court, and not aided by presumption in favor of jurisdiction."

1. The first question is whether there is any ORDER from any of the State or Federal courts which comply with Article III of the U.S. Constitution?
    a. Whether there is any ORDER from any of the State or Federal courts which comply with the Judiciary Act of 1789?

**Federal Radio Commission v. General Electric 281 US 464 (1930).** Decided that "There are no judicial courts in America and have not been since 1789. Judges do not enforce Statutes and Codes. Executive Administrators enforce Statutes and Codes." And furthermore, "There have not been any Judges in America since 1789. There have just been administrators."

2. The second question presented is whether there is a contract signed by all parties to enforce the N.H. State Court(s) so-called "ORDERS"?

a. Whether the District Court Civil Officer and/ or the judicial defendants act administratively or judicially?

b. Whether any administrator (ALJ) of an agency can call himself a judge of the judiciary?

**603 U.S._____ (2024) TRUMP v. UNITED STATES, Syllabus - Page 4**

As for a President's unofficial acts, there is no immunity. Although Presidential immunity is required for official actions to ensure that the President's decision making is not distorted by the threat of future litigation stemming from those actions, that concern does not support immunity for unofficial conduct. Clinton, 520 U. S., at 694, and n. 19. The separation of powers does not bar a prosecution predicated on the President's unofficial acts. P. 15. ..." Zivotofsky v. Clinton, 566 U. S. 189, 201. Critical threshold issues in this case are how to differentiate between a President's official and unofficial actions, and how to do so with respect to the indictment's extensive and detailed allegations covering a broad range of conduct. The Court offers guidance on those issues. Pp. 16–32.

3. The third question presented is whether the lower Federal Court attempted to distinguish between the judicial defendants' official actions from unofficial and/ or unconstitutional actions?

a. Whether the denial of State and Federal Constitutional protections are an unofficial judicial act and clear absence of all jurisdiction?

**Bell Atl.Corp. v .Twombly, 550 U.S. 544, 570 (2007).** "While a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations . . . [factual allegations must be enough to raise a right to relief above the speculative level [.]" Id. at 545 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference enough to raise a right to relief above the speculative level." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "an adequate complaint must include not only a plausible claim but also a plausible defendant." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (lst Cir. 2011).

4. The fourth question presented is whether Plaintiff makes an adequate complaint (a plausible claim) and plausible defendant(s) and raises factual allegations enough to raise a right to relief above the speculative level in the lower Federal Court.

**Warnock v. Pecos County, Texas, 88 F3d 341 (5th Cir. 1996)** Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

5. The sixth question presented is whether the state officials acted in violation of federal law?

**Cooper v. Armstrong, 358 US 1, 78 S. Ct. 1401 (1958).** "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.".

**Pierson v. Ray, 386 U.S. 547 at 567 (1967).** "When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgment; he acts no longer as a judge, "

6. The seventh question presented is whether the state and federal judge(s)/ magistrate intentionally and knowingly deprived Plaintiff of his constitutional rights and are warring against the constitution?

**Forrester v. White, 484 U.S. 219 (1988), 108 S. Ct. 538, 98 L.Ed.2d 555 (1988)** (state court judge did not have absolute immunity from damages suit under § 1983 for his decision to demote and dismiss a probation officer); (b) Judges have long enjoyed absolute immunity from liability in damages for their judicial or adjudicatory acts, primarily in order to protect judicial independence by insulating judges from vexatious actions by disgruntled litigants. Truly judicial acts, however, must be distinguished from the administrative, legislative, or executive functions that judges may

occasionally be assigned by law to perform. It is the nature of the function performed -- adjudication -- rather than the identity of the actor

7. The eight question presented is whether the lower Federal Court distinguished the nature of the functioned preformed – adjudication – rather than the identity of the actor and if the Rooker-Feldman Doctrine and the Younger Doctrine used by the DISTRICT COURT is a misguided attempt to deceive Plaintiff in the controversies alleged with a systemic bias in the government's favor and therefore is a fraud upon the Court and violating the First Amendment of the U.S. Constitution to petition the Government for a redress of grievances and "fundamentally misguided" in this matter?

**McNally v. U.S., 483 U.S. 350 (1987). 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307 (1987)**. Fraud in its elementary common law sense of deceit… includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,… and if he deliberately conceals material information from them he is guilty of fraud.

8. The ninth question presented is whether any justice and/ or judge and/ or magistrate under the authority of the United States (State or

Federal) practice law in violation of the Judiciary and Judicial Procedure Act § 454?

a. Whether any officer or employee of the Administrative Office acted directly or indirectly in the practice of law in any court of the United States in violation of the Judiciary and Judicial Procedure Act § 607?

