## 24-1442

# United States Court of Appeals
### for the First Circuit

John Joseph Moakley
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-9057

---

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

---

### **WRIT OF ERROR**
### APPELLANTS' BRIEF
### Fed. R. App. P. 25 (a)(4)

RECEIVED FOR FILING
IN CLERK'S OFFICE
2024 JUL 26  P 3: 55
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

# Table of Contents

Table of Contents ……………………………………………..Page 2

List of Parties ……………………………………………Line 3

Table of authorities…………………………………Appendix A…Page 5

Basis For Jurisdiction …………………………………………… Page 6

Jurisdiction and Venue…………………………………… Page 22

Introduction ………………………………………..……… Page 24

Facts of the Case ………………………………………….. Page 29

A statement of the issues presented for review;

Constitutional and Statutory Provisions Involved …………………Page 46

SUMMATIONS …………………………………………… Page 48

Reasons for Granting the WRIT OF ERROR ……….…………….Page 50

Requested Relief ………………………………………….…Page 53

CERTIFICATE OF COMPLIANCE………………………… Page 58

---------- END OF PAGE ----------

# LIST OF PARTIES:

Plaintiff
Matthew–Lane: Hassell represented by Matthew–Lane: Hassell
20 Arlington St., Unit D
Nashua, NH 03060
603 231–0844
mhas191@yahoo.com
PRO SE

V.

RESPONDENT, a.k.a. Defendant
Devin Aileen Kimbark represented by Devin Aileen Kimbark
3 Stoneleigh Drive
Derry, NH 03038
PRO SE

RESPONDENT a.k.a. Defendant
Cheryl L. Kimbark represented by Cheryl L. Kimbark
3 Stoneleigh Drive
Derry, NH 03038
PRO SE

RESPONDENT a.k.a. Defendant
Mark Kimbark represented by Mark Kimbark
3 Stoneleigh Drive
Derry, NH 03038
PRO SE

RESPONDENT a.k.a. Defendant a.k.a. Civil Officer
Todd H. Prevett
Judge

represented by Nathan W. Kenison–Marvin a.k.a. Civil Officer
NH Attorney General's Office (DOJ)
Department of Justice
33 Capitol St

Concord, NH 03301
603−271−3650
Fax: 603−271−2110
Email: nathan.w.kenison−marvin@doj.nh.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

RESPONDENT a.k.a. Defendant a.k.a. Civil Officer
Michael L. Alfano
Judge

represented by Nathan W. Kenison−Marvin a.k.a. Civil Officer
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

RESPONDENT a.k.a. Defendant a.k.a. Civil Officer
Kerry P. Steckowych
Judge
represented by Nathan W. Kenison−Marvin a.k.a. Civil Officer
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

---------- **END OF PAGE** ----------

## Table of Cited Authorities

**PLEASE SEE APPENDIX A (BRIEF FOR APPEAL).**

table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

**PLEASE SEE APPENDIX B Record Relied Upon With Table Of Cited Authorities (inclusive) REC** is the CIVIL DOCKET App. Case No. 24-1442 Document: 00118140992 Date Filed: 05/06/2024 Entry ID: 6640503 (185 pages):

**PLEASE SEE APPENDIX C - G**

**OTHER PARTS OF THE RECORD RELIED UPON (without cited authorities)** (Case 1:23-cv-00472-JL-AJ Document Numbers 1, 13, 16, 18, 25 inclusive).

———---- END OF PAGE ---------

**Basis for Jurisdiction:a jurisdictional statement, including: (A) the basis for the district court's or agency's subject matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction; court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction; an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis;**

**Supreme Court of the United States. "603 U. S. _____ (2024) Opinion of the Court No. 22–859 SECURITIES AND EXCHANGE COMMISSION, PETITIONER v. GEORGE R. JARKESY, JR.,ET AL."**

*www.SupremeCourt.gov*, **Supreme Court of the United States (.gov), 6/ 27/ 2024.**

**Held:** When the SEC seeks civil penalties against a defendant for securities fraud, the Seventh Amendment entitles the defendant to a jury trial. Pp. 6–27.

(a) The question presented by this case—whether the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties for securities fraud—is straightforward. Following the analysis set forth in Granfinanciera, S. A. v. Nordberg, 492 U. S. 33, and Tull v. United States, 481 U. S. 412, this action implicates the Seventh Amendment because the SEC's antifraud provisions replicate common law fraud. And the "public rights" exception to Article III jurisdiction does not apply, because the present action does not fall within any of

the distinctive areas involving governmental prerogatives where the Court has concluded that a matter may be resolved outside of an Article III court, without a jury. (b) The Court first explains why this action implicates the Seventh Amendment. (1) The right to trial by jury is "of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right" has always been and "should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U. S. 474, 486. When the British attempted to evade American juries by siphoning adjudications to juryless admiralty, vice admiralty, and chancery courts, the Americans protested and eventually cited the British practice as a justification for declaring Independence. In the Revolution's aftermath, concerns that the proposed Constitution lacked a provision guaranteeing a jury trial right in civil cases was perhaps the "most success[ful]" critique leveled against the document during the ratification debates.

The Federalist No. 83, p. 495. **To fix that flaw, the Framers promptly adopted the Seventh Amendment. Ever since, "every encroachment upon [the jury trial right] has been watched with great jealousy."** Parsons v. Bedford, 3 Pet. 433, 446. Pp. 7–8. (2) The Seventh Amendment guarantees that in "[s]uits at common law . . . the right of trial by jury shall be preserved." The right itself is not limited to the "common-law forms of action recognized" when the Seventh

Amendment was ratified. Curtis v. Loether, 415 U. S. 189, 193. Rather, it "embrace[s] all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume." Parsons, 3 Pet., at 447. That includes statutory claims that are "legal in nature." Granfinanciera, 492 U. S., at 53. To determine whether a suit is legal in nature, courts must consider whether the cause of action resembles common law causes of action, and whether the remedy is the sort that was traditionally obtained in a court of law. Of these factors, the remedy is the more important. And in this case, the remedy is all but dispositive. For respondents' alleged fraud, the SEC seeks civil penalties, a form of monetary relief. Such relief is legal in nature when it is designed to punish or deter the wrongdoer rather than solely to "restore the status quo." Tull, 481 U. S., at 422. The Acts condition the availability and size of the civil penalties available to the SEC based on considerations such as culpability, deterrence, and recidivism. See §§77h–1; 78u–2, 80b–3. These factors go beyond restoring the status quo and so are legal in nature. The SEC is also not obligated to use civil penalties to compensate victims. SEC civil penalties are thus **"a type of remedy at common law that could only be enforced in courts of law."** Tull, 481 U. S., at 422. This suit implicates the Seventh Amendment right and a defendant would be entitled to a jury on these claims. The close relationship between federal securities

fraud and common law fraud confirms that conclusion. Both target the same basic conduct: misrepresenting or concealing material facts. By using "fraud" and other common law terms of art when it drafted the federal securities laws, Congress incorporated common law fraud prohibitions into those laws. This Court therefore often considers common law fraud principles when interpreting federal securities law. See, e.g.,

**CHIEF JUSTICE ROBERTS delivered the opinion of the Court.**

P. 7 The right to trial by jury is "of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right" has always been and "should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U. S. 474, 486 (1935).

**GORSUCH, J. [concurring]** (Pg. 18, Par. 3 - Pg. 20, Par 1.), Today, the Court does much to return us to a more traditional understanding of public rights. Adhering to Granfinancieria, the Court rejects the government's overbroad reading of Atlas Roofing and recognizes that the kind of atextual and ahistorical (not to mention confusing) tests it inspired do little more than ask policy questions the Constitution settled long ago. "...," **we have no license to deprive the American people of their constitutional right to an independent judge, to a jury of their peers, or to the procedural protections at trial that due process**

**normally demands.** Let alone do so whenever the government wishes to dispense with them. **This Court does not subject other constitutional rights to such shabby treatment.** We have "reaffirm[ed]," many times and "emphatically[,] that the First Amendment does not permit the State to sacrifice speech for efficiency."... "Duncan v. Louisiana, 391 U. S. 145, 156 (1968), we continue to insist that it be jealously preserved," Patton v. United States, 281 U. S. 276, 312 (1930); see Ramos v. Louisiana, 590 U. S. 83, 110–111 (2020) (plurality opinion); Erlinger, 602 U. S., at ___ (slip op., at 18) ("There is no efficiency exception to the . . . Sixth Amendmen[t]"). Why should Article III, the Seventh Amendment, or the Fifth Amendment's promise of due process be any different? **None of them exists to "protec[t] judicial authority for its own sake."** Oil States, 584 U. S., at 356 (GORSUCH, J., dissenting). **They exist to "protect the individual."** Bond v. United States, 564 U. S. 211, 222 (2011). And their protections are no less vital than those afforded by other constitutional provisions. As American colonists learned under British rule, **"the right of trial" means little "when the actual administration of justice is dependent upon caprice, or favour, [or] the will of rulers."** 3 Story §1568, at 426; id., §1783, at 661. In recognizing as much today, the Court essentially follows the advice of Justices Brennan and Marshall, "limit[ing] the judicial authority of non-Article III federal tribunals to th[o]se few,

long-established exceptions" that bear the sanction of history, and "countenanc[ing] no further erosion." Schor, 478 U. S., at 859 (Brennan, J., joined by Marshall, J., dissenting).

**Supreme Court of the United States. LOPER v. RAIMONDO. LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of Commerce, et al. 22-451 22-1219. (28 June 2024). "** *www.SupremeCourt.gov,* **Supreme Court of the United States (.gov), 06/ 28/ 2024. Accessed 7/ 10/ 2024.**

[1] Article III of the Constitution assigns to the Federal Judiciary the responsibility and power to adjudicate "Cases and Controversies," which are concrete disputes with consequences for the parties involved. U.S. Const. art. 3, § 2, cl. 1.

[3] It is emphatically the province and duty of the Federal Judiciary to say what the law is.

[4] Interpreting federal laws, in the last resort, is a solemn duty of the Federal Judiciary, and when the meaning of a statute is at issue, the judicial role is to interpret the act of Congress, in order to ascertain the rights of the parties.

[7] The interpretation of the meaning of federal statutes, as applied to justiciable controversies, is exclusively a judicial function. U.S. Const. art. 3, § 2, cl. 1.

