# 24-1442

RECEIVED FOR FILING
IN CLERK'S OFFICE

2024 SEP - 3 [illegible]

US COURT OF APPEALS
FOR THE FIRST CIRCUIT

## United States Court of Appeals
**for the First Circuit**

John Joseph Moakley
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-9057

---

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

---

**APPELLANTS' REPLY TO APPELLEE'S DEVIN AILEEN KIMBARK AND CHERYL L. KIMBARK BRIEFING AND RESPONSE TO MOTION TO DISMISS**

Fed. R. App. P. 28 (c)

**MOTION FOR AFFIRMATIVE RELIEF**

Fed. R. App. P. 27(a)(3)(B)

**UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE**

# Table of Contents

Table of Contents ..........................................................Page 2

Table of authorities..........................................................Page 3-4

Requested Relief ..........................................................Page 15

CERTIFICATE OF COMPLIANCE.......................................... Page 18

---------- END OF PAGE ----------

## Table of Cited Authorities

Constitutional and Statutory Provisions Involved:


**U.S. SUPREME COURT and U.S. APPELLATE CIRCUIT COURT and FEDERAL COURT and STATE SUPREME COURT Cases:**

*Carper v. Fitzgerald* 121 U.S. 87, 7 S.Ct. 825, 30 L.Ed. 882 (1887). Pg. 15,

**NEW HAMPSHIRE LOCAL RULES:**

N.H. District Court Local Rule 55.1 Pg. 17,

**UNITED STATES CONSTITUTION et al, Including but not limited to:**

1st Amendment Pg. 12,

**FEDERAL RULES OF CIVIL PROCEDURE (FRCP), Including but not limited to:**

Rule 11 Pg. 17,

**FEDERAL RULES OF APPELLATE PROCEDURE (FRAP a.k.a. Fed. R. App. P.),**

Fed. R. App. P. Rule 27, Including but not limited to: (a)(3)(B), Pg. 5.

Fed. R. App. P. Rule 28, Including but not limited to: (a)(1)-(8) and (10). Pg. 11,

Fed. R. App. P. Rule 37, Including but not limited to: (b) Pg. 15, Pg. 17, Pg.

**UNIFORM COMMERCIAL CODE (UCC):**

U.C.C. 1-308. Pg. 18,

**MISCELLANEOUS:**

Rule 27 D, Pg. 5 needs clarification. EXACTLY WHICH RULE? I accepted it as Local Rule of Appellate Procedure First Circuit 27 (d),

———- END OF PAGE ———-

LET THE COURT RECORD, REFLECT AND MEMORIALIZE:

Comes now, Matthew-Lane: Hassell (here and after, known as Mr. Hassell and/or Plaintiff/Petitioner/Appellant), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as opposed to Pro Se, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity. I hereby invoke common law as one of the people, I, Plaintiff, am not an agent of government.

In previous State and Federal Court pleadings (Filings, Motions, Petitions) Defendant shall be also known as (a.k.a.) Respondent(s)/Appellees. None of Petitioner/Plaintiff/Appellant's Motions have been answered by any of the Kimbark Defendants in the District Federal Court. None of the Defendant(s) have answered any Motion in the (First) 1st Circuit Court of Appeals. Ipso facto, therefore, by default (affirmative relief) Fed. R. App. P. Rule 27(a)(3)(B), all of the aforementioned Motions should be adjudicated in favor of the Plaintiff.

1. Both DEVIN AILEEN KIMBARK (hereinafter known as Miss Kimbark) and CHERYL L. KIMBARK (hereinafter known as Mrs.

Kimbark) filed identical 'BRIEFINGS' with what appears to be a "MOTION TO DISMISS" Per Rule 27 D. Both documents where mailed to Appellant in the same envelope. It appears to Appellant this is a joinder response brief by Miss and Mrs. Kimbark.

2. Both Miss Kimbark and Mrs. Kimbark's "MOTION TO DISMISS" should be stricken from the record for failure to state a claim for which relief may be granted. A proper Motion should particularly present the grounds for the motion, the relief sought, and the legal argument necessary to support it. The Kimbark Defendants (Appellees; Devin Aileen Kimbark and Cheryl L. Kimbark) make unsupported claims which cannot be believed unless done under pains and penalty of perjury. Unfounded statements and claims and allegations are not grounds for the motion or the relief sought and is not legal argument, which is mandatory to support a Motion.

