# 24-1442

# United States Court of Appeals
## for the First Circuit

John Joseph Moakley
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-9057

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

---

WRIT OF ERROR from a Judgment Entered by the
United States District Court for the District of New Hampshire

---

## APPELLANTS' REPLY TO APPELLEE'S MOTION FOR PERMISSION TO FILE ANSWERING BRIEF & BE HEARD AT ANY ORAL ARGUMENT

---

## MOTION FOR AFFIRMATIVE RELIEF
### Fed. R. App. P. 27(a)(3)(B)

---

## Introduction:

LET THE COURT RECORD, REFLECT AND MEMORIALIZE:

Matthew-Lane: Hassell (here and after, known as Mr. Hassell and/or Plaintiff), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity. I hereby invoke and ordain and establish the common law as one of the people. I, Plaintiff, am not an agent of the government or an Attorney.

In previous State and Federal Court pleadings (Filings, Motions, Petitions) Defendant shall be also known as (a.k.a.) Respondent(s). None of Plaintiff's Motions in the Federal Court have been answered by any of the Judicial Defendants. None of the Defendant(s) have answered any Motion in the (First) 1st Circuit Court of Appeals. Ipso facto, therefore, by default (affirmative relief) Fed. R. App. P. 27(a)(3)(B) all of the aforementioned Motions should be adjudicated in favor of the Plaintiff.

1. The Motion provided by the judicial defendants was not made under pains and penalty of perjury. The accusation must be made under penalty of perjury. If perjury cannot reach the accuser, there is no accusation. Otherwise, anyone may accuse or make a falsely made claim without risk. Where there are no depositions, admissions or affidavits by the "judicial Defendants" or their counsel, the court has no facts to rely on.

2. A proper Motion should particularly present the grounds for the motion, the relief sought, and the legal argument necessary to support it. The Judicial Defendants make unsupported claims which cannot be believed unless done under pains and penalty of perjury. Unfounded statements and claims and allegations are not grounds for the motion or the relief sought and is not legal argument, which is mandatory to support a Motion and should be procedurally dismissed.

3. By the email received by Mr. Hassell on the 12th of September, 2024, from Nathan W. Kenison-Marvin, see EXHIBIT A attached hereto, it was claimed that it was Nathan W. Kenison-Marvin that supposedly had a medical issue.

4. Mr. Hassell timely responded to Nathan W. Kenison-Marvin his objection, and reasons for such objection, see EXHIBIT B attached hereto.

5. Furthermore, the so-called "judicial defendants" motion and response brief should be stricken and procedurally dismissed (1st Cir. LR 27.0 (d)) for failure to comply with the Courts instructions that service is to be made conventionally (by mail) in regards to Mr. Hassell and the Kimbark defendants and not the Court's electronic filing system as certified by Nathan W. Kenison-Marvin.

6. By the email received by Mr. Hassell, by and through The Office of New hampshire Attorney General agent (Nathan W. Kenison-Marvin) it appears that either the agents of The Office of New hampshire Attorney General is either trying to deceive Mr. Hassell or the Court or both, about who was the supposed cause of neglect and failure to timely file Appellee's response brief and/ or a motion to extend time pursuant to Fed. R. Civ. P. 6.

7. If Nathan W. Kenison-Marvin was unavailable to file such obviously pertinent documentation, then Attorney General John M. Formella should have taken the necessary requirements to

file. If Attorney General John M. Formella was unavailable to file such obviously pertinent documentation then Nathan W. Kenison-Marvin should have taken the necessary requirements to file, or another agent within The Office of New Hampshire Attorney General. It has been two weeks since the deadline for filing (whether for an extension of time or response brief) and the supposed follow-up testing that ended on the same day, was their email and/ or phone unavailable?

8. This was not an inadvertent failure and neglect of this matter by a single individual, but an intentional failure of want of diligence by The Office of New hampshire Attorney General as a whole. This is unacceptable and inexcusable to use a short term illness of one individual to excuse two weeks of neglect and failure in this matter as a whole. It is to be noted by the court that when Mr. Hassell was sick and got his paperwork mixed up and missed the first hearing in the 9th Circuit-Family District-Manchester Court, not only did Mr. Hassell timely file to reschedule the hearing with Judge Todd H. Prevett within 5 days, but was denied such rehearing.

9. The "MOTION" presented by the judicial defendants is self-defeating, there is no sworn statement or affidavit in support, just another claim with no offering of factual evidence.

10. Mr. Hassell moves this Honorable Court to strike the "motion" and "briefing" presented by the judicial defendants as frivolous in nature and as a waste of the Courts and Mr. Hassell's time.

11. The motion and briefing presented by the judicial defendants is not in good faith, but merely an attempted run around to the default judgment for failure and neglect to timely file.

12. Mr. Hassell agrees with the Court's original assessment that the judicial defendants should not be allowed to be heard at oral argument and that through and by The Office of the New Hampshire Attorney General, they are in fact in default.

13. In the alternative, if this Court does reverse its default judgment against the Defendants-Appellees and allows them to file their response brief and be heard at any oral argument, Mr. Hassell moves this Court to issue/order a subpoena, pursuant to Title 28 § 1361 and *U.S. v. Lang* 792 F.2d 1235 (4th Cir. 1986) and *OKLAHOMA PRESS PUB. CO. vs. WALLING, Adm'r, Wage and Hour Division, U.S. Department of Labor 66 S.Ct. 494*

[NEWS PRINTING CO., Inc., vs. SAME] (1946) compelling the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (here in after known as BCSS) to fully and completely comply with Mr. Hassell's Freedom of Information Act request/demand, see EXHIBIT C.

14. Mr. Hassell is owed the documentation/evidence he seeks, relating to his federal lawsuit against the defendants and is being hindered and delayed and obstructed through and by BCSS, who is obligated to provide the evidence, Mr. Hassell has no other adequate remedy to collect such evidence.

15. The evidence Mr. Hassell seeks is and will be newly discoverable evidence not previously known to Mr. Hassell and not considered in the lower federal court and directly affects his lawsuit and writ of error and any reply brief and/ or oral argument needed.

16. Mr. Hassell has attached and moves the Court to take Judicial Notice pursuant to Fed. R. Evid. 201 (c)(2) of EXHIBIT C, recent correspondence between Mr. Hassell and BCSS Chief Staff Attorney Susan N. Brisson proving the Administrators

(judges) and marital masters and referees and clerical staff of the State (NHJB) courts, have a pecuniary interest in child determinations and support, through the Social Security Act, see EXHIBIT C, State of New Hampshire <u>Interagency Memorandum of Understanding- Exhibit B - Payment Terms</u> and B-1 and B-2 and B-3 inclusive. Also see Point 10 Fiscal responsibilities and 10.1 and 10.2, pg. 10 of 10 of the aforementioned Memorandum.

17. Further in EXHIBIT C, under the State of New Hampshire Interagency Memorandum of Understanding, pg. 2 of 10, point 7 , it specifically states "The Parties agree that the obligations, agreements and promises made under this Memorandum of Understanding <u>are not intended to be legally binding on the Parties and are not legally enforceable.</u>"

18. Based upon the backdrop of above, and the Documents provided to the Court by Mr. Hassell, in the entirety of this matter, this would affirm Mr. Hassell's affirmative relief below.

## RELIEF SOUGHT:

Plaintiff Matthew Lane Hassell prays for the following relief;

A. Strike from the record the Judicial Defendants-Appellees Motion for permission to file answering brief & to be heard at any oral argument and Exhibit A;

B. This honorable Court declare and memorialize (Declaratory and Injunctive Relief) the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction a Nullity (void ab initio). The orders were not properly authenticated and therefore have no governmental force of law. The orders are void because they are administrative and not judicial, they are of a judge and not of a Court House as was decided in *Carper v. Fitzgerald* 121 U.S. 87, 7 S.Ct. 825, 30 L.Ed. 882 (1887).

C. Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21) and modify or reverse judgment in Plaintiff's favor and comply with Fed. R. App. P. 37(b);

D. Order a subpoena, pursuant to Title 28 § 1361 and *U.S. v. Lang* 792 F.2d 1235 (4th Cir. 1986) and *OKLAHOMA PRESS PUB. CO. vs.*

*WALLING, Adm'r, Wage and Hour Division, U.S. Department of Labor*

*66 S.Ct. 494* [NEWS PRINTING CO., Inc., vs. SAME] (1946)

compelling the STATE OF NEW HAMPSHIRE DEPARTMENT OF

HEALTH AND HUMAN SERVICES DIVISION OF CHILD

SUPPORT SERVICES to fully and completely comply with Mr.

Hassell's Freedom of Information Act request/demand;

E. Order an immediate Cease and Desist to the Bureau of Child Support

Services (BCSS) wage garnishment and arrerages being sought against

Petitioner and unless the Parties can prove a contract or other commercial

agreement in accordance with the Social Security Act IV-A Section

403[42 U.S.C.A. 603] (2), (ii), (I), (bb), have the aforementioned agency

return all wages and arrearages unlawfully collected;

F. Plaintiff is requesting an amount in excess of Seventy Five Thousand

Dollars;

G. Honor Petitioner's Summary Judgment of Punitive and Injunctive and

Compensatory Relief Damages and Default of Schedule Fee(s) (also see

Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753,

Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand

Dollars as damages. The 3 Judges (Todd H. Prevett and Michael L.

Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

    I.    For violating their (Judicial Defendant's) oath of office and employment contract and authority. In failing to defend and protect the U.S. Constitution and the New Hampshire State Constitution and thereby injuring Plaintiff;

    II.    For violations of the U.S. Constitution and denying Plaintiff due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their (Judicial Defendant's) employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

    III.    For violations of New Hampshire State Constitution, Articles 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge (Judicial Defendant's) and in accordance with Title 15 U.S. Code § 1 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

    IV.    For Federal and State Law violations Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed by state and federal laws; and

H. Grant any such further relief as justice may require.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

All Rights Reserved (to include but is not limited to appeal) always and forever more, without prejudice U.C.C. 1-308.

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_ Dated: 16th of September, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

Notary: _Samantha Hamilton_
date: 04/16/24

SAMANTHA HAMILTON
STATE OF
-MY-
COMMISSION
EXPIRES
APRIL 12, 2028
NEW HAMPSHIRE
NOTARY PUBLIC

**CERTIFICATE OF COMPLIANCE AND SERVICE:**

I certify that a copy of the above mentioned APPELLANTS' RESPONSE

TO APPELLEE'S (Judicial Defendants) MOTION and APPELENTS'

MOTION FOR AFFIRMATIVE RELIEF (Fed. R. App. P. 27(a)(3)(B) (word

count 2,297 words, typeface Times New Roman 14 point) has been sent by

USPS CERTIFIED mail to Devin Aileen Kimbark and Cheryl L. Kimbark

and Mark Edward Kimbark and The Office of New Hampshire Attorney

General Nathan W. Kenison-Marvin and/ or John M. formella.

