# United States Court of Appeals
# For the First Circuit
_____

## No. 24-1442

### MATTHEW-LANE HASSELL

*Plaintiff - Appellant*

v.

### DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

*Defendants - Appellees*

Appeal from a Judgment Entered by the
United States District Court for the District of New Hampshire

## BRIEF OF APPELLEES
## HON. TODD H. PREVETT, HON. MICHAEL L. ALFANO, AND HON. KERRY P. STECKOWYCH

JOHN M. FORMELLA
ATTORNEY GENERAL

ANTHONY J. GALDIERI
SOLICITOR GENERAL

By:  Nathan W. Kenison-Marvin, Bar No. 1201546
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-3650
nathan.w.kenison-marvin@doj.nh.gov

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF THE ISSUES..........................................................2

   A.   THE UNDERLYING PROCEEDINGS IN NEW HAMPSHIRE CIRCUIT COURT ....................................................................................3

   B.   MR. HASSELL'S FEDERAL LAWSUIT ...................................4

      1.   Mr. Hassell's complaint against the Judicial Defendants .........................4

      2.   The Judicial Defendants' motion to dismiss ..............................................6

      3.   The district court's dismissal of Mr. Hassell's claims against the Judicial Defendants ..............................................................................7

SUMMARY OF THE ARGUMENT ....................................................8

ARGUMENT ....................................................................................10

   I.   THE DISTRICT COURT CORRECTLY RULED THAT IT LACKED SUBJECT-MATTER JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE. ..........................................................10

   II.   THE DISTRICT COURT CORRECTLY RULED THAT THE JUDICIAL DEFENDANTS ENJOY JUDICIAL IMMUNITY AGAINST MR. HASSELL'S CLAIMS. ...................................................13

   III.   THE DISTRICT COURT CORRECTLY RULED THAT ABSTENTION UNDER THE *YOUNGER* DOCTRINE WAS APPROPRIATE. ..............15

CONCLUSION .................................................................................19

CERTIFICATE OF COMPLIANCE...................................................20

CERTIFICATE OF SERVICE ...........................................................20

# TABLE OF AUTHORITIES

## Cases

*Amadi v. Dep't of Child & Fams.*, 245 F. Supp. 3d 316 (D. Mass. 2017) .............15

*Bradley v. Fisher*, 80 U.S. 335 (1871)....................................................13

*Cleavinger v. Saxner*, 474 U.S. 193 (1985) ..........................................13

*Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) ........................................14

*Colassi v. Loop*, No. 08-cv-115-JL, 2008 U.S. Dist. LEXIS 40628
(D.N.H. May 20, 2008).........................................................................16

*Decker v. Hillsborough County Attorney's Office*, 845 F.2d 17 (1st Cir. 1988).....14

*East v. Lake County Sheriff Dep't*, Cause No. 2:14cv058 PPS JEM,
2015 U.S. Dist. LEXIS 120272 (N.D. Ind. Sept. 9, 2015) .................................12

*Eastman v. New Hampshire*, Civil No. 11-cv-316,
2012 U.S. Dist. LEXIS 15090 (D.N.H. Jan. 17, 2012) .............................. 16, 17

*Esso Standard Oil Co. v. Lopez-Feytes*, 522 F.3d 136 (1st Cir. 2008) .................15

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)...................10

*Federacion de Maestros de P.R. v. Junta de Relciones del Trabajo de P.R.*, 410
F.3d 17 (1st Cir. 2005)..........................................................................11

*Fox v. Lederman*, Case No. 17-21223-CIV-Moore/Simonton, 2018 U.S. Dist.
LEXIS 11539 (S.D. Fl. Jan. 23, 2018)...................................................11

*Henderson v. Gil*, Case No. 22-cv-332-JL, 2022 U.S. Dist. LEXIS 205503
(D.N.H. Oct. 28, 2022) .............................................................. 16, 17

*Johnson v. Salmon*, Civil Action No. 15-11781-DJC, 2016 U.S. Dist. LEXIS
73390 (D. Mass. June 2, 2016) ..........................................................11

*Klimowicz v. Deutsche Bank Nat'l Trust Co.*, 907 F.3d 61 (1st Cir. 2018) ............10

