# 24-1442

# United States Court of Appeals
for the First Circuit

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants — Appellees.

WRIT OF ERROR from a Judgment Entered by the
United States District Court for the District of New Hampshire

**OBJECTION TO ORDER Entered: October 2, 2024
TODD H. PREVETT, MICHAEL L. ALFANO, KERRY P. STECKOWYCH**

JUDICIAL NOTICE FEDERAL RULE OF EVIDENCE 201(c)(2)

DEMAND FOR JUDGMENT PURSUANT TO FED. R. CIV. P. 54(c)

Matthew-Lane: Hassell

20 Arlington St. Unit D

Nashua, New Hampshire [03060]

(603) 231-0844

mhas191@yahoo.com

Propria Persona Sui Juris

Page 1

# **LET THE COURT RECORD, REFLECT AND MEMORIALIZE:**

All of Mr. Hassell's "paperwork", in the entirety of this matter, is to be entered into the Court Record and the Appellate Court Record, as well as the Public Record, at each of those levels forthwith.

Every Civil Officer of the United States has an Oath of Office to support and defend the Constitution of the United States against all enemies, foreign and domestic; pursuant to Article VI, Clause 3: *The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;* and pursuant to 5 U.S.C. § 3331 "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God." .

All Civil Officers of the United States and of the several states are hereby put on "NOTICE" to honor your Oath to support and defend the Constitution of the United States, in the entirety of this matter, against all enemies, foreign and

domestic or you are committing the crime of perjury upon your Oath, should you refuse to do so, willfully or negligently is not the matter of the breach.

Let it be "JUDICIALLY NOTICED" pursuant to Federal Rules of Evidence 201(c)(2), none of Mr. Hassell's Motions, to include but is not limited to; "MOTIONS FOR AFFIRMATIVE RELIEF" pursuant to Fed. R. App. P. 27(a)(3)(B) and Fed. R. App. P. 27(a)(4) and "MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW", in the District Court or First Circuit Court of Appeals have been answered by any of the Defendant(s) (judicial or otherwise). Ipso facto, therefore, by default, pursuant to Fed. R. Civ. P 55(a) all of the aforementioned Motions must be entered by the clerk in favor of Mr. Hassell, pursuant to Fed. R. Civ. P. 50(a)(2) and Fed. R. Civ. P. 56(a).

Mr. Hassell demands default judgments and affirmative relief and injunctive relief against all Appellees pursuant to Fed. R. Civ. P. 54(c). This ought to be an end of Mr. Hassell's lawsuit. It concerns the commonwealth that there be an end to Mr. Hassell's lawsuit, in his favor. It is for the public good that there be an end of this vexatious litigation in Mr. Hassell's favor.

Based upon Article IV Section 4 of the U.S. Constitution guarantees every state a republican form of government which includes protection of fundamental rights. The Judiciary is responsible for ensuring unimpeded access to the Courts. A Republican form of government demands that the Courts be open and

accessible, without arbitrary or unreasonable barriers, such as the judiciary being unresponsive to Mr. Hassell filing(s) and yet responsive in favor of the government defendants in reversing default judgments.

Blocking such access (answering/ entering default judgments) of Mr. Hassell filings, by the Courts, in favor of the government defendants, undermines the republican form of government and violates the U.S. Constitution.

Furthermore, Mr. Hassell OBJECT'S to the Courts ORDER, Entered: October 2, 2024, on the grounds on file, see Case: 24-1442, Document: 00118192418, Date Filed: 09/19/2024, Entry ID: 6669002.

The filed opposed motion for "leave to file answering brief and to be heard at any oral argument" is merely a claim of good cause, there is no good cause "shown". It is a maxim of law "none is credited unless he is sworn." "No one is believed in court but upon his oath." "An act of the court shall oppress no one."

