# 24-1442

# United States Court of Appeals
## for the First Circuit

John Joseph Moakley

U.S. Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-9057

RECEIVED FOR FILING
CLERK'S OFFICE

2024 OCT 21 P 2:49

U.S. COURT OF APPEALS
FOR THE FIRST CIRCUIT

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E.
KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L.
ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

WRIT OF ERROR from a Judgment Entered by the
United States District Court for the District of New Hampshire

## APPELLANTS' REPLY TO APPELLEE'S BRIEF
### TODD H. PREVETT, MICHAEL L. ALFANO, KERRY P. STECKOWYCH

Matthew-Lane: Hassell

20 Arlington St. Unit D

Nashua, New Hampshire [03060]

(603) 231-0844

mhas191@yahoo.com

Propria Persona Sui Juris

# TABLE OF CONTENTS

DECLARATION/INTRODUCTION……………………………….....Pg. 1

REPLY TO APPELLEE'S JURISDICTION STATEMENT Pg. 1…...Pg. 1-2

REPLY TO APPELLEE'S STATEMENT OF THE ISSUES Pg. 2....Pg. 2-24

**I.** **This case is an ideal vehicle to provide guidance on the application of the First Amendment to Petition the Government for redress of grievances.**

     **A.** Beyond the specific split discussed, this case implicates the constitutional status of redress of grievances. This case offers an ideal vehicle for the Court to grant Mr. Hassell's Writ of Error and to make clear that redress of government is entitled to full First Amendment protection.
……………………………………………………………….Pg. 10-11

     **B.** Even apart from the broader context, the specific questions raised by this Petition also merit this Court's review, and this case provides an ideal vehicle to resolve them. ..……………………………….Pg. 11-12

**II.** **This case is an ideal vehicle to provide guidance on the application of Due Process of Law within the meaning of the Fifth and Fourteenth Amendments, even in State Courts.**

     **A.** The District Court split with U.S. Supreme Court decisions, and deepened an existing circuit split, over the standard to determine when a civil officer is accountable to suit and the law.

     **i.** The District Court decision split with *Stump v. Sparkman,* id., 435 U.S. 349 (1978). …………………………………………………….Pg. 12-14

**B.** The District Court is not alone in misconstruing and/ or misunderstanding, some would argue this is done with forethought and malice, that the duty of the federal judiciary in regard to scrutiny, that must be given within reach of due process and/or equal protection clauses of the Fifth and Fourteenth Amendments. The government bears a heavy evidentiary burden to prove that its laws or findings of facts within the judiciary are narrowly tailored and not broad reaching and ambiguous. ...............................................................................Pg. 14

**III.    This case is an ideal vehicle to provide guidance on the application of Equal Protection Under the Law within the meaning of the Fourteenth Amendment, even in State Courts.**

**A.** The District Court split with U.S. Supreme Court precedence and deepened an existing circuit split over whether the government is required to prove, with evidence, that judicial immunity exists.

**i.** The decision below split with the U.S. Supreme Court's precedents. ..................................................Pg. 14-16

**B.** The District Court decision deepens a split of authority about the role of evidence. ...........................................Pg. 17

**IV.    This case is an ideal vehicle to provide protections and guidance of the Fifth and Fourteenth Amendments in State Action, even against private individuals. See Doc. Nos. 21 and 21-1 all inclusive.**

**A.** *State Action* Doctrine ......................................Pg. 17-24

**B.** Finally, this case is an ideal vehicle in which to resolve these questions. .....................................................Pg. 24

REPLY TO APPELLEES STATEMENT OF THE CASE Pg. 3-7...Pg. 24-27

    A. THE UNDERLYING PROCEEDINGS IN NEW HAMPSHIRE

       CIRCUIT COURT Pg. 3-4 …...……………………………Pg. 24

    B. MR. HASSELL'S FEDERAL LAWSUIT Pg. 4-5

       1. Mr. Hassell's complaint against the judicial defendants …Pg. 25-26

       2. The Judicial Defendants' motion to dismiss Pg. 6 ….………Pg. 26

       3. The district court's dismissal of Mr. Hassell's claims against the

         judicial defendants pg. 7...……………………………........Pg. 26-27

REPLY TO APPELLEES SUMMARY OF THE ARGUMENT Pg. 8-9

………..…………………………………………………………Pg. 27-28

    Appellant's Reply to Appellee's ARGUMENT pg. 10-12

I.     THE DISTRICT COURT CORRECTLY RULED THAT IT

LACKED SUBJECT-MATTER JURISDICTION UNDER THE

*ROOKER-FELDMAN* DOCTRINE.………………………………Pg. 28-29

II.    THE DISTRICT COURT CORRECTLY RULED THAT THE

JUDICIAL DEFENDANTS ENJOY JUDICIAL IMMUNITY AGAINST

MR. HASSELL'S CLAIMS. Pg. 13-15 …………………………Pg. 29-31

III.   THE DISTRICT COURT CORRECTLY RULED THAT

ABSTENTION UNDER THE *YOUNGER* DOCTRINE WAS

APPROPRIATE Pg. 15-18 ……………………………………...Pg. 29-31

CONCLUSION ……………………………………………………..Pg. 31

RELIEF SOUGHT ...………………………………………………….Pg. 32-36

CERTIFICATE OF COMPLIANCE AND SERVICE ……………...…Pg. 37

**U.S. SUPREME COURT AND FEDERAL COURT CASES:**

*Brennan v. Brennan,* 454 A 2d 901, (1982). …..…………………………Pg. 6.

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S.

837 (1984) ………………………………..…………………Pg. 11-12.

*Fantony v. Fantony,* 122 A 2d 593, (1956); ……………………………Pg. 6.

*LOPER BRIGHT ENTERPRISES ET AL. v. RAIMONDO, SECRETARY OF*

*COMMERCE, ET AL.* (No. 22–451. Argued January 17, 2024—Decided

June 28, 2024), …………………………………………………..Pg. 8, 11.

