# 24-1442

# United States Court of Appeals
for the First Circuit

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

WRIT OF ERROR from a Judgment Entered by a Judge of the United States District Court for the District of New Hampshire

DEMAND TO ENTER DEFAULT AGAINST ALL THREE KIMBARK APPELLEES

Under First Circuit Rule 45.0(a), Rule 27.0(d), IOP V(C), Fed. R. Evid. 201, 28 U.S.C. §§ 1651, 2071, and 2106, and Binding First Circuit Precedent

Matthew-Lane: Hassell

20 Arlington St. Unit D

Nashua, New Hampshire [03060]

(603) 231-0844

mhas191@yahoo.com

Propria Persona Sui Juris

# APPELLANT'S MOTION TO ENTER DEFAULT AGAINST ALL THREE KIMBARK APPELLEES

**Under First Circuit Rule 45.0(a), Rule 27.0(d), IOP V(C), Fed. R. Evid. 201, 28 U.S.C. §§ 1651, 2071, and 2106, and Binding First Circuit Precedent**

Now comes Appellant Matthew-Lane Hassell and moves this Court to enter mandatory default against Devin Aileen Kimbark, Cheryl L. Kimbark, and Mark Kimbark, for willful, strategic, and unambiguous violation of this Court's rules. This filing demands that all three Kimbark defendants be declared in default, that their right to be heard be permanently extinguished, and that judgment proceed based solely on Appellant's unrebutted filings. I declare (certify, verify, state) under penalty of perjury that the foregoing is true and correct.

## I. UNDISPUTED FACTS

- On July 26, 2024, this Court issued its Appellee Briefing Notice, ordering all appellees to file briefs by August 30, 2024.
- Cheryl Kimbark filed a motion to dismiss—not a brief—and did not respond to the Appellant's claims on the record.
- Devin Aileen Kimbark and Mark Kimbark have filed absolutely nothing. No brief. No appearance. No motion. No excuse.
- No request for extension or leave was filed under Fed. R. App. P. 26(b) or 1st Cir. R. 27.0(d).
- The record is procedurally one-sided and stands as legally unrebutted.

## II. RULE 45.0(a) — NON-BRIEFING IS WAIVER, DEFAULT, AND FORFEITURE

Under First Circuit Local Rule 45.0(a):

"A party who fails to file a timely brief will not be heard at oral argument unless the court grants permission."

This rule is not advisory. It is a mandatory, binding command. Cheryl Kimbark's filing of a motion to dismiss—without any actual appellee brief—does not satisfy Rule 31 or 45.0(a). No brief means no right to be heard, and no right to dispute the record.

Devin and Mark Kimbark's total silence is even more egregious. Their failure to file anything amounts to procedural abandonment and legal confession.

## III. THE COURT MAY NOT EXCUSE NONCOMPLIANCE UNDER RULE 27.0(d) OR IOP V(C)

"The court will not ordinarily grant relief without a motion and a showing of good cause." – 1st Cir. R. 27.0(d)
"Any party adversely affected by the action of the clerk… may promptly move for reconsideration." – IOP V(C)

None of the Kimbark appellees submitted any motion legally sensible, seeking relief, nor is there any good cause shown in the record. Therefore, this Court is jurisdictionally barred from granting any excuse, extension, or exception. Cheryl's motion is not a brief; Devin and Mark are functionally AWOL.

## IV. FIRST CIRCUIT PRECEDENT MANDATES DEFAULT

Controlling First Circuit authority demands that non-briefing appellees be deemed to have forfeited all arguments and defenses:

- *Silva v. Encyclopedia Britannica*, 239 F.3d 385, 386–87 (1st Cir. 2001): failure to file a brief = waiver.
- *Ortiz-Aleman*, 717 F.3d 525 (1st Cir. 2013): appellees who do not file cannot be heard.
- *Van Anh*, 523 F.3d 43, 51 (1st Cir. 2008): failure to oppose can be treated as concession.

- *Maldonado*, 708 F.3d 38 (1st Cir. 2013): courts may resolve unopposed appeals summarily.

This Court is obligated to treat all three Kimbarks as in default.

## V. JUDICIAL NOTICE REQUIRED — FRE 201

Appellant demands that the Court take mandatory judicial notice under Fed. R. Evid. 201(b)–(d) of the public appellate docket, which shows:

- Cheryl Kimbark filed a motion, not a brief;
- Devin and Mark filed nothing at all;
- No motions for extension or good cause appear anywhere.
- No defendant submitted any sworn statement, in the lower Federal Court, as well as this Court.

The Court is bound to take notice of this undisputed adjudicative fact and treat the Kimbark appellees as legally defaulted.

## VI. STATUTORY COMMAND — COURT MUST ENFORCE ITS RULES

This motion invokes the full statutory arsenal available to the Court:

- 28 U.S.C. § 1651(a) – All Writs Act: empowers courts to issue orders in aid of their jurisdiction;
- 28 U.S.C. § 2071(a) – Rulemaking Power: obligates enforcement of the Court's own rules;
- 28 U.S.C. § 2106 – Remedial Authority: permits the Court to resolve appeals on just grounds when one side defaults.

The rules of this Circuit are not ornamental. They are enforceable law. The Court must now execute its institutional duty.

