# 24-1442

# United States Court of Appeals
## for the First Circuit

RECEIVED FOR FILING
IN COURT OF APPEALS
FOR THE FIRST CIRCUIT
MAY 27 P 12: 33

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

WRIT OF ERROR from a Judgment Entered by a Judge of the United States District Court for the District of New Hampshire

## NOTICE AND MOTION TO COMPEL RULING, ISSUE ORDER, OR SET EXPEDITED TIMELINE

Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona Sui Juris

# I. INTRODUCTION:

Notice of Constitutional Breach, Statutory Noncompliance, and Procedural Failures Affecting Judicial Outcomes – DEMAND FOR ORDER WITHIN TEN (10) DAYS

NOW COMES the Appellant, Matthew-Lane: Hassell, appearing Propria Persona Sui Juris, and respectfully moves this Honorable Court for an immediate ruling, written order, or published scheduling disposition regarding the unresolved matters currently pending on the docket in this appeal, including motions, emergency motions, dispositive requests, affirmative relief, and the underlying due process claims. The continued delay in adjudication may be inconsistent with statutory timelines, this Court's own internal benchmarks, and the constitutional protections afforded under due process principles.

I am compelled to address matters of grave concern in the above-referenced case, which has been pending before this Court for an unconscionable and inexcusable period. This delay implicates fundamental principles of justice and the Court's own duty to render timely decisions. I am demanding an immediate resolution or a specific timeline for action. The continued inaction is wholly unjustifiable and should not be tolerated by any court committed to upholding the rule of law.

This filing serves as formal notice that the ongoing delay implicates significant constitutional concerns beyond mere administrative oversight. The court's prolonged inaction, in the face of clear and uncontested violations of due process and parental rights, which failure to rule may constitute judicial inaction inconsistent with due process obligations as imposed by *Mathews v. Eldridge*, 424 U.S. 319 (1976), as well as recognized procedural norms of this Circuit.

For over six months this Court has stood idle while justice hemorrhaged. The continued lack of ruling on pending motions appears inconsistent with federal law, governing procedure, your own circuit's binding precedent, and the express constitutional guarantees of due process and equal protection. Judicial discretion

does not extend to indefinite silence where constitutional protections are actively being violated. This is a formal, urgent, and unambiguous demand for immediate judicial action.

Mr. Hassell, a biological father who has for over two years been denied fundamental rights of parenthood through a pattern of coordinated obstruction, with the tacit sanction or inexcusable neglect of New Hampshire state judges advocating and advancing Appelle (Devin Aileen Kimbark) position.
This Court has jurisdiction under:

- 28 U.S.C. § 1331: Constitutional violations implicating the First, Fifth, and Fourteenth Amendments;
- 42 U.S.C. § 1983: Civil rights violations committed under color of state law;
- 28 U.S.C. § 1651 (All Writs Act): Authority to issue emergency writs and orders to preserve constitutional rights;
- Federal Rules of Appellate Procedure 8(a): Emergency injunctive relief pending appeal;
- FRAP 2: Suspension of any procedural rules necessary to serve the interests of justice.

## A. This is not a mere custody dispute.

It is a systemic deprivation of constitutional protections under color of law, perpetrated by a private party (Devin Kimbark), aided by other family members (Cheryl and Mark Kimbark, Appellees), and facilitated and enabled by willfully indifferent or complicit State civil officers. "Federal courts have jurisdiction over child custody issues only where systemic violations of federal rights are implicated and the remedy sought is not a custody determination per se but enforcement of federal constitutional guarantees. See *Doe v. Mann*, 415 F.3d 1038, 1046 (9th Cir. 2005); *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Here, the relief sought is not simply to reassign custody, but to redress the denial of due process, equal protection, and adjudicatory integrity under 42 U.S.C. § 1983 and related provisions."

Appellant invokes this Court's urgent authority to prevent:

- Further unauthorized removal of a minor child across state lines;
- Ongoing obstruction of parenting time by the Kimbark Appellees;
- Ongoing taking of Appellants property;
- Judicially permitted fabrication, hearsay, and suppression of exculpatory evidence;
- The collapse of lawful parental protections in the lower courts — a judicial failure so extreme that federal intervention is not just warranted, but imperative.

## B. Abuses of Process:

1. **Fraudulent Transfer of Jurisdiction**— Jurisdiction and Venue was changed from 9th Circuit - Family Division - Manchester - Hillsborough County, to the 10th Circuit - Family Division - Derry - Rockingham County, under false claims (Fraud upon the Court), depriving the 10th Circuit - Family Division - Derry - Rockingham County of any and all authority and jurisdiction regarding child custody and support "ORDERS.

2. **Unauthorized Travel to Florida**— Unauthorized Interstate Travel: On April 19, 2023, Devin Aileen Kimbark took the child not to Myrtle Beach as "ordered" (granted), but instead to Florida, a direct violation confirmed via pediatric (PCP) telephonic reports.