**Giozza v. Tiernan, 148 U.S. 657, 662 (1893)**, "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

9. The tenth question presented is whether Plaintiff ever received due process of law as guaranteed by the State and U.S. Constitutions?

    a. Whether Plaintiff ever received equal protection under the law as guaranteed by the State and U.S. Constitutions?

b. Whether the Plaintiff has been subject to an arbitrary deprivation of life, liberty or property by exercise of the powers of government depriving him of his rights to the minor child?

**Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)** The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States". [Emphasis supplied in original] Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect.

10. The eleventh question presented is whether the state judge(s) acted under a state law in a manner violative of the Federal Constitution and therefore lost subject-matter jurisdiction?

   a. Whether all "ORDERS" and "JUDGMENTS" of the Court(s) are VOID, and of no legal force or effect?

**Haines –vs.- Kerner, 404 U.S. 519** (Reversed & Remanded), allegations such as those asserted by petitioner, however inartfully decreed, are sufficient... which we hold to less stringent standards than formal pleadings drafted by lawyers. and Woods –vs- Carey, 525 F3d 886, 889-890 (Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading that pleas to the jurisdiction of the Court must be pleaded in propria persona, see Kay –vs.- Ehrler, 499 U.S. 432. "...The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737 (1984).

11. The twelfth question is whether the Plaintiffs' allegations however inartfully decreed are sufficient or are being dismissed for not being to par with formal pleadings drafted by lawyers?

    a. Whether the judge(s)/ administrator(s) and/ or the Kimbark Defendants cause a loss of reputation (injury) to Plaintiff which deprives him of the natural right under the color of law to the minor child?

**Stump v. Sparkman, id., 435 U.S. 349 (1978)**. Some Defendants urge that any act "of a judicial nature" entitles the Judge to absolute judicial immunity.

But in a jurisdictional vacuum (that is, absence of all jurisdiction) the second prong necessary to absolute judicial immunity is missing. A judge is not immune for tortious acts committed in a purely administrative, non-judicial capacity. "The Court of Appeals reversed, holding that the "crucial issue" was whether the Circuit Judge acted within his jurisdiction, that he had not, that, accordingly, he was not immune from damages liability, and that, in any event, he had forfeited his immunity "because of his failure to comply with elementary principles of procedural due process."

12. The thirteenth question presented is whether the judge(s) act in secret by acting as an administrator rather than a judicial officer of the court?

   a. Whether the judge(s)/ administrator(s) disclosed the nature of the proceedings?

   b. Whether that shows their intent to conceal the proceedings (fraud)?

**Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964).** 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there

are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

13. The fourteenth question presented is whether the Kimbark Defendant (in the State Court(s)) hearsay and/ or unfounded and/ or false claims and/ or accusations through and by her attorney (Statements of counsel in brief or argument) give merit to deprive one of the people of Federal and/ or State Const. protections under the color of law?

    a. Whether there are any depositions, admissions or affidavits the court(s) had (by Plaintiff or defendant/s) to rely on for summary determination?

**Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985).** The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14. The several states have no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

14. The fifteenth question presented is whether Plaintiff had a fair hearing at the State or Federal level before denying him to the care and custody and nurture of the minor child?

a. Whether Plaintiffs' fundamental Constitutionally protected principles of liberty and justice are being violated and obstructed in violation of the 1st and 5th and 7th and 9th and 14th amendments?

b. Whether the natural rights of the minor child considered?

**Brookfield Construction Co. v. Stewart A.K.A. Brookfield Construction Co., Inc., and Baylor Construction Corp., Appellants, v. J. George STEWART, Individually and as Architect of the Capitol, Appellee. 339 F.2d 753, 119 U.S. App. D.C. 254.** Once a Government Official exceeds his Oath of Office, his employment contract or his jurisdiction, he no longer represents the government. Courts may not step in and either stay or compel executive action unless the executive official was acting in excess of his statutory authority or transgressed a constitutional limitation, and mere fact that he might be acting erroneously or perhaps even tortuously does not vest courts with jurisdiction to act.

15. The sixteenth question presented here is whether the judge(s) exceed their Oath of Office (employment contract) and/ or jurisdiction and/ or transgressed a constitutional limitation and no longer represented the

government depriving the judicial defendants of any Immunity from suit under the 11th Amendment U.S. Const.?

a. Whether according to Article 2 Section 4 is it not mandatory to impeach and sanction civil officers of the United States for Treason, Bribery and other High Crimes and Misdemeanors?

**Group v Finletter, 108 F. Supp. 327 (1952).** States, "Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit." Defendant is likely to be the only individual, now or in the future, who is willing and able to place a sworn affidavit affirming the herein disclosed facts under penalties of perjury, into the record of this case and as such, in absence of sworn counter-affidavit signed under the penalties of perjury regarding these same facts, laws, case laws and evidence, Defendant should be the only prevailing party. Morris v National Cash Register, 44 S.W. 2d 433, clearly states at point #4 that "uncontested allegations in affidavit must be accepted as true."