[10] The Administrative Procedure Act (APA) codifies for agency cases the unremarkable yet elemental proposition that courts decide legal questions by applying their own judgment, without the APA prescribing a deferential standard for courts to employ in answering those legal questions. 5 U.S.C.A. § 706.

[12] The notion that some things "go without saying" applies to legislation just as it does to everyday life.

[16] In the business of statutory interpretation, if a federal agency's interpretation of a federal statute is not the best, it is not permissible.

[19] Lower courts are bound even by crumbling Supreme Court precedents.

[21] Lack of quality of the precedent's reasoning was a consideration favoring the overruling, as exception to doctrine of stare decisis, of Supreme Court's Chevron decision, which sometimes required courts to defer to "permissible" agency interpretations of ambiguous statutes that those agencies administered; Chevron had proved to be fundamentally misguided, it reshaped judicial review of agency action without the Chevron decision or any other Supreme Court decision grappling with the Administrative Procedure Act (APA), which laid out how judicial review worked, its flaws had nonetheless been apparent from the start, and for its entire existence it was a rule in search of a justification. 5 U.S.C.A. § 706.

[23] Courts Supreme Court decisions Supreme Court's Chevron decision, which sometimes required courts to defer to "permissible" agency interpretations of ambiguous statutes that those agencies administered, had not been a stable background rule that fostered meaningful reliance, as a consideration favoring the overruling of Chevron, as exception to stare decisis; given the Supreme Court's constant tinkering with and eventual turn away from Chevron and the lower courts' inconsistent application of it, it was hard to see how anyone Congress included—could reasonably expect a court to rely on Chevron in any particular case, and rather than safeguarding reliance interests, Chevron affirmatively destroyed them by allowing agencies to change course even when Congress had given them no power to do so.

[24] Part of judicial humility by the Supreme Court is admitting to and in certain cases correcting its own mistakes by overruling precedent, especially when those mistakes are serious.

[26] Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the Administrative Procedure Act (APA) requires, and courts need not, and under the APA may not, defer to an agency's interpretation of the law simply because a statute is ambiguous;

overruling Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694. 5 U.S.C.A. § 706.

**Held in Loper *Supra*:** The Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous; **Chevron is overruled.** Pp. 7-35. As Chief Justice Marshall declared in the foundational decision of Marbury v. Madison, "[i]t is emphatically the province and duty of the judicial department to say what the law is." 1 Cranch 137, 177. In the decades following Marbury, when the meaning of a statute was at issue, the judicial role was to "interpret the act of Congress, in order to ascertain the rights of the parties." Decatur v. Paulding, 14 Pet. 497, 515.

**Background in *Loper Supra*:** Under the Chevron doctrine, courts have sometimes been required to defer to "permissible" agency interpretations of the statutes those agencies administer-even when a reviewing court reads the statute differently. Id., at 843. In each case below, the reviewing courts applied Chevron's framework to resolve in favor of the Government challenges by petitioners to a rule promulgated by the National Marine Fisheries Service pursuant to the Magnuson-Stevens Act, 16 U.S.C. §1801 et seq., which incorporates the

Administrative Procedure Act (APA), 5 U.S.C. §551 et seq. As Chief Justice
Marshall declared in the foundational decision of Marbury v. Madison, "[i]t is
emphatically the province and duty of the judicial department to say what the law
is." 1 Cranch 137, 177. In the decades following Marbury, when the meaning of a
statute was at issue, the judicial role was to "interpret the act of Congress, in order
to ascertain the rights of the parties." Decatur v. Paulding, 14 Pet. 497, 515. The
views of the Executive Branch could inform the judgment of the Judiciary, but did
not supersede it. "[I]n cases where [a court's] own judgment . . . differ[ed] from
that of other high functionaries," the court was "not at liberty to surrender, or to
waive it." United States v. Dickson, 15 Pet. 141, 162."The interpretation of the
meaning of statutes, as applied to justiciable controversies," remained "exclusively
a judicial function." United States v. American Trucking Assns., Inc., 310 U.S.
534, 544.

As relevant here, the APA specifies that courts, not agencies, will decide "all
relevant questions of law" arising on review of agency action, 5 U.S.C. §706
(emphasis added)-even those involving ambiguous laws. "agencies have no
special competence in resolving statutory ambiguities. Courts do." Chevron (467
U.S. at 843) gravely erred in concluding that the inquiry is fundamentally different
just because an administrative interpretation is in play. An agency's interpretation

of a statute "cannot bind a court," but may be especially informative "to the extent it rests on factual premises within [the agency's] expertise." Bureau of Alcohol, Tobacco and Firearms v. FLRA, 464 U.S. 89, 98, n. 8. Delegating ultimate interpretive authority to agencies is simply not necessary to ensure that the resolution of statutory ambiguities is well informed by subject matter expertise. Resolution of statutory ambiguities involves legal interpretation, and that task does not suddenly become policymaking just because a court has an "agency to fall back on." Kisor, 588 U.S., at 575.

**Supreme Court of the United States. 603 U.S.\_\_\_\_ (2024) TRUMP v. UNITED STATES, [Syllabus - Page 4, (3)] "** *www.SupremeCourt.gov*, **Supreme Court of the United States (.gov), 06/ 28/ 2024. Accessed 7/ 12/ 2024.**

**As for a President's unofficial acts, there is no immunity.** Although Presidential immunity is required for official actions to ensure that the President's decision making is not distorted by the threat of future litigation stemming from those actions, that concern does not support immunity for unofficial conduct. Clinton, 520 U. S., at 694, and n. 19. The separation of powers does not bar a prosecution predicated on the President's unofficial acts. P. 15. (b) The first step in deciding whether a former President is entitled to immunity from a particular prosecution is to distinguish his official from unofficial actions. In this case, no court thus far has

drawn that distinction, in general or with respect to the conduct alleged in particular. It is therefore incumbent upon the Court to be mindful that it is "a court of final review and not first view." Zivotofsky v. Clinton, 566 U. S. 189, 201. Critical threshold issues in this case are how to differentiate between a President's official and unofficial actions, and how to do so with respect to the indictment's extensive and detailed allegations covering a broad range of conduct. The Court offers guidance on those issues. Pp. 16–32.

Plaintiff (Matthew-Lane: Hassell) hereby asserts administrative agents, posing as civil officers of government (hereinafter a.k.a. judges), conspired to deprive him of Prerogative Rights and Unalienable Rights and Natural Rights, in violation of their oath of office, which injured Plaintiff. The administrators/ judges violated their 1st Amendment and 4th Amendment and 5th Amendment and 7th Amendment and 9th Amendment and 14th Amendment "contractual government restrictions" (also to include but is not limited to New Hampshire Constitution et al. contractual restrictions). Either they and each of them are civil officers of the United States, which are bound by the U.S. Constitution et al, or they are impersonators in violation of Title 18 U.S.C. § 912 and § 913. As stated in the U.S. Constitution Article VI Clause 3; "The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive

and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;"

Administrative agents masquerading as judicial officers can not be allowed to conspire and deprive "we the people" (Plaintiff in this matter) of our basic fundamental liberty interest of the love and care and compassion and upbringing of our child/ren (amongst many other violations of Federal and State Constitutional violations) under the color of law and claim immunities when the people (Plaintiff in this matter) seeks remedy and relief and redress of government.

When "we the people" seek such redress of government, we are met with obstruction of justice and delay of justice of multiple flavors and fraud upon the courts, by the constituents State and Federal) of said bad government actors, who the people are to seek remedy and redress from.

We the people are left at the mercy of the "judges" and yet are not able to get a lawful Court of common law for remedy, but administrative tribunals only. This sedition and subversion of justice must CEASE AND DESIST. How many arbitrary exercises of the powers of government must a parent go through to the rights of their child/ren before enough is enough and we the people are left with

nothing more than to redress the government for tyranny, as the Constitution mandates.

Plaintiff brought this matter to the United States District Court District of New Hampshire on the 16th of October, 2023 (CIVIL ACTION CLAIM FOR DAMAGES, Trial by Jury Requested, Pages 1-12, Case 1:23-cv-00472-JL-AJ Document 1 Filed 10/16/23 and POINTS AND AUTHORITIES WITH LEGAL AND LAWFUL JUDICIAL AND CLERICAL NOTICE with DEFINITIONS Case 1:23-cv-00472-JL-AJ Document 1-2 Filed 10/16/23 Pages 1-13) with a Jury Demand (Civil Cover Sheet Case 1:23-cv-00472-JL-AJ Document 1-3 Filed 10/16/23 1 Page). Plaintiff was denied such a jury trial in violation of the 7th Amendment. Plaintiff asserts the Justice and Magistrate of the United States District Court District of New Hampshire are in conspiracy with the defendants named in such action for failure to uphold and defend the U.S. Constitution et al. (inclusive). Plaintiff asserts all government actors posing as judicial officers are <u>levying war against the U.S. Constitution (as well as the State Constitution) and committing treason.</u>

This Court must uphold and give "Judicial Notice" pursuant to Federal Rules of Evidence 201 (c)(2) to the U.S. Const. et al. and the New Hampshire Const. et al. and the Judiciary Act of 1789 and Plaintiff's Writ of Error and all filing(s) and

pleading(s) and transcript(s) or the like in all "Courts" in the entirety of this matter, and no Law or Rule or Procedure or previous decision by any Courts has standing to dismiss or refuse to answer Plaintiff's grievances of redress of government and remedy and relief pursuant to Article IV Clause 2 and 3 and the First Amendment to the U.S. Constitution.

1. <u>This Court must see to protect the individual (Plaintiff) and end depriving Plaintiff and minor child of fair and equal access (emphasis added) (injunctive relief).</u>

2. This Court must give Judicial Notice of all filings and pleadings and records or the like by Plaintiff under Fed. R. App. P. 201 (c)(2).

3. Plaintiff has properly shown a suit of common law action against the Defendant(s).

4. The Court must adjudicate this matter under common law by an Article III Court, which are concrete disputes with consequences for the parties involved. U.S. Const. art. 3, § 2, cl. 1.

5. The Court must distinguish the judicial Defendants official from unofficial and unconstitutional actions.

6. This fraud of administrative procedures (civil penalties against a defendant for securities; through and by the BUREAU OF CHILD SUPPORT

SERVICES) and fraud upon the courts (Orders made depriving plaintiff of his rights and for civil penalties against a defendant for securities) must cease and desist.