3. Both Miss Kimbark and Mrs. Kimbark's "MOTION TO DISMISS" is seeking substantive relief (denial to enforce the primary rights of the plaintiff and expropriate at will Plaintiffs rightful position of corrective justice), without substantive due process from the lawsuit against them (fair and equal access to the minor child and

quintessential common-law remedy of damages), as they've become accustomed to in the lower courts (state and federal) and should be seen as frivolous and nonsensical.

4. Both Miss Kimbark and Mrs. Kimbark's "MOTION TO DISMISS" does not include a copy of the trial court's opinion or agency's decision as a separate exhibit and therefore is grounds for the Courts (and clerical procedural) dismissal.

5. Both Miss Kimbark and Mrs. Kimbark give no clear and concise or legal and/ or lawful grounds from what can only be presumed by their lack of clarity to dismiss one, if not all "MOTIONS" entered to this Court and Petitioner's briefing. Appellant has entered several motions which have been and still are uncontested. As in the State and lower federal courts, the Respondents offer nothing but ambiguous and wildly broad reaching statements and should be procedurally dismissed as hearsay.

6. Both Miss Kimbark and Mrs. Kimbark's documents state in paragraph 1 page 1 (following cover page) ...'I am responding to the request for an appeal for case number 24-1442'. As to Appellants understanding

this is not a request for an appeal, this is a briefing of the argument presented to the judiciary. Furthermore, the appellant has stated multiple times, this is clearly a WRIT OF ERROR, not an appeal. There can be no appeal of so-called orders not of a Court. If it is to be construed or represented as anything but a writ of error, Appellant will conditionally accept such writ as "WRIT OF REVIEW".

7. Both Miss Kimbark and Mrs. Kimbark's documents state in paragraph 2 page 1 (following cover page) ' I am opposing this action requested by Plaintiff-Appellant MATTHEW-LANE HASSELL'. Why are the Appellees so determined to oppose fair and equal access of the minor child? It's been over a year and a half and still the Appellees are opposed to Appellant having more than two, two hour visitations a week with the minor child. Any competent individual can see this is not right or honest or legal to Appellant or minor child and the Appellees are using the legal system (state and federal) as a means of coercive control and fraud of various flavors over Appellant and minor child. The legal system is being used by all Appellees/Respondents (interdependency) to creeping expropriation taking of Appellants property and minor child rights.

8. Appellee Mrs. Kimbark states in paragraph 3 page 1 (following cover page) 'I have attached the original request for dismissal that was submitted, prior to the court decision to dismiss the original case. This submission is for the courts to use as evidence for fact checking.' Appellant conditionally accepts and asks this court to do exactly what Mrs. Kimbark asks of this court, for this point, and that is to use as evidence for fact checking if the document attached to Mrs. Kimbark's Briefing with a MOTION TO DISMISS is in fact her "original request for dismissal that was submitted, prior to the court decision to dismiss the original case." Appellant wonders why this claim was not made under penalty of perjury? I ask the Court to clarify; Would the document submitted by Mrs. Kimbark be a cross-contamination of documents and therefore fraudulent and a sanctionable offense, but more importantly as grounds to strike and dismiss Mrs. Kimbark's Briefing and MOTION TO DISMISS?

9. Both Miss Kimbark and Mrs. Kimbark's documents state in paragraph 3 page 1 (following cover page) …'Mr. Hassell must not repeat any previous allegations unless new material is submitted that was not previously considered'. Following, in paragraph 4 page 1 (following cover page) states/ claims 'Mr. Hassell has not submitted any new

material. Mr. Hassell has only repeated previously dismissed claims, with no offering of factual evidence'.

10. Appellant contends that either Appellees do not have the competency to understand and grasp basic legal concept of the multitude of new material submitted by Mr. Hassell (newly decided U.S. Supreme Court Cases, American Jurisprudence etc), or what a "WRIT OF ERROR" (however misrepresented and characterized as) is as well, or both.