_Matthew-Lane: Hassell_ Dated: 16th of September, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

### NOTARY PUBLIC

State _New Hampshire_ County _Hillsborough_

Subscribed and sworn to, before me, a Notary Public the above signed Matthew-Lane:

Hassell. This _16th_ day of _September_ year _2024_ .

Notary Public _Samtha Hmtta_

MY COMMISSION EXPIRES: _4/12/28_ .



SAMANTHA HAMILTON
STATE OF
-MY-
COMMISSION
EXPIRES
APRIL 12, 2028
NEW HAMPSHIRE
NOTARY PUBLIC

# EXHIBIT A

**Corresponding Email made by Nathan W. Kenison-Marvin**

From: **Kenison-Marvin, Nathan** Nathan.W.Kenison-Marvin@doj.nh.gov
Subject: **1st Cir. No. 24-1442**
Date: **Sep 12, 2024 at 12:55:45 PM**
To: **Matt Hassell** mhas191@yahoo.com

Hello Mr. Hassell —

I will be asking the First Circuit Court of Appeals for permission to file an answering brief in this matter, as I missed my clients' briefing deadline due to circumstances involving me recently experiencing a grand mal seizure that required emergency medical care and a substantial amount of follow-up diagnostic testing on and around the date that my clients' brief was due. The motion I intend to file is attached (subject to me updating it with a statement regarding your position on the request). Can you please let me know whether you assent, object, or take no position with respect to the motion so that I may so inform the Court.

Thank you,

Nathan W. Kenison-Marvin
Assistant Attorney General
NH Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-1292
nathan.w.kenison-marvin@doj.nh.gov

**STATEMENT OF CONFIDENTIALITY**: The information contained in this electronic message and any attachments to this message may contain confidential or privileged information. This information is intended for the exclusive viewing of the addressee(s). If you are not the intended recipient, be aware that the retention, dissemination, distribution, disclosure, or copying of this transmission is prohibited. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the Attorney General's Office immediately at (603) 271-3650 or reply to justice@doj.nh.gov if you are not the intended recipient, and then immediately delete all copies of this message and any attachments.

pdf

Defendant-...ng Brief.pdf
136 KB

# EXHIBIT B

**Corresponding response Email made by Matthew-Lane: Hassell**

From: **Matt Hassell** mhas191@yahoo.com
Subject: **response to request**
Date: **Sep 12, 2024 at 6:07:06 PM**
To: **Nathan Kenison-Marvin** nathan.w.kenison-marvin@doj.nh.gov

1st Cir. No. 24-1442

Dear Nathan W. Kenison-Marvin -

After due consideration to your request, I (Matthew-Lane: Hassell) have to humbly object to your request. There is nothing in the "RECORD" you or your clients have entered under pains and penalty of perjury or Affidavit. Where there are no depositions, admissions or affidavits by you or your clients, the court has no facts to rely on. Therefore, there is nothing in the "RECORD" that has any standing to be heard by the Court.

Furthermore, Senior Counsel Attorney General John M. Formella was fully capable of fulfilling the necessary obligations to produce such obviously pertinent documentation to timely file a response brief and/ or a Motion to Extend Filing between the dates of your supposed testing of August 29th and 30th of 2024.

It has been two weeks since the 30th of August, 2024, deadline to file a response brief and not one other agent of counsel (OFFICE OF THE NEW HAMPSHIRE ATTORNEY GENERAL) has sought a timely filed request/Motion to extend time in accordance with Fed. R. Civ. P. 6 or any other communication once so ever. As far as I can tell this request is not in good faith and is a lack of want and diligence and willful failure, either inadvertent or intentional, to meet the necessary requirements of the request made by and through the Office of the New Hampshire Attorney General and its agents.

I agree with the Court's assessment that you should not be allowed to be heard at oral argument and that you through and by the Office of the New Hampshire Attorney General are in fact in default.

Sincerely,

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603)231-0844
Mhas191@yahoo.com

# EXHIBIT C

**"Judicial Notice" Fed. R. Evid. 201 (c)(2)**

**Correspondence between BCSS agents and Matthew-Lane: Hassell,**

**Newly discovered evidence not previously known and not considered by the lower federal court**

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF CHILD SUPPORT SERVICES

637A
1/00

## Request for Case Information

RE: Case ID# 30154799C          DATE: 24th of August 2024

Pursuant to RSA 161-B:7, III, I am requesting that any information listed below that is contained in my case record, be provided to me or to my authorized representative. I understand that information in my case record which is prohibited from release by federal law, state statute, state case law, or by contract or agreement with another entity, shall not be released. I further understand that the requested information shall be made available and used only for purposes directly connected with the establishment, modification, or enforcement of a child support order, and that any misuse of the information may subject me to penalties and fines pursuant to appropriate federal and state laws regarding the privacy and confidentiality of the information contained in case records maintained by the Division of Child Support Services.

_Matthew-Sean: Worrell_
Requester's Signature

_[signature]_
Witness' Signature
82124

DEBRA FILLEBROWN
MY COMM. EXPIRES
NOTARY
PUBLIC
04-07-2026
NEW HAMPSHIRE

Itemized list of requested information:

See Attached Documents - Freedom of Information Act Request/Demand -

Under Duress and Coercion

All Rights Reserved Without Prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

_Matthew-Sean: Worrell_

PR 00-2
(A)

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF ECONOMIC STABILITY
BUREAU OF CHILD SUPPORT SERVICES - LEGAL
129 PLEASANT STREET, CONCORD, NH 03301-3857
603-271-4429
Susan N. Brisson, Esquire (BCSS Chief Staff Attorney, Agent)
603-271-4812

24th of August, 2024

In re: Case Number: 30154799C

## F.O.I.A. REQUEST/DEMAND (4 Pages)
(FREEDOM OF INFORMATION ACT DEMAND Title 5 U.S.Code § 552 et al.
(inclusive)
Also to include but is not limited to Title 5 U.S. Code 552a et al. and Title 5 U.S. Code
552b et al. and N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7, III (**FORM 637A**).

Dear Susan N. Brisson,

I Matthew-Lane: Hassell, Beneficiary, am in receipt of the document sent to me dated the 22nd of August, 2024. This appears to be a manipulative and deceptive and possibly fraudulent account of the requested and demanded for documentation pursuant to the above entitled first and superior Federal Laws, then corresponding State Statutes, all are inclusive to this requested demand. This form of deception shall not be tolerated and shall be corrected immediately. The titled listed laws and statutes are all provided for any disclosure(s) enlisted to be provided without delay or cost to me. Any further attempt to delay or hinder such disclosure is tantamount to prima facie evidence of conspiracy by you and your department as co-conspirators. 7 (SEVEN) days from the day of receipt of this document shall all listed document(s) and questions be complied with, being true, correct, complete and not misleading, is within an acceptable term of agreement.

I have never given any consent or agreement to contract with the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES BUREAU/DIVISION OF CHILD SUPPORT SERVICES entity. Kindly provide any such signed documentation to the contrary. The mere fact that there are file(s) kept by such an entity, is prima facie evidence of fraud. This must be held as null and void and rescind any such agreement(s) and/ or contract(s) henceforth. I will provide with this document a copy of what was previously sent 'NOTICE' and opportunity to cure.

Again, I will repeat to be as clear as any reasonable demand and competent person can understand, this is a FREEDOM OF INFORMATION ACT DEMAND first and foremost, with correlating NH State Statutes and FORM 637A, so there can be no deception and manipulation to full

and accurate and complete release (disclosure) and not misleading of all documentation demanded for. Your agency interpretation of the law is insufficient to the Act of Congress described within **TITLE 5—GOVERNMENT ORGANIZATION AND EMPLOYEES** (*This title was enacted by Pub. L. 89–554, §1, Sept. 6, 1966, 80 Stat. 378*).

In the State of New Hampshire Interagency Memorandum of Understanding Page 2 of 10, point 7 it states 'The Parties agree that the obligations, agreements and promises made under this Memorandum of Understanding are not intended to be legally binding on the Parties and are not legally enforceable. It is to my understanding as a nonconsenting and non-voluntary party this would constitute to fraudulent seizure of my property that is not legally binding on the Parties and are not legally enforceable, therefore, as demanded time and time again rescind all contract(s) and agreement(s) and enforcement of such fraudulent obligations, agreements and promises made under this Memorandum of Understanding against me and my person.

This correspondence (FREEDOM OF INFORMATION ACT DEMAND) shall constitute all necessary requirements for all documentation demanded to include but is not limited to FORM 637A. All correspondence shall be in writing (preferable method of communication is by email address: mhas191@yahoo.com).

It also appears by the documents you have provided so far, fails to provide adequate answers to multiple question to include but is not limited to:

1. Is child support constitutional?;
   Please explain your answer in detail;

2. Does child support violate Privacy laws?;
   Please explain your answer in detail;

3. Is this contract for a loan?;
   Please explain your answer in detail;

4. Does child support violate child safety laws?;
   Please explain your answer in detail;

5. What law gives you authority over me and/ or my child?;
   Please explain your answer in detail;

6. What did I say, do or sign that gave you consent for and over, me and my person?;
   Please explain your answer in detail;

7. Does child support violate equal protection laws?;
   Please explain your answer in detail;

8. Does B.C.C.S. accept lawful monies of gold and silver?;

9. I will need a true and accurate and complete copy of the STATE OF NEW
   HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES
   DIVISION OF CHILD SUPPORT SERVICES guidelines;

10. Is the Social Security Act Title IV—GRANTS TO STATES FOR AID
    AND SERVICES TO NEEDY FAMILIES WITH CHILDREN AND FOR
    CHILD—WELFARE SERVICES voluntary, pursuant to SEC. 403. [42
    U.S.C. 603] (a) GRANTS.— (2)(A) IN GENERAL.—(I) DESCRIBES—(BB) WHAT
    THE APPLICANT WILL DO, TO THE EXTENT RELEVANT, TO ENSURE THAT
    PARTICIPATION IN THE PROGRAMS OR ACTIVITIES IS VOLUNTARY, AND TO INFORM
    POTENTIAL PARTICIPANTS THAT THEIR PARTICIPATION IS VOLUNTARY?;
    Please explain your answer in detail;

11. Provide factual evidence I volunteered into the participation in the
    program and activities or is such participation fraudulently coerced and
    forced contracting?;
    Please explain your answer in detail;

12. Provide factual evidence I submitted to any jurisdiction relevant to
    458-A:5 Effect of Child-Custody Determination?;
    Please explain your answer in detail;

13. By the record(s) on file and pursuant to 458-B:7 Opportunity to Contest
    Assignment, was I given proper opportunity to be heard (due process of
    law and equal protection under the law)?;
    Please explain your answer in detail;

14. Was judicial consideration given pursuant to 458-B:7 II or was it an
    administrative decision (" United States v. Dickson, 15 Pet. 141, 162."The
    interpretation of the meaning of statutes, as applied to justiciable
    controversies," remained "exclusively a judicial function." United States v.