*Malachowski v. City of Keene*, 787 F.2d 704 (1st Cir. 1986)................................16

*Mandel v. Town of Orleans*, 326 F.3d 267 (1st Cir. 2003)......................................11

*Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33 (1st Cir. 2012)...............................15

*Miller v. Nichols*, 586 F.3d 53 (1st Cir. 2009)................................................ 10, 12

*Mireles v. Waco*, 502 U.S. 9 (1991)........................................................13

*Moore v. Sims*, 443 U.S. 415 (1979)........................................................15

i

*Nelson v. Sharp*, No. 22-6018, 2023 U.S. App. LEXIS 26003
(6th Cir. Sept. 29, 2023) ....................................................................11

*Phillips v. Martin*, 315 F.App'x 43 (10th Cir. 2008).............................16

*Pierson v. Ray*, 386 U.S. 547 (1967) ...................................................13

*Puiia v. New Hampshire*, Civil No. 12-cv-243-PB,
2012 U.S. Dist. LEXIS 99520 (D.N.H. July 18, 2012) ......................... 15, 17, 18

*Stump v. Sparkman*, 435 U.S. 349 (1978)...............................................13

*United States v. Zannino*, 895 F.2d 1 (1st Cir. 1990) ................................. 12, 14, 18

*Wideman v. Colorado*, 242 F.App'x 611 (10th Cir. 2007)......................16

*Younger v. Harris*, 401 U.S. 37 (1971)...................................................15

*Zenon v. Guzman*, 924 F.3d 611 (1st Cir. 2019).....................................13

## Statutes

28 U.S.C. § 1291 .......................................................................................1

42 U.S.C. § 1983 .....................................................................................13

## Rules

1st Cir. R. 30.0(d)......................................................................................3

Federal Rule of Appellate Procedure 28(a)(5).........................................2

Federal Rule of Appellate Procedure 4 ....................................................1

## JURISDICTIONAL STATEMENT

This appeal concerns the district court's lack of subject-matter jurisdiction over the action below. Defendant-appellees, New Hampshire Circuit Court judicial officers Hon. Todd. H. Prevett, Hon. Michael L. Alfano, and Hon. Kerry P. Steckowych (the "Judicial Defendants"), moved to dismiss the action on the basis that the district court lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Alternatively, the Judicial Defendants moved to dismiss on the grounds that the claims against them were barred by judicial immunity. Alternatively still, the Judicial Defendants moved for dismissal on the basis that the *Younger* doctrine counseled the district court to abstain from exercising jurisdiction over the matter. The district court agreed with each of the Judicial Defendants' arguments above, ordered the case dismissed on April 1, 2024, and entered judgment the next day.

Pursuant to Federal Rule of Appellate Procedure 4, plaintiff-appellant Matthew-Lane Hassell filed a timely notice of appeal on April 12, 2024. The Court has jurisdiction over Mr. Hassell's appeal pursuant to 28 U.S.C. § 1291 because the district court's decision is final.

## STATEMENT OF THE ISSUES

The district court dismissed the action below on the basis that: (a) under the *Rooker-Feldman* doctrine, it lacked subject-matter jurisdiction over Mr. Hassell's claims against the Judicial Defendants; (b) even if *Rooker-Feldman* did not apply, Mr. Hassell's claims against the Judicial Defendants were still barred by judicial immunity; and (c) abstention was otherwise appropriate under the *Younger* doctrine.

On appeal, Mr. Hassell has failed to set forth a statement of the issues he presents for review in accordance with Federal Rule of Appellate Procedure 28(a)(5). *See generally Appellant's Br.*[1] Based on the substance of his brief, his appeal distills down to the following three issues (only one of which this court must reach to affirm dismissal):

1. Was the district court correct in ruling that it lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine?

2. Was the district court correct in ruling that the Judicial Defendants enjoy judicial immunity against Mr. Hassell's claims?

3. Was the district court correct in ruling that abstention under the *Younger* doctrine was appropriate?

---

[1] Citations to "*Appellant's Br.*" are to the brief filed by Mr. Hassell on July 26, 2024. Pinpoint citations to *Appellant's Br.* refer to the page number assigned by this Court's electronic filing system.