The act (ORDER) of the court in favor of granting the aforementioned "opposed motion", without granting, or acknowledging Mr. Hassell's relief sought (subpoena, see Case: 24-1442, Document: 00118192418, Date Filed: 09/19/2024, Entry ID: 6669002 Pg. 6-7, Points 13-15.), that is to be outcome determinative to Mr. Hassell's reply brief, is a delay of justice. To delay justice, is to deny justice and injures Mr. Hassell.

The opposed motion for leave to file answering brief and to be heard at any oral argument, did not, with clarity, show who, if any, actually had a medical issue or any "particularity of law" as stated by Judge Todd H. Prevett (State actor in *State Action*), to Mr. Hassell when he missed the first hearing on the 30th of November, 2022, which was the initial injury to Mr. Hassell, by and through "*State Action*", violating the Fifth and Fourteenth Amendments of due process of law and Fourteenth Amendment depriving Mr. Hassell of equal protection (fair and equal access) of the minor child.

There is more than one representative within the Office of the New Hampshire Attorney General for the defendants. I ask the Court to clarify on and for the record; How can a short term illness (no more than a few days), excuse two weeks of failure to timely file, when more than one representative can timely file?

I ask the court to clarify, on and for the record; How can an unverified, hearsay claim, with no clarity as to who, if any representative for the defendants, being there is more than one, had a medical issue, be good cause "shown" to the relief requested?

For the reasons and questions stated above Mr. Hassell timely moves to "OBJECT" to the ORDER Entered: October 2, 2024 and prays this honorable court honors the relief below.

## RELIEF SOUGHT:

Plaintiff Matthew-Lane: Hassell prays for the following relief pursuant to Fed. R. Civ. P. 54(c);

A. Strike from the record the Judicial Defendants answering brief & to be heard at any oral argument;

B. This honorable Court declare (declaratory judgment) pursuant to Fed. R. Civ. P. 57 and memorialize and give relief from the below mentioned judgments pursuant to Fed. R. Civ. P. 60 (inclusive) (b)(4) and Fed. R. Civ. P. 60(d)(3) and Fed. R. Civ. P. 60(b)(6), the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction which include; 10th Circuit - Family Division - Derry and the 9th Circuit - Family Division - Manchester, a Nullity (void ab initio). The orders were not properly authenticated and therefore have no governmental force of law;

C. Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21) and modify and/ or reverse judgment in Plaintiff's favor with a direction that a money judgment be entered in the district court pursuant to Fed. R. App. P. 37(b);

D. Honor and grant Petitioner immediate injunctive relief of 50/50 custodial grantorship of the minor child with retroactive custodial parenting time to

start immediately (to include but not limited to one hundred thirty three (133) days Plaintiff was deprived contact with minor child PH from the 12th of November, 2022 till the 25th of March, 2023 and two (2), two (2) hours weekend days supervised visitation only from the 25th of March, 2023 till current;

E. Order both parties enjoy equal decision making responsibilities of child daycare and school and medical care, etc., and each party is to reimburse the other party for agreed upon out-of-pocket expenses;

F. Order a subpoena, pursuant to Title 28 § 1361 and *U.S. v. Lang* 792 F.2d 1235 (4th Cir. 1986) and *OKLAHOMA PRESS PUB. CO. vs. WALLING, Adm'r, Wage and Hour Division, U.S. Department of Labor 66 S.Ct. 494* [NEWS PRINTING CO., Inc., vs. SAME] (1946) compelling the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES to fully and completely comply with Mr. Hassell's Freedom of Information Act request/demand, Case: 24-1442 Document: 00118192418 Page: 18-58 Date Filed: 09/19/2024 Entry ID: 6669002;

G. Order injunctive relief of an immediate Cease and Desist to the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES et al, (administrative agency) wage garnishment and arrearages being enforced against Petitioner and an

immediate return of all wages and arrearages unlawfully collected; The Defendants have never proven I volunteered because I did not volunteer and therefore I am entitled to such relief and remedy in regards to the Social Security Act, including but not limited to; Title IV- A, SEC. 403. [42 U.S.C. § 603] (a) GRANTS.— (2)(A), (I), (BB).