*Marbury v. Madison* 5 US 137 (1803), …………………………...Pg. 8.

*McNally v. U.S.,* 483 U.S. 350 (1987). …………………………………Pg. 5.

*Norton v Shelby County,* 118 U.S. 425 (1886) …………………………Pg. 23.

*Pulliam v. Allen,* 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, ….Pg. 8

*Scheuer v. Rhodes,* 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) ………..Pg. 5.

*SECURITIES AND EXCHANGE COMMISSION v. JARKESY ET AL.* (No.

22–859. Argued November 29, 2023—Decided June 27, 2024), ….Pg. 17.

*Stump v. Sparkman, id.,* 435 U.S. 349 (1978) ……………...Pg. 8, 12, 13, 14.

*TRUMP v. UNITED STATES* (No. 23–939. Argued April 25, 2024—

Decided July 1, 2024) ……………………………………………Pg. 17.

*U.S. v Holzer,* 816 F.2d. 304, 307 (1987). …………………………...Pg. 5.

*Warnock v. Pecos County, Texas,* 88 F3d 341 (5th Cir. 1996) ………..Pg. 26.

*Wise v. Bravo,* 666 F.2d 1328 (1981) …………………………...Pg. 6, 9.

**U.S. CONSTITUTION:**

First Amendment …………………………………...Pg. 3, 10, 14, 25, 26, 30.

Fourth Amendment ………………………………………………...Pg. 25.

Fifth Amendment …………………...Pg. 3, 12, 13, 17, 18, 22, 24, 25, 32, 34.

Seventh Amendment ……………………………………………...Pg. 3, 17.

Ninth Amendment ……………………………………………Pg. 6, 25.

Eleventh Amendment ……………………………………Pg. 26.

Fourteenth Amendment …Pg. 3, 4, 6, 12, 13, 14, 17, 18, 20, 21, 22, 24, 25, 32, 34.

Article III ……………………………………………...Pg. 15.

## NEW HAMPSHIRE CONSTITUTION: PART I:

Article 2, …………………………………………………Pg. 34.

Article 4, …………………………………………………Pg. 34.

Article 15, ………………………………………………..Pg. 34.

## UNITED STATES CODES:

15 U.S.C. § 1 ……………………………………………Pg. 35.

15 U.S.C. § 2 ……………………………………………Pg. 35.

18 U.S.C. § 241 ………………………………………...Pg. 5.

18 U.S.C. § 242 ………………………………………...Pg. 5.

28 U.S.C. § 636 (b)(1)(A) ……………………………Pg. 27.

28 U.S.C. § 1331 ……………………………………….Pg. 1.

## FEDERAL RULES OF APPELLATE PROCEDURE:

Fed. R. App. P. 37(b); …………………………………Pg. 35.

## FEDERAL RULES OF CIVIL PROCEDURE:

Fed. R. Civ. P. 11 …………………………………........ 36.

Fed. R. Civ. P. 72(b)(3) ……………………………......Pg. 3.

Fed. R. Civ. P. 38(a) …………………………………..Pg. 3.

Fed. R. Civ. P. 39(a) …………………………………...Pg. 3.

Fed. R. Civ. P. 50(a)(2) ……………………………………..Pg. 35.

Fed. R. Civ. P. 54(c) ………………………………………..Pg. 32.

Fed. R. Civ. P 55(a) ………………………………………..Pg. 35.

Fed. R. Civ. P. 57 ……………………………………………Pg. 32.

Fed. R. Civ. P. 60 (inclusive) (b)(4) ……………………….Pg. 32.

Fed. R. Civ. P. 60(d)(3) and 60(b)(6) ……………………….Pg. 32.

## UNIFORM COMMERCIAL CODE:

U.C.C. 1-308 …………………………………………….Pg. 36.

## MISCELLANEOUS:

Judiciary Act of 1789 …………………………………….Pg. 2.

Judicial Improvement Act of 1990 (Public Law 101-650 (inclusive) § 473

    (a)(6)) ……………………………………………Pg. 15.

Social Security Act (inclusive) Title IV-A, Sᴇᴄ. 403. [42 U.S.C. § 603] (a)

    Gʀᴀɴᴛs.— (2)(A), (I), (ʙʙ) …………………………Pg. 23, 33.

*State Action* doctrine …………………………………...Pg. 5, 18, 20, 21, 22.

## **LET THE COURT RECORD, REFLECT AND MEMORIALIZE:**

DECLARATION/INTRODUCTION:

Matthew-Lane: Hassell (here and after, known as Mr. Hassell and/or Plaintiff), with clean hands, in good faith, using fair business practices and full disclosure. A Propria Persona Sui Juris, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury and under my full commercial liability, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities and integrity. I hereby invoke and ordain and establish the common law as one of the people. I, Plaintiff, am not an agent of the government or an Attorney.

**ANSWER Pg. 1.** Mr. Hassell filed his claim in the lower federal court pursuant to 28 U.S.C. § 1331 (see primary brief pg. 6-23), concerning Constitutional violations (subject matter, Federal Question), first and foremost, with additional State and Federal law violations. The District Court erred by dismissing Mr. Hassell's claim on account of the erroneously applied *Rooker-Feldman* doctrine and *Younger* doctrine, abstaining from exercising jurisdiction over the matter and "Immunity", all are null and void in light of the

superior/supreme State and Federal Constitutional violations by the "judicial defendants", see Doc. Nos. 17 and 20 and 21, all inclusive.

As set forth in the Judiciary Act of 1789;

Sec. 23- And be it further enacted, <u>That a writ of error as aforesaid shall be a supersedeas and stay execution in cases only where the writ of error is served, by a copy thereof being lodged for the adverse party in the clerks office where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of,...</u>"

Sec. 24- <u>And be it further enacted, That when a judgment or decree shall be reversed in a circuit court, such court shall proceed to render such judgment or pass such decree as the district court should have rendered or passed;...</u>", also see sections 22, 25, 26, 32 and 34 of the Judiciary Act of 1789.

**ANSWER PG. 2.** The Appelle's assert the district court dismissed the action against them on three grounds, all are and were unsupported and are merely conclusionary statements masquerading as actual conclusions and/ or purporting to be law.

Judge Joseph N. Laplante, affirming Magistrate Judge Andrea K. Johnstone's report and recommendations of dismissal of Mr. Hassell's

complaint was in error pursuant to Fed. R. Civ. P. 72 (inclusive) (b)(3), and

for failure to apply the First Amendment protection for redress of grievances

and the Seventh Amendment protection trial by jury. When the District

Court judge and Magistrate did not allow Mr. Hassell's petition for redress

of grievances, and the Seventh Amendment protection to trial by jury, they

violated Fed. R. Civ. P. 38(a) Right to a Jury Trial and Fed. R. Civ. P. 39(a)

(see Doc. No. 1, pg. 1 and Doc. No. 1-3, pg. 1) of which deprived Mr.

Hassell of the Fifth and Fourteenth Amendments due process of law and

Fourteenth Amendment equal protection under the law. The Clerk of Court

certifying the "RECORD" as Jury Demand: None (see Case: 24-1442

Document: 00118140992 Page: 1 Date Filed: 05/06/2024 Entry ID:

6640503) is a fraud upon the court and further injured Mr. Hassell, only one

of which this court must reach to affirm Mr. Hassell's WRIT OF ERROR.

The judicial defendants wrongfully categorize Mr. Hassell's WRIT

OF ERROR to just three issues. This is a false dilemma fallacy to the Court,

of the primary brief and complaint(s) on file by Mr. Hassell and the

multitude of Constitutional violations to include but not limited to; the Due

Process Clause of the Fifth and Fourteenth Amendment and the Equal

Protection Clause of the Fourteenth Amendment, See generally Appellant's brief. Only one of which this court must reach to affirm Mr. Hassell's WRIT OF ERROR.

Along with Appellants' Brief was a Motion for Hearing En Banc. Mr. Hassell explains this was his request for Oral Argument. Serving as multiple statements of issues presented for review, and Memorandum of Law and Addendum, all inclusive to Mr. Hassell's primary brief.

To help alleviate the judicial defendants misconstruing Mr. Hassell's words to their will, Mr. Hassell states as follows;

Mr. Hassell contends importance of this matter falls into 3 main state and federal constitutional violations and lastly, *State Action*, taken by State actors, posing as judicial officers, giving the color of authority of the State, to individuals and third party contractors.

I.    First, concerning the right to petition the government for grievances.

II.    Second, Petitioner has been denied due process by the State and Federal Courts.

**III.**   Third, a denial of equal protection by the State and Federal Courts.

**IV.**   Fourth, state actors posing as judicial officers, made so-called "ORDERS", enforced by the Kimbark Defendants and/ or BCSS, triggering the *State Action* doctrine, depriving Mr. Hassell of (State and Federal) Constitutional et al. protections, conspiring interdependently to deprive Mr. Hassell of rights under the color of law, violating 18 U.S.C. § 241 and 242.

*McNally v. U.S.,* 483 U.S. 350 (1987). 371-372, Quoting *U.S. v Holzer,* 816 F.2d. 304, 307 (1987). *Scheuer v. Rhodes,* 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States". [Emphasis supplied in original].

The courts have routinely held in *Wise v. Bravo, 666 F.2d 1328,* *(1981)* "The rights of parents to parent-child relationships are recognized and upheld." *Fantony v. Fantony, 122 A 2d 593, (1956); Brennan v. Brennan, 454 A 2d 901, (1982).* State's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial; and visitation rights, <u>is subject to scrutiny by federal judiciary within reach</u> <u>of due process and/or equal protection clauses of Fourteenth Amendment</u> <u>applied to states through specific rights contained in the first eight</u> <u>amendments of the Constitution which declares fundamental personal</u> <u>rights</u>... Fourteenth Amendment encompasses and applied to states those preexisting fundamental rights recognized by the Ninth Amendment. The Ninth Amendment acknowledged the prior existence of fundamental rights with it: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The United States Supreme Court in a long line of decisions, has recognized that matters involving marriage, procreation, and the parent-child relationship are among those fundamental "liberty" interests protected by the Constitution.

Yet the scrutiny by the federal judiciary when Mr. Hassell, as an injured party seeks redress for grievances of constitutional violations is, the state actors are barred and immune from suit.

That is a fundamental error, not only by the District Court Judge and Magistrate but also the agents within the N.H. Office of the Attorney General and the State of New Hampshire, for giving aid and comfort to the respondents for constitutional violations.

This Petition provides resolve to these presumptions of judicial immunity and doctrines, and what constitutes unconstitutional overreach of *"STATE ACTION"* power.

These issues merit the Court's review. For many Americans, their relationship with their child(ren) is among the most important relationships in their life. Nobody should be forced to have unfair and unequal access to their child without due process and equal protection of the law.

This is a crux of the family courts all across the nation, day after day, complaint after complaint, across every state in America, are there 'circumstances' involving serious problems with the award itself, and/ or with the fairness and constitutionality of the process, with no set guidelines

of accountability (redress) for those who trespass federally and state protected constitutional and God-given rights.

The District Court allegedly routinely dismisses litigants' (specifically self represented) petitions of redress of government in a broad latitude under the guise of "immunity" and by the *Rooker-Feldman* Doctrine and the *Younger Doctrine.*

Having misinterpreted the U.S. Supreme Courts precedents in *Marbury v. Madison* 5 US 137 (1803), and *Pulliam v. Allen,* 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985 and *Stump v. Sparkman, id.,* 435 U.S. 349 (1978).

The U.S. Supreme Court recently cited *Marbury v. Madison* multiple times in *LOPER BRIGHT ENTERPRISES ET AL. v. RAIMONDO, SECRETARY OF COMMERCE, ET AL.* (No. 22–451. Argued January 17, 2024—Decided June 28, 2024), overturning *chevron,* (Administrative interpretations of law), see Mr. Hassell's primary brief pg. 11-16.

In *Pulliam v. Allen,* 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985 stating "In 1996, Congress passed a law to overcome this ruling which stated that judicial immunity doesn't exist;"... "Our own experience is

fully consistent with the common law's rejection of a rule of judicial immunity. We never have had a rule of absolute judicial immunity. <u>At least seven circuits have indicated affirmatively that there is no immunity...</u>" "<u>Subsequent interpretations of the Civil Rights Act by the U.S. Supreme Court acknowledged Congress' intent to reach unconstitutional actions by all state and federal actors, including judges</u>... "..."We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity."

Simply put, all Civil Officers (state and federal), even judges, can not violate federal law and certainly can not violate the State and Federal constitutions and claim any jurisdiction and/ or immunity and/ or protections for doing such.

Having misinterpreted the courts precedents of federal scrutiny as cited within *Wise v. Bravo* supra, The District Court allows the government to satisfy its scrutiny burden with nothing more than speculation and bald statements of "Immunity". In the process, it departs from the U.S. Supreme Court's many decisions holding that, even under intermediate scrutiny, the

government bears a heavy evidentiary burden to prove that its laws are narrowly tailored.

The District Court in diluting scrutiny into something far closer to rational basis review is in error.

Finally, the questions presented, in the entirety of this matter, are important to many parents and their children across America and this case provides an ideal vehicle to affirmatively decide this matter.

Because the case was dismissed on the pleadings, there are no factual disputes by Defendants at this stage, and the questions presented would be outcome determinative if answered in Mr. Hassell's favor.

**I.     This case is an ideal vehicle to provide guidance on the application of the First Amendment to Petition the Government for redress of grievances.**

**A.**     Beyond the specific split discussed, this case implicates the constitutional status of redress of grievances. This case offers an ideal vehicle for the Court to grant Mr. Hassell's Writ of Error and to make clear that redress of government is entitled to full First Amendment protection.

In many ways, this is a superior vehicle to resolve these important constitutional questions. The above mentioned citations, raised to more than the speculative level of scrutiny.

**B.**     Even apart from the broader context, the specific questions raised by this Petition also merit this Court's review, and this case provides an ideal vehicle to resolve them.

Any of the questions in isolation is important, but together, they amplify each other. If the government can satisfy its burden of proof (scrutiny) at the pleading stage with nothing more than speculation and court history, without individual review, then the appropriate level of scrutiny will nearly always become outcome determinative. If the government can escape scrutiny whenever it defines official acts by its purpose or function, rather than its subject matter, then scrutiny will rarely feature any recourse to constitutional violations.

This Court should resolve these splits now. There is nothing to gain by allowing lower courts to continue debating how to properly interpret constitutional violations. By contrast there is much to lose. As noted above, the Court's ruling in *LOPER supra.* overturning *Chevron, U.S.A., Inc. v.*

*Natural Resources Defense Council, Inc.*, 467 U.S. 837, sparked 40 years of confusion that only ended with the U.S. Supreme Court's recent definitive ruling.

**II.     This case is an ideal vehicle to provide guidance on the application of Due Process of Law within the meaning of the Fifth and Fourteenth Amendments, even in State Action proceedings.**

**A.**     The District Court split with U.S. Supreme Court decisions, and deepened an existing circuit split, over the standard to determine when a civil officer is accountable to suit and the law.

**i.**   The District Court decision split with *Stump v. Sparkman,* id., 435 U.S. 349 (1978).

The Court's ruling in *Stump v. Sparkman*, id., 435 U.S. 349 (1978), resolved confusion that "immunity" exists. "The Court of Appeals reversed, holding that the "crucial issue" was whether the Circuit Judge acted within his jurisdiction, that he had not, that, accordingly, he was not immune from damages liability, and that, in any event, he had forfeited his immunity "because of his failure to comply with elementary principles of procedural due process."

Much of the confusion stems from the decisions in abstaining from federal scrutiny under the guise of the *Rooker-Feldman* Doctrine and the *Younger* Doctrine. For years the lower courts have seized on these rulings/doctrines to conclude that civil officers are barred from suit and/ or prosecution and escape from federal scrutiny, even if the claims asserted are facially plausible.

But as in *Stump* Supra, and a long line of similar court findings have held, there is 'no immunity' and adding substance for a loss of immunity is <u>"failure to comply with elementary principles of procedural due process".,</u> which is evident in the case here. Despite all this previously being stated in one way or another to the District Court, Mr. Hassell is still under the pains of an arbitrary exercise of the powers of government.

**The question below warrants this Court's conclusive opinion to alleviate further confusion of the lower courts;**

- How many courts and court proceedings and/ or agents and agencies must one go through (arbitrary exercise of the powers of government), without due process of law within the Fifth and Fourteenth Amendments, being arbitrarily deprived of life, liberty or property

within the Fourteenth Amendment before the First Amendment

petition for redress of grievances (remedy and relief) can be sought

and had?

But the District Court dismissed that conclusion, relying on the

aforementioned Doctrines. In doing so the District Court and the

Magistrate's decision is irreconcilable and misconstrued into a systemic bias

in the government's favor to the precedence in *Stump*. It is also contrary to

*Stump* which held "no immunity" "because of his failure to comply with

elementary principles of procedural due process."

**B.**     The District Court is not alone in misconstruing and/ or

misunderstanding that the duty of the federal judiciary in regard to scrutiny,

that must be given within reach of due process and/or equal protection

clauses of the Fifth and Fourteenth Amendments. The government bears a

heavy evidentiary burden to prove that its laws or findings of facts within the

judiciary are narrowly tailored and not broad reaching and ambiguous.

**III.     This case is an ideal vehicle to provide guidance on the**

**application of Equal Protection Under the Law within the meaning of**

**the Fourteenth Amendment, even in State Courts.**

**A.**     The District Court split with U.S. Supreme Court precedence and deepened an existing circuit split over whether the government is required to prove, with evidence, that judicial immunity exists.

**i.**     The decision below split with the U.S. Supreme Court's precedents. In affirming the dismissal of Petitioner's complaint, the District Court held that the civil officers' immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.

How did the court conclude this? Did they apply the State and Federal Constitutions et al? Was their decision "Judicial" under Article III of the U.S. Constitution or "Administrative" or "Arbitration" under The Judicial Improvement Act of 1990 Public Law 101-650 (inclusive) § 473 (a)(6) inclusive? Was it based "on the record" in this case? Of course, there is no record in this case because the case was dismissed on the pleadings prior to allowing the Petitioner to be heard. The court's entire scrutiny analysis is based on purely speculative and presumptive court history and not on the individual case exercising independent review and judgment.

In other words, the government agents need actual evidence, under penalty of pains and perjury, to assert a claim of "immunity" that they acted within the law and the Constitutions (federal and state), to overcome their burden of scrutiny.

The decision in the District Court is irreconcilable with scrutiny levels. The Defendant(s) or the State never had to explain and/ or prove:

- Why the Defendant's were entitled to "immunity" for violating State and Federal Constitutional protections;

- How they acted within their supposed judicial (official) capacity and not as an Administrator or Arbiter under Alternate Dispute Resolutions;

- How they acted within the confines of State and Federal Laws;

- How the "ORDERS" from the judges did not violate State and Federal Constitutional protection;

- Why the Defendant(s) never made an assertion or argument under pains and penalty of perjury;

- Why the Defendant(s) never made an assertion or argument disputing Petitioner's affidavits;

**B.** The District Court decision deepens a split of authority about the role of evidence.

Notwithstanding the U.S. Supreme Court's "guidance", for official and unofficial acts, most recently affirmed in *TRUMP v. UNITED STATES* (No. 23–939. Argued April 25, 2024—Decided July 1, 2024), see Mr. Hassell's primary brief pg. 16-17.

The District Court allows the government to prevail, even when the government has the burden of scrutiny, at the motion to dismiss stage, even when the challenged constitutional and federal law violations were seriously burdensome.

The U.S. Supreme Court has also held the 7th Amendment protection, most recently in *SECURITIES AND EXCHANGE COMMISSION v. JARKESY ET AL.* (No. 22–859. Argued November 29, 2023—Decided June 27, 2024), , see Mr. Hassell's primary brief pg. 6-11.

**IV.** **This case is an ideal vehicle to provide protections and guidance of the Fifth and Fourteenth Amendments in State Action, even against private individuals. See Doc. Nos. 21 and 21-1 all inclusive.**

**A.** *State Action* Doctrine

This case implicates the constitutional status of the Fifth and Fourteenth Amendments in "State Action", implicating and triggering the *State Action* Doctrine. This case offers an ideal vehicle for the Court to grant Mr. Hassell's Writ of Error and to make clear that even child custody determinations and/ or Support and/ or enforcement in State Action, are entitled to full Constitutional protections of due process of the Fifth and Fourteenth Amendments, and Equal Protection Under the Law within the meaning of the Fourteenth Amendment, because the Constitution is regarded as law, the duty to enforce its prohibitions against State Action and actors (state or federal, even judges) or private individuals and corporations, acting jointly in State Action is the responsibility of the courts.

The first three words of the second sentence of the Fourteenth Amendment are: "No state shall." This sentence declares that the states may not "abridge" the privileges and immunities of the people of the United States, or "deprive" people of life, liberty, or property without due process of law, nor "deny" to any of the people the equal protection of the laws.

The task of the courts in state action cases is not to protect the individuals and private organizations who commit these acts from

government regulation, therefore, there is no reason to narrowly construe the state action requirement here. Rather, the Court simply has the duty to ascertain the extent of government (state and federal) involvement in the challenged acts, in order to determine whether or not the acts are subject to constitutional scrutiny. Because the nature of government involvement in any particular case may arise in myriad forms resulting from different combinations of factors, the "totality of the circumstances" test is most appropriate rather than the "rule-oriented approach" for measuring whether private parties are also engaged in "state action".

Furthermore, it can be argued that even the "totality of the circumstances" test is inadequate to capture the meaning of the *State Action* doctrine, because "state action is always present."

The primary argument from this point of view is that background principles of law permeate our society, and therefore private action is taken with the implicit "sanction" of law and constitutes state action.

The States never had the right to inflict wrongs upon free people by denial of the full protection of the laws; because all State officials are by the

Constitution required to be bound by oath or affirmation to support the Constitution.

As previously stated, "State Actors" masquerading as judicial officers, did deny to Mr. Hassell the equal protection of the laws, they did deny the protections under the Constitution (State and Federal), and Mr. Hassell had no remedy. They denied trial by jury, and he had no remedy. They took property without compensation, and he had no remedy. They restricted the rights of conscience, and he had no remedy. Only one of which this Court must reach to affirm Mr. Hassell's WRIT OF ERROR and action against the Defendant(s).

The Fourteenth Amendment of the Constitution has vested in the Congress of the United States the power, by proper legislation, to prevent any State from depriving any of the people of the United States of the enjoyment of life, liberty, and property.

Who dare say, being that the Constitutions (State and Federal) is of subject matter, that the Federal Courts, cannot by law, provide against all such abuses and denials of rights as these in States and by State Actors, or combinations of persons or corporations?

The Kimbark Defendants through and by State Actor Attorney
Jennifer L. DiTrapano deprived Mr. Hassell of the Fourteenth Amendment
equal protection of the minor child. State Actor Attorney Jennifer L.
DiTrapano, paid by the Kimbark Defendants, made unverified and
unfounded hearsay claims and allegations against Mr. Hassell. The Kimbark
Defendants, through and by State Actor Attorney Jennifer L. DiTrapano did
contest for denial each and every request for evidentiary hearings to the
unfounded claims and allegations against Mr. Hassell, ensuring
unconstitutional denial of due process of law of the Fifth and Fourteenth
Amendments. The Kimbark Defendants, through and by State Actor Jennifer
L. DiTrapano, and encouraged and authorized and facilitated by the judicial
defendants *State Action* "COURT ORDERS", did deprive and sanction Mr.
Hassell of fair and equal access to the minor child, without due process of
law and equal protection under the law, to which Mr. Hassell has had no
remedy. The Kimbark defendant (Devin Aileen Kimbark) having supposed
enforcement (final decision making responsibilities) authority given by the
State "ORDERS" has in her (or her families) personal discretion, under
color of state orders, deprived and sanctioned Mr. Hassell of the progressive

"*State Action*" visitation of the minor child, keeping Mr. Hassell at two, two hour weekend day visits, for over a year and a half, with no progression of two extra hours per visit every ninety days, to which Mr. Hassell has had no remedy. Only one of which this Court must reach to affirm triggering "*State Action*" by private individuals. See Doc. No. 21, Pg. 8-10.

In this way the Kimbark Defendants and the Judicial Defendants entanglement are in partnership, a joint enterprise and triggers the application of constitutional rules and violations.

Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed to its true significance.

Given this backdrop, and taking into account the "totality of government involvement" in each question presented warrants a finding of unconstitutional State Action triggering the *State Action* Doctrine.

Furthermore, when the judge, acting on behalf of the State, created a debt/tax of non-voluntary "child support", without due process and equal protection of the Fifth and Fourteenth Amendments in "*State Action*" Child Custody and Support Determination, that debt was created and applied

unconstitutionally. The State, through state actors (judges,Attorneys,State agencies) can not be a party to its own cause. The State became a party when the judges and State Actor Jennifer L. DiTrapano paid and acting on behalf of the Kimbark Defendants and the State, making unverified/unvalidated/unfounded claims and accusations against Mr. Hassell. The judges and Attorney (State Actors) and the Kimbark Defendants can not be judge, jury and executioner to their unfounded claims and accusations holding Mr. Hassell guilty to their causes/intentions/claims and is therefore unconstitutional and void, as cited in *Norton v Shelby County,* 118 U.S. 425 (1886): An unconstitutional act is not law. It confers no rights, it imposes no duties, it affords no protections, it creates no office, it is in legal contemplation as inoperative as though it had never been passed. Only one of which this Court must reach to affirm unconstitutional State Action.

Why would the judge and/ or Attorney (State Actors) do this; is it to use the Social Security Act (inclusive) Title IV federal grant program for State profits, misappropriating funds, guised as a "compelling states

interest"? (see Case: 24-1442 Document: 00118192418 Page: 27-44 Date Filed: 09/19/2024 Entry ID: 6669002)?

**B.** Finally, this case is an ideal vehicle in which to resolve these questions.

The District Court's approach to Mr. Hassell's complaint was outcome determinative. The government's Federal scrutiny to Mr. Hassell's argument is that the aforementioned doctrines and "Immunity" bar the Defendants from suit. This is plainly insufficient to carry the government's heavy burden, particularly at the motion-to-dismiss stage, when all the allegations of Mr. Hassell's complaint must be taken as true. And of course if the government needs real evidence to satisfy scrutiny levels, then it cannot prevail on a motion-to-dismiss. Either way Mr. Hassell would be entitled to discovery, and the case would have proceeded to summary judgment.

**Answer PG. 3**, It is a fact that Mr. Hassell was 3 times, denied evidentiary hearings and he had no remedy, (see Doc. No. 17-1, inclusive), and therefore was denied the Fifth and Fourteenth Amendments protections.

When one is deprived of fair and equal access to their child(ren), possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law, is action taken 'under color of' "state law."

The orders made by the judicial defendants, in *"State Action"* are facially void ab initio for unconstitutional denial of due process of the Fifth and Fourteenth Amendments and equal protection of the Fourteenth Amendment. Only one of which this Court must reach to affirm Mr. Hassell's Declaratory and Injunctive Relief.

**Answer pg. 4**, Mr. Hassell objects to the statement presented. Mr. Hassell firmly stands on his paperwork, see Doc. No. 17-2, pg. 1-16 and Doc. No. 21-1 pg. 1-20. The "judicial defendants" violated their oath of office and State and Federal constitutional restrictions and state and federal laws. Only one of which this Court must reach to affirm Mr. Hassell's Writ of Error and action against the Defendant(s) .

The judicial defendants response brief, Pg. 4-5, admit Mr. Hassell asserted violations of constitutional contractual government restrictions of the "First, Fourth, Fifth, Ninth and Fourteenth Amendments", and "numerous provisions of the New Hampshire Constitutions (subject matter for the District Court) as well as a variety of New Hampshire statutes", to

which Mr. Hassell was denied federal scrutiny, only one of which this court

must reach to affirm an action against the judicial defendants. The Judicial

Defendants fail to mention Mr. Hassell's Federal Law violations as well.

*Warnock v. Pecos County, Texas,* 88 F3d 341 (5th Cir. 1996) Eleventh

Amendment does not protect state officials from claims for prospective relief

when it is alleged that state officials acted in violation of federal law.

**Answer pg. 6,** As the judicial defendants brief pg. 4-5 admit, Mr.

Hassell's complaint contained constitutional violations, thus invoking the

District Courts subject matter jurisdiction and making the *Rooker-Feldman*

doctrine and the *Younger* doctrine and "immunity" void and the First

Amendment guarantees and protects Mr. Hassell to petition the government

for redress of grievances and federal scrutiny must be given.

Therefore, dismissing Mr. Hassell's complaint further deprives Mr.

Hassell of due process and equal protection under the law and further injures

Mr. Hassell.

**Answer pg. 7**, Mr. Hassell objects to the report and recommendation

by Magistrate Judge Andrea K. Johnstone, on the grounds within this

document and on file. This court has jurisdiction to reconsider and reverse

the report and recommendation of Magistrate Judge Andrea K. Johnstone pursuant to 28 U.S.C. § 636 (b)(1)(A), see Doc. Nos. 20 and 20-1 and 21 and 21-1 and 25 inclusive.

**Answer pg. 8-9 and 18**, Mr. Hassell challenges the claim he does not specifically challenge any of the rulings, see Mr. Hassell's primary brief pg. 21, point 9.

The fact is Mr. Hassell has been denied his challenges (constitutional and State and federal law and court procedures or the like) in the State Court, see Doc. No. 17-1 inclusive.

It is to be noted, along with Mr. Hassell's complaint, Judge Todd H. Prevett also made "ORDERS" concerning personal property. Judge Michael L. Alfano simultaneously violated Mr. Hassell's guaranteed protection to due process of law (evidentiary hearing) in his personal discretion, using his position abusively, officially oppressing Mr. Hassell, committing perjury upon his oath of office and denying equal protection under the law, while admitting the Court did not have jurisdiction to make "ORDERS" concerning personal property, see Doc. No. 17-1, pg. 38 of 43. Only one of

which this court must reach to affirm an action against the Defendants and approve Mr. Hassell's WRIT OF ERROR.

Mr. Hassell contends the "actions" taken by the judicial defendants were not "clearly within their jurisdiction", See Doc. No. 17-1 generally.

**Answer Pg. 10-11**, Mr. Hassell contests this point in its entirety. Mr. Hassell has not lost in State Court. Mr. Hassell is still seeking action in the constitutional determination over the minor child. The Court or judge or State, does not have the authority to overrule the Constitution, only judgments and rulings and "ORDERS" and laws and statutes that come into conflict with the constitution are to be overruled, which is the case here.

The *Rooker-Feldman* Doctrine is erroneously applied. Mr. Hassell is seeking corrective justice (remedy and relief) for violations to constitutional (state and federal) protections and state and federal law violations. Mr. Hassell continues to seek his Prerogative and unalienabe and natural rights to the minor child.

**Answer pg. 12**, It is Mr. Hassell's understanding that the WRIT OF ERROR (action) taken in this Court includes the entire record. Mr. Hassell stands on his paperwork (record) in the District Court, previously

challenging all applications of the *Rooker-Feldman* Doctrine and the *Younger* Doctrine and "immunity" claims.

How many times does Mr. Hassell have to repeat his challenges, founded upon the state and federal constitutions, before it is "JUDICIALLY NOTICED"? Mr. Hassell has not and does not waive any arguments or challenges (however inartfully decreed) and reserves all his rights.

Alternatively, the judicial defendants sets forth no argument or genuinely appear to challenge Mr. Hassell's claims of State and Federal Constitutional violations as well as State and Federal Laws violations. The judicial defendants accordingly waive any claim against sanctions and/ or prosecution and impeachment for violations to State and Federal Constitutional protections and State Statute and Federal Laws violations.

**Answer pg. 13-18**, It has come to Mr. Hassell's attention that Point **I** and points **II** and Point **III** of the "Judicial Defendants" response brief is frivolous and meritless and vexatiously increasing litigation cost on the Courts and Mr. Hassell and the public and has previously been responded to within the filings on record (see Doc. Nos. 17 and 17-1 and Doc. No. 20 and 20-1 and 21 and 21-1, all inclusive) by Mr. Hassell.

Mr. Hassell contests in full the presumptions made in point I and II and III of the "judicial defendants" answering brief.

First, the Judicial defendants argue the court lacks subject matter jurisdiction over State Court losers in regards to the Rooker-Feldman Doctrine, Pg. 10-12.

Second, the judicial defendants argue Judicial immunity, Pg. 13-15, with no proof, or under penalty of pains and perjury they acted within their judicial (official) capacity, offering only unsupported conclusory argument.

Third, the judicial defendants argue abstention under the *Younger* doctrine for on-going State proceedings, pg. 15-18.

They can't argue both ways. Either their argument is about State Court losers or it has to be for on-going State Court proceedings. All three arguments are lacking in substance and unconstitutionally deny Mr. Hassell the First Amendment protection to petition the government for redress of grievances, see Doc. No. 17 inclusive.

The Appellees offer nothing more than mere conclusory accusations purporting to be law, without a scintilla of evidence to defend the actions of the Defendants, and are deceptively Circumlocution, without in any way

disputing Mr. Hassell's claims, wasting this honorable Courts and Mr. Hassell's time, further injuring Mr. Hassell.


## CONCLUSION

The Petition for WRIT OF ERROR should be granted.

Based on the foregoing above and the papers/pleadings/motions or the like on file (record), by Mr. Hassell, the judgment and orders of the District and Inferior State Courts are void ab initio for not having standing when applying the protections of the State and Federal constitutions et al.

Mr. Hassell prays this Honorable Court honor Mr. Hassell's Relief Sought below, that is Mr. Hassell's wish.

**RELIEF SOUGHT:**

Plaintiff Matthew-Lane: Hassell prays for the following relief pursuant to Fed. R. Civ. P. 54(c);

A.      This honorable Court declare (declaratory judgment) pursuant to Fed. R. Civ. P. 57 and memorialize and give relief from the below mentioned judgments pursuant to Fed. R. Civ. P. 60 (inclusive) (b)(4) and Fed. R. Civ. P. 60(d)(3) and 60(b)(6), the judgment/s and order/s of the United States District Court for the District of New Hampshire, as well as the Courts of Inferior Jurisdiction which include; NH Circuit Court, 10th Circuit - Family Division - Derry and the 9th Circuit - Family Division - Manchester, a Nullity (void ab initio). The orders were made in violation of the Fifth and Fourteenth Amendments and were not properly authenticated and therefore have no governmental force of law;

B.      Honor Plaintiff's prayer for relief in the U.S. District Court for the District of New Hampshire and grant Plaintiff's MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW (Doc. No. 21) and modify and/ or reverse judgment in Plaintiff's favor with a direction that a money judgment be entered in the district court (Fed. R. App. P. 37(b);

C.    Honor and grant Petitioner immediate injunctive relief of 50/50

custodial grantorship of the minor child with retroactive custodial parenting time to

start immediately (to include but not limited to one hundred thirty three (133) days

Plaintiff was deprived contact with minor child PH from the 12th of November,

2022 till the 25th of March, 2023 and two (2), two (2) hours weekend days

supervised visitation only from the 25th of March, 2023 till current;

D.    Order both parties enjoy equal decision making responsibilities of

child daycare and school and medical care, etc., and each party is to reimburse the

other party for agreed upon out-of-pocket expenses;

E.    Order injunctive relief of an immediate Cease and Desist to the

STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN

SERVICES DIVISION OF CHILD SUPPORT SERVICES et al, (State

Administrative Agency) wage garnishment and arrearages being enforced against

Petitioner and an immediate return of all wages and arrearages unlawfully

collected; The Defendants have never proven I volunteered because I did not

volunteer and therefore I am entitled to such relief and remedy in regards to the

Social Security Act, including but not limited to; Title IV-A, SEC. 403. [42 U.S.C. §

603]  (a) GRANTS.— (2)(A), (I), (BB).

F.      Plaintiff is requesting an amount in excess of Seventy Five Thousand Dollars;

G.      Honor Petitioner's Summary Judgment of Punitive and Injunctive and Compensatory Relief Damages and Default of Schedule Fee(s) (also see Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725 amount in excess of Seventy Five Thousand Dollars as damages.

a.      The Three Judicial Defendants shall each be sanctioned with the following violations;

i.      For violating their (Judicial Defendant's) oath of office and employment contract and authority. In failing to support and defend the U.S. Constitution and the New Hampshire Constitution and thereby injuring Plaintiff;

ii.     For violations of the U.S. Constitution and denying Plaintiff due process of law (Fifth and Fourteenth Amendments) and equal protection under the law Fourteenth Amendment, I demand their (Judicial Defendant's) employment bond/(s) in the amount of One Million ($1,000,000.00 U.S.D.) Dollars each,

iii.    For violations of New Hampshire Constitution, Part I, Articles, 2 Natural Rights and 4 Rights of Conscience Unalienable and 15 Right of Accused, Punitive Damages and Schedule Fees shall be awarded from each judge (Judicial

Defendant's) and in accordance with 15 U.S.C. § 1 and § 2 of One Million ($ 1,000,000.00 U.S.D.) Dollars each,

iv.     For Federal and State Law violations the Three Judicial Defendants are to be sanctioned to the full extent of the law, as prescribed by state and federal laws,

H.     Devin Aileen Kimbark is to be sanctioned and Default Judgment entered pursuant to Fed. R. Civ. P 55(a) and Fed. R. App. P. 37(b) and Fed. R. Civ. P. 50(a)(2) for failure to respond to MOTION FOR AFFIRMATIVE RELIEF and FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

I.     Cheryl L. Kimbark is to be sanctioned and Default Judgment entered pursuant to Fed. R. Civ. P 55(a) and Fed. R. App. P. 37(b) and Fed. R. Civ. P. 50(a)(2) for failure to respond to MOTION FOR AFFIRMATIVE RELIEF and FOR SUMMARY JUDGMENT AS A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

J.     Mark Edward Kimbark is to be sanctioned and Default Judgment entered pursuant to Fed. R. Civ. P 55(a) and Fed. R. App. P. 37(b) and Fed. R. Civ. P. 50(a)(2) for failure to respond to MOTION FOR SUMMARY JUDGMENT AS

A MATTER OF LAW in the amount of One Hundred Thousand ($100,000.00) U.S.D.;

K.     Under Fed. R. Civ. P. 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for the further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

All Rights Reserved (to include but is not limited to appeal) always and forever more, without prejudice U.C.C. 1-308.

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_     Dated: 18th of October, 2024
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D            _Samantha Hamilton_
Nashua, New Hampshire [03060]     exp. 4/12/2028
(603) 231-0844
mhas191@yahoo.com

SAMANTHA HAMILTON
STATE OF
-MY-
COMMISSION
EXPIRES
APRIL 12, 2028
NEW HAMPSHIRE
NOTARY PUBLIC

## CERTIFICATE OF COMPLIANCE AND SERVICE:

I certify that a copy of the above mentioned APPELLANTS' REPLY TO APPELLEE'S (Judicial Defendants) BRIEF (word count 6,500 words, typeface Times New Roman 14 point) has been sent by USPS mail to Devin Aileen Kimbark and Cheryl L. Kimbark and Mark Edward Kimbark and The Office of New Hampshire Attorney General Nathan W. Kenison-Marvin and/ or John M. formella.

_Matthew-Lane: Hassell_ Dated: 18th of October, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## NOTARY PUBLIC

State _New Hampshire_ County _Hilloborough_

Subscribed and sworn to, before me, a Notary Public the above signed Matthew-Lane:

Hassell. This _18th_ day of _October_ year _2024_ .

Notary Public _Samantha Hamilton_

MY COMMISSION EXPIRES: _4/12/28_ .