## VII. SPECIFIC DISPOSITIONAL DEMAND AGAINST CHERYL KIMBARK

Cheryl Kimbark's "Motion to Dismiss":

- Fails to address Appellant's claims;
- Fails to oppose Appellant's statutory arguments;
- Fails to meet the formal requirements of Fed. R. App. P. 28(a), 28(b), or 31;
- Provides no response to Appellant's principal brief.

Her failure is substantive, not procedural. Her motion is legally meaningless in appellate terms and must be treated as nonresponsive default.

## VIII. DEVIN AND MARK'S SILENCE = PROCEDURAL SUICIDE

Devin and Mark Kimbark have forfeited everything. Their refusal to appear or file waives all rights to be heard, contest, or argue, now and in the future. They are legally deadweight in this case, and the Court is duty-bound to dispose of the appeal against them now.

## VX. NO SWORN TESTIMONY IN ANY COURT — UNSWORN HEARSAY UNDER FRE 802

Appellant now brings this Court's attention to a critical evidentiary and procedural fact:

- Devin Aileen Kimbark submitted self-serving claims in the New Hampshire state court, not under oath, not subject to cross-examination, not in affidavit form, and not under penalty of perjury.
- No defendant submitted any sworn statement in the federal district court. Not a single affidavit, declaration, or verified denial exists in the record under 28 U.S.C. § 1746 or any evidentiary standard.
- Cheryl L. Kimbark's motion to dismiss filed in this Court is pure, unsworn, inadmissible hearsay. It contains statements of alleged fact not backed by any affidavit, oath, or certification under penalty of perjury. Under Federal Rule of Evidence 802, this renders every assertion in Cheryl L. Kimbark's,

as well as all defendant(s) motions and filings and pleadings and briefs or any like such, inadmissible and legally worthless.

"Hearsay is not admissible unless a federal statute, these rules, or other rules prescribed by the Supreme Court provide otherwise." – FRE 802

All defendant(s) motions and filings and pleadings and briefs or any like such, are procedurally void documents that this Court cannot lawfully consider. It is not a brief, not a verified pleading, and not evidence. It is, at best, judicial debris—fit for the shredder, not for serious review.

All defendant(s) have avoided swearing to anything, in any form, in any court, because they cannot do so truthfully. Devin and Mark Kimbark's silence, coupled with Cheryl's attempt to sidestep evidentiary rules, is part of a broader pattern of obstruction, delay, and evasion.

The Court is now duty-bound to reject Cheryl's hearsay-laden motion and declare all three Kimbark appellees in default, both procedurally and evidentially.

## X. CONCLUSION

This Court is faced with a question not of discretion, but of integrity. The Kimbark appellees have chosen silence. They have chosen default. The Court must now choose justice. The Kimbark appellees have abdicated their right to speak. The record is silent, the law is clear, and the rules are mandatory. If this Court does not enforce default here, then the rules of this Circuit mean nothing, and the appearance of justice will be irreparably stained.

The record is crystal clear: the Kimbark appellees have forfeited this case by their own hand. This Court now faces a binary choice:

- Enforce the law, rules, and precedent and enter default;
- Or abrogate the rules and risk judicial nullification of process.

There is no rule that permits mercy to the willfully noncompliant. There is only enforcement, or abdication.

## IX. PRAYER FOR RELIEF

Appellant demands the following relief:

1. That the Court enter formal default against Cheryl L. Kimbark, Devin Aileen Kimbark, and Mark Kimbark;
2. That the Court strike and disregard Cheryl Kimbark's motion to dismiss as noncompliant and procedurally insufficient;
3. That the Court honor that all three have forfeited oral argument, defenses, and standing;
4. That the Court resolve the appeal as to these appellees based solely on Appellant's unrebutted sworn briefing and the lower court record;
5. That no future motion, response, or appearance be accepted by these appellees absent leave of Court and a sworn showing of good cause, which is now time-barred and jurisdictionally barred.

All Rights Reserved always and forever more, without prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_  Dated: 9th of May, 2025

Matthew-Lane: Hassell
Propria Persona Sui Juris
ADDRESS: 20 Arlington St. Unit D Nashua, New Hampshire 03060
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

**CERTIFICATE OF COMPLIANCE:**

I, Plaintiff, certify/declare under penalty of perjury the word count of this document (APPELLANT'S MOTION TO ENTER DEFAULT AGAINST ALL THREE KIMBARK APPELLEES) is in total (including CERTIFICATE OF COMPLIANCE) 1,675 and that the foregoing is true and correct to the best of my abilities.

I certify that a copy of this MOTION/DEMAND and CERTIFICATE OF COMPLIANCE has been sent by USPS FIRST CLASS mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA and/ or Nathan W. Kenison–Marvin, to their respected addresses on file, on the 9th of May, 2025.

_Matthew-Lane: Hassell_ Dated: 9th of May, 2025

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com



**CERTIFIED MAIL**

7021 1970 0002 1646 0666

**PRESS FIRMLY TO SEAL**



Retail

U.S. POSTAGE PAID
PM
MANCHESTER, NH 03103
MAY 09, 2025

02210

$14.95

RDC 03

S2324M501805-11

# UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

FROM:

**PRIORITY MAIL** — UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

TO: Clerk of Court
U.S. Court of Appeals, U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA. 02210

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE





EP14F October 2023