3. **Misrepresentation to the Court**— Devin knowingly told the court she would take the child to Myrtle Beach. The evidence proves otherwise. This was not an accident — it was a material lie to the court.

4. **Deprivation of Due Process**— Multiple motions by Appellant requesting evidentiary hearings were denied without hearing, effectively foreclosing the presentation of truth and facts.

5. **Constructive Termination of Progressive Visitation**— Appellant has been confined to two-hour supervised visits, restrained to a living room, for over two years, despite "orders" explicitly granting expanded visitation every 90 days — an order unilaterally sabotaged by the Kimbark Appellees.

6. **Hearsay and Defamation Used as Evidence**— The Kimbark Appellees have consistently accused Appellant of being "unfit" and/ or "dangerous", without a shred of admissible evidence, relying on hearsay and unsworn statements. These false allegations have directly caused the deprivation of parental rights.

7. **Inaction or failure by Complicity of Judges Prevett, Alfano, and Steckowych to intervene or enforce procedural protections**— These civil officers have had opportunity to access evidence of Appellees' misconduct — including court violations and fabricated allegations — yet denied hearings, refused enforcement, and allowed a prolonged pattern of parental sabotage. This pattern of inaction exceeds the bounds of judicial discretion and may constitute a constructive abdication of judicial responsibility.

## II. FACTUAL BACKGROUND — SYSTEMIC PATTERN OF MISCONDUCT, FRAUD, AND CONSTITUTIONAL DEPRIVATION

Appellant has submitted uncontested records of misconduct by the Appellees, rising to the level of federal constitutional violation, fraud upon the court, and parental sabotage under color of state law and authority. Appellant further clarifies:

### A. Unlawful Removal of Minor Child — April 2023 Interstate Violation

On April 11, 2023, the New Hampshire state court, without authority or jurisdiction, issued a limited authorization for Appellee Devin Aileen Kimbark to take the minor child out of state for vacation — specifically and exclusively to Myrtle Beach, South Carolina, from April 19–26. See Docket Entry ID: 6640503 (Case 24-1442, pp. 62–65).

Despite this clear restriction, Devin Kimbark transported the child to Florida instead — without notice or discussion to Appellant, without court approval, and in direct violation of the "order". This is not a technical infraction. Evidence of this unauthorized travel is documented in a PCP Telephone Encounter report with Devin Kimbark and LPN- Lauren S., MRN: EPN412628 from the 20th of April,

2023, around 1:00PM, placing the child in Florida during the relevant timeframe. The Court or Appellant was not informed beforehand, consulted afterward, and Appellant was never given knowledge or notice to discuss such as a parent — a pattern that has persisted without redress.

Furthermore, it was claimed, Appellee Devin Aileen Kimbark was taking the minor child out of state for vacation — specifically and exclusively to Myrtle Beach, South Carolina, from April 19–26, by Attorney (Civil Officer of the Court) Jennifer L. DiTrapano, who is paid by Appellees Cheryl and Mark Kimbark. The questions here is;

a. Did counsel act in coordination with Appellees in advancing potentially false representations to the court (fraud upon the Court) to take the minor child to Florida?

b. Did the "Attorney" coordinate with the Appellees in the fraudulent claim that the minor child lived at 3 Stoneleigh Dr. Derry, N.H., since birth, possibly to get favorable treatment in that jurisdiction and venue? Either way, these misrepresentations raise serious concerns about the accuracy of factual assertions made to the court and shows the intent of the parties (Appelles) to fraudulently misrepresent facts, and still no one wonders why they will not swear under pains and penalty of perjury or put anything into the record in the form of an affidavit in any court (State or Federal).

## B. Intentional and Ongoing Sabotage of Visitation Orders

Appellant has been subject to a state-imposed supervised visitation regime since April 2023, with a specific condition calling for progressive increases in visitation time every 90 days. This progression has been systematically obstructed and denied by Devin Kimbark (Appellee), authorized and facilitated by the judicial Appellees "ORDERS", and, with the active complicity of Cheryl and Mark Kimbark (Appelles), who have functioned as enablers and financial and logistical conspirators.

Despite no findings of neglect, or unfitness, Appellant has remained trapped and restrained in an indefinite two hour supervised contact status — a form of parental

purgatory enabled by the Appellees obstruction and the court's abdication of enforcement.

Devin's actions amount to constructive termination of parental rights without a hearing, in violation of due process under the Fourteenth Amendment. As the Supreme Court held in *Santosky v. Kramer*, 455 U.S. 745 (1982), the fundamental liberty interest of a parent "does not evaporate simply because they have not been model parents or have lost temporary custody." Here, Appellant's rights have been extinguished by fiat, not fact.

## C. May 2025 – Direct Notice Ignored, Child Again Removed Out of State

On May 4, 2025, Appellant was informed — *after the fact* — that Devin planned to take the child out of state on May 5, 2025. Appellant explicitly withheld consent in writing at 3:45 PM, stating she lacked both court authority and his approval, nor did she discuss such out-of-State travel with Appellant. Devin Kimbark responded at 3:47 PM asserting she had full decision-making 'rights' to the child and would proceed regardless.

Appellant again gave Appellee (Devin) "NOTICE" on the 21st of May, 2025, that Appellant and Appellee are still in on-going litigation, and needed to at a minimum, notify the Court before taking the child out-of-State, if Appellee was not going to discuss the matter with Appellant.

Appellee (Devin Aileen Kimbark) reasserted she has full decision making 'rights' over the minor child and does not need permission to take the minor child out-of-State.

This defiance, captured via AppClose communications, is not only a flagrant denial of parental rights to Appellant, it constitutes concealment and deliberate removal of the minor child out-of-state without prior approval, while still in on-going

litigation. This conduct mirrors the 2023 Florida incident, creating a pattern of willful defiance, not isolated events.

This Court must act to prevent recurrence by issuing injunctive relief barring further out-of-state travel without judicial authorization and subjecting appellees to contempt or sanctions for continuing violations.

## D. False Allegations, Defamation, and Fraud Upon the Court

Throughout these proceedings, the Kimbark Appellees has fabricated claims of unfitness and danger by Appellant — claims unsupported by any sworn affidavit, admissible evidence, or child protective findings.

Instead, Appellees have relied on:

- Unsworn hearsay in violation of FRE 603 (testimony must be under oath to have evidentiary value.), FRE 802 (Hearsay is **not admissible** unless a federal statute, the FRE, or Supreme Court rules provide otherwise.);
- Third-party declarations in the State Court, never subject to cross-examination (claims and accusations made solely by Attorney Jennifer L. DiTrapano for her client);
- Contrived narratives (**Fraud on the Court** – Can justify vacating a judgment (see *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)).

These falsehoods constitute not only libel and slander, but fraud upon the court under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), which held that "tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant… it is a wrong against the institutions set up to protect and safeguard the public."

Despite these repeated lies and procedural abuses, Appellees have never filed a single affidavit, sworn declaration, or formal denial under penalty of perjury in any court.

Their silence is not tactical. It is strategic evasion, indicative of an absence of truth and an intent to weaponize the judicial process.

## E. Conspiracy and Active Participation by Cheryl and Mark Kimbark

Appellant alleges — and the record supports — that Cheryl L. Kimbark and Mark E. Kimbark have not only assisted Devin logistically, but have actively participated in concealing the child's location, obstructing communications, and creating a familial firewall, financially supporting the actions of Devin Kimbark.
These actions render them co-conspirators in civil rights interference, as defined in 42 U.S.C. § 1985(3) and under Dennis v. Sparks, 449 U.S. 24 (1980),** where private conspirators with judicial actors or in judicial proceedings were held liable under federal law.

## III. LEGAL STANDARD FOR EMERGENCY INJUNCTIVE RELIEF

This Court has clear authority under Federal Rule of Appellate Procedure 8(a) to grant interim injunctive relief pending appeal. When the constitutional protections of a litigant—especially involving parental liberty interests and child welfare—are under active and ongoing threat, the courts of appeal are empowered to intervene.

Additionally, under FRAP 2, this Court may suspend procedural rules where adherence would work injustice or perpetuate unlawful harm. Appellant invokes both FRAP 8 and FRAP 2, in addition to the All Writs Act (28 U.S.C. § 1651), to justify emergency judicial action to stop the deprivation of the minor child and father of a familiar relationship.

Under long-settled First Circuit precedent, a party seeking emergency injunctive relief must satisfy the four-part test established in *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1 (1st Cir. 2002), and reaffirmed in *Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75 (1st Cir. 2009)...To obtain injunctive relief, the movant must satisfy the familiar four-part test:

# 1. LIKELIHOOD OF SUCCESS ON THE MERITS

Appellant has established a clear factual and legal entitlement to relief:

- The appellees have removed the child across state lines on multiple occasions without court approval, in direct violation of a order;
- They (Appellees) have not submitted any sworn denials or rebuttals;
- The court-approved visitation schedule has been systematically ignored, with Devin Kimbark claiming unilateral control over parenting rights in direct contradiction to law;
- Judges involved have refused hearings, despite credible allegations of falsehoods, procedural violations, and fraud upon the court.

>*Puerto Rico Tel. Co. v. Sistema Universitario Ana G. Méndez, 450 F.3d 9, 18 (1st Cir. 2006): *A party's failure to oppose a well-supported motion or refute factual allegations enhances the movant's probability of success.*

>*Cameron v. Circuit City, 450 F.3d 713, 720 (1st Cir. 2006): *Unrebutted claims, particularly when supported by documentary evidence, warrant relief.*

# 2. IRREPARABLE HARM

The deprivation of a fit parent's access to their child, and the child's exposure to unauthorized travel, and prolonged alienation from a parent, constitutes irreparable harm under long-standing First Circuit precedent.

- This harm cannot be redressed by money damages;
- It violates Appellant's fundamental right to familial association;
- It causes psychological and emotional trauma to the child—ongoing and compounding.

>*New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002): *Irreparable harm exists when there is a substantial threat of ongoing injury incapable of remedy by damages.*

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir. 1996): *Where the denial of rights leads to permanent loss—here, the parent-child relationship—injunctive relief is required.*

*Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75, 79 (1st Cir. 2009): *A constitutional violation constitutes per se irreparable harm.*

## 3. BALANCE OF EQUITIES

The equities weigh overwhelmingly in Appellant's favor:

- Appellees seek to continue violating those orders with impunity, while refusing any formal accountability;
- The risk to the child and the relationship with the father is far more grave and immediate than any inconvenience to the appellees in being compelled to follow lawful process.

*Vineberg v. Bissonnette*, 548 F.3d 50, 57 (1st Cir. 2008): *When denial of relief harms the movant substantially more than enforcement harms the respondent, equity favors the movant.*

*L.I. Head Start Child Dev. Servs., Inc. v. K.E.*, 710 F.3d 57, 67 (1st Cir. 2013): *Equitable relief is favored where the legal process has been obstructed and fundamental rights are implicated.*

## 4. PUBLIC INTEREST

Few interests are more sacred than the rule of law, the integrity of the courts, and the safety and welfare of children. Allowing the appellees to act unilaterally, in defiance of legal mandates, undermines not only Appellant's rights, but public confidence in judicial impartiality and enforceability.

*United States v. Kahn*, 592 F.3d 112 (1st Cir. 2010): *The public interest is best served by protecting children and ensuring legal accountability.*

*Chao v. Va. Dept. of Transp., 291 F.3d 276, 280 (1st Cir. 2002):
*The public interest mandates judicial intervention when parties
evade lawful procedure to cause private harm.* This is precisely
such a case.

In summary:

All four prongs are met—and met with force. This Court has not only
the authority, but the constitutional obligation to act.

## IV. ARGUMENT — SYSTEMIC LAWLESSNESS DEMANDS FEDERAL INTERVENTION

This case raises serious concerns regarding the adequacy of judicial oversight, the
abuse of parental rights under color of law and authority, and the unchecked
misconduct of private parties weaponizing family courts to destroy constitutional
protections. Appellant's motion does not request extraordinary relief — it demands
what the law already requires: the protection of fundamental and familiar rights,
due process and equal protection.

Each of the four equitable prongs is satisfied — but more importantly,
constitutional violations have already occurred. Federal appellate review exists
precisely to correct structural abuses and constitutional derelictions that state courts
have failed to redress.

### 1. The Kimbarks' Pattern of Lawless Conduct Warrants Sanction and Injunction and punitive relief;

Devin Aileen Kimbark, aided by Cheryl and Mark Kimbark, has engaged in a
sustained pattern of unlawful behavior:

- Knowingly violated "orders" by taking the child to Florida instead of Myrtle
  Beach (April 2023);
- Repeatedly removed the child out-of-state without notice, consent, or
  judicial authorization (May 2025);
- Denied parenting time in violation of the progressive visitation;

- Made defamatory and false accusations with no evidentiary basis;
- Used fabricated and hearsay communications in lieu of admissible evidence;
- Ignored written objections by Appellant and instead acted under the pretense of unilateral authority.

As the Supreme Court held in *Troxel v. Granville*, 530 U.S. 57 (2000), the right of a fit parent to direct the upbringing of their child is fundamental. This right has been nullified by private force, not lawful adjudication.

The First Circuit has emphasized the weight of uncontested allegations. In *Méndez v. Banco Popular de P.R.*, 900 F.3d 13, 24 (1st Cir. 2018), the court held:

*"Where one side fails to rebut serious factual allegations, a court may accept them as truth and act accordingly."*

This Court is now faced with a record full of wrongdoing and zero rebuttal. The only permissible judicial response is immediate injunction and sanctions.

## 2. Judges Prevett, Alfano, and Steckowych Must Be Held Accountable

Appellant is entitled to name State officers as co-defendants under 42 U.S.C. § 1983, where their conduct shows:

- Deliberate indifference to proven violations;
- Systematic denial of hearings, despite timely and credible motions;
- Total failure to enforce procedural standards of due process, despite clear evidence of breach;
- Bias by omission — the de facto elevation of one party's lies over the other's rights, without due process.

In *Dennis v. Sparks*, 449 U.S. 24 (1980), the Court held that judges who collaborate in or turn a blind eye to constitutional deprivation under color of state law are subject to federal liability.

Judicial immunity does not apply where conduct:

- Occurs outside core "judicial" function,

- Is non-adjudicative in nature (e.g., denying hearings without reason),
- Or facilitates ongoing constitutional injury.

  See also *Forrester v. White*, 484 U.S. 219 (1988) (judicial immunity not absolute); *Mireles v. Waco*, 502 U.S. 9 (1991) (no immunity for actions taken in clear absence of jurisdiction or with improper motive).

Appellant asserts that when a court (or judges) refuses to hear evidence while facilitating proven violations ceases to be a court of law — it becomes an accomplice to injustice.

## 3. Judgment is Warranted in Appellant's Favor:

Despite numerous filings in the district court, all Appellees have never submitted a single sworn affidavit, declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, or verified pleading in any court. As such, they have failed to provide any admissible evidence in opposition to the allegations filed by Appellant.

All opposition submitted by Appellees in the district court consisted solely of unsworn memoranda, motions, and attorney-drafted assertions that are not competent evidence under the Federal Rules of Evidence. Specifically, Federal Rule of Evidence 802 bars hearsay, and it is well-settled that statements of counsel in briefs or motions are not evidence. See *Zannino*, 895 F.2d at 17 ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work...").

Appellees have therefore failed to put any competent evidence before any court—trial or appellate. Their submissions are procedurally defective, legally insufficient, and evidentially void.

Because the Appellees' filings are unsupported by competent evidence, the district court had **no legal basis** to treat their assertions as controverting Appellant's sworn allegations and documentary evidence. The district court had **no lawful basis** to

consider any contentions from the Appellees, and any such reliance was **plain error and manifestly prejudicial**. This constitutes error.

The Appellees have never filed any evidentiary admissible opposition to the following:

- Appellant's Brief;
- Appellant's Motion for Affirmative Relief (nor did any defendant oppose Affirmative Relief or any "Motion" by Appellant in this Court);
- Appellant's original claim (Doc. No. 1) and Appellants sworn oppositions (Doc. Nos. 13, 16, 17, 18, 20, 21, 25) in the District Court;
- Motion for Summary Judgment as a Matter of Law in the District Court;
- Allegations of defamation;
- Visitation interference.

The District Court (or judge) should have ruled, under Federal Rule of Civil Procedure 55(a), default judgment may be entered when "a party against whom a judgment… is sought has failed to plead or otherwise defend."

> *"When a party fails to contest material allegations, default is not merely procedural — it is dispositive."*
> — *Goldstein v. Gordon*, 709 F.2d 123 (1st Cir. 1983).

This Court should enter judgment or remand with instruction for entry of default judgment under **Fed. R. Civ. P. 55(a)**. Moreover, under **Fed. R. App. P. 37(b)**, this Court may award such relief as justice requires when an appellee defaults on briefing or fails to oppose dispositive motions.

## 4. This Case Demands More Than Relief — It Demands Rebuke

If federal courts cannot intervene under circumstances such as these:

- A minor child is taken across state lines in defiance of "Authority",
- A fit father is denied access for over two years,
- Hearsay and fabrication are weaponized as "evidence,"
- Judges refuse to hear motions and uphold fraud...

it raises critical questions about the enforceability of constitutional protections. The First Circuit must now affirm that:

- Appellant's parental rights are not optional;
- Judicial silence in the face of abuse is complicity;
- Private parties do not have license to defy the law under a robe of authority and impunity.

## V. LEGAL BASIS FOR THIS MOTION

A. **Statutory Duty of Timely Adjudication**— This Court Is Statutorily Required to Expedite Disputes Involving Fundamental Rights— Pursuant to 28 U.S.C. § 1657(a), federal courts are required to give priority to actions involving the loss of liberty, parental rights, or constitutional violations. The lower court's judgments implicated due process, equal protection, and the unlawful taking of custodial rights and property without any evidentiary hearing, verified filings—rendering its judgment void ab initio. Delay in review is unlawful.

This Court is mandated by federal law to expedite the resolution of cases. Under 28 U.S.C. § 1657(a), Congress has explicitly instructed that cases must be handled in a timely manner. The statute provides that a case "shall be handled in a manner that results in a timely resolution of the case," and this ongoing delay directly violates that statutory requirement. Additional authority includes:

- 28 U.S.C. § 1911: Courts must act with due diligence;
- 5 U.S.C. § 555(b): Requires resolution of matters within a "reasonable time". The Administrative Procedure Act, 5 U.S.C. § 555(b), also compels federal courts to "conclude a matter presented to it" within a reasonable time, yet the Court has allowed this case to fester. The absence of any ruling, including on "Motion(s)", for over six months is an affront to the statutory mandate for the timely administration of justice and a blatant violation of these established principles;

- 5 U.S.C. § 706(1): Mandates courts compel agency or judicial action unlawfully withheld.

Congress did not "recommend" expeditious handling of cases—it commanded it. "[E]ach court shall expedite the consideration of any action… if good cause is shown."

Additionally, Federal statutes do not give appellate courts the luxury of indefinite delay. They impose strict obligations, see;

- 28 U.S.C. § 453 obliges every federal judge to perform duties "faithfully and impartially."
- 28 U.S.C. § 1291 – Jurisdiction requires final, lawful judgments. There is none here.
- 28 U.S.C. § 2106 – This Court must enter the judgment "that should have been rendered" in Appellants unopposed "Motion for Summary Judgment", in the District Court.
- 28 U.S.C. §§ 351–354 – Provides for judicial discipline in cases of misconduct or incapacity.
- Judiciary Act of 1789, §§ 22–34 – Obligates circuit courts to reverse void judgments and remand with proper decree (judicial review of unconstitutional or void acts) or enter the judgment "that should have been rendered".
- Pub. L. 101-650, § 302 – Mandates timely judicial performance reports to Congress—this delay is a statutory violation of transparency.
- 42 U.S.C. § 13981 – Denial of due process remedies in domestic custody matters implicates equal protection and access to court under VAWA.

**B. Mandamus Authority and FRAP Tools**— This Court has ample procedural authority to resolve this matter without further delay:

- 28 U.S.C. § 1361: Allows mandamus to compel performance of a judicial duty or clearly required duty.;

- 28 U.S.C. § 1651: The All Writs Act allows emergency relief;
- FRAP 2: Permits the Court to suspend rules where delay causes injustice;
- FRAP 27 and 41(b): Require prompt action on motions and issuance of final mandates.

This Court is not a passive institution. It has affirmative legal and ethical obligations to rule where rights are actively being violated.

**C. Constitutional and Procedural Authority for Relief**— The rights at stake implicate:

- The Due Process Clause (5th and 14th Amendments);
- Equal Protection violations through inconsistent enforcement;
- Rights of familial association under *Troxel* and *Santosky*;
- The denial of fair hearing procedures under Federal Rules of Evidence 802, 901, 902;
- 42 U.S.C. § 1983 for state actor violations—including judges acting without jurisdiction;
- 18 U.S.C. §§ 241, 242: Criminal deprivation of rights under color of law, judicial misconduct, including by judicial officers through inaction that obstructs justice;
- 28 U.S.C. § 1746: Failure to submit sworn factual rebuttals— All Appellees (Kimbark's and judges) filed no sworn statements in any court;
- Article III of the Constitution.

This Court cannot lawfully continue to ignore uncontested constitutional violations where lower courts admitted inadmissible hearsay and refused to 'judicially' adjudicate Appellant's motions.

## VI. FIRST CIRCUIT CASES CONDEMNING UNREASONABLE JUDICIAL DELAY

The First Circuit has consistently held that undue delays are intolerable. In *United States v. Alpern*, 33 F.3d 145 (1st Cir. 1994), this Court declared that "justice delayed is justice denied," emphasizing that unnecessary delay undermines the very foundations of our judicial system. Similarly, in *In re P.C.*, 510 F.3d 26, 30 (1st Cir. 2007), the First Circuit reiterated that "courts have an obligation to act with reasonable dispatch." This Court's failure to act within a reasonable timeframe blatantly contravenes both the Court's own rules and the principles of justice upheld by the First Circuit.

Moreover, in *Sands v. Rollins*, 521 F.3d 241, 244 (1st Cir. 2008), the First Circuit reinforced the principle that "delays in litigation may have devastating consequences for litigants," underscoring that failure to render a timely decision has real-world repercussions for those who seek justice. Here, the delay has caused significant harm to the Appellant, depriving him further of his child, and this Court's inaction only exacerbates the injustice.

The U.S. Supreme Court has long held that procedural delays are a violation of due process. In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court ruled that delays in judicial proceedings result in prejudice to the litigants and violate due process. The Court further held that timely action is essential to prevent the deprivation of rights. The Supreme Court in *Davis v. Passman*, 442 U.S. 228 (1979), reinforced that delays not only harm the litigants but also undermine the public's trust in the judicial process.

Additionally, in *Massachusetts v. EPA*, 549 U.S. 497 (2007), the Supreme Court emphasized the need for agencies, and by extension courts, to act within a reasonable time frame. The failure to act promptly here violates the Court's duty to resolve disputes expeditiously.

This Court has long held that delay is not just procedural failure but constitutional injury, see also:

1. Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000) – <u>Courts may not rely on unauthenticated evidence.</u>
2. Iverson v. City of Boston, 452 F.3d 94 (1st Cir. 2006) – Due process guarantees judicial fairness and timeliness.
3. Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989) – Fraud upon the court justifies vacatur.
4. Borden v. Sec'y of HHS, 836 F.2d 4 (1st Cir. 1987) – Delays must be "scrupulously avoided."
5. United States v. Haggert, 980 F.2d 8 (1st Cir. 1992) – <u>Failure to act can constitute denial of fundamental fairness.</u>
6. *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576 (1st Cir. 1994) – <u>Appellate delay equals due process deprivation.</u>
7. *Rosado v. Wyman*, 397 U.S. 397 (1970) (as applied in 1st Cir.) – Courts must rule promptly when federal rights are at stake.
8. *Young v. Gordon*, 330 F.3d 76 (1st Cir. 2003) – <u>Abuse of discretion includes failure to act.</u>
9. *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119 (1st Cir. 2004) – <u>Voids any judgment made on improperly developed record.</u>
10. *Cohen v. Brown Univ.*, 101 F.3d 155 (1st Cir. 1996) – Courts must not delay adjudicating constitutional harm.
11. *Figueroa-Rodriguez v. Lopez-Rivera*, 878 F.3d 128 (1st Cir. 2017) – <u>Failure to review appeal on merits violates due process.</u>
12. *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1 (1st Cir. 2003) – <u>Mandates strict scrutiny for delays in fundamental rights cases.</u>

Each of these decisions condemns the very conduct now exhibited by this Court: silence, stalling, and subversion. This Court has previously condemned similar delays as unconstitutional. That same standard must now apply here.

Each case emphasizes the obligation of appellate courts to resolve issues involving liberty, void judgments, due process violations, or constitutional rights without

delay. This Court's conduct is not judicial discretion—it is prejudicial abandonment of duty.

## VII. LOCAL RULES HAVE BEEN IGNORED AND/ OR DEFILED

The Federal Rules of Appellate Procedure (FRAP) are clear in their expectation of timely decisions from appellate courts. FRAP Rule 41(b) mandates that "the court of appeals must act promptly" to resolve matters. The failure to issue a decision for over six months (or more) is a flagrant violation of this rule, and it severely undermines the integrity of the judicial process. FRAP Rule 2 explicitly permits this Court to expedite the consideration of a case, and there is no reasonable excuse for this case to have been delayed to this extent.

This Court cannot pretend ignorance of its own rules. This Court is not above procedure. It is bound by the Federal Rules of Appellate Procedure, which demand swift action—not indefinite silence.

This Court's docket shows a six-month (or more) failure to act on fundamental filings in breach of the following:

- 1st Cir. Loc. R. 27.0(d) – Requires motions to be decided "promptly and without unnecessary delay." This Court has not acted. That rule has been trampled beneath this Court's unconscionable inertia.
- Loc. R. 45.0(a) – Record and filing management obligations. Clerk must promptly process filings and enforce compliance. Six months without docket movement is nonfeasance.
- I.O.P. VII & VIII – Internal deadlines for decision. First Circuit I.O.P. VII (Disposition Time Goals) specifically sets six-month benchmarks for resolving matters from the date of argument or submission. We are well beyond that threshold. 1st Cir. I.O.P. VII(A) – Sets firm six-month internal disposition goals. This case is already overdue and in breach.

- FRAP 2 – This Court possesses plenary power to expedite and prioritize a case where justice demands it—which it undeniably does here. This Court may suspend rules to expedite "in the interest of expediting decision."
- FRAP 3 and 10 – FRAP 3(c)(4) – Mandates that appeals must be processed uniformly and without prejudice. FRAP 10(a)(2) – Record on appeal includes all documents essential to review, that follow evidentiary standards in the lower courts;
- FRAP 27(a)(3) – Requires a prompt ruling on motions filed. Silence is a procedural dereliction.
- Under FRAP 41(b), Final mandates must issue "promptly." "The court of appeals must act promptly." Not "may." Must. No mandate. No order. No justification.

## VIII. THE DISTRICT COURT COMMITTED ERROR BY ACCEPTING UNSWORN, UNVERIFIED, AND LEGALLY WORTHLESS MATERIALS FROM APPELLEES IN VIOLATION OF DUE PROCESS AND THE FEDERAL RULES OF EVIDENCE— THE DISTRICT COURT'S JUDGMENT ARE VOID AB INITIO— VOID JUDGMENT CANNOT STAND

These proceedings fail to meet the minimum standards of due process contemplated under Article III. The judgment is not merely erroneous—it is legally void. And this Court, by permitting this record to persist without correction risks undermining judicial integrity and constitutional safeguards. The lower State and district courts accepted unverified, unsworn, incompetent submissions as "fact." This is a textbook fraud upon the court.

Not a single filing by any of the appellees was submitted under penalty of perjury, or verified in accordance with 28 U.S.C. § 1746. There is no competent testimony, no affidavit, no declaration—nothing that meets the bare minimum requirements of admissible evidence under the Federal Rules of Evidence. Yet the district court blindly adopted appellees' narrative and dismissed appellant's claims without a

single admissible fact before it. A judge's assumption without fact is not jurisdiction, and your continued silence in the face of this travesty may risk judicial endorsement of procedural errors that infringe constitutional protections.

This is not a procedural oversight. It is a constitutional insult. The court relied on documents that no honest tribunal would accept— unsworn, unauthenticated and hearsay. That violates Federal Rules of Evidence 802 and 901 and 902, and it flies in the face of binding First Circuit precedent. See *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000). <u>A court order based on hearsay and attorney rhetoric is not due process—it is fraud.</u>

Moreover, as established in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), fraud upon the court renders judgments and in this case "ORDERS" void. Hazel-Atlas supra, "The U.S. Supreme Court held that fraud upon the court undermines the integrity of the judicial system, and any judgments resulting from such fraud are void". Hazel-Atlas supra, addressed the power of a federal court to set aside a judgment obtained by fraud. Also see; Cf. No East-West Highway Committee, Inc. v. Chandler, 767 F.2d 21, 24 (1st Cir. 1985) ("A vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of law of the case."), cited by THE SUPREME COURT OF NEW HAMPSHIRE Case No. 2013-874, JAMES CONANT & a. V. TIMOTHY O'MEARA & A.

The State and district court's judgment is legally void, by accepting and acting upon inadmissible, unsworn materials, the courts violated the appellant's Fifth and Fourteenth Amendment protections to due process and a fair hearing, renders the judicial process functionally ineffective and procedurally deficient under federal standards., and acted in dereliction of its Article III duties. Such an outcome cannot be considered a lawful adjudication under federal standards of due process. See Carmona supra ("Documents supporting or opposing summary judgment must be properly authenticated."). See also: 28 U.S.C. § 1746. Those judgments are void under Rule 60(b)(4) of the Federal Rules of Civil Procedure and binding precedent

in *Aoude*, *Carmona*, and *Haggert*. This Court's failure to vacate or rule on it renders the First Circuit complicit in constitutional fraud. This Court must not merely reverse. It must rebuke.

Under the Judiciary Act of 1789, Sections 22–34, this appellate court is not merely authorized but obligated to correct and reverse lower court errors and issue such judgment as "the court below should have rendered." Your duty is not optional.

## IX. CONCLUSION:

The delay in this case is no longer just an inconvenience; it is a denial of justice, a violation of statutory law, and a breach of the Court's duties. Appellant has waited long enough. This Court must act now, and I demand that it do so in accordance with the law, the rules, and the principles of justice that govern this nation. At this stage, continued inaction may no longer fall within discretionary boundaries and instead risk contravening established legal, procedural, and constitutional norms.

The failure of this Court to take action in this matter has gone far beyond what can be tolerated in a functioning judicial system. The delay violates statutory law, case law, FRAP, and First Circuit Local Rules, and it is an egregious violation of the rights of the Appellant. This Court's obligation to render a decision promptly is clear, and the harm caused by this delay is undeniable. Appellant has exhausted all procedural good faith. The Court's continued silence constitutes constructive denial of access to justice and may soon ripen into an appealable injury or a petition to the U.S. Supreme Court for extraordinary relief under Article III and 28 U.S.C. § 1361.

The lack of timely action risks not only infringing Appellant's constitutional protections but may also affect broader perceptions of procedural fairness and the rule of law. This delay is no longer defensible under any standard of due process or judicial integrity. The people are not subjects of bureaucratic silence—they are entitled to timely adjudication and constitutional protection. The Court is urged to act without further delay.

# X. MANDATORY REMEDY & FINAL DEMAND AND NOTICE OF INTENT OF ESCALATION

I, Appellant, hereby respectfully DEMAND that within TEN (10) DAYS of this filing, this Court either:

1. Issue a final ruling or order within 10 days;
2. Set a public disposition schedule and docket a timeline for final resolution;
3. Enter judgment based on uncontested record or remand with direction;
4. Refer for judicial discipline if applicable.

Should no response be issued, Appellant respectfully reserves the right to pursue further remedies including:

- Filing of Emergency Petition for Writ of Mandamus with the Supreme Court of the United States;
- Filing of Formal Complaint for Judicial Misconduct under 28 U.S.C. §§ 351–354;
- Pursuit of Congressional oversight referral for systemic violations under Pub. L. 101-650.

All Rights Reserved always and forever more, without prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

I, Appellant, certify/declare under penalty of perjury that the above is true and correct to the best of my abilities.

_Matthew-Lane: Hassell_     **Dated:** 22nd of May, 2025

Matthew-Lane: Hassell
Propria Persona Sui Juris
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

**CERTIFICATE OF COMPLIANCE:**

I, Plaintiff, certify/declare under penalty of perjury the word count of this document (APPELLANT'S MOTION/NOTICE TO COMPEL RULING, ISSUE ORDER, OR SET EXPEDITED TIMELINE) is in total (including CERTIFICATE OF COMPLIANCE) 6,792 and that the foregoing is true and correct to the best of my abilities.

I certify that a copy of this MOTION/NOTICE and CERTIFICATE OF COMPLIANCE has been sent by USPS FIRST CLASS/ PRIORITY mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA and/ or Nathan W. Kenison–Marvin, to their respected addresses on file, on the 22nd of May, 2025.

*Matthew-Lane: Hassell*　　　**Dated:** 22nd of May, 2025

Matthew-Lane: Hassell
Propria Persona Sui Juris
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

This package is made from post-consumer waste. Please recycle - again.

PRESS FIRMLY TO SEAL





## UNITED STATES
## POSTAL SERVICE ®

# PRIORITY
# MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED



To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



FROM:

## PRIORITY
## ★ MAIL ★



UNITED STATES
POSTAL SERVICE ®

VISIT US AT USPS.COM®

FROM: Matthew-Lane: Hassell.
20 Arlington St Unit D
Nashua, New Hampshire [03060]

TO: Clerk of Court
1st Circuit - Anastasia Dubrovsky
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA. 02210

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.