16. The seventeenth question presented is whether the unrefuted Affidavits by Plaintiff on record in the entirety (State and Federal) of this matter, grounds to impeach and sanction and prosecute judge(s) to the full extent of the Law and for summary judgment as a matter of law against the Kimbark Defendants?

a. Whether Plaintiff has a mode of recovery in a civil action for adequate remedy simply by the unrebutted affidavits entered into the court(s) as prescribed by the Judiciary and Judicial Procedure Act § 2461?

**Schultz v. Butcher 24 F.3d 626, 630 (4th Cir. 1994).** In Square Constr. Co. v. Washington Metro. Area Transit Auth.,657 F.2d 68, 71 (4th Cir. 1981), we set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. After proof of these elements, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." Id.

17. The nineteenth question presented is whether Plaintiff's filings on record sustain a meritorious defense that proved misconduct by clear and convincing evidence by the Defendant(s) to sustain Declaratory Judgement under Fed. R. Civ. P. 57 pursuant to Title 28 § 2201 and §2202 and/ or a summary judgment on a rule 60(b)(3) and/ or (4) and/ or 60(d)(3).

**---------- END OF PAGE ----------**

## RELIEF SOUGHT:

Plaintiff Matthew Lane Hassell prays for the following relief;

1. This honorable Court declare and memorialize the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction which include; NH Circuit Court, 10th Circuit - Family Division - Derry and the State of NH, NH Circuit Court, 9th Circuit - Family Division - Manchester a Nullity (void ab initio). The orders were not properly authenticated and therefore have no governmental force of law.

2. Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21) and modify or reverse judgment in Plaintiff's favor and comply with Fed. R. App. P. 37(b) ;

3. Honor and grant Petitioner immediate injunctive relief of 50/50 custodial grantorship of the minor child with retroactive custodial parenting time to start immediately (to include but not limited to one hundred thirty three (133) days Plaintiff was deprived contact with minor child PH from the 12th of November, 2022 till the 25th of March, 2023

and two (2), two (2) hours weekend days supervised visitation only from the 25th of March, 2023 till current;

4. Order both parties enjoy equal decision making responsibilities of child daycare and school and medical care, etc., and each party is to reimburse the other party for out-of-pocket expenses;

5. Order an immediate Cease and Desist to the Bureau of Child Support Services wage garnishment and arrearages being sought against Petitioner and injunctive relief and an immediate return all wages and arrearages unlawfully collected;

6. Plaintiff is requesting an amount in excess of Seventy Five Thousand Dollars;

7. Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand Dollars as damages. The 3 Judges (Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

I. For violating their (Judicial Defendant's) oath of office and employment contract and authority. In failing to defend and protect the

U.S. Constitution and the New Hampshire State Constitution and thereby injuring Plaintiff;

II. For violations of the U.S. Constitution and denying Plaintiff due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their (Judicial Defendant's) employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

III. For violations of New Hampshire State Constitution, Articles 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge (Judicial Defendant's) and in accordance with Title 15 U.S. Code § 1 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

IV. For Federal and State Law violations Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed by state and federal laws,

F. Devin Aileen Kimbark is to be sanctioned/ Default Judgment entered pursuant to N.H. Local Rule 55.1 and Fed. R. App. P. 37(b) for failure to respond to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

G. Cheryl L. Kimbark and Mark Edward Kimbark are to be sanctioned/ Default Judgment entered pursuant to N.H. Local Rule 55.1 and Fed. R. App. P. 37(b) separately for failure to respond to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

All Rights Reserved (to include but is not limited to appeal) always and forever more, without prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

Matthew-Lane: Hassell **Dated:** 22nd of July, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
ADDRESS: 20 Arlington St. Unit D Nashua, New Hampshire 03060
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

**(Certificate of mailing to follow, 1 page (Page 20))**

I certify that a copy of the above mentioned motion (word count 3,818 words) has been sent by USPS CERTIFIED mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA/ NATHAN W. KENISON-MARVIN.

**NOTARY PUBLIC**

State New Hampshire

County Hillsborough Subscribed and sworn

to, before me, a Notary Public the above signed Matthew-Lane: Hassell.

This 22nd day of July year 2024.

Notary Public [signature]

MY COMMISSION

EXPIRES: 09/11/2025.

BRIAN W. HEFFRON, JR. NOTARY PUBLIC Exp. 09/11/25 NEW HAMPSHIRE

---------- END OF PAGE ----------

PRIORITY®
★ MAIL ★

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]

TO: Clerk of Courts
John Joseph Moakley U.S. Courthouse
1st Circuit Court of Appeals
1 Courthouse Way
Boston, MA 02210

$52.10

9589 0710 5270 1025 7429 03