7. The Court must give a decision on Plaintiffs "MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW" against Defendant(s) (Doc. No. 21).

8. The Court must decide if a default judgment is to be had against Defendant(s).

9. It is effectively time for the Court in its part of judicial humility to admit the unofficial acts of the Defendant(s) and in this case specifically, correct the mistakes of the lower Courts overbroad reading of the Abstention Doctrine and the Rooker-Feldman doctrine and the Younger Doctrine and the 11th Amendment immunity claim by overruling the precedences in the lower Federal Court and grant Plaintiff the relief sought.

————— **END OF PAGE** ————

**Jurisdiction and Venue:**

Jurisdiction for Plaintiff's Writ of Error is founded on 28 U.S.C. § 1331(a), which provides in pertinent part that federal district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00 (SEVENTY FIVE THOUSAND DOLLARS) U.S.D. and arises under the Constitution of the United States. This case also involves multiple violations of State and Federal laws and New Hampshire Constitution protections, by state actors, under color of law.

"the decision in Bivens established that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Id., at 504, 98 S.Ct., at 2910. The Court has jurisdiction to grant this WRIT OF ERROR pursuant to Fed. R. App. P. 21 (c) and 28 U.S.C. § 1651 (a).

Under Fed. R. App. P. 2 Plaintiff respectfully demands this Court suspend the provisions of Appellate procedure in whole to expedite the Courts decisions without further vexatious litigation and arbitrary exercises of the powers of government that Plaintiff has already sustained. It is of imperative public importance and justifies deviation from normal appellate practice and requires

"immediate determination" in this Court to Plaintiffs WRIT OF ERROR. For going on 20 years (or more) these so-called "family administrative courts" have perverted the rights and the laws of the U.S. and trespass the guaranteed protections to the restrictions of government by the the states and Federal constitutions et al. <u>This is an act of treason</u> (emphasis added).

All across this Constitutional republic nation, parents are being deprived of their child/ren and having federal and State constitutional violations of due process of law and equal protection under the law (amongst others), by administrative agents masquerading as judicial officers and coercing and forcing fraudulent "ORDERS" in violation of the Judiciary Act of 1789 and Article III of the U.S. Constitution, against one parent or another.

This Court also has Supplemental Jurisdiction under 28 U.S.C.A. § 1367 over Plaintiff's State law claims that are related to Plaintiff's Federal law and Constitutional claims.

---------- **END OF PAGE** ----------

## Introduction:

LET THE COURT RECORD, REFLECT AND MEMORIALIZE: In previous State and Federal Court pleadings (Filings, Motions, Petitions) Defendant shall be also known as (a.k.a.) Respondent(s). None of Plaintiff's Motions have been answered by any of the Kimbark Defendants in the Federal Court. None of Plaintiff's Motions in the Federal Court have been answered by any of the Judicial Defendants. None of the Defendant(s) have answered any Motion in the (First) 1st Circuit Court of Appeals. Ipso facto, therefore, by default all of the aforementioned Motions should be adjudicated in favor of the Plaintiff.

The mere fact that the Motions were ignored is in and of itself prima facie evidence of the existence of a secret conspiracy known only to the law society (Judges and Clerks and Lawyers and Law Enforcement and Civil Officers and the like). This constitutes a violation of a clearly established right of the individual to know the nature and cause of the proceedings. Animus moninis est anima scripti. The intention of the party is the soul of the instrument. (3 Bulstr. 67).

So it may be said that these proceedings are designed to deprive Plaintiff of rights under color of law. They and each of them (Judges and Clerks and Lawyers

and Civil Officers and the like) have kept Plaintiff from his daughter for over 20 months now, without a fair and honest and legal and lawful hearing under the jurisdiction of the common law.

This is a flagrant violation of clearly established and (New Hampshire Constitution et al and U.S. Constitution et al) constitutionally protected rights to due process and equal protection. The actions of these imposters is not only criminal, under the statutes of frauds, but also constitutionally criminally and therefore punishable under Article 2 (II, TWO) Section 4 (IV, FOUR) Impeachment. Plaintiff stands on his paperwork.

Matthew-Lane: Hassell (here and after, known as Mr. Hassell and/or Plaintiff), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity. I hereby invoke and ordain and establish the common law as one of the people. I, Plaintiff, am not an agent of the government or an Attorney.

The court did not act in a manner required by law by dismissing Plaintiff's case. The court acted in a patently absurd manner resulting in a manifest miscarriage of justice. There was a manifest injustice caused when Plaintiff's properly pleaded complaint(s) (Case No. 1:23-cv-00472-JL-AJ Document Nos.; 1, 13, 16, 17, 18, 20, 21, 25 (inclusive with attachments) record relied upon (appendices ), and, therefore, sufficient to state facts constituting a cause of action against all Defendants was dismissed, which is clearly impermissible under New Hampshire Law and United States Codes (Laws).

As more fully set forth below, the court clearly and affirmatively abused its judicial power and employed it as an instrument of oppression in many ways, and arbitrarily, and capriciously, and not based on the law and facts exercising judicial power by dismissing Plaintiff's case for the purposes of oppression and discrimination and bias in violation of the substantive component of the Due Process Clause of the Fifth Amendment and the Fourteenth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff asserts he has lost all faith in the Judiciary. Plaintiff asserts his allegations must be seen as sufficient as cited by Haines –vs.- Kerner, 404 U.S. 519, allegations such as those asserted by petitioner, however inartfully decreed, are sufficient… which we hold to less stringent standards than formal pleadings

drafted by lawyers. and Woods —vs- Carey, 525 F3d 886, 889-890 (2008),

(Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading

that pleas to the jurisdiction of the Court must be pleaded in propria persona, see

Kay —vs.- Ehrler, 499 U.S. 432 (1991). "...The requirement of standing, however,

has a core component derived directly from the Constitution. A plaintiff must

allege personal injury fairly traceable to defendant's allegedly unlawful conduct

and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737

(1984).

    I wish to add to the record that Veigel v. Texas Boll Weevil

Eradication Foundation, Inc., 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin

2018, no pet.) (citing Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690

(Tex. 1978); Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex.

1978)) is wrong when it decided; "It was decided that… we hold pro se

litigants to the same procedural standards as litigants represented by counsel

to avoid giving pro se litigants an unfair advantage. Pro Se litigants are

illegally and unlawfully being tricked into an Admiralty Maritime and/ or

Administrative and/ or Non-Judicial Courts, so no such possible unfair

advantage exists for a Pro Se litigant.

When one sees how the judge acted solely to protect the interests of both his colleague (Attorney DiTrapano) and fellow government employee (Respondent Mr. Mark Edward Kimbark), they come to understand how easily the law can be swayed when one is in an administrative hearing as opposed to a judicial setting. Just as was the case in United States v. Ritter 540 F.2d 459, 462 (10th Cir.1976) the judge acted solely to protect his long-term "friends" and did not follow the law at all. The judge was "biased in favor of an attorney and litigant who has (military) "Top Secret Clearance" and strong governmental ties.

As a matter of fact and law, Plaintiff "set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature and source and extent of his cause of action." (*Ludgate Ins. Co. v. Lockhead Martin Corp.* 82 Cal.App.4th 592, 608.) (2000) Plaintiff's complaint as a whole contained "sufficient facts to apprise the defendant of the basis upon which the plaintiff is seeking relief." (*Perkins v. Superior Court* 117 Cal.App.3d 1, 6.) (1981) and was done in compliance with NHRCP 8.

**———— END OF PAGE ————**

**FACTS OF THE CASE: a statement of the issues presented for review;**

(6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (see Federal Rules of Appellate Procedure (FRAP) Rule 28(e));

THE FEDERAL COURT for the DISTRICT of New Hampshire ORDERS ARE IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION GUARANTEES UNDER THE 5TH (FIFTH) and 14TH (FOURTEENTH) AMENDMENTS OF THE U.S. CONSTITUTION TO WHICH THEY ARE BOUND TO OBEY AND DEFEND AND WERE ALLEGEDLY FRAUDULENTLY ACTING AS ADMINISTRATORS AND NOT IN THEIR JUDICIAL CAPACITY, THUS WAIVING IMMUNITY (TRUMP v. U.S. *Supra*) AND THEREFORE ALL ORDERS ARE TOTALLY VOID (VOID AB INITIO).

GIVE ME EQUAL PROTECTION UNDER THE LAW AND SUBJECT DEVIN AILEEN KIMBARK TO THE PAINS AND PENALTIES AS PRESCRIBED BY LAW AND GIVE ME RETROACTIVE EQUAL TIME WITH THE MINOR CHILD PH.

The record shows that the court's orders and judgment of dismissal were

made in violation of "due process of law." (U.S. Const. Amend. 14th, § 1.) That is to say, that Plaintiff was deprived of life, liberty, and property without due process of law under color of State authority in violation of the Due Process Clause of the Fourteenth Amendment of the United States of America Constitution. This error must be corrected.

Section 1 of the Fourteenth Amendment commands that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." In this case, the State of New Hampshire acting through its judicial branch, the judge and commissioners and administrative civil officers and the like, of the inferior State Jurisdiction and lower Federal court who decided those cases, deprived Plaintiff of life, liberty, and property without "due process of law" under color of judicial authority in violation of his right to substantive due process under the Fourteenth Amendment. In *Deshaney v. Winnebago County Dept. of Social Services* 489 U.S. 189 (1989), the Supreme Court of the United States of America declared that the "substantive ... component of the Due Process Clause ... forbids the State itself to deprive individual of life, liberty, or property without due process of law. ... [T]he Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as instrument of oppression, to secure the individual from arbitrary exercise of powers of government, ... to

prevent governmental power from being used for purposes of oppression, … [and] to prevent the affirmative abuse of power." (*Id.*, at p. 195-196, (internal quotations, citations, and brackets omitted)).

This matter was originally brought to the 9th Circuit-Family Division-Manchester, NEW HAMPSHIRE (NH) State Court on the 14th of November, 2022 in regards to parental rights of a minor child (PH).

It has been over a year and a half since Plaintiff has had fair and equal access to his minor child. Plaintiff has asked 3 (THREE) times for evidentiary hearings and 3 (THREE) times Plaintiff was contested and was denied. Plaintiff has requested and demanded a trial by jury in both the State and Federal Court's and was denied such trial by jury. The 'judges' have no evidence which justifies their multiple obstructions of justice and delays of justice.

The arguments made by defense, in their Motions to Dismiss (Motions for Summary Judgment under Federal Rule of Civil Procedure (FRCP) 12 (b), (6)) are and were unsupported and they are merely conclusionary statements masquerading as actual conclusions. There is no foundation and no substantial evidence to support the claims each and every Defendant presented to the court at both State and Federal levels. There has been no reasonable dispute to the ALJ's alleged unofficial acts.

Plaintiff has asked for evidence used against him and received none. A man cannot be denied equal protection under the law, which these judges at the State and Federal levels have violated. I decree you must give me equal protection in accordance with the 14th (FOURTEENTH) Amendment U.S. Const. and the appropriate retroactive parenting time forthwith. The administrative state does not have the authority to deny natural rights. If it is written, it must be voided forevermore.

It was specifically stated " this matter is to be handled as constitutionally as possible" in the original civil action complaint in the 9th Circuit-Family Division-Manchester NH Courthouse on the 14th of November, 2022. The court is to protect against the encroachment of unconstitutionality of a secured liberty. Plaintiff has not been afforded any (state or federal) constitutional protections since these matters were originally brought to the Courts in the State of New Hampshire and was not afforded those protections in and through the Federal Court(s).

At the core of this issue is the NH State Court judges and magistrates and administrators and commissioners have forced and/ or coerced Plaintiff into the wrong jurisdiction. At the earliest possible time Plaintiff mentioned he was not a U.S. Citizen and all other parties to these cases have claimed that citizenship or similar "legal status". That denotes that Plaintiff should have been assigned a

"Court of Common Law" and not been subjugated into an administrative (tribunal) hearing.

Plaintiff was unable to attend an Ex Parte hearing scheduled on the 30th of November, 2022. Plaintiff timely filed a "MOTION" to reschedule such hearing and an Affidavit/JURAT and was denied a rescheduling of that hearing. Plaintiff has been deprived his prerogative and unalienable and natural rights under the color of law since. Plaintiff has had many hearsay claims and allegations, allegedly libeling and slandering and defaming his good name by the solicited Officer of the Court (Attorney Jennifer L. DiTrapano) **solely on the words and mind of her client Devin Aileen Kimbark (Respondent/Defendant), without any evidence to substantiate such or an affidavit in support of such claims or under the penalty of perjury and pains.**

Venue was changed to the 10th Circuit-Family Division-Derry NH Court on a false claim that Defendant (Devin Aileen Kimbark) and minor child had lived at 3 Stoneleigh Dr. Derry, NH 03038 since the minor was born, with Defendants' parents (Mark Edward Kimbark and Cheryl L. Kimbark), and sole residential and decision making responsibilities were awarded to Defendant by Judge Todd H. Prevett. Plaintiff asserts Judge Todd H. Prevett made such "ORDER" EX PARTE administratively and not judicially with only the claims and accusations by

Defendant through and by her Attorney. This is the first count of a violation to Official Oppression (N.H. Rev. Stat. § 643:1 and 643:2 II and III) against Plaintiff. This was the first count of being conspired against to deprive Plaintiff of rights under the color of law (Title 18 U.S.C.A. § 241 and 242). This is also the first count of a violation to the 14th Amendment of the U.S. Constitution et al. (equal protection under the law).

After the venue was changed to the 10th Circuit-Family Division-Derry NH Court Plaintiff had "MOTIONED" a request for production and an evidentiary hearing, before the hearing held on the 22nd of March, 2023, both requests were denied by Judge Michael L. Alfano and contested by Defendant, depriving Plaintiff of due process of law and truth in evidence and equal protection under the law.

This would be a count when Plaintiff had the NH State constitutional protection of Article 15- Rights of the accused trespassed. In this hearing Plaintiff was allegedly libeled and slandered multiple times by Attorney Jennifer L. DiTrapano for her client. Plaintiff brought to the Court's attention in this hearing that the need for an evidentiary hearing was needed for the claims and accusations being made against Plaintiff could be proven. Again, such due process and equal protection under the law was trespassed against Plaintiff (to also include but is not limited to NH State State Constitutional protections and State and Federal laws

were violated). Plaintiff had entered another Affidavit/Jurat and a Legal and Lawful Judicial and Clerical Notice for the record. Judge Michael L. Alfano placed a non-voluntary and nonconsenting unlawful "ORDER" against Plaintiff for child support (evidence of indebtedness) and visitation and continued to deprive Plaintiff of the rights of his minor child under the color of law. Plaintiff had entered multiple "MOTIONS" during Judge Michael L. Alfano's administrative/mediator/arbitrator position in this matter, to include but is not limited to a jurisdictional challenge. No factual proof of Jurisdiction was had by Judge Michael L. Alfano. Judge Michael L. Alfano recused/disqualified himself upon Plaintiff's "MOTION" of bias and prejudice amongst other complaints.

Judge Kerry P. Steckowych had been placed to Judge Michael L. Alfano's administrative position in this matter and should of immediately ordered an evidentiary hearing to cure the many constitutional complaints (amongst others) and proved jurisdiction in this matter to the "ORDER'S" placed upon Plaintiff, before any such further deprivation of Plaintiff's rights (especially that of being deprived to the rights of his child) were trespassed and violated. A hearing was held on the 17th of July, 2023 under Judge Kerry P. Steckowych's administrative position where Plaintiff asserted many complaints/ violations of law, to which the Judge in the hearing stated "I had convinced him he could no longer be involved in

this matter and the hearing was over". Judge Kerry P. Steckowych made a narrative "ORDER" of this hearing and stated in the "ORDER" that he stated he would look into any reason the Court should recuse itself and did not find any. This was a fraudulent and reckless statement by Judge Kerry P. Steckowych.

Plaintiff brought his complaints for a civil action suits of both State and Federal constitutional violations as well as State and Federal law violations to the United States District Court District of New Hampshire on the 16th of October, 2023 with a request/DEMAND for trial by Jury and naming Defendants Devin Aileen Kimbark and her parents, Mark Edward Kimbark and Cheryl L. Kimbark as well as Judges Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych all in a conspiracy, each having their own role separately and together, for remedy and relief.

None of the 3 (THREE) Kimbark family defendants denied any claim made against them. None of the 3 (THREE) Kimbark family defendants entered any defense under pains and penalty of perjury. None of the 3 (THREE) Kimbark family defendants entered an affidavit in support of their position. The 3 (THREE) Kimbark defendants continued to make claims and accusations without proof against Plaintiff. The 3 (THREE) Kimbark Defendants made a claim that the plaintiff failed to state a claim that the law recognizes as enforceable. It is asserted

by Plaintiff the Law is applicable to all and no one is above the law (emphasis added). I ask the Court to clarify this on the record and for the record; that is what a Jury should have decided as requested and demanded by Plaintiff and protected by the 7th Amendment of the U.S. Constitution et al.

In the Federal Case, none of the 3 (THREE) judicial Defendants denied any claim made against them. None of the 3 (THREE) Judicial Defendants entered any defense under pains and penalty of perjury. None of the 3 (THREE) Judicial Defendants entered an Affidavit in support of their position. As in the State Court all 6 (SIX) Defendants' responses should have been seen as nothing more than mere conclusory allegations and hearsay. The 3 (THREE) Judicial Defendants simply made claims of immunities and therefore they were barred from actions against them. I ask the Court to clarify this on the record and for the record; when a judge or any public servant violates their Oath of Office and violates clearly established constitutional protections (State and Federal) and violates their employment contract (Canons of law and Codes of Judicial Conduct, breach of contract) and violates clearly established laws (State and Federal) are such public servants above the law and barred from accountability and prosecution and suit? It is my understanding that under the U.S. Const. Art. 2 Sec. 4 all civil officers of the United States shall be impeached and sanctioned for crimes against the people,

which crimes include; High Crimes and Misdemeanors. 11th Amendment Immunity is only relevant until such time the civil officer of the United States violates their (State and/ or U.S. Const.) Constitutional oath of office and/ or violates State or Federal Laws which injure the people, Plaintiff in this matter.

This was again supported in TRUMP v. UNITED STATES, 2024 wherein it was decided; "As for a President's unofficial acts, there is no immunity." Therefore all Civil Officers follow suit and only have immunity when they are doing Judicial Acts or "Official Acts". The decision continued wherein the justices concurred "Although Presidential immunity is required for official actions to ensure that the President's decision making is not distorted by the threat of future litigation stemming from those actions, that concern does not support immunity for unofficial conduct." When the state judges violated the New Hampshire Constitution et al and/ or the United States Constitution et al, they and each of them waived their immunity.

On the 28th of February, 2024 Plaintiff entered a "MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW" (Doc. No. 21, 13 Pages) and a "SUPPLEMENTAL AFFIDAVIT" (Doc. No. 21-1, 20 Pages) that the Defendant(s) should have responded to by the 29th of March, 2024. None of the 3 (three) Kimbark Defendants answered to such "MOTION" and are in default

pursuant to United States District Court for the District of New Hampshire Local Rule 55.1 and Summary Judgement as a matter of law should have been awarded to Plaintiff against the Kimbark Defendants'. The Court or the Judge made no decision approving or denying this MOTION.

On the the 1st and 2nd of April, 2024 Judgement and an Order was issued by Judge Joseph N. Laplante stating "After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated February 14, 2024, given no clarification as to what "due consideration" or facts of law the decision was based upon.

The judge's order and Judgment was without reasonable legal basis and clearly wrong in violation of Plaintiff's Due Process right under *the 5th amendment*.

The report and recommendations and the order and judgment discloses that the court refused to appreciate the facts in Plaintiff's complaint and drew unreasonable inferences and reached a decision which was clearly wrong and against the reasonable deductions to be drawn from the facts stated in the complaint.

In fact, Plaintiff plead a short and plain statement of the elements of his claims, identifying the transactions or occurrence giving rise to the claims and the

elements of the *prima facie* case. Plaintiff's allegations are simply and concise, and direct. Plaintiff's complaint stated good claims. Plaintiff's complaint submitted evidentiary detail and was written with simplicity, conciseness and clarity as to whom Plaintiff was suing for what wrongs. Plaintiff's complaint provided fair notice of the claims being asserted and the grounds upon which they rested.

It is evident from a study of the complaint that Plaintiff gave fair notice and stated the elements of the claims plainly and succinctly. Plaintiff set out in detail the facts upon which he bases his claims. Plaintiff showed entitlement to relief. Plaintiff's factual allegations in the complaint gave fair notice of the nature of the claims, but also "grounds" on which the claims rested. Plaintiff's complaint was perfectly written in the English language.

Indeed, the judge intentionally failed to correctly apply constitutional and statutory standards and instead erroneously drew unreasonable conclusions and inferences and interpretations from what the complaint did represent. The court repeatedly drew unreasonable inferences against Plaintiff and engaged in pure speculation and conjecture and refused to grant Plaintiff reasonable inferences. Under the circumstances of this case, and on this record, it could be nothing more than imagination and speculation and supposition and surmise and conjecture, and guesswork that there was a "failure to state a claim" or Defendant(s) have

"immunity".

The judge's order sustaining dismissal evidences that the court drew inferences from thin air because it does not appear from the face of Plaintiff's complaint that "the pleading does not state facts." It is axiomatic that an inference may not be based on imagination, speculation, supposition, surmise, conjecture, or guesswork. (*In re Guitirrez' Estate* 189 Cal.App.2d 165, 173 (1961).

The judge's order sustaining dismissal was based only on speculation and conjecture in violation of the Due Process Clause.

In essence, the judge's order sustaining dismissal was manifestly erroneous and clearly wrong given the amount of actual facts in Plaintiff's complaint that sufficiently stated all required elements of the causes of action against Defendant(s) in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment.

The Magistrates report and recommendation clearly stated some of the facts of Plaintiff's case. As such, the court cannot rationally and logically contend or infer that 'Plaintiff's allegations fail to assert facts,'; or that 'Plaintiff fails to plead facts,', while knowing and stating the details of the facts asserted or pleaded in the complaint and being thereby fully acquainted and appraised with the basis upon which Plaintiff is seeking relief. This would be self-contradictory and absurd and

nonsensical. The magistrates and therefore the judges' conclusions were paradoxical and violative of logic. Thus, the judge's order sustaining dismissal was irrational and illogical in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment.

Third, the judge and/ or the court did not address Plaintiff's claims in his opposition to Defendants' "MOTION TO DISMISS". The judge and/ or court did not address the relevant claims by Plaintiff. The judge and/ or court did not address these claims in its order approving dismissal on March 1, 2024 in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment.

It appears from the record that Defendant(s) did not establish any fact at the pleading stages, and they have failed to sustain their burden of proof. "A party who holds the affirmative of an issue <u>must</u> produce evidence to prove it, and he is defeated if no evidence is given on the issue." (*Gintel v. Green* 165 Cal.App.2d 723, 725, (1958) (emphasis added).) As a matter of fact and law, Defendant(s) were self-defeated because they failed to produce any evidence to prove the issue on failure to state a claim and/ or immunity, and no evidence was given on said issue.

There is in truth, no evidence whatsoever to suggest that there was anything wrong with Plaintiff's complaint. It follows, necessarily that, there was no

evidence on which the court and/ or the judge and/ or the magistrate could have found that there was a "failure to a claim". The judge and/ or court based its order sustaining dismissal on an irrelevant and improper fact (magistrate's administrative report and recommendation) in violation of the Due Process Clause.

"Since no direct evidence was introduced upon the issue, the finding is properly against the party who has the burden of proof." (*People v. Thomas* 108 Cal. App. 2d 832, 840. (1952) Here, Defendant(s) had the burden of proof and introduced no evidence upon the issue, and the finding was improperly in favor of them in violation of Plaintiff's right to Due Process under *Thomas supra*. It is well-settled law, that when a party assigned burden of proof does not produce information, that party loses.

In view of the whole record, it is clear that there was no proof whatsoever that Plaintiff's complaint "fails to state a claim or that the judicial defendants' have immunity". This was the ground to justify the judgment of dismissal and a failure of such proof was fatal thereto. Accordingly, the judgment of dismissal must be vacated and set aside under the authority of *Thomas* and *Gintel supra*.

It is clear to Plaintiff (or any reasonable individual) that Magistrate Judge Andrea K. Johnstone and Justice Joseph N. Laplante and the N.H. Dept. of Justice (Attorney General's Office) is in conspiracy (co-conspirators) with the

Defendant(s).

On the 11th of April, 2024 Plaintiff entered a WRIT OF ERROR to the UNITED STATES COURT OF APPEALS For the First Circuit and a "Motion to Stay Judgment and Order" in the lower Federal Court pursuant to the outcome of the Writ of Error. Plaintiff's MOTION was denied by Judge Joseph N. Laplante.

The Clerk of Court Maria R. Hamilton mistakenly erred and construed Plaintiff's WRIT OF ERROR as a NOTICE OF APPEAL.

Legal and Lawful Notice: Plaintiff has entered 3 (THREE) documents, an AMENDED WRIT OF ERROR received by the Court on the 24th of April and a MOTION TO STAY APPEAL on the 10th of May, 2024 and a JUDICIAL LEGAL AND LAWFUL NOTICE on the 20th of May, 2024 to **correct the record amongst other issues the Court must NOTICE.**

On this day of the 22nd of July, 2024 Plaintiff has yet to receive any correspondence (medium of response reasonable under the circumstances) from the 1st Circuit correcting the record or giving "JUDICIAL NOTICE" to Plaintiff's pleadings and prayers and wishes or **injunctive relief.**

It is to Plaintiffs understanding when a law or rule states "must" there can be no deviation from the word "must" and certainly holds the same or even a higher standard then the word "shall". Recently decided May 16, 2024 in WENDY

SMITH, ET AL., PETITIONERS v. KEITH SPIZZIRRI, ET AL. No. 22–1218. (2024)., citing specifically; "Here, as in other contexts, the use of the word "shall" "creates an obligation impervious to judicial discretion." Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U. S. 26, 35 (1998). That plain statutory text requires a court to stay the proceeding. See Maine Community Health Options v. United States, 590 U. S. 296, 310 (2020) ("'Unlike the word "may," which implies discretion, the word "shall" usually connotes a requirement'"). Indeed, this Court previously noted that the use of "shall" in neighboring sections of the FAA created a mandatory obligation that left "no place for the exercise of discretion by a district court." Dean Witter Reynolds Inc. v. Byrd, 470 U. S. 213, 218 (1985) (discussing §§2–4 and explaining that the FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"). The same is true here. When §3 says that a court "shall . . . stay" the proceeding, the court must do so."

---------- **END OF PAGE** ----------

**Constitutional and Statutory Provisions Involved:**

1. The Judiciary Act of 1789 inclusive,

2. U.S. Constitution: Amendments: 1st, 4th, 5th, 7th, 9th, 11th, 14th inclusive.

3. U.S. Constitution Articles: Article II (inclusive), (Section 4), Article III (inclusive), Article IV Sections (inclusive), Article VI (inclusive).

4. New Hampshire Constitution: Articles; 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused.

5. Judges oath of office; Oath of office; NH Const. Part Second **Oaths and Subscriptions Exclusion from Offices, Etc.** Article 84 Oath of civil officers., and 5 U.S.C.A. § 3331.

6. TITLE 5—GOVERNMENT ORGANIZATION AND EMPLOYEES *Pub. L. 89–554, §1, Sept. 6, 1966, 80 Stat. 378* [H. R. 10 104] (www.govinfo.gov) (inclusive).

7. Alternate Dispute Resolution Act Oct. 30, 1998 [H.R. 3528] (www.govinfo.gov) inclusive.

8. 28 U.S.C.A. JUDICIARY AND JUDICIAL PROCEDURE Act *June 25, 1948, ch. 646, §1, 62 Stat. 869* [H. R. 3214] (www.govinfo.gov) inclusive.

9. 15 U.S.C.A. § 1 and 2.

10. 18 U.S.C.A. § 241 and 242,

11. 18 U.S.C.A. § 513,

12. 18 U.S.C.A. § 514,

13. 18 U.S.C.A. § 912 and § 913,

14. 18 U.S.C.A. § 1341,

15. 18 U.S.C.A. § 1349,

16. 42 U.S.C.A. 1983,

17. 42 U.S.C.A. 1985,

18. 42 U.S.C.A. 1986,

19. N.H. Rev. Statute § 458-A:6,

20. N.H. Rev. Stat. § 643 and § 643:2,

21. SEE Record Relied Upon for further listings, specifically Case: 24-1442

  Document: 00118140992 Appendix B: Pages: 103-130 Date Filed: 05/06/2024

  Entry ID: 6640503; (Case 1:23-cv-00472-JL-AJ Document 20-1 Filed

  2/28/2024 Pages 1-28).

  **———-------- END OF PAGE ———--------**

**SUMMATION:**

The judge(s) (State and Federal) allegedly: committed fraud in keeping Plaintiff from his child. The Judge(s) (State and Federal) violated Plaintiff's rights. Any claim they have to immunity is a fraud because their actions violated multiple N.H. Const. and U.S. Constitutional protections and multiple State and Federal Laws. This cannot be tolerated in any society which claims to be free.

Plaintiff asked for a trial by jury in the original Federal Civil Cover Sheet and Civil Action Claim For Damages filed on the 16th of October, 2023. The judge(s) violated their Oath of Offices leaving Plaintiff an aggrieved and injured party. As the 1st Amendment mandates, Plaintiffs must be allowed redress of government. The state judges violated the restriction of government to the U.S. Constitution et al. and the New Hampshire Constitution et al. and Plaintiffs god given Prerogative rights and Unalienable rights and Natural rights.

Instead of protecting Plaintiff the Federal Judges conspired and injured Plaintiff further. Even the First Circuit misrepresented Plaintiff's WRIT OF ERROR as an appeal and is (although contested) only going to allow 8 (EIGHT) documents in total that do not consist of Plaintiff's defense

(evidence), to the filed WRIT OF ERROR (see Case: 24-1442 Document: 00118140992 Pages 1-185, Date Filed: 05/06/2024 Entry ID: 6640503) or any document by Plaintiff entered into the State or Federal Courts. This is an obvious Obstruction of Justice and must be corrected. Plaintiff will not be coerced and forced into an Appeal of decision(s) not of a Judicial (common law) Court but Administrative only.

—-------- END OF PAGE —--------

**Reasons for Granting the WRIT OF ERROR:**

1. Plaintiff has been deprived of his minor child for over 19 months on unfounded and/ or false claims and accusations.

2. Plaintiff has been denied the 1st (FIRST) Amendment guarantee of redress of government.

3. Plaintiff has had his property seized in violation of the 4th (FOURTH) Amendment, without due process of law, in both the State and Federal Courts.

4. Plaintiff has been denied the 5th (FIFTH) Amendment guarantee of due process of law, in both the state and Federal Courts.

5. Plaintiff was denied the 7th (SEVENTH) Amendment guarantee of a Trial by Jury in a Civil Action, in both the State and Federal Courts.

6. Plaintiff has had his Prerogative Rights and Unalienable rights and Natural Rights trespassed in violation of the 9th (NINTH) Amendment, in both the State and Federal Courts.

7. Plaintiff has been denied the 14th (FOURTEENTH) Amendment guarantee of equal protection under the law, in both the State and Federal Courts.

8. The 3 (THREE) KIMBARK Defendants are in default for failure to respond/defend to Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW and SUPPLEMENTAL AFFIDAVIT.

9. The 3 (THREE) judges involved are in default for damages for <u>breach of contract</u> (Public Trust, Oath of Office, Employment Contract/ Code of Judicial Conduct/ Canons of Law, Etc.).

10. There is no adequate remedy at law (Appeal) for a decision (ruling, Judgment, order, or any like such) not of a Court, in both the State and Federal Courts.

11. The State Courts, as well as the inferior Federal Courts do not comply with the Rules Governing Procedure (State and Federal and Appellate).

12. The State Courts, as well as the inferior Federal Courts do not comply with the State or Federal Constitution et al.

13. The State and Federal government agents are in conspiracy injuring Plaintiff and depriving him of his child.

14. The "Judgment(s)" and "ORDER(S)" in both the State and inferior Federal Courts are not vested in a Court in compliance with Article III of the U.S. Constitution et al.

15. The "Judgment(s)" and "ORDER(S)" in both the State and inferior Federal Courts are a fraud upon the Court and not in compliance with the Judiciary act of 1789.

16. Remedy and Relief is justifiable sought to be ORDERED/GRANTED under Federal Rules of Civil Procedure (FRCP) 57 (28 U.S.C.A. § 2201 and § 2202) and Federal Rules of Civil Procedure (FRCP) 60 (inclusive), and (b)(1) and/ or (3) and/ or (4) and/ or (6) and/ or 60(d)(3).

17. Plaintiff prays this Honorable Court shows the prestige and humility of the Judiciary and of this Court and uphold the fundamental rule of law, that no one is above the law and hold accountable (redress of government) (even Judges) when those knowingly and recklessly trespass/ violate the State and/ or Federal Constitutions et al., that is Plaintiffs' (one of the people) wishes.

————----- END OF PAGE ————----

**RELIEF SOUGHT:**

Plaintiff Matthew-Lane: Hassell prays for the following relief;

A.    This honorable Court declare and memorialize the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction which include; NH Circuit Court, 10th Circuit - Family Division - Derry and the State of NH, NH Circuit Court, 9th Circuit - Family Division - Manchester, a Nullity (void ab initio). The orders were not properly authenticated and therefore have no governmental force of law;

B.    Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21) and modify and/ or reverse judgment in Plaintiff's favor with a direction that a money judgment be entered in the district court (Fed. R. App. P. 37(b));

C.    Honor and grant Petitioner immediate injunctive relief of 50/50 custodial grantorship of the minor child with retroactive custodial parenting time to start immediately (to include but not limited to one hundred thirty three (133) days Plaintiff was deprived contact with minor child PH from the 12th of November, 2022 till the 25th of March, 2023 and two (2), two (2) hours weekend days supervised visitation only from the 25th of March, 2023 till current;

D.     Order both parties enjoy equal decision making responsibilities of

child daycare and school and medical care, etc., and each party is to reimburse the

other party for agreed upon out-of-pocket expenses;


E.     Order injunctive relief of an immediate Cease and Desist to the

STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN

SERVICES DIVISION OF CHILD SUPPORT SERVICES et al, (administrative

agency) wage garnishment and arrearages being enforced against Petitioner and an

immediate return of all wages and arrearages unlawfully collected; The Defendants

have never proven I volunteered because I did not volunteer and therefore I am

entitled to such relief and remedy Social Security Act including but not limited to;

Title IV- A, Sec. 403. [42 U.S.C. 603] (a) Grants.— (2)(A), (I), (bb).


F.     Plaintiff is requesting an amount in excess of Seventy Five Thousand

Dollars;

G.     Honor Petitioner's Summary Judgment of Punitive and Injunctive and

Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register

of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725

(undisputed)) amount in excess of Seventy Five Thousand Dollars as damages.

a.     The 3 Judges (Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

i.     For violating their (Judicial Defendant's) oath of office and employment contract and authority. In failing to defend and protect the U.S. Constitution and the New Hampshire Constitution and thereby injuring Plaintiff;

ii.     For violations of the U.S. Constitution and denying Plaintiff due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their (Judicial Defendant's) employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

iii.     For violations of New Hampshire Constitution, Articles 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge (Judicial Defendant's) and in accordance with Title 15 U.S. Code § 1 and § 2 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

iv.     For Federal and State Law violations Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed by state and federal laws,

H.     Devin Aileen Kimbark is to be sanctioned/ Default Judgment entered pursuant to N.H. Local Rule 55.1 and Fed. R. App. P. 37(b) for failure to respond

to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the

amount of One Hundred Thousand ($100,000.00) U.S.D.;


I.    Cheryl L. Kimbark and Mark Edward Kimbark are to be sanctioned/

Default Judgment entered pursuant to N.H. Local Rule 55.1 and Fed. R. App. P.

37(b) separately for failure to respond to MOTION FOR SUMMARY

JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand

($100,000.00) U.S.D.


J.    Any such further relief as justice may require.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the

best of my knowledge, information, and belief that this complaint: (1) is not being

presented for an improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; (2) is supported by existing law or by a

nonfrivolous argument for extending, modifying or reversing existing law; (3) the

factual contentions have evidentiary support or, if specifically so identified, will

likely have evidentiary support after a reasonable opportunity for the further

investigation or discovery; and (4) the complaint otherwise complies with the

requirements of Rule 11.

## CERTIFICATE OF COMPLIANCE:

I, Plaintiff, certify under penalty of perjury the word count of this document (BRIEF FOR WRIT OF ERROR) is in total 10,795 and that the foregoing is true and correct to the best of my abilities.

I certify that a copy of the WRIT OF ERROR and CERTIFICATE OF COMPLIANCE has been sent by USPS CERTIFIED mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA and/ or Nathan W. Kenison—Marvin to the mailing addresses listed on Page 3 and 4 of this document.

_Matthew Lane Hassell_ Dated: 22nd of July, 2024

Matthew-Lane: Hassell authorized agent of

MATTHEW LANE HASSELL

20 Arlington St. Unit D

Nashua, New Hampshire [03060]

(603) 231-0844

mhas191@yahoo.com

### NOTARY PUBLIC

State _New Hampshire_

County _Hillsborough_ Subscribed and sworn

to, before me, a Notary Public the above signed Matthew-Lane: Hassell.

This _22nd_ day of _July_ year _2024_ .

Notary Public _____

MY COMMISSION EXPIRES: _09/11/2025_

BRIAN W. HEFFRON JR.
NOTARY
PUBLIC
Exp. 09/11/25
NEW HAMPSHIRE

58

1111 requirements of Rule 11.

1112     All Rights Reserved (to include but is not limited to appeal) always and

1113 forever more, without prejudice U.C.C. 1-308

1114
1115 VOID WHERE PROHIBITED BY LAW

1116 *Matthew-Lane: Hassell*     **Dated:** 22nd of July, 2024

1117     Matthew-Lane: Hassell authorized agent of
1118     MATTHEW LANE HASSELL
1119     ADDRESS: 20 Arlington St. Unit D Nashua, New Hampshire 03060
1120     PHONE: (603) 231-0844
1121     EMAIL: Mhas191@yahoo.com
1122
1123     I certify that a copy of the above mentioned 'BRIEF' has been sent by USPS

1124 CERTIFIED mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and

1125 CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA/ NATHAN W.

1126 KENISON-MARVIN to the mailing addresses listed on Page 4 and 5 of this document.

1127                            **NOTARY PUBLIC**

1128 State New Hampshire

1129 County Hillsborough          Subscribed and sworn

1130 to, before me, a Notary Public the above signed Matthew-Lane: Hassell.

1131 This 22nd day of July year 2024 .

1132 Notary Public

1133 MY COMMISSION EXPIRES: 09/11/2025 .

1134

57

# MEMORANDUM OF LAW

The basic, basic of this case is that both mother and father must retain equal rights to the minor child. No power other than God has the authority to divide progeny unequally absent due process of law and/ or mutually agreeable consent. The Social Security Act Title IV-D does make incentive payments to states for biased division of time and enforced child support which must be declared unconstitutional forevermore. Where in the New Hampshire Constitution and then where in the U.S. Constitution does either or both, allow for a father to be forced from his child? This was and is done at for a year and a half, without a proper and fair legal and lawful hearing? Do you think our Founding Fathers would stand for such a miscarriage of justice.

In Appellants Affidavit BEFORE he certainly exhausted remedy against all the Kimbark Defendants and civil officers of the United States. He filed 3 Motions for Evidentiary hearings and was denied all 3. Appellant put all agents of government on NOTICE that any claim of immunity is a fraud. It has been cited multiple times in multiple documents including but not limited to Affidavits and JUDICIAL AND CLERICAL LEGAL AND LAWFUL NOTICE you will see the claim: "Any claim of "immunity"

RECEIVED FOR FILING IN CLERK'S OFFICE

2024 JUL 26 P 3: 55

US COURT OF APPEALS THE FIRST CIRCUIT

which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution et al; Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983"... and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution; Part Second, Section 17 House to Impeach before the senate and [Art.] 38. [Senate to Try Impeachments; Mode of Proceeding.] and [Art.] 39. [Judgment on Impeachment Limited.] .

The Civil Officers (Judges or Administrators) waived their U.S. Constitution 11th Amendment immunity by denying Appellant due process of law and equal protection of the law.

Appellant is suing each and all of the 3 Civil Officers (Judges or Administrators) on their personal capacity and on their official capacity (both). Because I am not suing the State of New Hampshire, I do not need to get their permission to bring forth this action.

Appellant alleges that each of the Civil Officers (Judges or Administrators) did violate both the New Hampshire Constitution et al and the United States Constitution et al. The mere fact that Appellant has asked the court multiple times for hearings and been denied each time proves the violation of both Article 1 (Article 1. [Equality of Men; Origin and Object of

Government.]) and Article 15 ([Art.] 15. [Right of Accused.]) of the New Hampshire Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution.

Appellant alleges multiple violations of State and Federal Laws (including N.H.R.S.A. and U.S.C.A. and U.C.C.) which have been uncontested by the Appellees. Such violations include but are not limited to conspiracy, coercion, intimidation, fraud and other such titles. Their oath of office has been cited and they have violated such oath.

Appellant has exhausted remedies and not been satisfied with the results so he must bring this controversy to the courts.

The Judicial and Administrative Civil Officers did violate Judiciary Act of 1789 and Sunshine Act Title 5 U.S. Code Section 552b (h) as proven herein multiple times.

The general misconception is that any statute passed by legislators bearing the appearance of law constitutes the law of the land. The U.S. Constitution is the supreme law of the land, and any statute, to be valid, must be In agreement. It is impossible for both the Constitution and a law violating it to be valid; one must prevail.

This is the crux of the problem, the state court judges repeatedly denied Appellant rights and constitutional protections under the color of law (state statute).

Appellant has had the FIRST and FOURTH and FIFTH and EIGHTH and NINTH and FOURTEENTH amendments of the U. S. Constitutional protections violated also to include but is not limited to New Hampshire State Constitutional protections Articles 2 and 2-b and 4 and 15 and State and Federal Laws and statutes. How many years of vexatious litigation must one go through to have the rights to one's progeny upheld. The State Court officers fraudulently forced Appellant into arbitration (and contract, see Am. Jur. 2d, § 1 and 18 and 29 and 101 and Sec 177 late 2d, Sec 256 below) without his consent or knowledge. The State court civil officers and the Kimbark defendants conspired to deprive Appellant of rights under the color of law. The State court civil officers and the Kimbark defendants conspired to restrain and imprison (visitation) Appellant at the Kimbark Respondents homestead. The lower Federal Court as well as state deprived Appellant of the 7th amendment right to a jury trial.

1. Am Jur 2d - Contracts § 1 I. In General, A. Definitions, § 1 - Contract

    A contract has been defined as an agreement to do, or refrain from doing, a particular thing,[1] upon a sufficient consideration.[2]

4

Similarly, a "contract" has been defined as an agreement, obligation, or legal tie by which a party binds itself, or becomes bound, expressly or impliedly, to pay a sum of money or to perform or omit to do some certain act or thing.[3] Also, a "contract" has been defined as a private, voluntary allocation by which two or more parties distribute specific entitlements and obligations.[4] A "contract" is an agreement between two or more parties that creates obligations that are legally enforceable by the contracting parties.[5] A "contract" is an agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law.[6] A "contract" is an agreement by two or more parties whereby obligations are created, modified, or extinguished.[7] A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct.[8] The term "contract" has been held to include every description or agreement or obligation, whether verbal or written, by which one party becomes bound to another to pay a sum of money or to perform or omit to do a certain act.[9] The Restatement defines the term "contract" as a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty,[10] and this definition has been

adopted by some courts.[11] However, this has been criticized as a circular definition: it is the same as saying that a contract is a legally enforceable promise, but a promise is legally enforceable only if it is a contract.[12] A contract is not a law, nor does it make law: it is the agreement plus the law that makes the ordinary contract an enforceable obligation.[13]

A. The Respondent(s) have failed to show any private and/ or voluntary allocation by which two or more parties distribute specific entitlements and obligations that has been agreed upon.

B. The judicial Respondents are in breach of contract (oath of office) for failure to defend and support the state and federal constitutions of which the law gives a remedy by civil action.

C. The Kimbark Respondents are in breach of contract for forcing non-voluntary and non-agreeable contracts upon unfounded and/ or false claims of which the law gives a remedy by civil action.

D. The "ORDERS" from the administrative agents (judges, magistrates, administrators, civil officers and the like) are not a lawful contract, nor are the "ORDERS" law and therefore unenforceable and has injured appalant.

2. Am Jur 2d - Contracts § 18 II. Formation of Contracts, A. In General, 1. Elements; Mutuality of Remedy, § 18 - Elements of contract, generally

The elements of a valid contract have been stated as- parties competent to contract, a proper or lawful subject matter, consideration, mutuality of agreement or assent, and mutuality of obligation.[1] offer; acceptance in strict compliance with the terms of the offer; a meeting of the minds; each party's consent to the terms; and execution and delivery of the contract with the intent that it be mutual and binding[2] and consideration.[3] offer, acceptance, consideration, and a meeting of the minds between the contracting parties on all essential elements.[4] offer, acceptance, and consideration.[5] (1) capacity to contract; (2) mutual consent; (3) a lawful cause; (4) and an object that is lawful, possible, and determined or determinable.[6] (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation.[7] parties capable of contracting, consent or mutual assent of the parties, a lawful object, and sufficient consideration.[8] parties with the capacity to contract,

mutual consent of the parties that is freely given, a certain object for the contract, and a lawful purpose.[9] mutuality of intent to contract, consideration, and lack of ambiguity in the offer and acceptance.[10] an offer, acceptance, consideration, and mutual assent[11] to the contract's essential terms.[12] an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent, and legality of the object and of the consideration.[13] a meeting of the minds of the parties in mutual assent to the terms, sufficient consideration, free from fraud or undue influence, not against public policy, and sufficiently definite to be enforced.[14] A contract is made at the time the last act necessary to its formation is done.[15] In addition to where the last act necessary to complete the contract is performed, a contract is also said to be completed at the place where the offer is accepted.[16] Thus, if a contract is made by telephone, it is made where the acceptor speaks into the phone.[17] While the existence of a contract is a question of fact, whether a certain or undisputed state of facts establishes a contract is a question of law for the court.[18] Under the Uniform Electronic Transactions Act, a contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation.[19]

A. The Respondent(s) have failed to show any cause where a proper or lawful subject matter, consideration, mutuality of agreement or assent, and mutuality of obligation to enforce "ORDERS" and/ or "JUDGMENTS" to deprive Appellant of constitutional protections and/ or his child and to enforce an evidence of indebtedness (child support) and/ or each party's consent to the terms; and execution and delivery of the contract with the intent that it be mutual and binding.

B. Appellant has not by voluntary or acceptance (mutual consent) and/ or freely given and/ or by a lawful cause and/ or free from fraud or undue influence the existence of the "ORDERS" (contract of arbitration under 28 U.S.C.A. § 654) is a question of fact in the state and federal courts, whether a certain or undisputed state of facts establishes a contract to deprive Appellant of his child is a question of law for the court and for redress and remedy and relief.

3. Am Jur 2d - Contracts § 29 II. Formation of Contracts, C. Assent; Offer and Acceptance, 1. In General; Assent, § 29 - Necessity of mutual assent and intent to be bound, generally. There must be mutual assent or a meeting of the minds[1] at the same time,[2] on all the essential elements or terms to

form a binding contract.[3] In some jurisdictions, mutual assent involves the issues of an intent to be bound by the agreement,[4] as well as definiteness of terms.[5] In determining if the parties had the mutual assent or meeting of the minds necessary to reach agreement, the courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable person in the position of the other contracting party would ascribe to the first party's manifestations of assent; in making that determination, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are free to consider such extrinsic evidence.[6] Which terms are essential to a meeting of the minds, as required for an enforceable contract, depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute which arises and the remedy sought.[7] The omission of a material element from a contract renders the contract unenforceable because there has been no meeting of the minds.[8]According to the Restatement, generally, the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.[9]

> Practice Tip: The question of whether a binding contract was entered
> into depends on the intention of the parties, and is a question of

fact.[10] If an ambiguity renders the alleged agreement too indefinite, even after the consideration of extrinsic evidence, for the court to determine the parties' intent, the contract cannot be enforced due to the absence of any discernible meeting of the minds.[11] Also, a failure to agree on or even discuss an essential term of a contract may indicate that mutual assent is lacking.

A. By the fact that the Appellant filed in court is prima facie evidence Mr. Hassell did not agree to the offer of contract by Ms. Kimbark, i.e. that Appellee (Ms. Kimbark) have exclusive rights to the minor child PH and Appellant only have privileges by her decision.

B. When Appellant was denied due process of law and equal protection under the law in the state and federal courts there was no mutual assent or a meeting of the minds at the same time, on all the essential elements or terms to form a binding contract. Therefore all "ORDERS" and "JUDGMENTS" are not binding; they are void ab initio for lack of agreement and consideration.

C. The Respondents can not show where any meeting of the minds, as required for an enforceable contract (administrative

ORDER and/ or Judgment) renders all such contracts unenforceable because there has been no mutual and accepted meeting of the minds.

D.  The 7th Amendment of the U. S. Constitution demands a trial by jury that was denied to Appellant which includes all factors of consideration in the dispute which arises and the remedy sought. Appellant has shown just cause of law and remedy for consideration and remedy sought (SUMMARY JUDGMENT AS A MATTER OF LAW) to be awarded.

E.  The state courts denied 5th and 14th U.S. Constitutional protections (evidentiary hearings and equal protection under the law to be discussed, an essential term of a contract: deprivement of fair and equal access to the minor child and support orders) to Appellant and therefore is lacking as an enforceable agreement injuring Appellant.

4. Am Jur 2d - Contracts § 101 II. Formation of Contracts, D. Consideration, 1. In General; Necessity, § 101 - Definitions and nature Utilizing a legal definition of contract, no contract exists without sufficient consideration.[1] Consideration may be a benefit to the promisor or a detriment to the promisee.[2] It may take the form of a right, interest, or profit accruing to

one party, or some forbearance, detriment, or responsibility given, suffered, or undertaken by the other.[3] It may also consist of the creation, modification, or destruction of a legal relation.[4] There is consideration for a contract if the promisee, being induced by the agreement, does anything legal that he or she is not bound to do, or refrains from doing anything that he or she has a right to do. It is sufficient that something valuable flows from the promisee, or that he or she suffers some prejudice or inconvenience, and that the agreement is the inducement to the transaction.[5] Consideration is, in effect, the price bargained[6] and paid for a promise[7]-that is, something given in exchange for the promise.[8] Consideration is what distinguishes a contract from a gift.[9] Observation: In some jurisdictions, consideration is defined by statute.[10]

A. No contract exists without sufficient consideration. Appellant has (prerogative and unalienable and natural) rights to fair and equal access to the minor child. The Respondents have deprived Appellant of those rights. Appellants' redress of grievances and remedy and relief (sufficient that something valuable flows from the promisee, or that he or she suffers some prejudice or inconvenience) is appropriate by which the Respondents have injured Appellant, depriving him of his rights to his child.

5. 16 Am Jur 2d, Sec 177 late 2d, Sec 256: The general misconception is that any statute passed by legislators bearing the appearance of law constitutes the law of the land. The U.S. Constitution is the supreme law of the land, and any statute, to be valid, must be In agreement. It is impossible for both the Constitution and a law violating it to be valid; one must prevail. This is succinctly stated as follows: **The General rule is that an unconstitutional statute, though having the form and name of law is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of it's enactment and not merely from the date of the decision so branding it.** An unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted. Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it.....A void act cannot be legally consistent with a valid one. An unconstitutional law cannot operate to supersede any existing valid law. Indeed, insofar as a statute runs counter to the

fundamental law of the land, it is superseded thereby. No one Is bound to obey an unconstitutional law and no courts are bound to enforce it.

A. Appellant has the constitutions, both state and federal on his side. Appellant is on the right side of history with this. Respondents are on the wrong side.

Plaintiff Matthew-Lane: Hassell prays this Honorable Court for the following relief;

A.    This honorable Court declare and memorialize the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction which include; NH Circuit Court, 10th Circuit - Family Division - Derry and the State of NH, NH Circuit Court, 9th Circuit - Family Division - Manchester, a Nullity (void ab initio). The orders were not properly authenticated and therefore have no governmental force of law;

B.    Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21) and modify and/ or reverse judgment in Plaintiff's favor with a direction that a money judgment be entered in the district court (Fed. R. App. P. 37(b));

C.    Honor and grant Petitioner immediate injunctive relief of 50/50

custodial grantorship of the minor child with retroactive custodial parenting time to

start immediately (to include but not limited to one hundred thirty three (133) days

Plaintiff was deprived contact with minor child PH from the 12th of November,

2022 till the 25th of March, 2023 and two (2), two (2) hours weekend days

supervised visitation only from the 25th of March, 2023 till current;

D.    Order both parties enjoy equal decision making responsibilities of

child daycare and school and medical care, etc., and each party is to reimburse the

other party for agreed upon out-of-pocket expenses;

E.    Order injunctive relief of an immediate Cease and Desist to the

STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN

SERVICES DIVISION OF CHILD SUPPORT SERVICES et al, (administrative

agency) wage garnishment and arrearages being enforced against Petitioner and an

immediate return of all wages and arrearages unlawfully collected; The Defendants

have never proven I volunteered because I did not volunteer and therefore I am

entitled to such relief and remedy Social Security Act including but not limited to;

Title IV- A, SEC. 403. [42 U.S.C. 603] (a) GRANTS.— (2)(A), (I), (BB).

F.    Plaintiff is requesting an amount in excess of Seventy Five Thousand

Dollars;

G.     Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand Dollars as damages.

a.     The 3 Judges (Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

i.     For violating their (Judicial Defendant's) oath of office and employment contract and authority. In failing to defend and protect the U.S. Constitution and the New Hampshire Constitution and thereby injuring Plaintiff;

ii.     For violations of the U.S. Constitution and denying Plaintiff due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their (Judicial Defendant's) employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

iii.     For violations of New Hampshire Constitution, Articles 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge (Judicial Defendant's) and in accordance with Title 15 U.S. Code § 1 and § 2 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

iv.     For Federal and State Law violations Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed by state and federal laws,

H.     Devin Aileen Kimbark is to be sanctioned/ Default Judgment entered pursuant to N.H. Local Rule 55.1 and Fed. R. App. P. 37(b) for failure to respond to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

I.     Cheryl L. Kimbark and Mark Edward Kimbark are to be sanctioned/ Default Judgment entered pursuant to N.H. Local Rule 55.1 and Fed. R. App. P. 37(b) separately for failure to respond to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.

J.     Any such further relief as justice may require.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further

investigation or discovery; and (4) the complaint otherwise complies with the
requirements of Rule 11.

All Rights Reserved (to include but is not limited to appeal) always and
forever more, without prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

_____  **Dated:**_____

> Matthew-Lane: Hassell authorized agent of
> MATTHEW LANE HASSELL
> ADDRESS: 20 Arlington St. Unit D Nashua, New Hampshire 03060
> PHONE: (603) 231-0844
> EMAIL: Mhas191@yahoo.com

I certify that a copy of the above mentioned 'MEMORANDUM' has been sent by USPS
CERTIFIED mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and
CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA/ NATHAN W.
KENISON-MARVIN to the mailing addresses listed on Page 4 and 5 of this document.

# NOTARY PUBLIC

State_____

County_____ Subscribed and sworn to, before
me, a Notary Public the above signed Matthew-Lane: Hassell.

This_____day of_____year_____.

Notary Public _____

MY COMMISSION EXPIRES:_____.

# ADDENDUM

## Table of Contents

1. See Appendix B. CIVIL DOCKET App. Case No. 24-1442
   Document: 00118140992 Date Filed: 05/06/2024 Entry ID: 6640503.
   (185 pages)  (Inclusive):

   a. Order in question is not of a Judge but of an Administrator
      which denies Plaintiff due process of law and equal protection
      of the law and is in violation of state and federal laws and state
      and federal constitutions.

2. Orders on Motion: Case: 24-1442 Document: 00118140992 Page: 18
   Date Filed: 05/06/2024 Entry ID: 6640503.

   a. Order in question is not of a Judge but of an Administrator
      which denies Plaintiff due process of law and equal protection
      of the law and is in violation of state and federal laws and state
      and federal constitutions.

3. Order from Judge or Administrator: Case: 24-1442 Document:
   00118140992 Page: 19 Date Filed: 05/06/2024 Entry ID: 6640503.

   a. Order in question is not of a Judge but of an Administrator
      which denies Plaintiff due process of law and equal protection
      of the law and is in violation of state and federal laws and state
      and federal constitutions.

4. Clerk's Entry from the Judge or Administrator: Case: 24-1442
   Document: 00118140992 Page: 20 Date Filed: 05/06/2024 Entry ID:
   6640503.

RECEIVED FOR FILING
IN CLERK'S OFFICE
2024 JUL 26  P 3: 59
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

a. Order in question is not of an Ex-Officio Clerk but of an Administrative Clerk which denies Plaintiff due process of law and equal protection of the law and is in violation of state and federal laws and state and federal constitutions and the Judiciary Act of 1789.

5. Judgment from the Judge or Administrator: Case: 24-1442 Document: 00118140992 Page: 21 Date Filed: 05/06/2024 Entry ID: 6640503.

   a. Order in question is not of an Ex-Officio Clerk but of an Administrative Clerk which denies Plaintiff due process of law and equal protection of the law and is in violation of state and federal laws and state and federal constitutions and the Judiciary Act of 1789.

6. WRIT OF ERROR (MISNAMED AS NOTICE OF APPEAL): Case: 24-1442 Document: 00118140992 Page: 22 Date Filed: 05/06/2024 Entry ID: 6640503 Case 1:23-cv-00472-JL-AJ Document 27 Filed 04/12/24 Page 15 of 156.

   a. Order in question is not of an Ex-Officio Clerk but of an Administrative Clerk which denies Plaintiff due process of law and equal protection of the law and is in violation of state and federal laws and state and federal constitutions and the Judiciary Act of 1789.

7. Report and Recommendation: Magistrate Judge Andrea K. Johnstone (Inclusive) Case: 24-1442 Document: 00118140992 Page: 166 Date Filed: 05/06/2024 Entry ID: 6640503.

   a. Order in question is not of a Magistrate but of an Administrator which denies Plaintiff due process of law and equal protection

of the law and is in violation of state and federal laws and state and federal constitutions.

8. STATE COURT CASE FAMILY DIVISION DERRY; PETITIONERS MOTION TO CHALLENGE JURISDICTION 17 JULY 2023 (Inclusive): Case: 24-1442 Document: 00118140992 Page: 33 Date Filed: 05/06/2024 Entry ID: 6640503.

   a. Order in question is not of a Judge but of an Administrator which denies Plaintiff due process of law and equal protection of the law and is in violation of state and federal laws and state and federal constitutions.

9. MOTION FOR EVIDENTIARY HEARING (Inclusive) 30 MAY 2023 Case: 24-1442 Document: 00118140992 Page: 56 Date Filed: 05/06/2024 Entry ID: 6640503.

   a. Order in question is not of a Judge but of an Administrator which denies Plaintiff due process of law and equal protection of the law and is in violation of state and federal laws and state and federal constitutions.

10. MOTION FOR EVIDENTIARY HEARING (Inclusive) (Denied 22 MARCH 2023) Case: 24-1442 Document: 00118140992 Page: 66 Date Filed: 05/06/2024 Entry ID: 6640503.

    a. Order in question is not of a Judge but of an Administrator which denies Plaintiff due process of law and equal protection of the law and is in violation of state and federal laws and state and federal constitutions.

NOTE: Each of these documents was denied without judicial authority and the Judges and the like and the Magistrates and the like and the Clerks and

the like, each violated their oath to defend and protect the New Hampshire Constitution and the U.S. Constitution or they are not bound and therefore impersonating Civil Officers of the United States in violation of 18 U.S.C.A. Section § 912 and Section § 913 and either way should be impeached and sanctioned and prosecuted to the full extent of the law in accordance with U.S. Const. Art. 2 Section 4.

```
9589 8710 5270 1686 7425 03
```

95

**PRIORITY**
**★ MAIL ★**

**UNITED STATES**
**POSTAL SERVICE®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]

TO: Clerk of Courts
John Joseph Moakley US Courthouse
1st Circuit Court of Appeals

1 Courthouse Way
Boston, MA,


02210

Label 228, March 2016     FOR DC