11. Paragraph 4 further states 'He also submitted his request for appeal after the 45 day deadline (Dismissal occurred 4/2/24, Mr. Hassell submitted the request for appeal 7/26/24).' Appellant is unsure what request for appeal Appellees are referring to submitted on 7/26/24. Appellant is not sure what Respondent's are referring to as anything submitted by Appellant on 7/26/24. Appellant timely mailed his primary brief on 7/22/24. Appellant timely filed his WRIT OF ERROR (mailing was made by Appellant on the 11th of April, 2024) and a copy was sent to all parties and the Court. The Court, as to Appellants understanding also gave "NOTICE" to all Appellees/parties. This is a fraudulent and reckless statement by both

Miss Kimbark and Mrs. Kimbark's. Miss Kimbark and Mrs. Kimbark's MOTION TO DISMISS is not timely made and therefore should be dismissed and the remainder of the document shall be entered/construed as Appellees briefing as titled and accordingly under applicable Fed. R. App. P.

12. Appellee's Briefing should be dismissed/stricken for failure to conform to the requirements of Fed. R. App. P. 28(a)(1)-(8) and (10).

13. Furthermore, this will be Appellant's response to Appellee's MOTION TO DISMISS and Appellant's reply brief to Appellees Brief as set forth by applicable Fed. R. App. P. 28 (inclusive).

14. Both Miss and Mrs. Kimbark's documents in paragraph 5 page 1 (following cover page) states (and again making a claim against Appellant) 'This request for appeal is frivolous in nature. Per previously submitted documentation, I requested a "Dismissal with Prejudice" because Mr. Hassell will continue to submit fraudulent, frivolous and nonsensical requests to the court ~ for the sole purpose of wasting the Courts time.' Clearly Miss and Mrs. Kimbark's incompetency to see this matter is well beyond any such request for

appeal stage and is constitutionally protected by the 1st Amendment to the U.S. Constitution to petition for redress of grievances, which shall not be abridged, and is not fraudulent or frivolous or nonsensical as the Appellees have self-determined.

15. Both Miss and Mrs. Kimbark's documents state in paragraph 6 page 1 (following cover page) states/ claims 'Mr. Hassell's request for an appeal is not in good faith and Mr. Hassell has not shown any evidence that this court behaved in a fraudulent manner. As a Sovereign Citizen, Mr. Hassell does not recognize any United States Rules/Laws.' Appellant has contested and rebuked and rebuttal the claim and accusation of libel and slander in both the State and lower Federal Courts that he is or has ever claimed to be a so-to-speak "Sovereign Citizen", again self-determining Appellants "status". The Appellees continue to use such as a form to abstract from the particularity of the interactions of the Appellees. The "Record" will prove this. Why do the Appellees continue to openly slander me and deprive me of fair and equal access to the minor child? Appellant has demonstrated he clearly and rationally and competently recognizes the United States Rules/Laws when constitutionally and lawfully applied, the same can not be said about Miss and Mrs. Kimbark.

16.Both Miss Kimbark and Mrs. Kimbark's documents state in paragraph 7 page 1 (following cover page) states/ claims 'Mr. Hassell has failed to state a claim, has not provided any proof or new information proving there has been any obstruction of justice. Mr. Hassell's continued threats to all defendants involved are reckless and he should be held accountable for his false accusations.' Again, I hate to be repetitive, but as stated previously and in previous documentation, how come the "defendants" never offer anything under penalty of perjury? Why do the "defendants" not support anything by affidavit? It is easily shown by the "record" what Miss and Mrs. Kimbark self-determined claims and accuses Appellant of is in fact what the Appelles are guilty of (frivolous, fraudulent, nonsensical statements and claims with no offering of factual evidence), and is a complete delay of justice and obstruction of justice to entertain it as anything but. Furthermore, what threats to the Appellees do they speak of? Again, Miss and Mrs. Kimbark are making injurious defamatory claims and accusations without a scintilla of evidence, as they have repeatedly done throughout the entirety of the proceedings (state and federal) and is a complete waste of the Courts and Appellants time to

continue to respond to the onslaught of respondents irrational and injurious manifestations.

17. Maybe the Respondents can not grasp the fact that their unfounded and fraudulent claims made against Appellant pertains to personal difference. Appellant suggests that we all constitute our own distinctive person hoods on the background of our peculiar circumstances—that is, it is not only that we (appellant and appellees) think differently, but we also pursue different ground projects, possess different traits, and confront different life's challenges. Against this backdrop, the thought that one can be deprived of their child and constitutional (State and Federal) protections trespassed and freedom and equality infringe upon, forcing Appellant to be subordinated to the will of others, whether that be the Kimbark Defendants or the Judicial Defendants or any other government agency and its agents, is in fact unlawful, and as Appellant is seeking, grounds for remedy at law.

## RELIEF SOUGHT:

Plaintiff Matthew Lane Hassell prays for the following relief;

1. This honorable Court declare and memorialize the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction which include; NH Circuit Court, 10th Circuit - Family Division - Derry and the State of NH, NH Circuit Court, 9th Circuit - Family Division - Manchester a Nullity (void ab initio). The orders were not properly authenticated and therefore have no governmental force of law. The orders are void because they are administrative and not judicial, they are of a judge and not of a Court House as was decided in *Carper v. Fitzgerald* 121 U.S. 87, 7 S.Ct. 825, 30 L.Ed. 882 (1887).

2. Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21) and modify or reverse judgment in Plaintiff's favor and comply with Fed. R. App. P. 37(b) ;

3. Honor and grant Petitioner immediate injunctive relief of 50/50 custodial grantorship of the minor child with retroactive custodial

parenting time to start immediately (to include but not limited to one hundred thirty three (133) days Plaintiff was deprived contact with minor child PH from the 12th of November, 2022 till the 25th of March, 2023 and two (2), two (2) hours weekend days supervised visitation only from the 25th of March, 2023 till current;

4. Order both parties enjoy equal decision making responsibilities of child daycare and school and medical care, etc., and each party is to reimburse the other party for out-of-pocket expenses;

5. Order an immediate Cease and Desist to the Bureau of Child Support Services wage garnishment and arrearages being sought against Petitioner and injunctive relief and an immediate return of all wages and arrearages unlawfully collected;

6. Plaintiff is requesting an amount in excess of Seventy Five Thousand Dollars;

7. Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand Dollars as damages.

A. Devin Aileen Kimbark is to be sanctioned/ Default Judgment entered pursuant to N.H. District Court Local Rule 55.1 and Fed. R. App. P. 37(b) for failure to respond to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

B. Cheryl L. Kimbark is to be sanctioned/ Default Judgment entered pursuant to N.H. Local Rule 55.1 and Fed. R. App. P. 37(b) for failure to respond to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the

further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

All Rights Reserved (to include but is not limited to appeal) always and forever more, without prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

Matthew-Lane: Hassell Dated: 29th of August, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
ADDRESS: 20 Arlington St. Unit D Nashua, New Hampshire 03060
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

I certify that a copy of the above mentioned APPELLANTS' REPLY TO APPELLEE'S DEVIN AILEEN KIMBARK AND CHERYL L. KIMBARK BRIEFING AND RESPONSE TO MOTION TO DISMISS (Fed. R. App. P. 28 (c) and MOTION FOR AFFIRMATIVE RELIEF (Fed. R. App. P. 27(a)(3)(B) (word count 2,588 words) has been sent by USPS CERTIFIED mail to DEVIN AILEEN KIMBARK and CHERYL L. KIMBARK.

**NOTARY PUBLIC**

State New Hampshire

County Rockingham Subscribed and sworn to, before me, a Notary Public the above signed Matthew-Lane: Hassell.

This 29th day of August year 2024.

Notary Public

MY COMMISSION EXPIRES: 3/13/29.

SUSAN A DESROSIERS
Notary Public-New Hampshire
My Commission Expires
March 13, 2029



NASHUA, NH 03060
AUG 29, 2024

02210

$14.70

RDC 03

S2323Y501644-21



PRIORITY® MAIL

ted delivery date specified for domestic use.

stic shipments include $100 of insurance (restrictions apply).*

Tracking® service included for domestic and many international destinations.

d international insurance.**

used internationally, a customs declaration form is required.

: does not cover certain items. For details regarding claims exclusions see the Mail Manual at *http://pe.usps.com*.

ernational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

T RATE ENVELOPE

ATE ■ ANY WEIGHT

CKED ■ INSURED

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

PRIORITY® ★ MAIL ★



VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampsire [03060]

TO: Clerk of Courts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, M.A. 02210

... is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.