4

American Trucking Assns., Inc., 310 U.S. 534, 544.)?;
Please explain your answer in detail;

15. Is the civil penalties (child support) against me a securities fraud and/ or
common law fraud (**"a type of remedy at common law that could only
be enforced in courts of law."**) ( see **Supreme Court of the United
States. "603 U. S. ____ (2024) No. 22–859 SECURITIES AND
EXCHANGE COMMISSION, PETITIONER v. GEORGE R.
JARKESY, JR.,ET AL. 6/27/2024;?**
Please explain your answer in detail;

16. Is the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH
AND HUMAN SERVICES DIVISION OF CHILD SUPPORT
SERVICES obligated to use civil penalties to compensate victims?;
Please explain your answer in detail;

Kindly correct this error forthwith being true, correct, complete and not misleading.

All Rights Reserved Without Prejudice U.C.C. 1-308/ 1-207
VOID WHERE PROHIBITED BY LAW

_Matthew-Lane; Hassell_ Dated: 24th of August 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## NOTARY PUBLIC

State _New Hampshire_

County _Hillsborough_ _____ Subscribed and sworn to, before

me, a Notary Public the above signed Matthew-Lane: Hassell.

This _24th_ day of _August_ year _2024_.

Notary Public _____

MY COMMISSION EXPIRES: _4 7. 26_

DEBRA FILLEBROWN
MY COMM. EXPIRES
NOTARY
PUBLIC
NEW HAMPSHIRE
04-07-2026



**STATE OF NEW HAMPSHIRE**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

*DIVISION OF ECONOMIC STABILITY*

*BUREAU OF CHILD SUPPORT SERVICES - LEGAL*

129 PLEASANT STREET, CONCORD, NH 03301-3857
603-271-4429   1-800-852-3345 Ext. 4429
Fax: 603-271-4872   TDD Access: 1-800-735-2964
Automated Voice Response: 1-800-371-8844   www.dhhs.nh.gov

**Lori A. Weaver**
Commissioner

**Karen E. Hebert**
Director

July 22, 2024

Matthew Hassell
20 Arlington Street Unit D
Nashua, NH 03060

RE:     **July 15, 2024 Right to Know Request**

Mr. Hassell:

Enclosed please find the items responsive to your Right to Know request of July 15, 2024.

The records contained in your individual case file is not subject to NH RSA 91-A. You have not submitted a Form 637A and so I am unable to provide you with any of your personal case records.

Sincerely,

Susan N. Brisson, Esquire
BCSS Chief Staff Attorney
(603) 271-4812

30154779c

**MATTHEW HASSELL, Case No.:30154779c**

**91A REQUEST**

1. All reports and documents and files and voluntary or otherwise agreement(s) and contract(s) or the like to case number 30154799C THIS IS A REQUEST FOR PERSONAL CASE INFORMATION, UNABLE TO PROVIDE RESPONSE AT THIS TIME DUE TO LACK OF FORM 637A.

2. Public Servant Questionnaire BCSS is not required to fill out this form.

3. Respond on a point by point basis, via sworn Affidavit, under full commercial liability, signing under penalty or perjury that the facts contained therein are true, correct, complete and not misleading. THIS IS A REQUEST FOR PERSONAL CASE INFORMATION, UNABLE TO PROVIDE RESPONSE AT THIS TIME DUE TO LACK OF FORM 637A.

4. All paperwork and documents(s) and agreement(s) (voluntary or otherwise) and Contract(s) or the like of any "agencies" involved in this controversy (including but not limited to law enforcement, court officer(s)(also to include Administrative agents, guardians, Civil Officers and the like) and the branch of government (executive or legislative or Judicial) all authorities are operating (individually) from and get their authority from. See attached Memorandum of Understanding between DHHS, BCSS and the Administrative Office of the Courts.

5. True and correct (certified copy) of the file against me and any and all evidence and affidavits and testimony and report(s) and paper(s), and the like, etc. THIS IS A REQUEST FOR PERSONAL CASE INFORMATION, UNABLE TO PROVIDE RESPONSE AT THIS TIME DUE TO LACK OF FORM 637A.

6. Allow me to inspect and verify the Congressional Charter LLC, LLP or other documents, which prove that the 10th Circuit – Family Division – Derry and the STATE OF NEW HAMPSHIRE, DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is an agency of government. BCSS cannot respond regarding any documents relative to the 10th Circuit – Family Division – Derry. Regarding the STATE OF NEW HAMPSHIRE, DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, there are no documents responsive to this request.

7. Allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of the 10th Circuit-family Division-Derry and/ or the STATE OF

NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES OF CHILD SUPPORT SERVICES and/ or other such jurisdictions, signed by both parties. BCSS cannot respond regarding any documents relative to the 10th Circuit – Family Division – Derry. Regarding the STATE OF NEW HAMPSHIRE, DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, there are no documents responsive to this request.

8. Inspect and verify the Affidavit in support of WARRANT and a BONAFIDE WARRANT for seizure of my property or person THIS IS A REQUEST FOR PERSONAL CASE INFORMATION, UNABLE TO PROVIDE RESPONSE AT THIS TIME DUE TO LACK OF FORM 637A.

9. Direct Supervisor',s Department Supervisor's and State Supervisor's contact information
   a. Direct Supervisor: Frank Nachman: Frank.D.Nachman@dhhs.nh.gov
   b. Department Supervisor: Melissa St. Cyr: Melissa.A.St.Cyr@dhhs.nh.gov
   c. State Supervisor: Commisioner Lori Weaver: Lori.A.Weaver@dhhs.nh.gov

10. BCSS Policy and Procedure on how to file a formal complaint There are no documents in response to this request.

11. STATE OF NEW HAMPSHIRE, DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES guidelines Child Support Calculator (nh.gov)

12. Respectfully request/demand the silence to the documents I have previously supplied the aforementioned agents be remedied with haste. There are no documents in response to this request.

13. All such 'documentary evidence(s)' Pursuant to Title 15§44 "Documentary" evidence" includes all documents, papers, correspondence, books of account, and financial and corporate records. THIS IS A REQUEST FOR PERSONAL CASE INFORMATION, UNABLE TO PROVIDE RESPONSE AT THIS TIME DUE TO LACK OF FORM 637A.

14. Full and accurate response to all previous document(s) submitted to the STATE OF NEW HAMPSHIRE, DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES. There are no documents in response to this request.



# STATE OF NEW HAMPSHIRE

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

### *DIVISION OF ECONOMIC STABILITY*

Lori A. Weaver
Commissioner

Karen E. Hebert
Director

129 PLEASANT STREET, CONCORD, NH 03301
603-271-9474   1-800-852-3345 Ext. 9474
Fax: 603-271-4230   TDD Access: 1-800-735-2964   www.dhhs.nh.gov

June 11, 2024

His Excellency, Governor Christopher T. Sununu
and the Honorable Council
State House
Concord, New Hampshire 03301

## REQUESTED ACTION

Authorize the Department of Health and Human Services, Division of Economic Stability, to enter into a Memorandum of Understanding with the New Hampshire Judicial Branch, through the Administrative Office of the Courts (VC#177872), Concord, New Hampshire, in the amount of $7,713,648 for an Expedited Process Program, with the option to renew for up to five (5) additional years, effective July 1, 2024, upon Governor and Council approval through June 30, 2030. 100% Federal Funds.

Funds are available in the following account for State Fiscal Year 2025 and are anticipated to be available in State Fiscal Years 2026, 2027, 2028, 2029, and 2030, upon the availability and continued appropriation of funds in the future operating budget, with the authority to adjust budget line items within the price limitation and encumbrances between state fiscal years through the Budget Office, if needed and justified.

**05-95-42-427010-79340000 Health and Social Services, Dept of Health and Human Svcs, HHS: Human Services, Child Support Services, Expedited IV-D Services**

| State Fiscal Year | Class / Account | Class Title | Job Number | Total Amount |
|---|---|---|---|---|
| 2025 | 085-588510 | Transfer to Other State Agency | 42700037 | $1,285,608 |
| 2026 | 085-588510 | Transfer to Other State Agency | 42700037 | $1,285,608 |
| 2027 | 085-588510 | Transfer to Other State Agency | 42700037 | $1,285,608 |
| 2028 | 085-588510 | Transfer to Other State Agency | 42700037 | $1,285,608 |
| 2029 | 085-588510 | Transfer to Other State Agency | 42700037 | $1,285,608 |
| 2030 | 085-588510 | Transfer to Other State Agency | 42700037 | $1,285,608 |
| | | | Total | $7,713,648 |

## EXPLANATION

The purpose of this request is to enable the Department to enter into an Interagency Memorandum of Understanding with the New Hampshire Judicial Branch, through the Administrative Office of the Courts, for the continuation of the Expedited Process Program. Since 1987, the Department's Division of Economic Stability, Bureau of Child Support Services, and the Administrative Office of the Courts have had an agreement that allows federal reimbursement for the Administrative Office of the Courts through the Bureau of Child Support Services Expedited Process Program for the establishment and enforcement of child support orders. This Memorandum of Understanding continues this arrangement. The Expedited Process Program is administered in the Circuit Court by the Administrative Judge of the Circuit Court, which is the only public or private body authorized by law to perform the services outlined in the Interagency Memorandum of Understanding.

Recipients of public assistance are referred to the Department's child support program, as required under the Social Security Act, Title IV, Part D (IV-D). Federal authority, 45 CFR 303.101, requires that State IV-D child support agencies have in effect and use expedited processes to establish and enforce child support orders.

The Department must also accept applications for child support services from families who do not receive public assistance to assist in collection of child support.

The Bureau of Child Support Services will serve approximately 28,000 families each year from July 1, 2024 through June 30, 2030.

Pursuant to RSA 490-D and 490-F, child support referees are authorized to hear marital matters, paternity and support cases, and cases when one party resides in another state or country, as required by the Uniform Interstate Family Support Act.

The Administrative Office of the Courts will be reimbursed for a portion of the direct expenses of staff involved in child support activities, including child support referees, and a portion of the administrative expenses associated with these positions, as well as the administrative expenses that support the child support program.

The Department will monitor services by:

- o The number of State petitioned child support cases that are completed through the courts within the six (6) month federal timeframe.

- o The number of State petitioned child support cases that are completed through the courts within the twelve (12) month federal timeframe.

- o The overall percentage of child support cases with support orders established that are at or above the standard federal threshold for performance.

As referenced in Section 5 of the attached agreement, the parties have the option to extend the agreement for up to five (5) additional years, contingent upon satisfactory delivery of services, available funding, agreement of the parties, and Governor and Council approval.

Should the Governor and Council not authorize this request, the State will be out of compliance with federal regulations that require the child support program to maintain an Expedited Process with the court. In addition, families will experience delays in establishing paternity through the judicial system, establishing and enforcing child support obligations, or collecting and distributing support payments to them, which may result in an increase in public assistance utilization.

Area served: Statewide.

Source of Federal Funds: Assistance Listing Number 93.563, FAIN 2401NHCSES.

The Department may request General Funds in the event that Federal Funds are no longer available and services are still needed.

Respectfully submitted,

Lori A. Weaver
Commissioner

DocuSign Envelope ID: 7FE29C62-427F-462E-AC28-1999DE007CAC

# State of New Hampshire
# Interagency Memorandum of Understanding

**Whereas**, the New Hampshire Department of Health and Human Services *[DHHS]* is a duly constituted agency or branch of government of the State of New Hampshire.

**Whereas**, the New Hampshire Judicial Branch *[NHJB]* is a duly constituted agency or branch of government of the State of New Hampshire.

**Whereas**, pursuant to 42 USC 666(a)(2) and 45 CFR 303.101(b)(2), *DHHS* is responsible for administering a statewide child support establishment and enforcement program under Title IV-D of the Social Security Act.

**Whereas**, *DHHS* desires to have in effect and use, in both interstate and intrastate cases, expedited processes to establish paternity and to establish, modify, and enforce child and medical support orders in accordance with 45 CFR 302.34.

**Whereas**, pursuant to RSA 490-F:2, *NHJB* Circuit Court Family Division (CCFD) is the court of statewide jurisdiction over marital and domestic relations cases. CCFD judges and hearings officers are assigned to one or more circuits or locations at the discretion of the Administrative Judge of the Circuit Court after considering population, judicial time and efficiency, available judicial resources, and the needs of the public.

**Whereas**, *DHHS* and *NHJB*, through the Administrative Office of the Courts, (the Parties) desire to benefit the public at large through the timely filing, hearing, and resolution of child support matters.

**NOW, THEREFORE**, the Parties enter into this Memorandum of Understanding to their mutual benefit, the benefit of the State, and in furtherance of constitutional or statutory authority and objectives.

1. DHHS agrees to:

   A. Pay *NHJB* the amount of $7,713,648 for the services described in the attached MOU Exhibit A – State Agency Responsibilities, which is hereby incorporated by reference.

      Payment shall be provided from: 100% Child Support Enforcement, as awarded on September 30, 2023, by the Administration for Children and Families, ALN 93.563, FAIN 2401NHCSES.

   B. Perform the services described in the attached MOU Exhibit A – State Agency Responsibilities, which is hereby incorporated by reference.

2. *NHJB* agrees to:

   A. Perform the services described in the attached MOU Exhibit A – State

Agency Responsibilities, which is hereby incorporated by reference.

3. The method of payment and payment amount for the above-referenced services, if any is required, is described in the attached MOU Exhibit B – Payment Terms, such exhibit being hereby incorporated by reference.

4. All obligations hereunder are contingent upon the availability and continued appropriation of funds. The agencies shall not be required to transfer funds from any other account in the event that funds are reduced or unavailable.

5. The Memorandum of Understanding is effective July 1, 2024, upon Governor and Executive Council approval until June 30, 2030. The Parties may extend the Memorandum of Understanding for up to five (5) years upon satisfactory delivery of services, available funding, agreement of the Parties, and approval of the Governor and Executive Council.

6. This Memorandum of Understanding may be amended by an instrument in writing signed by both Parties. Either party may terminate this agreement by providing written notice to the other party at least thirty (30) days prior to termination.

7. The Parties agree that the obligations, agreements and promises made under this Memorandum of Understanding are not intended to be legally binding on the Parties and are not legally enforceable.

8. Disputes arising under this Memorandum of Understanding which cannot be resolved between the agencies shall be referred to the New Hampshire Department of Justice for review and resolution.

9. In connection with the performance of this Memorandum of Understanding the Parties shall comply with all applicable laws and regulations.

10. This Agreement shall be construed in accordance with the laws of the State of New Hampshire.

11. The Parties hereto do not intend to benefit any third Parties and this Memorandum of Understanding shall not be construed to confer any such benefit.

12. In the event any of the provisions of this Memorandum of Understanding are held to be contrary to any state or federal law, the remaining provisions of this Memorandum of Understanding will remain in full force and effect.

13. This Memorandum of Understanding, which may be executed in a number of counterparts, each of which shall be deemed an original, constitutes the entire Memorandum of Understanding and understandings between the Parties, and supersedes all prior Memoranda of Understanding and understandings relating hereto.

14. Nothing herein shall be construed as a waiver of sovereign immunity; such immunity being hereby specifically preserved.

15. **New Hampshire Department of Health and Human Services**

DocuSign by:

_____      6/8/2024
5AB53287468449C...
Signature                                       Date

Division Director
_____
Title

Karen Hebert
_____
Print Name


16. **New Hampshire Judicial Branch**

DocuSign by:

*Dianne Martin*
_____      6/7/2024
60010F2F7A4D4F0...
Signature                                       Date


Director
_____
Title

Dianne Martin
_____
Print Name

DocuSign Envelope ID: 7FE29C62-427F-462E-AC28-1999DE007CAC

Approved by the New Hampshire Department of Justice for form, substance, and execution:

By: _Robyn Guarino_____     On: 6/10/2024_____
7487348449414B0
[Name of Assistant Attorney General]  Robyn Guarino         Date

Approved by the Governor and Executive Council

By: _____.     On: _____
                                                      Date

# State of New Hampshire
# Interagency Memorandum of Understanding
# Exhibit A – State Agency Responsibilities

1. **RESPONSIBILITIES OF DHHS**

   1.1. DHHS agrees to:

   1.1.1. Keep monthly logs by case name of each Social Security Act Title IV, Part D (IV-D) case that is scheduled and heard by the New Hampshire Circuit Court Family Division (CCFD). IV-D cases include:

   1.1.1.1. Establishment of paternity;

   1.1.1.2. Establishment of new and temporary orders for child and medical support;

   1.1.1.3. Establishment and enforcement of interstate and international cases under Uniform Interstate Family Support Act (UIFSA) or any other laws governing interstate and international child support cases;

   1.1.1.4. Enforcement of existing orders of support;

   1.1.1.5. Modifications of orders with respect to child and medical support; and

   1.1.1.6. Hearings on support violations and show cause hearings.

   1.1.2. Monitor time frames for all IV-D cases to determine if these cases are being disposed of pursuant to federally mandated time frames established in 45 CFR 303.101(b)(2).

   1.1.3. Provide the CCFD with written requests to schedule hearings for IV-D cases.

   1.1.4. Notify the Administrative Judge of the Circuit Court or designee when any CCFD Court clerk fails on two (2) or more separate occasions to schedule a hearing in a timely manner in accordance with Paragraph 2.1.3.

   1.1.5. Provide individual or group trainings on IV-D topics and issues covered by this Agreement to the staff of CCFD.

   1.1.6. Provide qualified staff to develop, present, and facilitate the educational trainings with the goal of the development and maintenance of IV-D program knowledge.

   1.1.7. Ensure trainings are available to the Circuit Court Administrative Judge, the Circuit Court Administrator(s), the CCFD Judges who hear IV-D cases, the child support referee(s), and all other appropriate Court staff.

   1.1.8. Provide limited access to the New England Child Support Enforcement System (NECSES) for select employees of CCFD, ensuring employees take all necessary trainings for access to NECSES as required by DHHS and sign all required documents.

2. **RESPONSIBILITIES OF NHJB**

   2.1. NHJB CCFD, as authorized by the Supreme Court, agrees to:

   2.1.1. Promptly schedule to hear IV-D cases in CCFD Courts with jurisdiction over IV-D cases as requested by DHHS.

   2.1.2. Collaborate with DHHS to coordinate regularly scheduled court days by use of block scheduling for the resolution of establishment, modification, and enforcement cases in

order to achieve mutual efficiencies in the administration of IV-D cases.

2.1.3.  Require that all CCFD Court Clerks mail to all Parties a notice of hearing within twenty-one (21) days of the receipt of a request by DHHS; the date of said hearing shall be within ninety (90) days of receipt of the request unless the docket will not permit such scheduling; but in any event shall ensure compliance pursuant to Paragraph 1.1.2.

2.1.3.1.  After notice is given pursuant to Paragraph 1.1.4., above, the Court shall have fourteen (14) days in which to take corrective action or to notify the Department why corrective action is inappropriate. Corrective action, in this instance, shall mean the mailing of a notice of hearing within fourteen (14) days.

2.1.4.  Require child support referees and administrators to maintain a daily reporting log ("log"), attached hereto as Exhibit B-3, tracking the percentage of each day dedicated to IV-D activities, in order to monitor and manage the processing of IV-D cases and activities.

2.1.5.  Require that the child support referees and administrators sign and submit the completed logs at the end of each month to the Administrative Judge of the Circuit Court or designee.

2.1.6.  Require that the child support referees identify the case name and case number of each IV-D case heard daily and submit these case lists together with the logs monthly to the Administrative Judge of the Circuit Court or designee.

2.1.7.  Require that the Administrative Judge of the Circuit Court or designee review the logs and case list for accuracy and forward them to NHJB's Administrative Office of the Courts (AOC) within one (1) week of receipt.

2.1.8.  Take reasonable measures to ensure that the CCFD meets the federal time frames for expedited processes mandated by 45 CFR 303.101.

2.1.9.  Require that all CCFD Court Clerks mail copies of the requested orders within fourteen (14) days of receipt of the request to ensure compliance with federal time frames mandated by 45 CFR 303.6.

2.1.10. Administer a two-week time study in three (3) separate locations during each state fiscal year of this Agreement, measuring and reporting the percentage of time clerical/support staff spends on IV-D activities. The two weeks shall be selected to best reflect the average workload. The percentage of time reported by clerical/support staff as spent on IV-D activities shall be adjusted annually based on the results of any time studies conducted in that year.

2.1.11. Maintain all NHJB records related to this Memorandum of Understanding for a period of seven (7) years.

2.2. NHJB AOC, as authorized by the Supreme Court, agrees to:

2.2.1.  Review and track accuracy of all logs.

2.2.2.  Submit a monthly summary report to DHHS, showing the total reimbursement due for each child support referee and administrator, along with copies of logs for use in authorizing reimbursement payments.

2.2.3.  Submit monthly statements to DHHS reflecting salaries and benefits of clerical/support staff and costs for services and commodities.

**3. ADDITIONAL TERMS FOR BOTH PARTIES**

3.1. Technology.

3.1.1.   Parties shall continue to explore:

3.1.1.1.   NHJB providing access to the court's case management system, Odyssey, to select employees of DHHS.

3.1.1.2.   NHJB providing access to its interior Wi-Fi signal at court locations where access to the internet via the guest Wi-Fi is unreliable.

3.1.1.3.   Enhancements to an automated interface from NHJB to NECSES, electronic court filing, and any other improvements that will streamline and improve communication between the Parties. DHHS and NHJB will have periodic coordination regarding any and all Information Technology considerations from either party.

3.1.1.4.   Alternatives to the time study requirement

3.2. Guidelines Review.

3.2.1.   Both Parties shall cooperate with data collection, identification of issues, and data presentation as needed during the review in accordance with requirements of RSA 458-C:6.

3.3. Party Communication.

3.3.1.   Both Parties shall make available, upon request, the case names and case numbers of all IV-D cases heard by child support referees to assist with tracking and monitoring cases.

3.3.2.   DHHS and NHJB shall meet, either in person or virtually, to discuss any questions, comments, or concerns related to the terms of this Memorandum of Understanding. Either party may schedule a meeting to address issues that have arisen in the administration of this Agreement, with the overall goal being an efficient expedited process for the judicial resolution of IV-D cases. As such, the Parties agree to the meaningful participation of the appropriate staff in ad hoc meetings as required to resolve said issues. At a minimum there shall be:

3.3.2.1.   Local Liaison Meetings. DHHS field staff from each local District Office shall meet with Court staff from the CCFD facility or facilities that provides services to that District Office on a semi-annual schedule, or as may be otherwise necessary, to address issues that arise from the Court resolution of IV-D cases and any other identified actions that will improve efficiencies for the resolution of IV-D cases.

3.3.2.2.   Administrative Liaison. The Circuit Court Administrative Judge or designee(s) and an appropriate representative from the AOC shall meet on an annual basis with appropriate DHHS representatives to review and discuss administrative issues that have arisen within the IV-D process.

3.3.2.3.   The IV-D Program Development Workgroup ("Workgroup"). The parties shall participate in the Workgroup for the purpose of jointly fulfilling the goals of the AOC/BCSS Agreement, while ensuring IV-D compliance. The Workgroup shall, at a minimum be comprised of the following: the Circuit Court Administrative Judge, or designee, the Director of the AOC, or designee, the Director of BCSS administrative designee; and the Director of BCSS Child Support Legal Designee. It is not expected that the Workgroup

shall meet on a regular basis until such time as the Parties agree that meetings are necessary for the purpose of jointly fulfilling the goals of this MOU, while ensuring IV-D program compliance. Either party may schedule a meeting of this Workgroup. The Parties agree to the meaningful participation of appropriate staff in order to accomplish the tasks of the Workgroup.

**3.4. Confidentiality.**

3.4.1.  This Agreement does not authorize access to any records or documents by Court personnel or authorized DHHS employees other than what is already authorized by current job responsibilities, nor does it provide access to such records or documents by any other person(s). All information, records, and documents received relating to IV-D cases shall be safeguarded in accordance with relevant federal and state statutes and regulations, including 42 USC 654 and RSA 161-B:7, III, except as otherwise permissible under RSA 91-A or Court order.

3.4.2.  Only authorized representative(s) of the United States Government, the State Office of Legislative Budget Assistant Audit Division, and authorized representatives of DHHS and Court personnel shall have the right to inspect and examine records or documents pursuant to this Agreement to the extent authorized by law and/or federal and state regulations. Any such authorized person(s) must provide reasonable notice and presentation of proper credentials or identification.

# State of New Hampshire
## Interagency Memorandum of Understanding
## Exhibit B – Payment Terms

1. The maximum amount of funds available for reimbursement under this Agreement from DHHS to NHJB shall not exceed the amount specified in Form MOU 1, Interagency Memorandum of Understanding, Section 1, Subsection A.

2. Payment shall be on a cost reimbursement basis for actual expenditures incurred in the fulfillment of this Memorandum of Understanding and shall be in accordance with the approved line item, as specified in Exhibit B-1, Projected Budget for SFYs 2025-2030.

3. Calculation of Payment.

   3.1. DHHS shall seek reimbursement from the federal Office of Child Support Services for a portion of the direct expenses of the child support referees and, in accordance with 45 CFR 304.21, for positions involved with the administration of IV-D activities, which includes the salaries and benefits for the positions, and a portion of the indirect expenses associated with these positions, which includes the salaries and benefits of clerical/support staff who do not work exclusively for the child support referees, as well as the services and commodities which support the program as follows:

   3.1.1. The amount of reimbursement for all direct expenses shall be calculated by multiplying the current Federal Financial Participation (FFP) rate by the percentage of time child support referees and administrators spend on IV-D activities, as reported on a monthly basis, by the total amount of direct expenses, as referred to in Exhibit B-1, attached hereto.

   3.1.2. The amount of reimbursement for the indirect expenses of clerical/support staff salaries and benefits shall be calculated by multiplying the current FFP rate by the percentage of time spent by Court personnel on IV-D activities by the total indirect expenses, as referred to in Exhibit B-1. For the purposes of this Agreement, the percentage of time spent on IV-D activities will be derived from the time study projects conducted at several courts.

   3.1.3. The amount of reimbursement for all indirect expenses of services and commodities shall be calculated by multiplying the total cost pool, as referred to in Exhibit B-1, attached hereto, by the ratio of referees to the total number of judicial officers, by the percentage of the master and referee time spent on IV-D cases, and by the current FFP rate, as referenced in Exhibit B-1.

4. NHJB shall submit an invoice and supporting documents to DHHS no later than the fifteenth (15th) working day of the following month. NHJB shall:

   4.1. Submit the invoice in a format provided by DHHS or that is otherwise acceptable to DHHS.

   4.2. Ensure the invoice identifies and requests payment for allowable costs incurred in the previous month.

   4.3. Provide supporting documentation of allowable costs that may include, but is not limited to, time sheets, payroll records, receipts for purchases, and proof of expenditures, as applicable.

   4.4. Ensure the invoice is completed, dated, and returned to DHHS with the supporting documentation for authorized expenses, in order to initiate payment.

DocuSign Envelope ID: 7FE29C62-427F-462E-AC28-1999DE007CAC

5. In lieu of hard copies, all invoices with supporting documentation may be assigned an electronic signature and emailed to bcss-invoices@dhhs.nh.gov or invoices may be mailed to:

> Financial Manager—BCSS
> Department of Health and Human Services
> 129 Pleasant Street
> Concord, NH 03301

6. DHHS shall make payment to the NHJB within thirty (30) days of receipt of each invoice and supporting documentation for authorized expenses, subsequent to approval of the submitted invoice.

7. The final invoice and supporting documentation for authorized expenses shall be due to DHHS no later than forty (40) days after the Memorandum of Understanding completion date.

8. Notwithstanding any provision of this Memorandum of Understanding to the contrary, all obligations of DHHS hereunder, including without limitation, the continuance of payments hereunder, are contingent upon the availability and continued appropriation of funds. DHHS shall not be required to transfer funds from any other source in the event that the source of funds are reduced or become unavailable.

9. The Parties may agree to changes limited to adjusting amounts within the price limitation and adjusting encumbrances between State Fiscal Years and budget class lines through the Budget Office. This may be done by written agreement of both Parties, without obtaining approval of the Governor and Executive Council, if needed and justified.

10. Fiscal Responsibilities.

10.1. NHJB hereby agrees to reimburse DHHS for: (1) any payments withheld from DHHS; (2) adjustments made in funds otherwise due to DHHS; (3) fines imposed by the U.S. Department of Health and Human Services (HHS), due to any expenditures claimed by NHJB and paid pursuant to this Agreement that are later determined to be improper. The reimbursement shall only be required in situations where NHJB failed to comply with the terms of this Agreement. NHJB agrees to reimburse DHHS for any expenditures under this Agreement which are determined as a result of an audit of DHHS, HHS, or any authorized entity to be attributed to: (1) services to ineligible individuals; (2) ineligible services; (3) ineligible indirect costs; or (4) any other claims which are inconsistent with the provisions of this Agreement.

10.2. If DHHS and/or NHJB determine that any withholding, adjustment, or fine imposed by HHS due to alleged NHJB noncompliance is erroneous or improper for any reason, DHHS and NHJB shall evaluate the merits of an appeal and may pursue an appeal through appropriate avenues. DHHS and NHJB shall jointly decide whether to file, pursue, and/or continue any such appeal. Should there be disagreement on this issue, the New Hampshire Office of the Attorney General shall be consulted, and its determination shall be final and binding and shall not be subject to judicial review or administrative procedures. NHJB shall be responsible for all litigation costs incurred. NHJB shall return funds required to be returned under this section no later than thirty (30) days following DHHS's request for its return. However, if an appeal is requested within that thirty (30) day period, NHJB will not be responsible for returning funds until thirty (30) days after such appeal has been completed and denied, or not until a fiscal sanction has been imposed by HHS, whichever occurs first.



### IV-D Projected Budget for FY2025, FY2026, FY2027, FY2028, FY2029, and FY2030

| Direct Expenses | Per Year Expenditures for FY25-FY30 | Estimated IV-D % | FFP | Estimated Reimbursement per year |
|---|---|---|---|---|
| Marital Master | - | 1.0% | 0.66 | - |
| Referees | 188,563 | 35.0% | 0.66 | 43,558 |
| Administrators | 140,622 | 4.0% | 0.66 | 3,712 |
| Direct Total | 329,186 | | | 47,271 |
| **Indirect Expenses** | | | | |
| Clerical Staff | 8,212,942 | 18.9% | 0.66 | 1,027,141 |
| | | | | |
| **Services & Commodities** | | | | |
| Facilities | 3,772,044 | | | 99,582 |
| Postage, Printing & Supplies | 580,942 | | | 15,337 |
| Equipment Rental | 751,645 | | | 19,843 |
| Maintenance Contracts | 173,590 | | | 4,583 |
| Equipment Purchases | 214,980 | | | 5,675 |
| Telephone | 769,779 | | | 20,322 |
| Library | 148,978 | | | 3,933 |
| Travel | 260,434 | | | 6,875 |
| Sheriff Reimbursement | 2,624,119 | | | 69,277 |
| Interpreters | 1,057,294 | | | 27,913 |
| | | | | |
| **Services & Commodities Total** | 10,353,805 | 3.1% | 0.66 | 211,196 |
| | | | | |
| **Indirect Total** | 18,566,747 | | | 1,238,338 |
| | | | | |
| **Total Actual Expenditures** | 18,895,932 | | | 1,285,608 |

\* Note Marital Masters will be phased out and nothing calculated for Call Center

|  |  |
|---|---|
| **6 Yr Total** | 7,713,648 |





DocuSign Envelope ID: 7FE29C62-427F-462E-AC28-1999DE007CAC

## Time Study Methods and Procedures

Time Study methods and procedures for child support tasks are outlined below.

### Staff Required to Participate in the Time Study

The identification of staff required to participate in the time study process and the tasks subject to time study examination reflect the full involvement of clerical support staff for referees who process the Statewide child support establishment and enforcement program under Title IV-D of the Social Security Act ("IV-D cases"). This includes clerical staff, case managers, and their direct supervisors who work on cases as well as supervise subordinates. Law clerks and the senior law clerk, who has the ultimate responsibility for management of the office, are not included in the study as it is prohibitive in terms of the time and effort required to capture useful data.

### Time Study Reporting Period

Prior time studies provide a baseline of time spent processing IV-D cases over a two-week period in several courts for cost allocation purposes. Each year, the time study takes place over a two-week period.

### Updating Prior Time Study "Unknown" Statuses

Prior time studies should be reviewed so that tasks noted with an unknown IV-D status may be researched and re-assigned as IV-D or non-IV-D. This will enable the Department to project the expected number of cases that will become IV-D, even if the status is entered into the system as "Unknown." In addition, a certain number of non-IV-D cases are expected to convert to IV-D cases. These cases must be reviewed to determine any change in IV-D status.

### Time Study Reporting and the Time Log

The IV-D Time Study Log ("Time Log") gathers data for time study reporting. The Time Log is designed to identify how many minutes designated staff spend on a variety of tasks during a normal business day. These tasks are identified within the IV-D status columns: Yes, No, or Unknown.

### Time Log Task Codes and Tasks

| Task Code | Task |
|-----------|------|
| A | Enter Case |
| B | Order of Notice |
| C | Hearing Notices |
| D | Notice of Decision |
| E | Scheduling |
| F | Phone |
| G | Counter |
| H | Docketing and Correspondence |
| I | Closing |
| L | General Office/Staff Support |
| M | Pulling Mail/Dockets/Filing |





DocuSign Envelope ID: 7FE29C62-427F-462E-AC28-1999DE007CAC

**Time Log Instructions**

1. Time Logs must be completed and signed daily by staff members designated to do so. Time Logs must be collected daily and reviewed by the unit supervisor for completeness and accuracy.

2. Time Logs must be filed even if the designated staff member is absent from work for a partial or full day due to sick time, vacation leave, personal leave, or other authorized leave.

3. The Time Log must accurately represent the task during the specific review period. No attempt may be made to structure data to portray an individual's perception of the appropriate task code.

4. Completed Time Logs must be forwarded to the Administrative Office of the Courts weekly.

**Instructions for Time Log Completion**

1. Daily tasks must be reduced to five (5) minute reporting periods; no period of time less than five (5) minutes may be entered. It is acceptable to lump several cases under one (1) five (5) minute time block when tasks take only a few seconds to complete.

2. Tasks do not have to be reported in the time sequence in which they were performed during the day. However, it is strongly recommended, given the number of cases processed daily, that staff complete logs, including the docket number of each case worked on, as the task is completed.

3. Tasks are listed for staff to categorize. In addition, staff must indicate: 1) if the task is IV-D related; 2) if the task is not (and is not likely to be) IV-D related; or 3) if it is unknown whether the task is IV-D related. Also, staff must indicate the status of each case in their caseload using the New Entry, In Process, or Brought Forward columns.

4. The Time Log assumes a seven and one-half (7.5) hour workday (four hundred and fifty [450] minutes), but tasks performed during overtime also must be reported. Authorized non-productive activities, such as lunchtime or administrative time that cannot be categorized, must be entered at the bottom of the Time Log in the "Lunch/Breaks" cell.



Exhibit B-2

| IV-D Time Study Log | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Court** | | | | | | | |
| **Name** | | | | | **Date** | | |
| Docket # | IV-D Status | | | New Entry | In Process | Brought Forward | Time in 5 min Intervals |
| | Yes | No | Unknown | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Exhibit B-3

New Hampshire Judicial Branch

IV-D Reporting Log – Name: _____

Month/Year: _____

| Date | County | Case Name | Docket # | NECSES # | Time (In Minutes) | Rate / Minute | FFP | Reimbursement Amount (Min x Rate x FFP) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | $ 1.01 | 0.66 | $ |
| | | | | | | 1.01 | 0.66 | |
| | | | | | | 1.01 | 0.66 | |
| | | | | | | 1.01 | 0.66 | |
| | | | | | | 1.01 | 0.66 | |
| | | | | | | 1.01 | 0.66 | |
| | | | | | | 1.01 | 0.66 | |
| MONTHLY TOTALS | | | | | | 1.01 | 0.66 | $ |

Signature _____

Date _____

MOU-2024-DES-03-EXPED-01

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF ECONOMIC STABILITY
BUREAU OF CHILD SUPPORT SERVICES - LEGAL
129 PLEASANT STREET, CONCORD, NH 03301-3857
603-271-4429
Susan N. Brisson, Esquire (BCSS Chief Staff Attorney, Agent)
603-271-4812

21st of August, 2024

In re: Case Number: 30154799C

F.O.I.A. REQUEST/DEMAND, <mark>FINAL NOTICE</mark>
(FREEDOM OF INFORMATION ACT DEMAND Title 5 U.S.Code § 552 et al.
(inclusive)
Also to include but is not limited to Title 5 U.S. Code 552a et al. and Title 5 U.S.
Code 552b et al. and N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7, III

Dear Susan N. Brisson,

    I Matthew-Lane: Hassell, Beneficiary, am writing this 3RD (THIRD) 'NOTICE' as prima facie evidence and default by you and the agency you are employed by, by Tacit Acquiescence, knowingly acting in fraud. It was specifically stated in the 2nd (SECOND) "NOTICE", received by agent FOURNIER on the 30th of July, 2024, "Expected disclosure of all documentation and answers or the like shall be set for the 16th of August, 2024, <u>NO EXCEPTIONS.</u>" On this day of the 21st of August, 2024 nothing (no medium of response reasonable under the circumstances) has been rebutted or received by me.

    This is an obvious delay and obstruction. It was also demanded in both 'NOTICES' (first NOTICE received on the 17th of July, 2024), that all contract(s) and agreement(s) be rescinded. Still no rescission has been applied and has furth caused harm and injury to me. All contract(s) and agreement(s) must be rescinded forthwith, immediately and with haste, this is non-negotiable, NO EXCEPTIONS.

    The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is further violating New Hampshire Constitution Article 2-b, Right of Privacy (An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent December 5, 2018) by intrusion upon my private and personal information and seizing of my property (tangible property, securities, wages), this must CEASE AND DESIST forthwith, immediately and with

Page 1

haste, and return all property (tangible property, securities, wages) on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS.

This injury being given full knowledge and notice through and by the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and its agents, as stated in the first notice "I hereby assert you have been given plain and accurate knowledge and 'NOTICE' (U.C.C. § 1-202. Notice; Knowledge.) of act(s) conspired and committed against me and my person, it is incumbent upon you to take action to prevent such further act(s) or you are in neglect and co-conspiracy to all such act(s) pursuant to 42 U.S. Code § 1986." This must CEASE AND DESIST forthwith, immediately and with haste, on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS.

It has also come to my attention that BCSS has been misquoted (typo) in part, in my previous demands as BCCS, let this NOTICE correct that typo to accurately state such typos as B.C.S.S. (A.K.A. Bureau/Division of Child Support Services).

I am also including a copy of both previous communications (NOTICE, DEMANDS) as further courtesy copies, so there can be no mistakes as to the duties owed to me.

Kindly provide all demands forthwith, immediately and with haste, on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS, to include but is not limited to rescinding all agreement(s) and contract(s) creating obligation(s) from me.

All Rights Reserved Without Prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_    Dated: _31st of August, 2024_
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## NOTARY PUBLIC

State _New Hampshire_

County _Hillsborough_    Subscribed and sworn to,

before me, a Notary Public the above signed Matthew-Lane: Hassell.

This _21st_ day of _Aug_ year _2024_.

Notary Public _[signature]_

MY COMMISSION EXPIRES:_____

AATIF RATHOD
Notary Public - New Hampshire
My Commission Expires Jan 22, 2025

Page 2

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF ECONOMIC STABILITY
BUREAU OF CHILD SUPPORT SERVICES - LEGAL
129 PLEASANT STREET. CONCORD, NH 03301-3857
603-271-4429
Susan N. Brisson, Esquire (BCSS Chief Staff Attorney, Agent)
603-271-4812

29th of July, 2024

In re: Case Number: 30154799C

# F.O.I.A. REQUEST/DEMAND
(FREEDOM OF INFORMATION ACT DEMAND Title 5 U.S.Code § 552 et al.
(inclusive)
Also to include but is not limited to Title 5 U.S. Code 552a et al. and Title 5 U.S. Code
552b et al. and N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7, III

Dear Susan N. Brisson,

I Matthew-Lane: Hassell, Beneficiary, am in receipt of the document sent to me dated the 22nd of July, 2024. This appears to be a manipulative and deceptive and possibly fraudulent account of the requested and demanded for documentation pursuant to the above entitled first and superior Federal Laws, then corresponding State Statutes, all are inclusive to this requested demand. This form of deception shall not be tolerated and shall be corrected immediately. The titled listed laws and statutes are all provided for any disclosure(s) enlisted to be provided without delay or cost to me. Any further attempt to delay or hinder such disclosure is tantamount to prima facie evidence of conspiracy by you and your department as co-conspirators. The 6 (SIX) weeks time frame of release is not agreeable and insufficient for the matter at hand. Thirty (THIRTY) days from the 'ORIGINAL' received request/demand, which to my record was on the 17th of July, 2024, is within an acceptable term of agreement.

As was previously stated with previous documents "You have 3, (three) days from the receipt of this "AFFIDAVIT" to respond on a point-by-point basis, via sworn Affidavit, under full commercial liability. signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading ...". I have requested and demanded documentation for over a year now and not once has it been answered. The case file and attached documentation shall constitute proof of such negligence. Expected disclosure of all documentation and answers or the like shall be set for the 16th of August, 2024, NO EXCEPTIONS.

The form you are attempting to coerce me into signing appears to deprive me of rights under the color of law. I do not understand, or accept or consent to any such contract. I have never given any consent or agreement to contract with the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES BUREAU/DIVISION OF CHILD SUPPORT SERVICES entity. Kindly provide any such signed documentation to the contrary. The mere fact that there are file(s) kept by such an entity, is prima facie evidence of fraud. This must be held as null and void and rescind any such agreement(s) and/ or contract(s) henceforth. I will provide with this document a copy of what was previously sent on the 16th of July, 2024 as a second 'NOTICE' and opportunity to cure.

Again, I will repeat to be as clear as any reasonable demand and competent person can understand, this is a FREEDOM OF INFORMATION ACT DEMAND first and foremost, with correlating NH State Statutes, so there can be no deception and manipulation to full and accurate and complete release (disclosure) and not misleading of all documentation demanded for. Your agency interpretation of the law is insufficient to the Act of Congress described within **TITLE 5—GOVERNMENT ORGANIZATION AND EMPLOYEES** (*This title was enacted by Pub. L. 89–554, §1, Sept. 6, 1966, 80 Stat. 378*).

This correspondence shall constitute all necessary requirements for all documentation demanded, to include but is not limited to the public servant questionnaire. All correspondence shall be in writing (preferable method of communication is by email address: mhas191@yahoo.com).

**All Rights Reserved Without Prejudice U.C.C. 1-308/ 1-207**
**VOID WHERE PROHIBITED BY LAW**

Matthew-Lane: Hassell          Dated: 29th of July, 2024
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## NOTARY PUBLIC

State New Hampshire

County Rockingham                    Subscribed and sworn to, before

me, a Notary Public the above signed Matthew-Lane: Hassell.

This 29th day of July year 2024

Notary Public _Robyn Doke_

MY COMMISSION EXPIRES: 09-15-2026

ROBYN M DOKE
Notary Public - New Hampshire
My Commission Expires Sep 15, 2026

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF CHILD SUPPORT SERVICES
26 WHIPPLE STREET
NASHUA NH 03060-9926
Ashley, Mary Rose and Betty Raymond (agent/s)
603-579-9342

15th of July, 2024

In re: Case Number: 30154799C

## F.O.I.A. REQUEST/DEMAND

(Title 5 U.S.C. § 552 et al. and 552a et al. and 552b et al.
N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7, III)
With 'AFFIDAVIT IN SUPPORT' (OPPORTUNITY TO CURE)
(9 Pages)

    I Matthew-Lane: Hassell, Beneficiary, am requesting all report(s) and document(s) and file(s) and voluntary or otherwise agreement(s) and contract(s) or the like to case number: 30154799C. The enforcement of said 'ORDER'(not properly Authenticated and not in compliance of the Judiciary Act (an act of congress) of 1789 and not vested in a Court in violation of Article III of the U.S. Constitution and not in compliance with New Hampshire Constitution et al.) is operating allegedly in violation to the New Hampshire Constitution et al. (specifically Articles [Art.] 2-b. Right of Privacy and [Art.] 14. Legal Remedies to be Free, Complete, and Prompt and [Art.] 15. Right of Accused and [Art.] 19. Searches and Seizures Regulated and [Art.] 20. Jury Trial in Civil Causes and [Art.] 23. Retrospective Laws Prohibited and [Art.] 33. Excessive Bail, Fines, and Punishments Prohibited and [Art.] 37. Separation of Powers and [Art.] 84. Oath of Civil Officers).

    I am also requesting/demanding all civil officers within the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (A.K.A. also known as B.C.S.S.) take "NOTICE" of the matter listed herein and also "NOTICE" the Public Servant Questionnaire (copy provided) and have such fully and completely answered and sent to me by the email address and domicile provided below.

    "**DISCLAIMER:** I have knowledge of copyright laws and have observed the copyright symbol(s) contained within what appears to be all Books, Codes, References, Reporters, and the like,dealing with law, and such a symbol's use and employment in providing notice that the contents therein are the private property of the copyright owner, and I freely admit that I have neither grant,

franchise, license, nor letter-patent to use said contents, nor practice the same. Please be advised that all cites thereto, and excerpts therefrom, are utilized and employed herein merely for educational and communicational purposes, to display from where my present understanding inheres from, and, due to the depth of the matter with which this controversy attempts to cover." This is called Fair Use and is allowed for purposes of criticism, news reporting, teaching and parody which doesn't infringe on copyright under 17 U.S.C.A. INCLUSIVE."

Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution; Section 2, Article 17 and 38 and 39. Impeachment.

This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal. You are hereby bound to inform all of your colleagues and superiors and subordinates and all who are involved in this matter and all which may have future interactions with my person or me. If there is something you do not understand clearly, it is incumbent upon you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this instrument as per your duties and obligations in respect to this public formal instrument. Your lack of knowledge is cause for you to recuse yourself from this case and find a suitable replacement or succumb to my respectful demands and DISMISS this matter with PREJUDICE.

You have 3, (three) days from the receipt of this "AFFIDAVIT" to respond on a point-by-point basis, via sworn Affidavit, under full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response and a complete nullity. If an extension of time is needed to properly answer, please request such in writing. Failure to respond will be deemed Nil Dicit Tacit Acquiescence and constitutes agreement with the facts stated within this AFFIDAVIT and as an acceptance of liability. Traitors, Protestants, Liberals and Heretics take heed for I oppose your causes for I am a non-combatant and a man of peace and a peaceful inhabitant.

I have a right to equal access to justice. I hereby demand all paperwork and document(s) and agreement(s) (voluntary or otherwise) and Contract(s) or the like of any "agencies" involved in this controversy (including but not limited to law enforcement, court officer(s) (also to include Administrative agents, guardians, Civil Officers and the like) and the branch of government (executive or legislative or Judicial) all authorities are operating (individually) from and get their authority from. I also hereby request a true and correct (certified copy) of the file against me and any and all evidence and

affidavits and testimony and report(s) and paper(s), and the like, etc., This must be done without cost and without delay in accordance with Brady v. Maryland, 373 U.S. 83 (1963) wherein it was decided that "The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process." This is further mandated in accordance with U.S. v. Tweel, 550 F.2d 297 (1977) wherein it was decided; "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct. If that is the case we hope our message is clear. This sort of deception will not be tolerated, and if this is routine it should be corrected immediately".

I respectfully demand you allow me to inspect and verify the Congressional Charter, LLC, LLP or other documents, which prove that the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is an agency of government.

      a. According to the constitution for the United States of America, Article 1 Section 8, there is a list of all agencies of government. If the 9th Circuit - Family Division - Derry and/ or the STATE OF NEW HAMPSHIRE (066760232) DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and is not specifically listed therein and that would lead one to believe their agents are mere corporations in according to Title 28 Section 3002 (15), (A) and (B) and (C) the United States is a federal corporation and all agencies of "government" (city and county and state municipalities) are sub-corporations under their superior authority.

      b. Is the 10th Circuit - Family Division - Derry Court and/ or STATE OF NEW HAMPSHIRE and/ or DEPARTMENT OF HEALTH AND HUMAN SERVICES and/ or DIVISION OF CHILD SUPPORT SERVICES a Corporation registered on Dun and Bradstreet? If so, kindly provide all Corporate documentary evidence involved within said Corporation(s) pursuant to Title 15 § 44.

If you cannot provide proof the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is an agency of government, I respectfully demand you allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of the 10th Circuit - family Division - Derry and/ or the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and/ or other such jurisdictions, signed by both parties, in accordance with the Supreme Court decision Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943).

      a. Please make certain the contract(s) you offer contains Full Disclosure;

b. Please make certain the contract(s) you offer contains the Equal Consideration (what your corporation brings to the table), and the mutual obligation, (what your corporation is obligated to perform) according to the contract.

c. Please make certain the contract(s) you offer contains the Lawful Terms and Conditions (proof the contract is not based upon fraud); and

d. Please make certain the contract(s) you offer contains both Signatures of the Parties/ Meeting of the Minds (corporations can't sign because they have no right, or mind, to contract as they are legal fictions).

If you cannot provide me a contract or other commercial agreement which obligates me to the jurisdiction of the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, I respectfully demand you allow me to inspect and verify the AFFIDAVIT in support of WARRANT and a BONAFIDE WARRANT for seizure of my property or person.

If you cannot provide me proof that the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, is an agency of government nor provide me a contract or other commercial agreement which obligates me to your jurisdiction, nor provide me a AFFIDAVIT in support of Warrant nor provide me a (BONAFIDE) WARRANT for the seizure of my property or person, I respectfully demand you dismiss (rescind) all charges (ORDERS, enforcement, collections or the like) against me and my person.

a. I also demand all attempts to collect and/ or enforce payments cease and desist immediately (forthwith) and forever more and that all payments be reimbursed to me immediately.

b. I hereby decree the contract you are unlawfully enforcing is invalid and I hereby invoke the severability clauses of RSA 458-A:40 and 546-B:59.

c. I hereby rescind all agreement(s) and/ or contract(s) unknowingly and/ or unlawfully and/ or unconstitutionally created.

d. If the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES wishes to contract with me or my person scheduled fees can be found at Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725.

I, Matthew:Lane : Hassell also assert; If my suspicion is correct this would also be a violation to 18 U.S. Code § 505 - Seals of courts; signatures of judges or court officers and/ or 18 U.S. Code § 506 - Seals of departments or agencies (a) (1) and (2) and (3).

If the above is correct, then the Administrative agent (Michael L. Alfano or any others) is posing as a Judicial Officer in violation to Title 18 U.S. Code § 912 - Officer or employee of the United States, who made such forged document/s, as well as the corporation(s) and entities and persons or the like, involved with making and possessing and transferring such security (evidence of indebtedness) would be in violation of Title 18 U.S. Code § 513 - Securities of the States and private entities as well as possibly the Security Exchange Act.

If the above is correct, then all parties involved would be in conspiracy to deprive me of rights under the color of law and that would be a violation to Title 18 U.S. Code § 241 and Title 18 U.S. Code § 242.

If the agent listed above is not acting Judicially but instead administratively and has had my property seized under the color of law, it is also my understanding this would be a violation to New Hampshire Constitution Article 23 Retrospective Laws Prohibited- Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses. June 2, 1784

It is also my understanding all civil officers have a duty to support and defend the U.S. Constitution under Title 5 U.S. Code § 3331 as well as the New Hampshire Constitution under Article 84. It is incumbent upon your duties and to bear faith and true allegiance to the United States of America and the state of New Hampshire, and support the constitution thereof and faithfully and impartially discharge and perform all duties incumbent on you and to investigate any possible state and Federal Constitutional violations in the making of such "ORDER".

I am further requesting/demanding the following information is to be 'CERTIFIED' and 'NOTARIZED' under pains and penalty of perjury and failure to answer or comply will be seen as prima facie evidence of fraud:

1. Is child support constitutional?;
   Please explain your answer in detail;

2. Does child support violate Privacy laws?;
   Please explain your answer in detail;

3. Is this contract for a loan?;
   Please explain your answer in detail;

4.  Does child support violate child safety laws?;
    Please explain your answer in detail;

5.  What law gives you authority over me and/ or my child?;
    Please explain your answer in detail;

6.  What did I say, do or sign that gave you consent for and over, me and my person?;
    Please explain your answer in detail;

7.  Does child support violate equal protection laws?;
    Please explain your answer in detail;

8.  Does B.C.C.S. accept lawful monies of gold and silver?;

9.  I will be needing your direct Supervisor('s), Department Supervisor('s) and STATE's Supervisor('s)/Manager/Director contact information;

10. I will be needing B.C.C.S. Policy and Procedure on how to file a formal complaint;

11. I will need a true and accurate and complete copy of the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES guidelines;

12. Is the Social Security Act Title IV—GRANTS TO STATES FOR AID AND SERVICES TO NEEDY FAMILIES WITH CHILDREN AND FOR CHILD–WELFARE SERVICES voluntary, pursuant to SEC. 403. [42 U.S.C. 603] (a) GRANTS.— (2)(A) IN GENERAL.—(I) DESCRIBES—(BB) WHAT THE APPLICANT WILL DO, TO THE EXTENT RELEVANT, TO ENSURE THAT PARTICIPATION IN THE PROGRAMS OR ACTIVITIES IS VOLUNTARY, AND TO INFORM POTENTIAL PARTICIPANTS THAT THEIR PARTICIPATION IS VOLUNTARY?;
    Please explain your answer in detail;

13. Provide factual evidence I volunteered into the participation in the program and activities or is such participation fraudulently coerced and forced contracting?;
Please explain your answer in detail;

14. Provide factual evidence I submitted to any jurisdiction relevant to 458-A:5 Effect of Child-Custody Determination?;
Please explain your answer in detail;

15. By the record(s) on file and pursuant to 458-B:7 Opportunity to Contest Assignment, was I given proper opportunity to be heard (due process of law and equal protection under the law)?;
Please explain your answer in detail;

16. Was judicial consideration given pursuant to 458-B:7 II or was it an administrative decision (" United States v. Dickson, 15 Pet. 141, 162."The interpretation of the meaning of statutes, as applied to justiciable controversies," remained "exclusively a judicial function." United States v. American Trucking Assns., Inc., 310 U.S. 534, 544.)?;
Please explain your answer in detail;

17. Is the civil penalties (child support) against me a securities fraud and/ or common law fraud (**"a type of remedy at common law that could only be enforced in courts of law."**) ( see **Supreme Court of the United States. "603 U. S. ____ (2024) No. 22–859 SECURITIES AND EXCHANGE COMMISSION, PETITIONER v. GEORGE R. JARKESY, JR.,ET AL. 6/27/2024;**?
Please explain your answer in detail;

18. Is the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES obligated to use civil penalties to compensate victims?;
Please explain your answer in detail;

An administrative interpretation of the law is insufficient for response.
**Supreme Court of the United States. LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of**

**Commerce, et al. 22-451 22-1219. (28 June 2024).** As relevant here, the APA specifies that courts, not agencies, will decide "all relevant questions of law" arising on review of agency action, 5 U.S.C. §706 (emphasis added)-even those involving ambiguous laws. "agencies have no special competence in resolving statutory ambiguities. Courts do." Chevron (467 U.S. at 843) gravely erred in concluding that the inquiry is fundamentally different just because an administrative interpretation is in play. An agency's interpretation of a statute "cannot bind a court," but may be especially informative "to the extent it rests on factual premises within [the agency's] expertise.

I have previously sent in an affidavit and many objection(s) and filing(s) and document(s) or the like to agent/s of STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (B.C.S.S.) (one such document provided) to which no medium of response reasonable under the circumstances was had. I respectfully request/demand the silence to the documents I have previously supplied the aforementioned agents be remedied with haste.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (B.C.S.S.) has previously failed to provide, with full disclosure, to any and all rule(s), guideline(s), policie(s), statute(s), code(s), law(s) or any like such, that will be enforced and or involved in this coercion attempt to contract with me and my person, in the above fore-mentioned Case.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES has previously failed to provide, with full disclosure, to any and all account(s), and bond(s), and pay-in(s), and Pay-out(s), and commission(s), and Kick-back(s), and payoff(s), and trust fund(s) or any like such. Kindly provide me in detail all such 'documentary evidence(s)' Pursuant to Title 15 § 44 "Documentary evidence" includes all documents, papers, correspondence, books of account, and financial and corporate records..

I respectfully demand a full and accurate response to all previous document(s) submitted to The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES.

If the violations listed within this document are true, are you (the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and its agent(s)) also in possible conspiracy by withholding and deliberately concealment of material information in a setting of fiduciary obligation by leaving such previous documents unanswered and not investigating and seeking prosecution for such crimes against the people

(me)? As cited by "McNally v. U.S., 483 U.S. 350 (1987). 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307 (1987). Fraud in its elementary common law sense of deceit… includes the. A public official is a fiduciary toward the public,… and if he deliberately conceals material information from them he is guilty of fraud." and "U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit… includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,… and if he deliberately conceals material information from them he is guilty of fraud."

I hereby assert you have been given plain and accurate knowledge and 'NOTICE' (U.C.C. § 1-202. Notice; Knowledge.) of act(s) conspired and committed against me and my person, it is incumbent upon you to take action to prevent such further act(s) or you are in neglect and co-conspiracy to all such act(s) pursuant to 42 U.S. Code § 1986.

**All Rights Reserved Without Prejudice U.C.C. 1-308**
**VOID WHERE PROHIBITED BY LAW**

_Matthew-Lane: Hassell_ _____ Dated: 15th of July, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

# NOTARY PUBLIC

State _New Hampshire_

County _Rockingham_ _____ Subscribed and sworn to, before

me, a Notary Public the above signed Matthew-Lane: Hassell.

This _15th_ day of _July_ year _2024_ .

Notary Public _Allison Lamperti_

MY COMMISSION EXPIRES: _09/06/2028_ .

ALLISON C LAMPERTI
Notary Public - New Hampshire
My Commission Expires Sep 6, 2028

5 USC 552a (e)(3) authorizes a sovereign natural person ("Citizen") to use this form to collect information from the Public Servant to determine whether to divulge information to the Public Servant and employing Agency.  Public Law 93-579 states: *"The purpose of this Act is to provide certain safeguards for an individual against invasion of personal privacy requiring Federal agencies... to permit an individual to determine what records pertaining to him are collected, maintained, used or disseminated by such agencies..."*

## PUBLIC SERVANT'S QUESTIONNAIRE (Refer to Privacy Act of 1974)

| Public Servant Full Name | | ID # ☐ Refused? | |
|---|---|---|---|

| Driver License # ☐ Refused? | | Badge # ☐ Refused? | |
|---|---|---|---|

| Residence Address | Street | City | State | Zip |
|---|---|---|---|---|
| Office Mail Address | Street | City | State | Zip |

| Employing Agency or Dept | | Supervisor's Name | |
|---|---|---|---|

1. Will Public Servant uphold the Constitution of the United States of America (required by USA & State Constitution & Law)? ☐Yes ☐No

2. Will Public Servant furnish a copy of the law or regulation which authorizes this investigation (5 USC 552a (e) (3) (A))? ☐Yes ☐No

3. Will Public Servant read aloud that portion of the law authorizing the questions Public Servant will ask (5 USC 552a (e) (3) (A))? ☐Yes ☐No

4. What prerogative does Citizen have in giving answers to Public Servant questions (5 USC 552a (e) (3) (A))? ☐Voluntary ☐Mandatory

5. What basis exists for asking the intended questions (5 USC 552a (d) (5), (e) (1))? ☐Specific law or regulation ☐Used as a discovery process

6. What nature does this investigation have (5 USC 552a (e) (3) (A))? ☐General (multiple people involved) ☐Special (one person involved)

7. Does Public Servant reasonably anticipate that any information sought or collected in this investigation will form the basis of or lead to criminal action against Citizen or any other entity? ☐Yes ☐No

8. Will Public Servant guarantee only the department employing Public Servant will use the information or derivative thereof supplied by Citizen in this investigation (5 USC 552a (e) (10))? ☐Yes ☐No

9. Name all files of records, information, or correspondence related to Citizen that Agency maintains (PL 93-579 (b) (1))? → ☐None

10. Give the full name of the person in government requesting that Public Servant conduct this investigation (PL 93-579 (b) (1)) → ☐No One

11. Name and identify all third parties Public Servant consulted, questioned, interviewed, or received information from any third party relative to this investigation (5 USC 552a (e) (2), (d) (5)). → ☐None

12. Name all other agencies or government sources that supplied any information pertaining to Citizen (PL 93-579 (b) (1))? → ☐None

13. May Citizen have a copy of all information pertaining to Citizen that other agencies or government sources supplied (5 USC 552a (d) (1))? ☐Yes ☐No  (If no, state authority for withholding info) → ☐No Authority

14. What other uses may be made of this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → ☐None

15. What other agencies may have access to this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → ☐None

16. What will be the effect upon Citizen if Citizen should choose not to answer any part of these questions (5 USC 552a (e) (3) (D))? → ☐None

| Public Servant Affirmation:  I swear or affirm under penalty of perjury that I have answered the foregoing questions correctly and completely in every particular.  → | Wet ink signature of Public Servant                    Date |
|---|---|

| Citizen's Witnessing Name and Signature ☐Administered Oath  Date | Witness Name and Signature                    Date |
|---|---|

Note:  Citizen may administer oath to Public Servant if no one else exists to witness Public Servant affirmation.

9589 0710 5270 1025 7429 27

PRESS FIRMLY TO SEAL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



*Retail*




U.S. POSTAGE PAID
PM
NASHUA, NH 03060
SEP 16, 2024

02210

**$14.70**

RDC 03

S2323Y501644-21

# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



PRIORITY
★ MAIL ★



VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]

TO: Maria R. Hamilton
Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA. 02210



Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.