## STATEMENT OF THE CASE

### A. THE UNDERLYING PROCEEDINGS IN NEW HAMPSHIRE CIRCUIT COURT

In and around 2023, Mr. Hassell was a party to child custody and support proceedings in New Hampshire Circuit Court. *See* Doc. No. 1 at 4 ¶¶ 4–7; *id*. at 6 ¶¶ 15–19.[2]

According to Mr. Hassell, at the outset of those proceedings, one of the Judicial Defendants granted defendant-appellee Devin Kimbark "sole decision making and sole residential responsibility" and issued a corresponding restraining order against Mr. Hassell on an *ex parte* basis. *See id*. at 4 ¶¶ 5–6. Mr. Hassell says that the Judicial Defendants thereafter "denied [him] evidentiary hearings," granted him "very little time with" his child, "ordered the highest amount of child support prescribed by law," and "ordered [him] to drug testing but did not do the same with [Ms. Kimbark]." *See id*. at 4–5 ¶ 7; *id*. at 6 ¶ 13. Mr. Hassell also says that these child custody and support proceedings ultimately resulted in the New Hampshire Department of Health and Human Services' Bureau of Child Support Services garnishing his wages. *See id*. at 5 ¶ 12.

Mr. Hassell believes that the Judicial Defendants' rulings in the child custody proceedings were "based upon hearsay and perjury claims with no

---

[2] Record citations herein are to the record and docket entries available through ECF as certified by the clerk of the district court. *See* 1st Cir. R. 30.0(d).

3

evidence to prove such." *Id*. at 5 ¶ 7.  Although he says he filed numerous

"unrebutted affidavits" within those proceedings, he insists that the Judicial

Defendants "repeatedly ignored" them because they were "biased and prejudiced"

against him "due to the Social Securit[y] Act."  *Id*. at 6 ¶¶ 15–17.

### B.    MR. HASSELL'S FEDERAL LAWSUIT

#### 1.    Mr. Hassell's complaint against the Judicial Defendants

Having not received his desired outcome in the Circuit Court's child custody

and support proceedings, Mr. Hassell filed the underlying civil action in the district

court on October 16, 2023.  Due to his dissatisfaction with the outcome of the

Circuit Court proceedings, Mr. Hassell set forth three claims against the Judicial

Defendants through which he "demand[ed] and instruct[ed]" the district court to

award him damages and injunctive relief.

First, in Count I of his complaint, Mr. Hassell claimed the Judicial

Defendants had "engaged in a pattern of racketeering activity in violation of" the

Racketeer Influenced and Corrupt Organizations Act, as codified at 18 U.S.C. §§

1961–1968.  *Id*. at 8.  They did so, according to Mr. Hassell, through their "orders,

requests, statements, [and] claims of the records . . . ."  *Id*.

In Count II, Mr. Hassell complained the Judicial Defendants had violated

"contractual government restrictions," *id*. at 1, as set forth in the First, Fourth,

Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, *id*. at

8–9.  With respect to the First Amendment, Mr. Hassell claimed the Judicial

Defendants "den[ied] me my right to communicate with our daughter" through

their rulings.  *Id*. at 2.  As to the Fourth Amendment, he claimed that as a result of

those rulings, he "had [his] child seized" without a warrant.  *Id*.  Under the Fifth

Amendment, Mr. Hassell appeared to claim that the Judicial Defendants' rulings

"denied [him] fair and equal access to [his] daughter due to a fraudulent and

criminal denial of due process . . . ."  *Id*.  As to the Ninth Amendment, Mr. Hassell

claimed that those same rulings denied him his "prerogative rights" for his child's

"care and upbringing."  *Id*. at 3.  And with respect to his Fourteenth Amendment

claim, Mr. Hassell asserted that the Judicial Defendants violated the equal

protection clause by not granting him equal custody of his child, as "[t]he very first

thing a judge should do is order equal custody of any and all minor children until

such time as either party withdraws their rights and their interests to the minor

child(ren)."  *Id*.

Finally, in Count III, Mr. Hassell claimed the Judicial Defendants violated

numerous provisions of the New Hampshire Constitution as well as a variety of

New Hampshire statutes.  *See id*. at 9 (listing constitutional provisions); *see also*

*id*. at 3 (listing statutes); *id.* at 11 (listing statutes in Prayer G(iv)).

## 2. The Judicial Defendants' motion to dismiss

On December 8, 2023, the Judicial Defendants moved to dismiss Mr. Hassell's federal claims against them on three grounds.[3]  *See* Doc. No. 14 (motion to dismiss); Doc. No 14-1 (memorandum in support of motion to dismiss).

First, they argued that Mr. Hassell's complaint failed to invoke the district court's subject-matter jurisdiction under the *Rooker-Feldman* doctrine.  *See* Doc. No. 14-1 at 6–8.  They alternatively argued that Mr. Hassell's claims were barred by judicial and sovereign immunity.  *See id*. at 8–12.  The Judicial Defendants also argued that even if the *Rooker-Feldman* and immunity doctrines did not apply, the *Younger* doctrine still required the district court to abstain from exercising jurisdiction over Mr. Hassell's claims to extent the injunctive relief he sought would have interfered with enforcement of the Circuit Court's child custody and support orders.  *See id*. at 12–15.

Mr. Hassell filed a timely response to the Judicial Defendants' motion to dismiss.  *See* Doc. No. 17.

---

[3] With respect to Mr. Hassell's state law claims, the Judicial Defendants asked the district court to decline exercising supplemental jurisdiction over such claims.  *See* Doc. No. 14-1 at 15–16.

### 3. The district court's dismissal of Mr. Hassell's claims against the Judicial Defendants

By Report and Recommendation of February 14, 2024, the district court's magistrate judge (*Johnstone*, M.J.) recommended granting the Judicial Defendants' motion to dismiss on three alternative grounds. *See* Doc. No. 19. Upon careful analysis of Mr. Hassell's complaint, the magistrate judge explained: (1) why Mr. Hassell's claims were subject to dismissal pursuant to the *Rooker-Felman* doctrine, *see id.* at 6–7; (2) why judicial immunity barred Mr. Hassell's claims against the Judicial Defendants, *see id.* at 7–8; and (3) why abstention pursuant *Younger* was otherwise appropriate and necessary, *see id.* at 8–9.

Upon due consideration of the magistrate judge's analysis, the district judge (*Laplante*, J.) approved the dismissal recommendation by order of April 1, 2024. *See* Doc. No. 23. The next day, the clerk of court entered judgment in accordance therewith and closed the case. *See* Doc. No. 24. This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court dismissed Mr. Hassell's action against the Judicial Defendants on three alternative grounds: (1) the district court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine; (2) judicial immunity otherwise barred Mr. Hassell's claims; and (3) the *Younger* doctrine otherwise called for the district court to abstain from exercising jurisdiction.

Mr. Hassell does not specifically challenge any of these rulings on appeal. Instead, he generically insists that this Court must reverse the dismissal below because it is "clear to [him] (or any reasonable individual)" that the district court's judicial officers and the New Hampshire Attorney General's Office are "in conspiracy (co-conspirators) with the Defendants." *Appellant's Br.* at 42–43.

Because Mr. Hassell has not raised any specific claims of error with respect to the district court's *Rooker-Feldman*, judicial immunity, and *Younger* abstention rulings, he has waived any argument of error with respect to those rulings. On this basis alone, the district court's judgment should be affirmed.

However, even if Mr. Hassell had argued that each of the district court's respective rulings was in error, any argument he would have raised would have been meritless. The district court properly applied the *Rooker Feldman* doctrine, which bars disappointed state court litigants like Mr. Hassell from asking a federal

district court to review and reject state court judgments like those issued in child custody and support proceedings. The district court likewise properly recognized that judicial immunity applied to Mr. Hassell's claims for relief against judicial officers where his claims were grounded in allegations about decisions those judicial officers made in proceedings that were clearly within their jurisdiction. Finally, in applying the *Younger* doctrine, the district court properly concluded abstention was appropriate where Mr. Hassel was seeking relief that would interfere with an ongoing state judicial proceeding that involved important state interests and that provided Mr. Hassell with adequate opportunity to advance any federal constitutional concerns that he harbored.

For these reasons, and as further explained below, this Court should affirm the judgment entered by the district court.

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY RULED THAT IT LACKED SUBJECT-MATTER JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE.

"The *Rooker-Feldman* doctrine preserves the [United States] Supreme Court's exclusive jurisdiction over appeals from final state-court judgments by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court." *Klimowicz v. Deutsche Bank Nat'l Trust Co.*, 907 F.3d 61, 64–65 (1st Cir. 2018) (internal quotation and citations omitted).

"Specifically, the doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292 (2005)). Thus, "*Rooker-Feldman* bars jurisdiction whenever 'parties who lost in state court seek review and rejection of that judgment in federal court.'" *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009).

Put another way, "if federal litigation is initiated after state proceedings have ended, and the plaintiff *implicitly or explicitly* seeks review and rejection of the state judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under *Rooker-Feldman*, the federal courts lack jurisdiction." *Federacion de Maestros de P.R. v.*

*Junta de Relciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005) (italics added; internal quotation and brackets omitted).

State proceedings have "ended" for purposes of *Rooker-Feldman* "[a]s long as a state-court suit has reached a point where neither party seeks further action in that suit . . . ." *Klimowicz*, 907 F.3d at 65. It as at this point that "the state proceedings are considered ended and the judgment is deemed sufficiently final to trigger the *Rooker-Feldman* doctrine." *Id*.

Thus, as this Court has observed, *Rooker-Feldman* prevents parents like Mr. Hassell from attempting to invalidate state court child custody orders through civil actions in federal district court. *See Mandel v. Town of Orleans*, 326 F.3d 267, 271–272 (1st Cir. 2003) (applying *Rooker-Feldman* to vacate a preliminary injunction order concerning child custody). Other federal courts have observed the same. *See, e.g.*, *Nelson v. Sharp*, No. 22-6018, 2023 U.S. App. LEXIS 26003, at *5–6 (6th Cir. Sept. 29, 2023) (ruling that *Rooker-Feldman* supported the district court's dismissal of claims where "[t]he plaintiffs alleged that [the state circuit court judge's] orders violated their constitutional rights and sought a declaration voiding the [state circuit court's] orders and returning the children to their care and custody"); *Fox v. Lederman*, Case No. 17-21223-CIV-Moore/Simonton*, 2018 U.S. Dist. LEXIS 11539, at *8 (S.D. Fl. Jan. 23, 2018) (recognizing that "[t]he Eleventh Circuit has consistently applied the *Rooker-Feldman* doctrine to suits challenging

child custody rulings made by state courts); *Johnson v. Salmon*, Civil Action No. 15-11781-DJC, 2016 U.S. Dist. LEXIS 73390, at *8–9 (D. Mass. June 2, 2016) (concluding that under *Rooker-Feldman*, the court lacked jurisdiction over claims that "necessarily would require this Court to delve into the validity of the California [superior court] and Massachusetts [probate court] orders" pertaining to child custody); *East v. Lake County Sheriff Dep't*, Cause No. 2:14cv058 PPS JEM, 2015 U.S. Dist. LEXIS 120272, at *11–12 (N.D. Ind. Sept. 9, 2015) (ruling that *Rooker-Feldman* barred the court from considering claims of injury relating to state superior court custody order).

For these reasons—and as the district court correctly ruled—Mr. Hassell's federal action against the Judicial Defendants amounted to no more than "an effort to do an end run around the state court's judgment," *Miller*, 586 F.3d at 59, and it was therefore barred by *Rooker-Feldman*.

Notably, Mr. Hassell does not appear to genuinely challenge the district court's ruling with respect to the application of *Rooker-Feldman*, as he neither makes argument nor cites authority regarding the doctrine in his principal brief. He has accordingly waived any claim of error related to the dismissal of his action pursuant to *Rooker-Feldman*. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (arguments not raised on appeal are deemed waived).

## II.     THE DISTRICT COURT CORRECTLY RULED THAT THE JUDICIAL DEFENDANTS ENJOY JUDICIAL IMMUNITY AGAINST MR. HASSELL'S CLAIMS.

"[A] general principle of the highest importance to the proper administration of justice" is that "judicial officer[s], in exercising the authority vested in [them], should be free to act upon [their] own convictions, without apprehension of personal consequences to [themselves]." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Indeed, it is widely recognized that "[p]ermitting judges to be questioned on their rulings . . . would lead to 'continual calumniation' and nothing short of the 'subversion of all justice.'" *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (quoting *Bradley*).

Accordingly, judicial officers have long been granted immunity against actions for damages arising out of their judicial acts. *See Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (observing that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction") (quoting *Pierson v. Ray*, 386 U.S. 547, 553–554 (1967)). Federal actions for injunctive relief against state judicial officers are also barred by judicial immunity, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

The immunity afforded judicial officers is a broad "immunity from suit" that is "not overcome by allegations of bad faith or malice, the existence of which

ordinarily cannot be resolved without engaging in discovery and eventual trial."

*Mireles v. Waco*, 502 U.S. 9, 11 (1991). As such, "[a] judge will not be deprived

of immunity because the action he took was in error, was done maliciously, or was

in excess of his authority[.]" *Stump*, 435 U.S. at 357. Instead, the immunity gives

way only when the judicial officer "acted in the clear absence of all jurisdiction."

*Id*.

As the district court correctly recognized, Mr. Hassell's well-pleaded

allegations and claims against the Judicial Defendants related exclusively to the

Judicial Defendants' rulings on various matters in the child custody and support

proceedings over which they were duly presiding as judicial officers. Because

those judicial rulings were well within the scope of the Judicial Defendants'

normal judicial duties, judicial immunity unquestionably barred Mr. Hassell's

claims. *Cf. Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (ruling that judicial

officer was "absolutely immune" from suit where plaintiff "failed to plead either

absence of jurisdiction or that any of the judge's acts were not judicial in nature");

*Decker v. Hillsborough County Attorney's Office*, 845 F.2d 17, 21 (1st Cir. 1988)

("[R]egardless of whether the rulings Justice Dalianis made in the course of those

proceedings were right or wrong, Justice Dalianis is entitled to absolute immunity

from damages liability.").

Once again, Mr. Hassell does not genuinely appear to challenge the district court's ruling with respect to judicial immunity as he has failed to develop any reasoned argument with respect to this ruling in his brief. He has thus waived any claim of error with respect to this ruling as well. *See Zannino*, 895 F.2d at 17.

## III. THE DISTRICT COURT CORRECTLY RULED THAT ABSTENTION UNDER THE *YOUNGER* DOCTRINE WAS APPROPRIATE.

"The doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), creates an exception to the general rule that 'federal courts must exercise their jurisdiction and decide cases brought before them.'" *Puiia v. New Hampshire*, Civil No. 12-cv-243-PB, 2012 U.S. Dist. LEXIS 99520, at *5 (D.N.H. July 18, 2012) (*McCafferty*, M.J.) (quoting *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 40 (1st Cir. 2012)), *report and recommendation approved*, 2012 U.S. Dist. LEXIS 109417 (D.N.H. Aug. 6, 2012) (*Barbadoro*, J.). In general terms, the doctrine "counsels federal-court abstention when there is a pending state proceeding." *Amadi v. Dep't of Child & Fams.*, 245 F. Supp. 3d 316, 320 (D. Mass. 2017) (quoting *Moore v. Sims*, 443 U.S. 415, 423 (1979)).

More specifically, "[t]he *Younger* doctrine generally requires a federal court to abstain from hearing a case 'when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance

his federal constitutional challenge.'" *Puiia*, 2012 U.S. Dist. LEXIS 99520, at \*5 (quoting *Mass. Delivery*, 671 F.3d at 40).  This is because "[i]n the absence of extraordinary circumstances, interests of comity and the respect for state processes demand that federal courts should abstain from interfering with ongoing state judicial proceedings."  *Id*. (quoting *Esso Standard Oil Co. v. Lopez-Feytes*, 522 F.3d 136, 143 (1st Cir. 2008)).

"A child custody proceeding implicates important state interests and is likely to provide [the plaintiff] with a fair opportunity to raise his federal defenses" such that "if the child custody matter is ongoing, abstention is likely appropriate . . . pursuant to the *Younger* doctrine."  *Henderson v. Gil*, Case No. 22-cv-332-JL, 2022 U.S. Dist. LEXIS 205503, at \*8–9 (D.N.H. Oct. 28, 2022) (*Johnstone*, M.J.), *report and recommendation approved*, 2022 U.S. Dist. LEXIS 204623 (D.N.H. Nov. 10, 2022) (*LaPlante*, J.).  As such, "[t]he *Younger* abstention doctrine has been applied by courts to deny requests by federal plaintiffs for injunctions staying state court family law proceedings."  *Eastman v. New Hampshire*, Civil No. 11-cv-316, 2012 U.S. Dist. LEXIS 15090, at \*8 (D.N.H. Jan. 17, 2012) (*McCafferty*, M.J.), *report and recommendation approved*, 2012 U.S. Dist. LEXIS 15091 (D.N.H. Feb. 8, 2012) (*McAuliffe*, J.); *see Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) ("the fact that family law is at issue . . . makes abstention particularly appropriate") (internal quotations and citations omitted); *Colassi v.*

*Loop*, No. 08-cv-115-JL, 2008 U.S. Dist. LEXIS 40628, at *2–3 (D.N.H. May 20, 2008) (applying *Younger* to abstain from intervening in state court proceedings involving child custody); *Phillips v. Martin*, 315 F.App'x 43, 44 (10th Cir. 2008) (finding abstention under *Younger* appropriate where plaintiff sought to enjoin ongoing state court child support enforcement proceedings); *Wideman v. Colorado*, 242 F.App'x 611, 614 (10th Cir. 2007) (ruling that *Younger* abstention was appropriate to bar federal suit seeking interference with ongoing state court child custody and support action).

Applying these principles, the district court correctly ruled that the *Younger* doctrine called for it to abstain from exercising jurisdiction over Mr. Hassell's claims.

Specifically, Mr. Hassell was seeking injunctive relief granting him, *inter alia*, "immediate 50/50 custody" of his child, *see* Doc. No. 1 at 10 (Prayer A), "equal decision making responsibilities of child daycare and school and medical care," *see id*. (Prayer B), immediate relief from wage garnishment, *see id*. (Prayer C), and a prohibition against any "State judge . . . mak[ing] any order in family court other than 50/50 equal custody," *see id*. (Prayer D). Such relief, on its face, would interfere with ongoing determinations of parental rights and responsibilities in the Circuit Court's proceedings as it would have undermined the Circuit Court's ability to enforce its orders in those proceedings. *See Puiia*, 2012 U.S. Dist.

LEXIS 99520, at *6 (explaining that "*Younger* applies where the fundamental workings of the state's judicial system (like its method of enforcing judgments) is put at risk by the relief asked of the federal court") (internal ellipsis and brackets omitted).  Such proceedings, meanwhile, are commonly recognized to "implicate important state interests."  *See Henderson*, 2022 U.S. Dist. LEXIS 205503, at *8–9; *Eastman*, 2012 U.S. Dist. LEXIS 15090, at *8.  Finally, Mr. Hassell provided the district court with no reason to believe that he lacked a fair opportunity to raise any federal constitutional argument related to the Circuit Court's proceedings in state court.  *See Puiia*, 2012 U.S. Dist. LEXIS 99520, at *10 (explaining that "[f]or *Younger* purposes, all that matters is that the state proceedings give an opportunity to make a constitutional argument") (quotation omitted).

Because Mr. Hassell's principal brief sets forth no argument that the district court erred in applying *Younger*, he has waived the ability to challenge this ruling too.  *See Zannino*, 895 F.2d at 17.

## CONCLUSION

Based on the foregoing, the judgment of the district court should be affirmed.

Respectfully submitted,

The Hon. TODD H. PREVETT
The Hon. MICHAEL L. ALFANO
The Hon. KERRY P. STECKOWYCH

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

ANTHONY J. GALDIERI
SOLICTOR GENERAL

*/s/ Nathan W. Kenison-Marvin*
Nathan Kenison-Marvin, Bar No. 1201546
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301-6397
(603) 271-3650
nathan.w.kenison-marvin@doj.nh.gov

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief contains 3787 words.

2.      This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 with 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, I served copies of the Brief of Appellees on all parties of record by way of this Court's electronic filing system.

*/s/ Nathan W. Kenison-Marvin*
Nathan W. Kenison