    H.    Plaintiff is requesting an amount in excess of Seventy Five Thousand Dollars;

    I.    Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 (undisputed)) amount in excess of Seventy Five Thousand Dollars as damages.

    a.    The 3 Judges (Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych) shall each be sanctioned with the following violations;

    i.    For violating their (Judicial Defendant's) oath of office and employment contract and authority. In failing to defend and protect the U.S. Constitution and the New Hampshire Constitution and thereby injuring Plaintiff;

    ii.    For violations of the U.S. Constitution and denying Plaintiff due process of law (5th Amendment) and equal protection under the law (14th Amendment), I demand their (Judicial Defendant's) employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

iii. For violations of New Hampshire Constitution, Part I, Articles, 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge (Judicial Defendant's) and in accordance with 15 U.S.C. § 1 and § 2 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

iv. For Federal and State Law violations Todd H. Prevett and Michael L. Alfano and Kerry P. Steckowych are to be sanctioned to the full extent of the law, as prescribed by state and federal laws,

I. Devin Aileen Kimbark is to be sanctioned and Default Judgment entered pursuant to Fed. R. Civ. P 55(a) and Fed. R. App. P. 37(b) and Fed. R. Civ. P. 50(a)(2) for failure to respond to MOTION FOR AFFIRMATIVE RELIEF and FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

J. Cheryl L. Kimbark is to be sanctioned and Default Judgment entered pursuant to Fed. R. Civ. P 55(a) and Fed. R. App. P. 37(b) and Fed. R. Civ. P. 50(a)(2) for failure to respond to MOTION FOR AFFIRMATIVE RELIEF and FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.

K. Mark Edward Kimbark is to be sanctioned and Default Judgment entered pursuant to Fed. R. Civ. P 55(a) and Fed. R. App. P. 37(b) and Fed. R. Civ.

P. 50(a)(2) for failure to respond to MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.

L.   Under Fed. R. Civ. P. 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

All Rights Reserved (to include but is not limited to appeal) always and forever more, without prejudice U.C.C. 1-308.

VOID WHERE PROHIBITED BY LAW

_____ Dated: 6th of October, 2024
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

State of: New Hampshire
County of: Hillsboro
The forgoing document was acknowledged before me 6th day of October, 2024

_____, Notary Public
My Commission Expires: 4-7-26

DEBRA A FILLEBROWN
Notary Public - New Hampshire
My Commission Expires Apr 7, 2026

Page 10

## CERTIFICATE OF COMPLIANCE AND SERVICE:

I certify that a copy of the above mentioned APPELLANTS' OBJECTION TO ORDER Entered: October 2, 2024 and JUDICIAL NOTICE and DEMAND FOR JUDGMENT (word count 2,045 words, typeface Times New Roman 14 point) has been sent by USPS mail to Devin Aileen Kimbark and Cheryl L. Kimbark and Mark Edward Kimbark and The Office of New Hampshire Attorney General Nathan W. Kenison-Marvin and/ or John M. formella.

_Matthew-Lane: Hassell_ Dated: 6th of October, 2024
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## NOTARY PUBLIC

State _New Hampshire_  County _Hillsborough_

Subscribed and sworn to, before me, a Notary Public the above signed Matthew-Lane: Hassell. This _6th_ day of _October_ year _2024_.

Notary Public _[signature]_

MY COMMISSION EXPIRES: _4.7.26_

DEBRA A FILLEBROWN
Notary Public - New Hampshire
My Commission Expires Apr 7, 2026



ed delivery date specified for domestic use.

stic shipments include $100 of insurance (restrictions apply).*

Tracking™ service included for domestic and many international destinations.

d international insurance.**

used internationally, a customs declaration form is required.

does not cover certain items. For details regarding claims exclusions see the
Mail Manual at *http://pe.usps.com*.

ernational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

AT RATE ENVELOPE

ATE ▪ ANY WEIGHT

ACKED ▪ INSURED



PS0001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



FROM:

FROM: Matthew-Lane; Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]

TO: Clerk of Court
1st Circuit Court of Appeals
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE