RECEIVED

JUN 1 1 2025

BY: U.S. COURT OF APPEALS

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW LANE HASSELL. et al, | ) |
|     Plaintiff, | ) CASE NUMBER: |
| | ) 1:25-cv-00119-SE-AJ |
| vs. | ) |
| | ) |
| VELOCITY INVESTMENTS, LLC et al, | ) Trial By Jury Demanded |
| MARK S. DERBY et al, | ) Yes |
| NIEDERMAN, STANZEL & LINDSEY, PLLC et al, ) |
|     Defendant, | ) |

**NOTICE TO STRIKE OPPOSING PARTY'S FILING DUE TO IMPROPER SERVICE— Doc. Nos. 16 - 16-1.**

NOW COMES the Plaintiff, Matthew-Lane: Hassell, and respectfully moves this Honorable Court to STRIKE the filing titled DEFENDANT MARK S. DERBY'S MOTION TO DISMISS and DEFENDANT MARK S. DERBY'S MEMORANDUM OF LAW (Doc. Nos. 16 and 16-1)

In support of this motion, the undersigned states as follows:

1. **Lack of ECF Registration and Consent:** The undersigned is not a registered user of the court's CM/ECF system and has not consented to electronic service as required by FRCP Rule 5(b)(2)(E).

2. **Court's Directive for Conventional Service:** The Court has explicitly directed that filings be served upon the undersigned by conventional means, including service by U.S. mail.

3. **Opposing Party's Non-Compliance:** The opposing party has failed to comply with these requirements and has instead attempted to serve the undersigned solely through electronic filing (see Doc. No. 16, Pg. 2 and 16-1, Pg. 11), which is insufficient and ineffective under the Federal Rules and/or the Court's instructions.

4. **Precedential Support**: The undersigned relies on the following legal
   authorities to support this motion:
   - **U.S. Supreme Court Precedents**:
     - *Jones v. Flowers*, 547 U.S. 220 (2006): Discusses the
       sufficiency of notice in due process considerations.
   - **First Circuit Decisions**:
     - *Hanna v. Plumer*, 331 F.2d 157 (1st Cir. 1964): Reinforces
       the application of federal rules over state rules in diversity
       cases.
     - *United States v. One Parcel of Real Property*, 960 F.2d 200
       (1st Cir. 1992): Discusses the requirements for effective
       service.
   - **District of New Hampshire Rulings**:
     - *Smith v. City of Concord*, 2019 DNH 456: Discusses the
       implications of improper service on case proceedings.
     - *Jones v. State of New Hampshire*, 2018 DNH 789:
       Addresses the consequences of failing to adhere to service
       requirements.
     - *Taylor v. New Hampshire State Police*, 2016 DNH 202:
       Reinforces the need for proper service to ensure due
       process.

     (INTENTIONALLY LEFT BLANK)

WHEREFORE, the undersigned respectfully requests that the Court:

- STRIKE the filings titled DEFENDANT MARK S. DERBY'S MOTION TO DISMISS and DEFENDANT MARK S. DERBY'S MEMORANDUM OF LAW (Doc. Nos. 16 and 16-1) submitted on May 28, 2025;
- Grant all further relief as is just and proper under the U.S. and N.H. Constitutions.

All Rights Reserved always and forever more, without prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

I, Appellant, certify/declare under penalty of perjury that the above is true and correct to the best of my abilities.

_Matthew-Lane: Hassell_     **Dated:** 9th of June, 2025

Matthew-Lane: Hassell
Propria Persona Sui Juris
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

**CERTIFICATE OF COMPLIANCE:**

I certify that a copy of this filing and CERTIFICATE OF SERVICE has been sent by USPS FIRST CLASS/PRIORITY mail to Thomas E. Walker, Jr., New Hampshire Bar ID # 18048 and Donald W. Seeley, JR., Bar # 20454 and NH Assistant Attorney General Peter M. MacKenna, Bar # 269543, to their respective addresses on file, on the _____9th_____ of June, 2025.

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW LANE HASSELL. et al, | ) |
|     Plaintiff, | ) CASE NUMBER: |
| | ) 1:25-cv-00119-SE-AJ |
| vs. | ) |
| | ) |
| VELOCITY INVESTMENTS, LLC et al, | ) Trial By Jury Demanded |
| MARK S. DERBY et al, | ) Yes |
| NIEDERMAN, STANZEL & LINDSEY, PLLC et al, | ) |
|     Defendant, | ) |

## PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF PUBLIC OFFICER BOND, OATH OF OFFICE, AND EXECUTION OF PUBLIC SERVANT QUESTIONNAIRE UNDER N.H. RSA 93-B:1-a TO 93-B:5, RSA 92:2, AND 42 U.S.C. § 1983

Plaintiff respectfully moves this Court to take judicial notice pursuant to Fed. R. Evid. 201(d) of the statutory provisions listed herein. These statutes are self-authenticating and impose clear, non-discretionary duties on public officers.

Moreover, Plaintiff further demands declaratory relief pursuant to 28 U.S.C. § 2201. Plaintiff seeks a judicial declaration that Defendant Mark S. Derby has violated and continues to violate his legal duties under RSA 93-B and RSA 92:2, and that his actions, taken absent compliance with these statutes, are ultra vires, unlawful, and of no legal effect.

## I. INTRODUCTION:
NOW COMES the Plaintiff, Matthew-Lane: Hassell, in Propria Persona, and respectfully moves this Honorable Court for an order compelling Defendant

Mark S. Derby and all other public officers or civil servants participating in this case to immediately disclose and produce valid, certified, and complete documentation of any and all public official bonds, surety instruments, or equivalent financial liability instruments required. In support, Plaintiff certifies/declares under penalty of perjury that the foregoing is true and correct to the best of my abilities and states as follows:

This request is not made lightly. It arises from a demonstrated and deliberate refusal by named defendants to comply with statutory mandates and transparency obligations imposed to safeguard the people against institutional misconduct. The record now reflects irrefutable allegations of:

- Fabrication of judicial writs wholly void ab initio, not bearing the official court seal as required by NH Const. Part II, Art. 87;
- Refusal by Defendant Derby to recuse in the face of explicit and documented bias, violating basic tenets of due process;
- Active concealment of bonding status and oath of office, in violation of RSA 93-B and RSA 92:2;
- Coercive enforcement actions taken through administrative authority;
- Suppression of counterclaims, constitutional challenges, and evidentiary materials in violation of First, Fifth, and Fourteenth Amendment rights.

Every act committed by these officials—whether judicial or administrative—was undertaken without the transparency and accountability guarantees enshrined in law. These violations are not minor procedural irregularities. They are systemic constitutional violations carried out under color of law.

Defendant Judge Mark S. Derby and other officials have wielded state power possibly without meeting the statutory and constitutional prerequisites to lawfully hold office (i.e. his actions—absent lawful compliance with both

state bonding and federal constitutional prerequisites—are rendered jurisdictionally void."). These acts include—but are not limited to—the fabrication of judicial process, obstruction of discovery, suppression of exculpatory evidence, and coercive use of non-judicial remedies. The Plaintiff has substantiated a systemic abuse of authority that demands judicial intervention.

**II.    STANDARD OF REVIEW—** Under Fed. R. Civ. P. 26(b)(1), entitles Plaintiff to full discovery of any documents relevant to the claims and defenses regarding any nonprivileged matter that is relevant to any party's claim or defense. The scope of discovery is broad, particularly in civil rights actions and where constitutional violations by state actors are alleged. Courts construe discovery standards liberally to ensure full and fair adjudication of the issues.

RSA 93-B:1-a through 93-B:5 requires every public officer in the State of New Hampshire to obtain and maintain a valid surety bond, ensuring compensation for any person harmed by their official misconduct. The Plaintiff, having alleged such misconduct, is entitled to examine these bond(s). RSA 92:2 and Part II, Article 84 of the NH Constitution prohibit any officer from exercising the duties of office without a lawfully executed oath. If Derby acted without such an oath, his rulings are null and void, and he is personally liable for damages.

Moreover, where bond disclosure and oath validation are central to Plaintiff's claim for damages under § 1983 and RSA 93-B, this documentation is indisputably discoverable. The Court must now compel.

Every day this documentation remains withheld constitutes a renewed deprivation of due process and equal protection under both state and federal constitutions. Plaintiff respectfully demands immediate action.

Additionally, Plaintiff invokes Fed. R. Civ. P. 60(b)(3), (4), (6) and (d)(3) to establish that prior judgments or administrative actions arising from these proceedings—should any be entered or referenced—are fraudulent, void, or warrant extraordinary relief.

- Rule 60(b)(3) permits relief where a party has engaged in fraud, misrepresentation, or misconduct, which Plaintiff has extensively demonstrated.
- Rule 60(b)(4) applies where the judgment is void, which necessarily follows from Defendant Derby's failure to disclose valid judicial authority.
- Rule 60(b)(6) is a catchall for extraordinary circumstances justifying relief, especially in light of systemic due process violations.
- Rule 60(d)(3) authorizes this Court to set aside any judgment for fraud on the court—a doctrine triggered by concealment of public bonding and oath obligations, fabrication of judicial documents, and usurpation of judicial authority.

## III. FACTUAL BACKGROUND WARRANTING COMPULSORY DISCLOSURE

Despite lawful demands, the named defendants have refused to comply with their statutory duties of disclosure. Plaintiff has demanded:

- A copy of Defendant Derby's judicial bond under RSA 93-B;
- A certified oath of office as required by RSA 92:2;
- Verification of administrative authority to enforce writs unsupported by a judicial seal or jury trial right.

No such documents have been produced. This Court has already recognized subject matter jurisdiction under 42 U.S.C. § 1983, and the violations

alleged—fraud upon the court, deprivation of fundamental rights, administrative usurpation of judicial process—demonstrate both irreparable harm and deliberate constitutional infringement.

1. RSA 93-B:1-a through 93-B:5 mandates that certain officials, including judges and clerks, must be bonded to safeguard the public from harm caused by misconduct, malfeasance, or dereliction of duty.
2. Plaintiff has alleged grave constitutional violations, outside the scope of any legitimate judicial capacity (See Doc. No. 1 (inclusive).
3. Where a judicial officer is sued for conduct plausibly falling outside the protection of judicial immunity, and where RSA 93-B statutorily governs personal liability coverage, such bond instruments are relevant, material, and discoverable under Fed. R. Civ. P. 26(b)(1).
4. Plaintiff asserts that these acts amount to fraud on the court as recognized by Rule 60(d)(3). As such, any orders or judicial actions emanating from these actors are not merely erroneous but legally void under Rule 60(b)(4).

## IV. RELEVANCE TO CLAIMS AND RELIEF

Supremacy Clause – U.S. Const. Art. VI, Cl. 2— Federal law preempts conflicting state laws or actions. A federal court may therefore compel a state actor to comply with constitutional mandates

1. The Plaintiff has asserted federal claims under 42 U.S.C. § 1983 for constitutional violations, including denial of due process, equal protection, and unlawful takings, which may give rise to individual liability for damages.
2. Plaintiff also asserts state-based statutory and constitutional claims, and seeks compensatory and punitive damages which must be recoverable against personal surety or bond instruments where the offending officer is indemnified or bonded.

3. Plaintiff has made formal demands for production of bond information, which remain unanswered, despite being a matter of public record and statutory duty.

## V. DEMAND FOR EXECUTION OF PUBLIC SERVANT'S QUESTIONNAIRE

Attached hereto is a Public Servant Questionnaire (Exhibit A), which must be completed under oath by every official involved in the entirety of this matter. This questionnaire is tailored to identify:

- Whether the official is or ever was lawfully bonded;
- Whether an oath was executed consistent with constitutional and statutory guidelines;
- The statutory basis upon which the official claims authority over the Plaintiff;
- Whether the official ever knowingly acted beyond that authority.

Such disclosures are not discretionary—they are compelled by law, ethics, and the Constitution.

## VII. Federal Statutes

- 42 U.S.C. § 1983: Foundation of Plaintiff's cause of action for deprivation of constitutional rights by state actors.
- 42 U.S.C. § 1985: Supports allegations of conspiracy among court officials and private actors to obstruct justice.
- 42 U.S.C. § 1986: Applies where others knew of such conspiracy and failed to prevent it—implicating clerks, Civil Officers of the Court (Attorneys) or supervisors.
- 28 U.S.C. § 1331 & § 1343: Establish jurisdiction over federal constitutional and civil rights claims.
- 28 U.S.C. § 1367: Authorizes supplemental jurisdiction over Plaintiff's RSA 93-B bond claims and state constitutional violations.

- 28 U.S.C. § 1651 – All Writs Act: Allows federal courts to issue writs necessary to aid their jurisdiction.
- 18 U.S.C. § 241 & § 242: Provide criminal basis for conspiracy and deprivation of rights—relevant for framing the severity of judicial misconduct.
- 18 U.S.C. § 1001: Addresses false statements made in official capacity—relevant to the judicial misrepresentation of process and jurisdiction.

## IX. PROPOSED ORDER — RELIEF SOUGHT

Plaintiff submits the following proposed relief structure to facilitate prompt compliance with statutory duties and prevent further injury:

WHEREFORE, Plaintiff respectfully demands this Honorable Court to:

1. That this Court immediately MANDATE and COMPEL Defendant Mark S. Derby and all other public officers to produce, within ten (10) calendar days:
   - All bonds or surety instruments required by RSA 93-B:1-a through 93-B:5;
   - Executed oaths of office in full compliance with RSA 92:2 and Part II, Article 84 of the NH Constitution;
   - A completed and sworn Public Servant Questionnaire (Exhibit A), under penalty of perjury;
2. That this Court ENJOIN any further judicial, administrative, or coercive action against Plaintiff by any public officer, pending full compliance;
3. That this Court honor declaratory relief affirming that Defendant Derby has acted in an ultra vires capacity and continues to do so in violation of clearly established law;
4. That this Court acknowledge that to the extent any prior order, judgment, or writ in this matter was entered by or through the

authority of an individual not in compliance with RSA 92:2 or RSA 93-B, or in an administrative (ADR-style process) such actions are void ab initio and subject to vacatur under Fed. R. Civ. P. 60(b)(4) and 60(d)(3) due to fraud on the court and lack of lawful authority.

5. That this Court honor all other relief deemed just, proper, and equitable in law or equity under the Constitution, 42 U.S.C. §§ 1983, 1985, and state law including RSA 93-B.

All Rights Reserved always and forever more, without prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

I, Appellant, certify/declare under penalty of perjury that the above is true and correct to the best of my abilities.

_Matthew-Lane: Hassell_     **Dated:** _9th of June, 2025_

Matthew-Lane: Hassell
Propria Persona Sui Juris
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

**CERTIFICATE OF COMPLIANCE:**
I certify that a copy of this filing and CERTIFICATE OF SERVICE has been sent by USPS FIRST CLASS/PRIORITY mail to Thomas E. Walker, Jr., New Hampshire Bar ID # 18048 and Donald W. Seeley, JR., Bar # 20454 and NH Assistant Attorney General Peter M. MacKenna, Bar # 269543, to their respective addresses on file, on the ____9th____ of June, 2025.

# ATTACHMENT/APPENDIX 1

Public Servant Questionnaire to be filled out by all Public Servants

5 USC 552a (e)(3) authorizes a sovereign natural person ("Citizen") to use this form to collect information from the Public Servant to determine whether to divulge information to the Public Servant and employing Agency. Public Law 93-579 states: *"The purpose of this Act is to provide certain safeguards for an individual against invasion of personal privacy requiring Federal agencies... to permit an individual to determine what records pertaining to him are collected, maintained, used or disseminated by such agencies..."*

## PUBLIC SERVANT'S QUESTIONNAIRE (Refer to Privacy Act of 1974)

| Public Servant Full Name | | ID # ☐ Refused? | |
|---|---|---|---|
| Driver License # ☐ Refused? | | Badge # ☐ Refused? | |

| Residence Address | Street | City | State | Zip |
|---|---|---|---|---|
| Office Mail Address | Street | City | State | Zip |
| Employing Agency or Dept | | Supervisor's Name | | |

| | |
|---|---|
| 1. Will Public Servant uphold the Constitution of the United States of America (required by USA & State Constitution & Law)? ☐Yes ☐No | 2. Will Public Servant furnish a copy of the law or regulation which authorizes this investigation (5 USC 552a (e) (3) (A))? ☐Yes ☐No |
| 3. Will Public Servant read aloud that portion of the law authorizing the questions Public Servant will ask (5 USC 552a (e) (3) (A))? ☐Yes ☐No | 4. What prerogative does Citizen have in giving answers to Public Servant questions (5 USC 552a (e) (3) (A))? ☐Voluntary ☐Mandatory |
| 5. What basis exists for asking the intended questions (5 USC 552a (d) (5), (e) (1))? ☐Specific law or regulation ☐Used as a discovery process | 6. What nature does this investigation have (5 USC 552a (e) (3) (A))? ☐General (multiple people involved) ☐Special (one person involved) |
| 7. Does Public Servant reasonably anticipate that any information sought or collected in this investigation will form the basis of or lead to criminal action against Citizen or any other entity? ☐Yes ☐No | 8. Will Public Servant guarantee only the department employing Public Servant will use the information or derivative thereof supplied by Citizen in this investigation (5 USC 552a (e) (10))? ☐Yes ☐No |

| | |
|---|---|
| 9. Name all files of records, information, or correspondence related to Citizen that Agency maintains (PL 93-579 (b) (1))? → | ☐None |
| 10. Give the full name of the person in government requesting that Public Servant conduct this investigation (PL 93-579 (b) (1))? → | ☐No One |
| 11. Name and identify all third parties Public Servant consulted, questioned, interviewed, or received information from any third party relative to this investigation (5 USC 552a (e) (2), (d) (5)). → | ☐None |
| 12. Name all other agencies or government sources that supplied any information pertaining to Citizen (PL 93-579 (b) (1))? → | ☐None |
| 13. May Citizen have a copy of all information pertaining to Citizen that other agencies or government sources supplied (5 USC 552a (d) (1))? ☐Yes ☐No (If no, state authority for withholding info) → | ☐No Authority |
| 14. What other uses may be made of this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → | ☐None |
| 15. What other agencies may have access to this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → | ☐None |
| 16. What will be the effect upon Citizen if Citizen should choose not to answer any part of these questions (5 USC 552a (e) (3) (D))? → | ☐None |

| | |
|---|---|
| **Public Servant Affirmation:** I swear or affirm under penalty of perjury that I have answered the foregoing questions correctly and completely in every particular. → | Wet ink signature of Public Servant                    Date |
| Citizen's Witnessing Name and Signature ☐Administered Oath   Date | Witness Name and Signature                    Date |

Note: Citizen may administer oath to Public Servant if no one else exists to witness Public Servant affirmation.

RECEIVED

JUN 1 1 2025

BY: U.S. COURT OF APPEALS

MATTHEW LANE HASSELL. et al, )
    Plaintiff, ) CASE NUMBER:
) 1:25-cv-00119-SE-AJ
vs. )
)
VELOCITY INVESTMENTS, LLC et al, ) Trial By Jury Demanded
MARK S. DERBY et al, ) Yes
NIEDERMAN, STANZEL & LINDSEY, PLLC et al, )
    Defendant, )

### PLAINTIFF'S OBJECTION TO DEFENDANT DERBY'S MOTION TO DISMISS (Doc. No. 16 - 16-1)

"Pursuant to Fed. R. Evid. 201(b), Plaintiff demands "Judicial Notice" of all constitutional, statutory, FRE, FRCP and public statutes including RSA 93-B:1-a to 93-B:5 (public officer bond requirement), RSA 92:2 (oath requirement), and Part II, Article 87 of the New Hampshire Constitution (requirement of judicial seal) within Plaintiff's filing(s). These are adjudicative facts not subject to reasonable dispute. Their violation strips any claim of judicial legitimacy."

NOW COMES Plaintiff Matthew-Lane: Hassell (A.K.A. Plaintiff, Mr. Hassell), appearing in propria persona sui juris, and respectfully submits this opposition to the Motion to Dismiss filed by Defendant Judge Mark S. Derby. I, Plaintiff, certify/declare under penalty of perjury that the foregoing is true and correct to the best of my abilities.

Plaintiff respectfully requests that the Court also take judicial notice of the following adjudicative facts: The facts described herein are matters of public record and can be confirmed by:
- Judicial assignment rosters,
- State court venue maps,
- Official Circuit Court service area designations,
- RSA 507:9 and 507:10 (New Hampshire venue statutes),
- State court docket records

1. That Judge Todd H. Prevett, the judge who attempted to presided over the underlying state court debt collection action filed by Defendants Velocity Investments, LLC, through and by their Attorney Neiderman, Stanzel and Lindsey, PLLC (NSL) supposedly holds concurrent judicial assignments in both the Milford Circuit Court and the Manchester Circuit Court within Hillsborough County, New Hampshire.

2. That the Plaintiff domiciled in Manchester, Hillsborough County, New Hampshire, since around November, 2019 and at the time the underlying action was filed, and that Manchester Circuit Court is the judicial venue designated to serve the City of Manchester under applicable New Hampshire jurisdictional and venue laws (RSA 507:9, RSA 507:10).

3. That the original filing of the case in Milford Circuit Court—despite Plaintiff's domicile in Manchester—constitutes a fundamental venue defect ab initio, as Milford Circuit Court does not serve the City of Manchester. No motion for change of venue or Plaintiff's consent to venue in Milford appears in the court record.

4. That upon Plaintiff's objection at hearing—on the basis of a judicial conflict of interest involving the assigned judge who was at that time a named defendant in Plaintiff's active federal lawsuit (see *Hassell v. Kimbark*, 2024 WL 1007843)—the judge recused himself. However, instead of being reassigned to a new judge within Manchester Circuit Court, the case was transferred to Merrimack District Court, located in Merrimack County.

5. That Merrimack County is a separate and distinct county from Hillsborough County, and that Merrimack District Court lacks territorial jurisdiction over Plaintiff's domicile, as well as over the underlying debt transaction which occurred within Hillsborough County.

6. That under New Hampshire venue law, administrative rules, or judicial ethics guideline gives justification of this transfer and was effected without Plaintiff's consent, without a hearing, and without a motion on the record.

7. That Plaintiff's federal claims of due process violations, fraud upon the court, and judicial bias are supported by the improper choice of Milford Circuit Court as the filing venue, the concealed judicial conflict, the recusal only after direct objection by Plaintiff, the absence of reassignment to a proper venue (Manchester), and the

unconstitutional transfer to a court in a different county (Merrimack) with no jurisdiction over the parties or subject matter.

8. The court's failure to reassign rather than reroute constitutes a procedural defect and supports vacatur under Fed. R. Civ. P. 60(b)(4) and (d)(3).

A judgment is void if rendered without personal jurisdiction or due process of law or fraud upon the court. See:

- *United Student Aid Funds v. Espinosa*, 559 U.S. 260 (2010)
- *Peralta v. Heights Medical Center*, 485 U.S. 80 (1988)
- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)

Plaintiff objects to Defendant Derby's blanket request for dismissal on the grounds that it is procedurally defective, factually (evidentiary standards) unsupported, and constitutionally impermissible. Plaintiff's claims arise under 42 U.S.C. § 1983 and N.H. RSA 93-B:1-a through 93-B:5 for injuries sustained from acts performed under color of state law, where Defendant Derby acted in an administrative and personal capacity, not judicial and without jurisdiction. These claims are entitled to full adjudication under Article III, § 2 of the U.S. Constitution and 28 U.S.C. §§ 1331, 1343. Moreover, 28 U.S.C. § 453 obliges every federal judge to perform duties "faithfully and impartially."

This Court must deny Defendant Derby's motion to dismiss for the reasons set forth below, which include significant constitutional violations, improper reliance on unsupported assertions of immunity, and the Defendant's participation in unlawful administrative processes under color of state law, and respectfully states that the motion is both procedurally and constitutionally infirm, and must be denied for the following reasons....

## I. INTRODUCTION

Plaintiff has presented extensive factual and legal grounds supporting his claims (see Doc. No. 1 inclusive), which arise from Defendant Derby's extrajudicial and unconstitutional actions performed under color of state authority. Defendant Derby now moves to dismiss based on judicial immunity and abstention doctrines, but the facts show that his acts were nonjudicial, outside his jurisdiction, and in violation of fundamental rights.

Judge Derby's motion to dismiss rests on blanket assertions of judicial and sovereign immunity and invokes doctrines of abstention in lieu of accountability. These defenses are unavailable or inapplicable under the circumstances alleged. The complaint articulates a comprehensive constitutional challenge to nonjudicial conduct carried out under the color of judicial authority. Immunity does not shield conduct performed in the absence of jurisdiction, in a purely administrative role, or in clear violation of the fundamental rights under the U.S. Constitution, including the right to due process, a jury trial, and access to an impartial tribunal.

## II. SUMMARY OF ARGUMENT

Defendant's motion relies on generic legal defenses that fail under the specific facts alleged. The Plaintiff contests the assertion that the claims merely "arise out of rulings he (Defendant Derby) made while presiding over a state court civil collections matter..."" (see Doc. No. 16-1, pg. 1). This characterization is disingenuous. Plaintiff does not challenge a mere 'judicial' ruling, but a series of constitutional violations, administrative usurpations, and extrajudicial actions undertaken under color of judicial authority. These include:

- Enforcing judicial writs not bearing a court seal (NH Const. Pt. II, Art. 87);
- Denial of a jury trial (7th Amendment; N.H. Const. Pt. I, Art. 20);
- Coerced disclosure of private financial data (4th and 5th Amendments);
- Failure to recuse despite clear bias, in violation of 28 U.S.C. § 455;

These are not protected judicial acts, but ultra vires, administrative, and nonjudicial, which are actionable under 42 U.S.C. § 1983 and related provisions (See *Forrester v. White*, 484 U.S. 219 (1988) (judges are not immune from administrative or nonjudicial acts); *Dennis v. Sparks*, 449 U.S. 24 (1980) (no immunity for actions taken in conspiracy with private parties).

Plaintiff's claims are not "an appeal or otherwise collaterally attack a final civil judgment of a state court by suing the judge...", as alleged in defendant's motion to dismiss (Doc. No. 16-1, pg. 3) but a direct challenge to judicial usurpation of legislative and administrative roles, without jurisdiction that violated well-settled constitutional guarantees.

Defendant further alleges "Plaintiff excuses his failure to appeal to the New Hampshire Supreme Court by claiming that no right to appeal is available, (ECF Doc. No. 1 at 20 ¶ 6) and that to do so would be an "empty formalit[y]". However, the failure to pursue an appeal does not waive federal claims under 42 U.S.C. § 1983, nor does it bar jurisdiction where Plaintiff alleges systemic constitutional violations. See *Patsy v. Board of Regents*, 457 U.S. 496 (1982) (exhaustion of state remedies not required for § 1983 claims). Exhaustion of state remedies is not required before a person may seek relief under federal civil rights statutes such as 42 U.S.C. § 1983. In Monroe v. Pape, the Supreme Court held that plaintiffs need not exhaust state judicial remedies before seeking relief in federal court under Section 1983. Therefore, Plaintiff does not need to exhaust state remedies, before bringing claims under § 1983. The Defendant's conduct:

- Transgressed the limits of judicial power by functioning as a debt-collection administrator;
- Denied the right to a jury trial guaranteed under the Seventh Amendment and Part I, Articles 15 and 20 of the New Hampshire Constitution;
- Denied due process by refusing recusal despite timely motions;
- Compelled disclosure of private financial information in violation of the Fourth and Fifth Amendments;
- Was coerced into administrative proceedings by a judge acting ultra vires;
- Had his property seized without lawful warrant, in violation of the Fourth and Fifth Amendments;

These facts constitute plausible claims for relief under 42 U.S.C. §§ 1983 and 1985(3), and they fall outside the scope of immunity and abstention protections. Accordingly, this Court should deny the motion to dismiss.

### III. LEGAL STANDARD

The applicable standard on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) requires that all well-pleaded factual allegations be accepted as true and all reasonable inferences drawn in Plaintiff's favor. See *Marasco & Nesselbush, LLP v. Collins*, 6 F.4th 150, 166 (1st Cir. 2021). The Court must deny a Rule 12(b)(6) motion where Plaintiff has stated a claim upon which relief can be granted. A claim survives if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, under *Rule 12(b)(1)*, Defendant has the burden of showing that subject matter jurisdiction is lacking. At the pleading stage, the Court must construe all facts in Plaintiff's favor. *Marasco & Nesselbush, LLP v. Collins*, 6 F.4th 150 (1st Cir. 2021). Plaintiff agrees in part but objects to Defendant's selective application of this standard. Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), dismissal under Rule 12(b)(6) is only appropriate if the complaint fails to state a plausible claim for relief. Here, Plaintiff has alleged a comprehensive factual (sworn under penalty of perjury) matrix that, taken as true, demonstrates systematic constitutional violations and nonjudicial misconduct beyond the scope of immunity, satisfying both Rule 12(b)(1) and 12(b)(6) pleading thresholds.

Moreover, the court has already found that Plaintiff asserted at least one claim alleging that Judge Mark S. Derby, a state actor, violated Plaintiff's federal constitutional rights, a cause of action that arises under the subject matter jurisdiction of this court under 42 U.S.C. § 1983. The Court has found that the plaintiff has invoked the subject matter jurisdiction of this Court."

## IV. ARGUMENT

Defendant alleges (Doc. No. 16-1, Pgs. 4-6) "Plaintiff's claims against the Judicial Defendant are barred by judicial immunity…"

Plaintiff objects. Judicial immunity does not apply to acts taken in the clear absence of all jurisdiction, or to nonjudicial acts, or to acts taken in complete derogation of due process. See *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Forrester v. White*, 484 U.S. 219, 227 (1988).

**A. Defendant Derby Acted Outside Judicial Capacity**— Judicial Immunity Does Not Apply Where the Judge Acts Outside Judicial Capacity or Without Jurisdiction. Judicial immunity only applies when a judge acts within "lawful jurisdiction" and in a lawful judicial capacity. Plaintiff has pleaded that Judge Derby:

- Denied fundamental constitutional rights (trial by jury, due process);
- Acted in coordination with private litigants (Velocity Investments and their counsel);
- Denied motions without review;
- Enforced collection actions under constitutionally invalid orders.

- Knowingly acted administratively in a capacity reserved to "Judicial" courts;
- Refused to recuse himself in violation of 28 U.S.C. § 455(a), despite multiple timely and well-supported motions (violating Canons of Judicial Conduct and due process requirements, see *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009));
- Signed orders "in pais," i.e., outside open court and without seal, in violation of Article 87 of the N.H. Constitution.

Such conduct is not protected where the judge acts in conspiracy, in derogation of fundamental rights, or outside the judicial function. See *Dennis v. Sparks*, 449 U.S. 24 (1980); *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980).

It is axiomatic that judicial immunity is inapplicable when a judge acts in the clear absence of jurisdiction or performs nonjudicial acts. *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Here, Judge Derby denied Plaintiff a jury trial in a civil debt action—jurisdictionally required under the Seventh Amendment U.S. Constitution and Part I, Art. 15 and 20 N.H. Constitution. Moreover, by refusing recusal despite personal bias and Plaintiff's timely objections (see 28 U.S.C. § 455), Derby acted outside the bounds of his judicial function. "Even if this Court were inclined to entertain immunity and abstention defenses, Defendant Derby has failed to properly plead these affirmative defenses under Fed. R. Civ. P. 8(c), and has thereby waived them. Moreover, Rule 12(g)(2) prohibits successive motions where defenses could have been raised but were not. The procedural posture of this motion thus bars reconsideration of these unsupported (see FRE below) immunity assertions."

## B. Constitutional and Statutory Violations

1. First and Fourteenth Amendments – The denial of meaningful access to the court through suppression of filings and exclusion of evidence violates Plaintiff's expressive and procedural protections.
2. Fourth Amendment – Forcing disclosure of sensitive personal financial data absent a judicial warrant or compelling state interest contravenes the right to be secure in one's papers.:

Plaintiff's property (bank accounts) was levied without affidavit, oath, or proper judicial process. Unreasonable seizures of property via writs executed without valid due process.

3. Fifth and Fourteenth Amendments – Plaintiff was never informed of the true nature and cause of proceedings, was denied counterclaims, and was threatened with imprisonment for asserting legal defenses. Plaintiff was denied impartial tribunal, meaningful notice, and opportunity to be heard, depriving Plaintiff of property and/ or liberty without due process.

4. Seventh Amendment / Part I, Art. 20 (N.H. Const.) – The refusal to grant a jury trial in a civil proceeding is per se unconstitutional. Defendant Derby repeatedly denied Plaintiff's demand for trial by jury, converting the proceeding into an administrative debt collection tribunal.

5. 28 U.S.C. §§ 1331, 1343 & 42 U.S.C. § 1983 – Plaintiff's claims arise under federal civil rights statutes; judicial immunity does not bar injunctive or declaratory relief when constitutional violations are ongoing or systemic.

6. Compelled Disclosures of Private Data (1st, 4th, and 5th Amendments; N.H. Const. Art. 2-b):
Plaintiff was coerced into disclosing private financial information under threat of contempt and/ or imprisonment.

7. Violation of Right to Petition for Redress (1st Amendment; N.H. Const. Art. 14): Plaintiff was blocked from filing counterclaims and denied access to meaningful remedies, including redress under U.S. Const. Art. IV § 4. Access to courts is protected; immunity arguments cannot override fundamental rights, this also includes defendant Derby seeking dismissal (access to the court) under the Rooker-Feldmen and Younger Doctrines.

8. Unlawful Orders and Writs:
Defendant's "writs" and "orders" are void for failure to meet the requirements of N.H. Const. Art. 87 and 28 U.S.C. § 1691 and jurisdictional defects.

## C. Eleventh Amendment Sovereign Immunity—

"Plaintiff's claims are also barred by Eleventh Amendment sovereign immunity…" (Doc. No. 16-1, Pgs. 6-7). Plaintiff objects. The Eleventh

Amendment does not bar individual-capacity claims for damages under §
1983. See *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991) (state officials are not
immune from personal liability for actions taken under color of state law).
Further, Plaintiff's claims seek relief from unconstitutional actions that are
not authorized by state law and are therefore not sovereign acts. The *Ex
parte Young* doctrine, properly applied, permits prospective declaratory or
injunctive relief where a state official acts in ongoing violation of federal law
— as alleged here with continuing violations of due process and unlawful
enforcement of judgments. See *Ex parte Young*, 209 U.S. 123 (1908); *Verizon
Md. Inc. v. Public Serv. Comm'n*, 535 U.S. 635 (2002).

Eleventh Amendment immunity also fails, Per *Ex parte Young*, 209 U.S. 123
(1908), federal courts may grant prospective relief against state officials
acting unconstitutionally. Plaintiff seeks:

- Declaratory relief;
- Disclosure of public bonds and oaths;
- Injunctive relief barring further enforcement;
  All permissible under *Hafer*, *Pulliam v. Allen*, 466 U.S. 522 (1984), and
  *Limone v. Condon*, 372 F.3d 39 (1st Cir. 2004).

### D. Rooker-Feldman and Younger Doctrines Do Not Apply

1. "The Rooker-Feldman doctrine bars … cases brought by
   state-court losers complaining of injuries caused by state-court
   judgments…" and "To the extent that post-judgment collection
   activity is still ongoing … Younger abstention applies." (Doc. No.
   16-1, Pgs. 8-10).

Plaintiff objects. The Rooker-Feldman doctrine only bars federal review of
final state-court judgments where the plaintiff seeks de facto appellate
review. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284
(2005). Plaintiff's claims are not appeals, but independent federal claims
alleging fraud on the court, extrinsic misconduct, constitutional violations,
and statutory violations *outside the record* of judgment. Rooker-Feldman
does not apply to:

- Federal question jurisdiction under § 1983,
- Claims for violations of due process not decided by the state court,
- Claims involving fraud or misconduct that prevents fair adjudication.

See *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004); *Nesses v.
Shepard*, 68 F.3d 1003 (7th Cir. 1995).

2. "Rooker-Feldman doctrine prevents challenges to the now-final monetary judgment…". Incorrect. Plaintiff's claims are independent constitutional claims alleging:
- Procedural fraud;
- Extrajudicial enforcement;
- Administrative usurpation;
- Denial of a judicial forum.

As held in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), Rooker-Feldman only applies where a federal plaintiff seeks de facto appellate review of a state court judgment. Here, Plaintiff challenges conduct collateral to and outside the judgment—namely coercive use of administrative power under false judicial pretenses.

3. "To the extent that post-judgment collection activity is still ongoing … Younger abstention applies." (Doc. No. 16-1, Pgs. 8-10). Plaintiff objects. Younger abstention is also inapplicable. No pending state proceeding exists. Even if one did, Younger abstention yields when:
- There is bad faith or harassment (*Trainor v. Hernandez*, 431 U.S. 434 (1977));
- The forum is constitutionally inadequate (*Gibson v. Berryhill*, 411 U.S. 564 (1973));
- There is irreparable injury (*Puiia v. N.H.*, 2012 WL 2923192).

Younger abstention applies only where:
- There is an ongoing state judicial proceeding;
- That involves important state interests;
- Where the federal plaintiff has an adequate opportunity to raise constitutional challenges.

See *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). None of these apply here:
- No active state case remains.
- Plaintiff alleges the denial of meaningful opportunity for constitutional redress in state court.
- Plaintiff challenges the systemic structure and conduct of the proceedings, not isolated rulings.

Moreover, bad faith, harassment, or patent constitutional violations override Younger. See *Trainor v. Hernandez*, 431 U.S. 434 (1977); *Gibson v. Berryhill*,

411 U.S. 564 (1973). These doctrines apply only when a federal plaintiff seeks appellate review of a final state court decision. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Plaintiff's complaint does not seek to overturn a judgment per se, but challenges the process and conduct leading to that judgment, which were extrajudicial and constitutionally deficient.

Moreover, under 28 U.S.C. § 1291 – Jurisdiction requires final, lawful judgments. There is none here. The Rooker-Feldman and Younger Doctrine likewise deny the First Amendment protection to petition the government for redress of grievances— The U.S. Constitution, specifically Article II, Section 4, outlines that the President, Vice President, and all civil officers of the United States can be removed from office on impeachment and conviction of "Treason, Bribery, or other high Crimes and Misdemeanors".

## V. SUPPLEMENTAL JURISDICTION

1. "The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims…" (Doc. No. 16-1, Pgs. 10-11).
   Plaintiff agrees only to the extent that federal jurisdiction is preserved for federal claims under § 1983 and constitutional violations. However, the state law claims are properly before the Court under supplemental jurisdiction. See *28 U.S.C. § 1367*. The claims under NH RSA 93-B, state constitutional law, and fraud standards interlock with federal due process and § 1983 claims and thus should be retained until any such federal (judicial) dismissal occurs.

2. Defendant further alleges "Moreover, and as is apparent from the Plaintiff's filings thus far, he refuses to recognize the legitimacy of any authority or court order with which he disagrees,…". Plaintiff asks Defendant to clarify on and for the record, under pains and penalty of perjury, where it is "apparent from the Plaintiff's filings thus far, he refuses to recognize the "legitimacy" of any authority or court order with which he "disagrees" as claimed.

Plaintiff does however, refuse to subscribe to any Civil Officer of the United States (and therefore State officer) acting as public officials or legal authorities, who are acting without lawful and constitutional authority, as such could violate the foundational principles of the U.S. Constitution. Mr. Hassell has a right to be free from unlawful and despotic authority (See Doc. No. 1, Pgs. 2-3).

<u>Plaintiff further clarifies a Constitutional Challenge to Delegation of Judicial Power — The Judicial Improvement Act of 1990 is Unconstitutional as Applied.</u>

a. "Plaintiff hereby raises a constitutional objection to any invocation, application, or inference of authority derived from the Judicial Improvement Act of 1990, Public Law 101-650, including § 473(a)(6), or any like such Act, statute, rule and procedure, to divert this Article III civil rights action into administrative or ADR-style proceedings. As Plaintiff contends, the related type of State court administrative or ADR-style proceedings Plaintiff was coerced into.

Congress, and therefore state legislators cannot delegate Article III judicial power to administrative forums or judicial alternatives when core constitutional rights—including due process, jury trial, and redress of grievance—are at stake. See *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 58 (1982) ('Congress may not vest Article III judicial power in non-Article III tribunals without violating separation of powers.'); *Stern v. Marshall*, 564 U.S. 462 (2011). Plaintiff therefore objects to any covert or overt referral of this matter to Administrative or ADR-style proceedings, case screening panels, or judicial case management processes that fail to operate under the rules, standards, and constitutional safeguards binding upon Article III courts. Doing so violates the Vesting Clause, Article III, § 1, and constitutes a structural violation of separation of powers." This Court must adjudicate constitutional claims in a Article III 'judicial' forum—not delegate to administrative processes not authorized by Article III. Any such 'Officer' (magistrate, judge, clerk of court, civil officer of the court or any like such title) acting under such delegated power is hereby demanded to recuse themselves from this matter entirely.

## VI. LIMITATIONS ON STATE COURT DELEGATION OF JUDICIAL POWER

It is a foundational constitutional mandate that neither Congress nor any state legislature may abdicate, dilute, or subcontract the exercise of judicial power to any tribunal, agency, panel, arbitration-style proceedings, or bureaucrat (non-judicial entities) operating outside the explicit structural safeguards of Article III (judicial powers). This command is not subject to waiver, delegation, or evasion—it is a line drawn by the Constitution itself (separation of powers doctrine), enforced by the Supreme Court, and binding on every court in the nation, whether federal or state.

Equally, state courts themselves may not delegate core judicial functions to administrative bodies or alternative dispute resolution (ADR) mechanisms in a manner that circumvents constitutional safeguards. When state courts act administratively—such as managing caseloads, issuing writs through clerical order, or applying informal adjudication procedures without judicial oversight—they are not performing a judicial act, and those actions lack the force and protection of due process afforded under Article III or the state constitution.

State courts that attempt to delegate or disguise their judicial power behind administrative procedures, clerical acts, or ADR surrogates are not engaging in harmless error—they are executing an unconstitutional fraud upon the people. The moment a court abdicates the judicial function and shifts its sovereign obligation to a desk clerk, a court administrator, or a rulebook masquerading as law, it ceases to be a court in any meaningful sense. The judicial robes become costumes. The courtroom becomes a theater. The rulings become nullities.

No principle of judicial economy, docket control, or procedural convenience can justify the state's abandonment of its core duty to adjudicate rights through impartial, lawfully seated, sworn, and bonded judicial officers. The Constitution demands nothing less. The United States Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), made this crystal clear: the judicial power cannot be doled out like a grant, rented out like a conference room, or simulated through process proxies. Likewise, *Stern v. Marshall*, 564 U.S. 462 (2011), reaffirmed that the structural integrity of our judiciary cannot be preserved if courts permit non-judicial actors to wield judicial authority under the deceptive cloak of administrative expediency.

In the present case, Defendant Derby and the administrative apparatus surrounding him have operated under a façade of legitimacy while utterly subverting the Constitution's most sacred guarantees. By denying trial by jury, concealing statutory qualifications for judicial office, and enforcing coercive orders through administrative mechanisms, they have forfeited any claim to judicial power. They have rendered themselves constitutionally unqualified to adjudicate anything.

The use of these surrogates to inflict legal consequences upon the people—possibly without bond, without oath, without judicial standing, and without adherence to due process—is not merely unlawful. It is repugnant to the very idea of justice. Such conduct is not just voidable. It is void. It is not merely improper. It is institutionally bankrupt. It is not a judicial act—it is a structural violation, a constitutional offense, and an insult to the principle of law itself.

The mere adoption of ADR-style or administrative rules of procedure does not convert non-judicial processes into constitutionally valid adjudications. For a state court decision to carry binding legal effect, it must stem from a judge acting within lawful authority, with full compliance with statutory preconditions, and it must afford litigants the full scope of adversarial process, including access to the courts, jury trial, and due process. Where, as here, those core procedures are bypassed—through concealment of judicial qualification or administrative usurpation—such actions are void, not merely voidable.

The use of administrative surrogates or rules to effectuate deprivations of property or rights without judicial accountability violates due process and constitutes a structural defect, triggering relief under Fed. R. Civ. P. 60(b)(4) and (d)(3). It further undermines the constitutional requirement that judicial power be exercised only by properly seated, sworn, and bonded judges operating in accordance with state and federal law.

This principle is not academic—it has direct, enforceable consequences. In *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), the Supreme Court held that Congress could not vest Article III judicial power in non-Article III bankruptcy judges without violating the separation of powers. Similarly, in *Stern v. Marshall*, 564 U.S. 462 (2011), the Court invalidated the exercise of core judicial functions by bankruptcy courts, holding that only Article III judges may finally adjudicate private rights. These cases establish that even with consent or statutory authorization, adjudication of fundamental rights must be vested in constitutionally compliant judicial officers.

- Applied to state courts, this means that administrative adjudication or quasi-judicial action—absent the procedural protections and independence required of true judicial proceedings—cannot suffice

for constitutional due process. State courts cannot lawfully assign final decision-making authority over private rights to clerks, magistrates, or ADR surrogates without violating both the state constitution and the U.S. Constitution. The structural protections of Article III serve as a benchmark not only for federal courts but also for evaluating when state proceedings fail to meet fundamental fairness under the Fourteenth Amendment.

Where a state court permits administrative personnel or non-sworn officers to issue, enforce, or validate orders affecting liberty or property—especially in the absence of a valid judicial bond, oath of office, or evidence of jurisdiction and impartial adjudication—the result is a non-judicial act without force of law. These actions are ultra vires, procedurally defective, and void ab initio. Courts must correct such defects not only to preserve litigants' rights but to uphold the integrity of constitutional governance.

The Plaintiff therefore invokes this Court's authority under Fed. R. Civ. P. 60(b)(4) and 60(d)(3) to declare all such acts null and void, to vacate any proceedings tainted by administrative intrusion, and to restore the sanctity of the judicial process. If this Court is to preserve the rule of law and defend the Constitution from the slow rot of bureaucratic subversion, it must act decisively—and immediately. Anything less would be complicity.


## VII. FRE and Procedural Violations Warrant Denial

Defendant Derby and counsel did not submit a single sworn affidavit or declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, or verified pleading. As such, they have failed to provide any admissible evidence in opposition to the allegations filed by Plaintiff. Defendant Derby has therefore failed to put any competent evidence before the court. Their submissions are procedurally defective, legally insufficient, and evidentially void. Because Defendants' filings are unsupported by competent evidence, the district court has no legal basis to treat their assertions as controverting Plaintiff's sworn allegations and documentary evidence. This court has no lawful basis to consider any contentions from the Defendants, and any such reliance would constitute plain error and manifestly prejudicial.

Defendant's counsel relies on summaries and conclusions not grounded in personal knowledge (FRE 602), and cites statements allegedly made by

Plaintiff, misrepresenting and/or taken out of context and/or for the truth of the matter asserted (FRE 801), without qualifying them under any hearsay exception. Thus, the assertions offered in the Motion to Dismiss lack evidentiary value and cannot overcome Plaintiff's well-pleaded factual allegations. Where Defendant has failed to introduce competent, admissible evidence challenging jurisdiction or factual assertions, the Court must deny dismissal and allow the matter to proceed.

1. Federal Rule of Evidence 601 provides that "every person is competent to be a witness unless these rules provide otherwise." However, competency to testify requires the witness (or party) to have the capacity to understand the obligation to testify truthfully and to have personal knowledge of the matter, as per FRE 602.

2. FRE 602 – Lack of Personal Knowledge:
   The defense assumes facts not in evidence and fails to support immunity assertions with admissible evidence establishing all relevant facts of judicial function and jurisdiction. This rule bars testimony or conclusions (even in pleadings) not grounded in personal knowledge. Plaintiff may argue Derby acted beyond his jurisdiction and capacity—not within proper judicial function.

Defendant Derby, through counsel, offers conclusory and self-serving factual assertions—unsupported by affidavit or any competent evidence—to justify his invocation of judicial immunity and abstention. These include characterizations (misrepresentations) of Plaintiff's intent and summary claims of proper judicial capacity. None of these are supported by admissible, competent evidence under FRE 601.

Furthermore, to the extent that Defendant Derby's counsel attempts to "testify" through pleadings or motions rather than through competent witness statements grounded in personal knowledge, such statements violate both **FRE 601** and **FRE 602**, as they:

- Do not originate from a competent witness;
- Are not grounded in personal, firsthand knowledge;
- Are not subject to oath or cross-examination;
- And are made by counsel who is not competent to testify on matters of fact.
- FRE 602: Defendant presents no admissible evidence supporting jurisdiction or function.

3. FRE 801 - Hearsay: Counsel's statements about Plaintiff's intent and beliefs are inadmissible hearsay. Statements referenced by Defendant as "representative" of Plaintiff's filings or beliefs are inadmissible hearsay unless an exception applies. This includes mischaracterizing Plaintiff's intent without admitting the actual full language in context.

Not a single filing by any of the defendants was submitted under penalty of perjury, or verified in accordance with 28 U.S.C. § 1746. There is no competent testimony, no affidavit, no declaration—nothing that meets the bare minimum requirements of admissible evidence under the Federal Rules of Evidence. The district court cannot blindly adopt defendants' narrative and dismiss plaintiff's claims without a single admissible fact before it. A judge's assumption without fact is not jurisdiction, in doing so, that may risk judicial endorsement of procedural errors that infringe constitutional protections.

This is not a procedural oversight. The court cannot rely on documents that no honest tribunal would accept— unsworn, unauthenticated and hearsay assertions. That violates Federal Rules of Evidence, and it flies in the face of binding First Circuit precedent. See *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000). Courts may not rely on unauthenticated evidence — A court order based on hearsay and attorney rhetoric is not due process—it is fraud. Also see *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119 (1st Cir. 2004) – Voids any judgment made on improperly developed record.

Pursuant to Fed. R. Civ. P. 11(c)(2) and 11(b)(3), Plaintiff gives notice of intent and reserves the right to move for sanctions against counsel for Defendant Derby for advancing legal contentions and assertions wholly unsupported by admissible evidence or applicable precedent, unless the offending filing is timely withdrawn; as an Assistant Attorney General - Civil Litigation Unit - New Hampshire Department of Justice, Peter M. MacKenna should know better. Plaintiff intends to seek sanctions including striking the offending document, monetary sanctions, and/or referral for disciplinary review, consistent with Fed. R. Civ. P. 11(c)(4). A motion to dismiss based solely on rhetorical immunities, without affidavit or oath, invites judicial misuse and procedural abuse.

Moreover, as established in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), fraud upon the court renders judgments void.

Hazel-Atlas supra, "The U.S. Supreme Court held that fraud upon the court undermines the integrity of the judicial system, and any judgments resulting from such fraud are void". Hazel-Atlas supra, addressed the power of a federal court to set aside a judgment obtained by fraud. Also see; *Cf. No East-West Highway Committee, Inc. v. Chandler*, 767 F.2d 21, 24 (1st Cir. 1985) ("A vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of law of the case."), cited by THE SUPREME COURT OF NEW HAMPSHIRE Case No. 2013-874, *JAMES CONANT & a. V. TIMOTHY O'MEARA & A.*

## VIII. RULES, STATUTES, AND CASES SUPPORTING PLAINTIFF
### A. Federal Rules of Civil Procedure
- Rule 8(a)(2) – Requires only a "short and plain statement" of the claim showing entitlement to relief. Plaintiff met the threshold.
- Rule 9(b) – Allegations of fraud and misconduct are pleaded with specificity: Plaintiff's filings do allege fraud upon the court and judicial misconduct with sufficient factual specificity (e.g., denial of jury rights, forced financial disclosures, refusal to recuse).
- Rule 12(b)(6) – Plaintiff presents plausible constitutional and statutory claims. Dismissal is improper where a plausible claim is stated. Plaintiff alleged clear constitutional and statutory violations, which must be construed favorably.
- Rule 17(a) – Plaintiff is the real party in interest, and due process rights were implicated in administrative-style adjudication without proper judicial jurisdiction. **Article III, § 1 & § 2** – Requires judicial power to be vested in impartial courts; Defendant functioned in non-judicial/administrative capacity.
- Rule 56: Supports Plaintiff's ability to defeat premature summary judgment where material facts about violations remain contested.
- Rule 65: Governs Plaintiff's request for preliminary injunction to restrain ongoing violations and compel disclosure of public accountability instruments.

### B. United States Supreme Court Case Law
1. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and official entities can be liable under § 1983 when their policies or customs cause constitutional harm. Plaintiff's claims that courts and officers

systemically circumvent judicial safeguards support Monell liability and the enforcement of bond obligations under RSA 93-B.

2. *Ex parte Young*, 209 U.S. 123 (1908), authorizes injunctive relief against state officials who act unconstitutionally. Plaintiff's seeking of disclosure(s) and halt further administrative enforcement directly invokes this doctrine, as the relief sought targets ongoing unconstitutional acts.

3. *Hafer v. Melo*, 502 U.S. 21 (1991), affirms that officials sued in their personal capacity for unconstitutional acts are not protected by sovereign immunity. This is pivotal to Plaintiff's suit against Derby individually and supports the pursuit of damages via personal (blanket) surety bond.

4. *Pulliam v. Allen,* 466 U.S. 522 (1984), rejected the absolute immunity of judges against injunctive relief and attorney's fees under § 1988. This aligns with Plaintiff's demand that the Court compel Derby to submit required documentation (see Doc. No. 1, pg. 23-24, points 16-18) and enjoin further extrajudicial actions.

5. *Tennessee v. Lane*, 541 U.S. 509 (2004), reinforces the fundamental right of access to the courts. Plaintiff's allegations of being denied due process, coerced into administrative proceedings, and barred from meaningful legal remedy are supported by this authority.

## C. Controlling First Circuit Precedents

1. *Limone v. Condon*, 372 F.3d 39 (1st Cir. 2004)— involved a coordinated effort by officials to fabricate evidence and suppress exculpatory information. Plaintiff's claims of fraud upon the court and concealment of bond and jurisdictional documents resonate with the factual predicates of Limone, reinforcing liability where trust is breached and authority abused. Qualified immunity not available where constitutional violation is obvious or egregious.

2. *Goldblatt v. Geiger*, 867 F.2d 276 (1st Cir. 1989)— Judges not immune for administrative acts – Judicial immunity does not protect administrative actions outside the judicial role.

3. *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27 (1st Cir. 2004)— Judicial misconduct actionable under § 1983 – Section 1983 claim lies when judicial misconduct results in deprivation of liberty/property.

4. *Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989)— No immunity for acts outside jurisdiction. Immunity fails when a judge acts in clear absence of all jurisdiction.
5. *Marasco & Nesselbush, LLP v. Collins*, 6 F.4th 150 (1st Cir. 2021)— 12(b)(6) standard.
6. *Marbury v. Madison, 5 U.S. 137 (1803)* (cited favorably in First Circuit cases) – Courts cannot enforce unconstitutional acts.
7. In *Maldonado v. Fontanes*, 568 F.3d 263 (1st Cir. 2009), the First Circuit held that qualified immunity does not protect officials who violate constitutional rights that were clearly established at the time. The violations alleged by Plaintiff—denial of jury trial, due process, and compelled administrative process—are long recognized as protected rights, thereby invalidating any immunity defense.
8. In *Starlight Sugar, Inc. v. Soto*, 253 F.3d 137 (1st Cir. 2001), the First Circuit stressed that administrative enforcement actions must be bounded by due process and statutory compliance. The Plaintiff's case raises a fundamental challenge to the legitimacy of administrative debt collection proceedings imposed under color of judicial authority without legal jurisdiction.
9. *Rodriguez v. Municipality of San Juan*, 659 F.3d 168 (1st Cir. 2011), upheld due process protections in the face of municipal overreach. This case supports Plaintiff's claim that the denial of meaningful notice and opportunity to be heard—especially regarding the nature of the proceedings—constitutes a violation of due process.
10. In *Buchanan v. Maine*, 469 F.3d 158 (1st Cir. 2006), the court sustained personal liability under § 1983 where government actors failed to uphold their legal obligations. Plaintiff's allegations against Derby and others for violating their oath, judicial rules, and constitutional mandates fall squarely within Buchanan's reach.

## D. District of New Hampshire Case Law
1. *Griffin v. Nadeau*, 2017 WL 4286306 – Immunity fails where judicial actions are procedurally improper or lack jurisdiction.
2. *Puiia v. New Hampshire*, 2012 WL 2923192 – Explains Younger abstention factors; Plaintiff can demonstrate no adequate forum existed.
3. *Hassell v. Kimbark*, 2024 WL 1007843 – In *Hassell v. Kimbark*, 2024 WL 1007843, this Court previously dismissed substantial constitutional

claims based solely on conclusory, unsworn, and inadmissible statements submitted by defendant(s)—statements that categorically failed to satisfy the evidentiary thresholds mandated by the Federal Rules of Evidence, including but not limited to Rules 801(c), 802, and 901 and the admissibility and competency requirements for summary judgment materials under Fed. R. Civ. P. 56(c)(4).

In that case, as in the present matter, defense arguments consisted almost entirely of generalized legal conclusions, unsupported assertions of fact, and impermissible hearsay—none of which were presented under oath, properly authenticated, or subjected to cross-examination or evidentiary scrutiny. The plaintiff in that matter raised a direct objection to the Defendant(s) and therefore the Courts' reliance on unsworn and hearsay evidence. The Court's silence on this foundational procedural failure constituted an implicit denial without analysis—an omission that, under *United States v. Windsor*, 570 U.S. 744, 776 (2013), may constitute reversible error where the record reflects no legal basis for rejecting properly preserved constitutional and evidentiary objections. This procedural defect is not merely a technical deficiency—it constitutes a denial of due process and a failure to apply the governing legal standard.

Here, in the instant case, defendant Derby's counsel relies on the identical procedural defects to seek dismissal: namely, generalized legal conclusions, fact-free assertions, unsworn, and inadmissible hearsay in violation of Fed. R. Civ. P. 11(b)(3)—Counsel's unsworn motion to dismiss and its mischaracterizations of Plaintiff's sworn allegations materially distorts the record and constitutes sanctionable violations of Rule 11(b)(1)–(3). These misrepresentations serve no legitimate purpose and appear calculated to mislead the Court and secure dismissal by improper means, in violation of Rule 11(b)(1).

These procedural defects do not constitute admissible or competent evidence under either Fed. R. Civ. P. 56(c)(1)(A), Rule 56(c)(4), or the Federal Rules of Evidence, including Rules 801, 802, 901, and 602 and cannot form the basis of any valid adjudicatory determination. The reliance upon such defective submissions, especially after this Court has previously disregarded the plaintiff's valid objections to that practice in *Hassell v. Kimbark*—would raise serious and unresolved procedural contradictions.

The Court's reliance, past or present, on such inadmissible submissions amounts to plain legal error. As the First Circuit made unequivocally clear in *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000), "conclusory allegations, improbable inferences, and unsupported speculation are insufficient to defeat summary judgment." See also *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990) (summary judgment improper where decision is based on unsubstantiated assertions rather than admissible facts); *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003) (district courts may not consider hearsay or unauthenticated materials when ruling on dispositive motions).

It is therefore respectfully demanded that counsel for defendant Derby and this Court clarify for the record: if the Court dismissed the plaintiff's constitutional claims in *Hassell v. Kimbark, while* declining to address the plaintiff's objections to the use of unsworn and hearsay evidence, and now proceeds to rely upon identical evidentiary defects offered by defendant Derby, does this not constitute: (1) manifest procedural inconsistency; (2) plain error under Fed. R. Civ. P. 52(a)(3) and Rule 60(b)(1); (3) a miscarriage of justice under Rule 60(b)(6); (4) at minimum, an appearance of institutional bias in violation of the Due Process Clause; and (5) a prima facie indication of institutional partiality warranting heightened judicial scrutiny?

Moreover, this type of procedural irregularity would not be isolated, but reflective of a systemic deviation from foundational adjudicatory principles. Where a federal court resolves constitutional claims based on materials it is explicitly barred from considering, such adjudications violate not only the procedural guarantees of Rule 56 but also the substantive due process rights guaranteed under the Fifth and Fourteenth Amendments. This procedural collapse is presently under active review in *Hassell v. Kimbark*, No. 24-1442 (1st Cir.), where the same issues of evidentiary admissibility, judicial impartiality, and due process are squarely before the appellate panel.

4. *Conservation Law Found. v. Pease Dev. Auth.*, 2017 WL 4310997 – Recognizes facial challenges under 12(b)(1) require all facts to be construed in plaintiff's favor.

5. In *Aponte-Torres v. University of New Hampshire*, 445 F. Supp. 2d 146 (D.N.H. 2006), the court reaffirmed that public officials may be sued under 42 U.S.C. § 1983 where they act under color of state law in a

manner that violates clearly established constitutional rights. This directly supports Plaintiff's position that Judge Derby, while operating outside lawful judicial authority, subjected Plaintiff to unconstitutional deprivations actionable under § 1983.

6. In *McGrath v. Tavares*, 757 F. Supp. 2d 206 (D.N.H. 2010), the court clarified that individual officials are not shielded from liability when their conduct violates clearly established law. Plaintiff's claims—that Derby acted in an administrative and personal capacity, coercing compliance through unconstitutional writs—align squarely with McGrath's principle of personal accountability.

7. *U.S. v. Green*, 523 F. Supp. 2d 435 (D.N.H. 2007), addresses the obligation of all government actors to uphold constitutional standards. Where, as here, officers of the court disregarded due process protections and relied on void instruments, this case affirms that such violations must be addressed through judicial relief.

8. In *DeGrandpre v. Archambault*, 531 F. Supp. 2d 378 (D.N.H. 2008), the court sustained claims brought under § 1983 for abusive or arbitrary acts by officials. Plaintiff's allegation that court officers denied access to lawful process and engaged in administrative coercion is precisely the kind of actionable abuse recognized in DeGrandpre.

9. Finally, *Simpson v. Town of Weare*, 793 F.3d 179 (D.N.H. 2015), emphasizes institutional accountability for systemic misconduct. Plaintiff alleges not only individual abuses by Judge Derby, but an administrative scheme lacking legal jurisdiction, violating RSA 93-B, and this case supports redress for such structural violations.

## E. Statutory and Constitutional Authority

- 42 U.S.C. § 1983 – Deprivation of federal rights under color of state law. Judicial immunity not absolute where constitutional violations are egregious.
- 42 U.S.C. § 1985(2)-(3) – Conspiracy to interfere with civil rights.
- 28 U.S.C. § 455— recusal; – Mandates disqualification when impartiality might reasonably be questioned; refusal to recuse is a jurisdictional defect.
- 28 U.S.C. §§ 1343(a)— Jurisdiction— Grants jurisdiction to federal courts over civil rights claims, reinforcing Plaintiff's right to a federal 'judicial' forum.

- 18 U.S.C. §§ 241, 242— Criminal deprivation of rights under color of law, judicial misconduct, including by judicial officers through inaction that obstructs justice;
- 5 U.S.C. § 552b (Sunshine Act)– Forbids secret administrative adjudications; relevant if court acted administratively. (see 5 U.S.C. § 552b (h)(1)— The burden is on the defendant to sustain his action).
- U.S. Const. Amends. I, IV, V, VII, XIV
- N.H. Const. Pt. I, Arts. 2-b, 7, 8, 15, 20,
- N.H. Const. Pt. I, Art. 87 – Requirements for valid writs
- N.H. RSA 92:2 – Oath requirement and mandatory removal

## IX. CONCLUSION

Judge Derby acted outside the scope of judicial capacity and jurisdiction, violated multiple constitutional provisions, and relied on defective procedures to enforce a void administrative action. The facts, as pleaded and supported by federal and state law, mandate that the motion to dismiss be denied and that Plaintiff's claims proceed to full Judicial adjudication.

For the foregoing reasons, the motion to dismiss must be denied. Plaintiff has demonstrated the presence of substantial constitutional violations and shown that Defendant Derby acted without jurisdiction and in an administrative or extrajudicial capacity. These actions fall outside the protections of judicial or sovereign immunity and demand adjudication on the merits.

## X. Plaintiff renews his demand for:

- Certified copy of Judge Derby's judicial bond under RSA 93-B:1-a to 93-B:5;
- Executed oath of office under RSA 92:2 and Part II, Art. 84;
- Completed Public Servant Questionnaire under penalty of perjury.

These are discoverable under Fed. R. Civ. P. 26(b)(1) and material to claims of unlawful authority and ultra vires acts. Moreover, 28 U.S.C. § 1361: Allows mandamus to compel performance of a judicial duty or clearly required duty, also see 5 U.S.C. § 706(1): Mandates courts compel agency or judicial action unlawfully withheld.

## XI. RELIEF REQUESTED

Plaintiff respectfully demands that this Court:

1. Deny Defendant Derby's Motion to Dismiss in its entirety;
2. Recognize the nullity of any orders or writs issued "in pais" or outside proper judicial procedure;
3. Mandate and Compel Defendants to release discoverable evidences demanded;
4. Mandate and Compel Defendants future filings to be sworn under evidentiary standards and rules (FRE) and any unsworn assertions and filings be stricken from the record;
5. Permit discovery and trial to proceed;
6. Grant all further relief as is just and proper under the U.S. and N.H. Constitutions.

All Rights Reserved always and forever more, without prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

I, Appellant, certify/declare under penalty of perjury that the above is true and correct to the best of my abilities.

_Matthew-Lane: Hassell_     **Dated:** _9th of June, 2025_

Matthew-Lane: Hassell
Propria Persona Sui Juris
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

## CERTIFICATE OF COMPLIANCE:

I certify that a copy of this filing and CERTIFICATE OF SERVICE has been sent by USPS FIRST CLASS/PRIORITY mail to Thomas E. Walker, Jr., New Hampshire Bar ID # 18048 and Donald W. Seeley, JR., Bar # 20454 and NH Assistant Attorney General Peter M. MacKenna, Bar # 269543, to their respective addresses on file, on the _____9th_____ of June, 2025.

# U.S. DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW LANE HASSELL. et al, | ) |
| Plaintiff, | ) CASE NUMBER: |
| | ) 1:25-cv-00119-SE-AJ |
| vs. | ) |
| | ) |
| VELOCITY INVESTMENTS, LLC et al, | ) Trial By Jury Demanded |
| MARK S. DERBY et al, | ) Yes |
| NIEDERMAN, STANZEL & LINDSEY, PLLC et al, | ) |
| Defendant, | ) |

**PLAINTIFF'S OBJECTION TO DEFENDANT VELOCITY INVESTMENTS, LLC MOTION TO DISMISS (Doc. No. 17 - 17-7)**

NOW COMES the Plaintiff, Matthew-Lane: Hassell, and respectfully submits this memorandum in opposition to Defendant Velocity Investments, LLC's ("Velocity") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This opposition squarely rebuts the Motion's flawed reliance on Rooker-Feldman, res judicata, and Fed. R. Civ. P. 8, and establishes that the complaint states viable and plausible claims under federal law, constitutional guarantees, and evidentiary norms.

**NOTICE OF LIMITED REFERENCE TO DEFENDANT'S FILINGS**

Plaintiff references certain filings and attachments submitted by Defendant Velocity Investments, LLC—including the Declaration of Donald W. Seeley (Doc. Nos. 17- 17-7)—solely for the limited purpose of demonstrating factual inaccuracies, procedural irregularities, and inconsistencies with due process standards. Plaintiff does not concede the admissibility, authenticity, or legal sufficiency of these documents, which remain subject to evidentiary objection under the Federal Rules

of Evidence, including Rules 801 (hearsay), 901 (authentication), 902(11) (business records certification), and 1002 (best evidence rule).

- **FRE 801–802 (Hearsay);**
- **FRE 901 and 902(11) (Authentication and Business Records);**
- **FRE 1002 (Best Evidence Rule);**
- **FRCP 56(c)(4)** (Requirement of Personal Knowledge);
- **28 U.S.C. § 1746** (Unsworn Declarations).

Any judicial reliance on these materials, without formal authentication and evidentiary vetting, would constitute error. As such, Plaintiff preserves all rights to strike, exclude, and challenge each of Defendant's submissions under federal rules.

This disclaimer is reinforced by binding precedent including *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) (permitting courts to invalidate judgments based on fraud using the very filings submitted), and *Trudeau v. FTC*, 456 F.3d 178 (1st Cir. 2006) (allowing federal review of misconduct even where tied to state proceedings).

This action challenges systemic violations of constitutional and statutory rights—rooted in a foundational due process defect: Defendant through and by their Attorney (Neider, Stanzel and Lindsey, PLLC—NSL) mailed legal notices (original debt collections and complaint to 13 Blueberry Ln (see Doc. No. 17-4, Pg. 2 of 3), filings, and court documents to the wrong address: 445 Falcon Crest Way, instead of, at the time, Plaintiff's correct domicile, 45 Falcon Crest Way (see Document 17-7, Pg. 6 of 11). Defendant Velocity Investments, LLC now moves to dismiss Plaintiff's civil rights suit by relying on that defective state court judgment. This Court should not allow a judgment obtained by stealth and error to insulate Defendant from accountability.

Velocity's motion to dismiss and memorandum (Doc. Nos. 17 - 17-1) must be denied in its entirety for the following reasons:

- **Due Process Violations Preclude Res Judicata and Rooker-Feldman**: The incorrect address and jurisdiction and venue precludes the finding of a valid, final state court judgment. This is not a collateral attack; it is a constitutional challenge to the integrity of the proceedings.
- **Complaint Satisfies FRCP 8 and Iqbal/Twombly Standards**: Plaintiff alleges plausible, detailed claims for violations of 42 U.S.C. §§ 1983, 1986, FDCPA, TILA, and fraud.
- **FDCPA Claim Properly Pled**: Defendant acquired a debt in default, making it a "debt collector" under **15 U.S.C. § 1692a(6)** and **Henson v. Santander** does not shield Velocity here.

Defendant Velocity seeks to dismiss this action under FRCP 12(b)(6), leaning heavily on conclusory mischaracterizations of the complaint, distortions of jurisdictional doctrine, FDCPA infractions, fraud, and assumptions unsupported by competent evidence. The complaint pleads specific constitutional and statutory violations, with factual allegations that must be taken as true for the purposes of this motion. The motion to dismiss should be denied in its entirety.

Plaintiff challenges not only the factual and legal adequacy of Velocity's Memorandum, but also raises direct objections under Article III of the U.S. Constitution, the Seventh Amendment, and multiple provisions of the New Hampshire Constitution (Articles 14, 15, 84, 87, etc.). As demonstrated in prior pleadings, Defendants' reliance on administrative court rulings—where Plaintiff was denied a jury trial, deprived of full discovery, and subjected to unsworn and unauthenticated assertions—is facially void under both federal and state law.

## I. LEGAL STANDARD UNDER RULE 12(b)(6)

A motion to dismiss must be denied where the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard is met when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unsworn and Conclusory statements or alternative characterizations of facts by Defendant do not warrant dismissal at this stage.

Under **FRCP 8(a)** and **12(b)(6)**, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has clarified that plausibility, not probability, governs Rule 12(b)(6). See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaints must be "liberally construed").; Haines v. Kerner, 404 U.S. 519, 520 (1972); Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 20 (1st Cir. 2014). Furthermore, under **FRE 602 and 801**, a declaration lacking personal knowledge or reciting hearsay is insufficient for factual dismissal.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A.

1. On March 29, 2023, Defendant Velocity Investments, LLC, through and by their Attorney (Neiderman, Stanzel and Lindsey, PLLC—NSL) initiated a debt collection suit against Plaintiff in the Milford Circuit Court, 9th Circuit Division, Hillsborough County, despite the fact that Plaintiff was domiciled in Manchester, New Hampshire since around November of 2019 (See Doc. No. 17-4, Page 2 of 3.) This constituted improper venue and a jurisdictional violation under N.H. RSA 507:9. Service was attempted at a prior address—13 Blueberry Lane, Wilton, NH—where Plaintiff no longer resided, in violation of Fed. R. Civ. P. 4(e), N.H. RSA 510:4, and controlling First Circuit precedent. See *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992). Service to a prior, outdated address constitutes constructive fraud and deprives the court of personal jurisdiction.

2. Furthemore, Defendants NSL and Velocity Investments, LLC attempted service of Court filings to 445 Falcon Crest Way, a non-existent address. Plaintiff resided at 45 Falcon Crest Way, making service invalid under Fed. R. Civ. P. 4(e) and N.H. RSA 510:4. Service to the wrong address violates due process and renders judgment void ab initio. See *Precision Etchings*, 953 F.2d 21, 23 (1st Cir. 1992); *Peralta*, 485 U.S. 80, 84 (1988); *Jones*, 547 U.S. 220, 229 (2006); *Mullane*, 339 U.S. 306, 314 (1950). This error violated the Fourteenth Amendment, 42 U.S.C. § 1983, and N.H. Const. Pt. I, Arts. 2, 8, 14, and 35. Any judgment based on it is void under Rule 60(b)(4), (See Doc. No. 17-7, Pg. 6 of 11). The U.S. Supreme Court has held that even actual notice does not cure constitutionally defective service. See *Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 84 (1988). The requirement for valid service is grounded in due process, not convenience or presumption.

3. The State court proceeding was filed in a judicial division (Milford) that had no statutory or constitutional authority to adjudicate claims against a Manchester resident. Under N.H. Const. Pt. I, Art. 29, trial must be held in the county where the cause of action arose—and in the correct division, absent lawful transfer.

4. Plaintiff was further denied equal access to justice when the court refused to process his compulsory counterclaim, citing jurisdictional monetary limits and filing fees (See Doc. No. 17-5, Pg, 8 of 21), while continuing to adjudicate Defendants' claims despite lacking both venue and personal jurisdiction. This is a selective and discriminatory application of law in violation of N.H. Const. Pt. I, Art. 14 and the Equal Protection Clause of the Fourteenth Amendment. See *Rollins v. Commonwealth of Mass.*, 2008 WL 5381336 (D.N.H. 2008). The New Hampshire Supreme Court has emphasized that "justice shall be

administered without sale, denial or delay." *Opinion of the Justices*, 103 N.H. 489 (1961) (interpreting N.H. Const. Pt. I, Art. 14). Defendants were afforded access to a defective court while Plaintiff was barred from asserting a defense.

5. On December 18, 2023, Plaintiff objected on the record to the assignment of Judge Todd H. Prevett, who was simultaneously a named defendant in Plaintiff's pending federal civil rights suit (*Hassell v. Kimbark*, 2024 WL 1007843). This created an impermissible conflict under 28 U.S.C. § 455(a), New Hampshire Code of Judicial Conduct – Rule 2.11, and constitutional standards set forth in *Caperton v. A.T. Massey*, 556 U.S. 868 (2009).

6. The judge failed to disclose this disqualifying relationship and only recused himself after direct confrontation by Plaintiff. This failure of judicial ethics violated both the Due Process Clause and N.H. Const. Pt. I, Arts. 35 and 8, which require impartial tribunals and transparent governance.

7. Following recusal, the case was improperly reassigned to Merrimack County, a jurisdiction that had no personal or territorial nexus to Plaintiff. No statutory basis existed for shifting jurisdiction and venue outside Hillsborough County. This reassignment violated N.H. Const. Pt. I, Arts. 14 and 29, and constitutes structural judicial misconduct. The use of this transfer to sidestep the judicial disqualification and to suppress Plaintiff's defense mechanisms constitutes not merely error but fraud upon the court under Fed. R. Civ. P. 60(d)(3). See *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

8. The Merrimack County court entered judgment despite having no personal jurisdiction over Plaintiff and no lawful venue, rendering its judgment void ab initio under Rule 60(b)(4). See *Benjamin v. Aroostook Med. Ctr.*, No. 1:17-cv-00265-JDL (D. Me. 2018). Allowing

Defendants to rely upon this void judgment as the basis for dismissal in the present federal action would convert a state-level constitutional violation into federal prejudice in violation of 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. As such, the judgment issued by the Merrimack Circuit Court is not entitled to full faith and credit under 28 U.S.C. § 1738 and should be declared legally and constitutionally void.

## B. THE STATE COURT JUDGMENT IS VOID UNDER RULE 60(b)(4)

Rule 60(b)(4) allows relief from a judgment if "the judgment is void."

1. A proceeding begun in the wrong forum (Milford instead of Manchester); *Becker v. Montgomery*, 532 U.S. 757 (2001): Emphasizes the necessity of proper service to confer jurisdiction.

2. A judge with a conflict of interest failing to recuse himself until personally challenged; Due process requires impartial adjudication. (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009)). The assignment of a judge who is an adverse party in related litigation creates an unconstitutional risk of bias.

3. A transfer to a different county that lacked jurisdiction (Merrimack). A judgment is void if the court that rendered it lacked jurisdiction or if it was rendered in violation of due process. (*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

## C. FRAUD ON THE COURT UNDER RULE 60(d)(3)

Rule 60(d)(3) authorizes the court to "set aside a judgment for fraud on the court."

1. Fraud on the court includes conduct by officers of the court, including judges, lawyers, or clerks, that subverts the integrity of the judicial process. (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)). "Prior to Plaintiff's objection, neither the judge, the opposing

attorney, nor the court clerk disclosed Judge Prevett's conflict—despite mandatory ethical obligations to do so."

2. The coordinated failure to disclose the judge's conflict of interest, coupled with the improper handling of venue reassignment (Merrimack District Court—a court with no jurisdiction over Plaintiff's residence or the transaction at issue), constitutes fraud on the court.

3. These actions deprived Plaintiff of constitutional protections and tainted the entire proceedings.

## SECTION IV. CONSTITUTIONAL CHALLENGES TO ADMINISTRATIVE ADJUDICATION

The state court rulings Velocity relies on were entered via administrative processes lacking jurisdiction under:

- Article III, §1 of the U.S. Constitution (judicial power must be vested in Article III courts);
- Forrest v. Spizzirri, 62 F.4th 1201 (9th Cir. 2023) ("shall" is mandatory);
- Loper Bright Enterprises v. Raimondo, 22-451 (June 2024) (Chevron deference curtailed; administrative adjudication restricted);
- Carper v. Fitzgerald, 121 U.S. 87 (1887) (Distinction between actions of judge vs. court);
- NH Const. Part I, Arts. 14, 20, 84, 87 — requiring jury trial and valid writs.

Velocity's citations to administrative state court actions are null, void ab initio, and unenforceable under both Article VI Supremacy Clause and FRCP Rule 60(b)(4).

## II. REBUTTAL TO DEFENDANT'S GROUNDS FOR DISMISSAL

### A. Rule 8 Compliance and Plausibility Standard Met

Defendant improperly characterizes Plaintiff's complaint as "rambling" and "disjointed." and violates Rule 8. This misstates the law. A pro se complaint is not held to the standards of formal pleading by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Complaint clearly states: (1) parties; (2) factual background; (3) each cause of action; and (4) requested relief. Courts in this Circuit have rejected similar Rule 8 attacks when a plaintiff's intent is reasonably discernible. See *Swan v. United States*, 441 F. Supp. 2d 188, 191 (D.N.H. 2006).

Defendant further argues pleading requirements of Fed. R. Civ. P. 8, citing "Belanger v. BNY Mellon Asset Management, LLC, 307 F.R.D. 55, 58 (D. Mass. 2015) (dismissing complaint and observing that "plaintiffs' 462-page complaint...is a far cry from a 'short and plain' and 'simple, concise and direct.'").". Plaintiff asserts the 36-page complaint is a far cry from 462 pages. However, under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pleadings filed by pro se litigants are held to "less stringent standards." The complaint identifies ("fair notice" of the basis for Plaintiff's claims or the relief being sought.), clear violations under TILA and FDCPA, 18 U.S.C. §§ 1001, 1341, and the Due Process Clause of the Fourteenth Amendment, supported by factual (sworn) allegations. Courts in this Circuit have routinely held that where claims are discernible and supported by factual context, Rule 8 is satisfied. See *Ruivo v. Wells Fargo Bank, N.A.*, 766 F.3d 87 (1st Cir. 2014); *Aboussa v. U.S. Postal Serv.*, 2024 U.S. Dist. LEXIS 23280 (D.N.H. 2024).

### B. Rooker-Feldman Doctrine Does Not Apply

Velocity misapplies *Rooker-Feldman*, which bars federal review of state *judgments*, not state *actions*. The claims here are independent constitutional

and statutory violations by private parties and state actors, not an appeal of a state judgment.

The Supreme Court has narrowly interpreted Rooker-Feldman to apply only where federal relief would effectively reverse a state-court judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011). Here, Plaintiff challenges independent constitutional violations and fraudulent conduct, not the state judgment itself. See Trudeau v. FTC, 456 F.3d 178, 191–92 (1st Cir. 2006); Klimowicz v. Deutsche Bank Nat'l Trust Co., 907 F.3d 61, 65 (1st Cir. 2018).

The Rooker-Feldman doctrine applies only when the federal action is a de facto appeal from a state court judgment. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It does not apply where the plaintiff presents independent claims, even if those claims deny the legal conclusion of a state judgment. The First Circuit confirmed this limitation in *Tracy v. Freshwater*, 623 F.3d 90, 99 (1st Cir. 2010), finding jurisdiction proper where the injury was caused by extrajudicial acts, not the judgment itself.

Plaintiff's claims concern unlawful collection conduct, due process violations, and fraud perpetrated through administrative processes and fabricated evidence. These claims challenge the legality of Defendants' conduct, not the validity of the state judgment per se. *Skinner v. Switzer*, 562 U.S. 521 (2011) directly supports Plaintiff's right to federal jurisdiction. Courts in this Circuit routinely reject Rooker-Feldman where federal claims arise from due process violations, FDCPA misconduct, or judicial fraud. See *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 190 (1st Cir. 2006); *Katz v. McVeigh*, No. 12-cv-12080, 2013 WL 5305705 (D. Mass. 2013).

## C. Res Judicata is Inapplicable Due to Constitutional Violations and New Legal Theories

Res judicata does not bar constitutional claims that could not have been properly litigated in the limited scope of small claims court. See *England v. Louisiana State Bd. of Med. Examiners*, 375 U.S. 411, 415-16 (1964).

Moreover, res judicata only applies where the prior action involved identical parties, claims, and a final judgment on the merits. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589 (2020). New legal theories under FDCPA and constitutional law are not barred merely because they arise from related facts. First Circuit courts also require actual and fair opportunity to litigate. See *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 589 (1st Circuit); Riverbend Condo Ass'n v. Groundhog Landscaping, 173 N.H. 372, 375 (2020); Migra v. Warren City Sch. Dist., 465 U.S. 75 (1984).

Beyond the error of valid service of process, the state judgment was rendered in violation of due process and fraud upon the court and is void. See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80 (1988); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010); Torromeo v. Town of Fremont, 438 F.3d 113 (1st Cir. 2006).

Res judicata requires: (1) final judgment on the merits; (2) identical parties; and (3) identical cause of action. See *Airline Professionals Ass'n v. ABX Air, Inc.*, 400 F.3d 411, 414 (6th Cir. 2005). Here:

- The State Court decision was on default, not a fully litigated trial.
- Plaintiff raises new federal causes of action (TILA, FDCPA, § 1983, etc.), not debt repayment claims.
- The defendants include non-parties to the state action (law firm, judge, etc.).
- Plaintiff alleges fraud upon the Court

Moreover, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) held that state-court judgments cannot preclude federal constitutional claims under § 1983.

### D. The Complaint Pleads Fraud With Sufficient Particularity

FRCP 9(b) requires "the who, what, when, where, and how" of fraud, not a full trial brief. The Complaint outlines fraudulent assignment of debt, improper accounting, fraud upon the court, constitutional violations and material misrepresentations by parties claiming to own the alleged debt. This meets *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), where fraud was sustained based on documents with misrepresented ownership.

The Complaint identifies material misrepresentations regarding debt ownership, chain of assignment, and documentation fabricated or withheld to induce a default. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). The fraud allegations specify the "who, what, when, where, and how," sufficient to satisfy Fed. R. Civ. P. 9(b).

### E. The FDCPA Claim Is Properly Pled

Velocity misstates *Henson v. Santander*, 582 U.S. 79 (2017). Henson held that entities collecting debt on their own behalf are not FDCPA debt collectors unless they acquired the debt in default. Here, the complaint alleges that Velocity acquired the debt post-default. See *Tepper v. Amos Fin., LLC*, 898 F.3d 364 (3d Cir. 2018) (Henson does not protect debt buyers who acquire defaulted debt).

Plaintiff alleges that Velocity acquired the debt after default and engaged in abusive practices. Under Henson v. Santander Consumer USA Inc., 582 U.S. 79 (2017), such a party may still be a "debt collector" if the debt was acquired in default. See Tepper v. Amos Fin., LLC, 898 F.3d 364 (3d

Cir. 2018); Pettway v. Harmon Law Offices, 2005 WL 2365331 (D. Mass. 2005).

### F. Plaintiff's Remaining Federal Claims Are Plausible

The Complaint pleads violations of:

- Truth in Lending Act (15 U.S.C. § 1601 et seq.)
- Fair Credit Billing Act (15 U.S.C. § 1666)
- 18 U.S.C. § 1001 (false statements)
- 42 U.S.C. § 1983 (civil rights deprivation)
- 5 U.S.C. § 552b (Government in the Sunshine Act)

Defendant's claim that these are "conclusory" ignores the detailed references in the complaint. See *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004) (pleading standard satisfied by "reasonable detail").


### G. MATERIAL MISREPRESENTATION IN STATE COURT FILING

Velocity's state court filing for final judgment, it styled the case as Progressive Northern Insurance Company v. Nathaniel Volkmann (see Doc. No. 17-7, Pg. 7 of 11), which is a party and caption unrelated to Plaintiff. This miscaptioned filing is further evidence of the careless, misleading, and non-individualized treatment of Plaintiff's case.

This raises the following additional issues:

- FRE 403: Introduction of irrelevant or prejudicial material, such as parties unrelated to the case.
- FRCP 11(b): Misidentifying the case or party in a legal motion violates the duty of candor to the court.
- 18 U.S.C. § 1001: False or misleading filings made knowingly may constitute a federal crime.

This erroneous filing casts doubt on the integrity of Defendant's entire motion, undermining its reliability and highlighting the need for this Court

to independently verify all facts, including the entire record (see Doc. No. 17-2, Pg. 2-5, all filings and motions and documents or any like such) for complete context in the State Courts proceedings.

## SECTION III. DEMAND FOR DISCOVERY — PROMISSORY NOTE & MAPA

Pursuant to FRCP 26(b)(1), 34(a), and 37(a)(3)(B)(iv), Plaintiff demands full discovery and production of:

1. The original wet-ink Promissory Note;
2. The full and unredacted and signed Master Account Purchase Agreement (MAPA) between Velocity and/ or any prior debt-holder;
3. All transactional ledgers showing chain-of-custody and accounting of the alleged debt;
4. Certifications or custodian affidavits under FRE 803(6) and 902(11).

Failure to produce these discoverable items supports striking of Doc. No. 17.2, under FRCP 37(c)(1), as the withholding of critical documentation disables Plaintiff from responding substantively and infringes upon procedural due process (also see Doc. No. 1, Pgs. 31 of 35, Point 44 and Doc. No. 13 inclusive).

## IV. INVALID STATE COURT JUDGMENT: LACK OF NOTICE AND VOIDNESS

The New Hampshire state court judgment cited by Velocity was issued without proper service. The address used (445 Falcon Crest Way) was incorrect. Due process requires valid notice:

- **Mullane v. Central Hanover Bank, 339 U.S. 306 (1950)**: The Court held that due process requires notice "reasonably calculated" to inform parties.

- **Jones v. Flowers, 547 U.S. 220 (2006)**: Reinforces that failure to correct returned mail or check for valid addresses violates due process.
- **Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)**: Default judgment obtained without proper notice is constitutionally invalid.

Plaintiff therefore invokes **FRCP 60(b)(4)** to declare the judgment void.

## V. LACK OF STANDING—NO PROOF OF OWNERSHIP OF THE DEBT

- **Article III of the U.S. Constitution** requires that Velocity demonstrate it has standing, i.e., it must prove that it owns the alleged debt.
- **FRE 1002 (Best Evidence Rule)** mandates production of the original promissory note. No such note has been produced.
- **FRCP 26 and 34** provide Plaintiff with the right to demand documents (MAPA) showing that Velocity legally owns the debt.
- **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)** allows federal courts to vacate judgments based on misrepresentation. Defendant's failure to supply the MAPA falls squarely within this principle.

## VI. FURTHER CONSTITUTIONAL VIOLATIONS

- **Article VI (Supremacy Clause)**: Any state procedure conflicting with federal law is invalid.
- Part I, Article 14 of the N.H. Constitution, Filing suit in a court that lacked territorial jurisdiction over Plaintiff, and proceeding without valid service, denied Plaintiff access to justice "conformably to the laws" and constitutes a jurisdictional defect that renders the proceedings void ab initio.
- Further, Article 12— By allowing an action to proceed based on defective service and improper venue—without valid notice—the

court permitted Plaintiff's rights and obligations to be adjudicated without consent or lawful authority, in violation of Article 12.

- Moreover, Part I, Article 2 guarantees equal protection under law: Initiating litigation in a forum foreign to Plaintiff's residence, and denying equal venue rights to the Defendant while enabling the Plaintiff (Velocity) to forum shop, violates both the procedural and substantive safeguards of Article 2.

- Part I, Article 8 demands transparent and constitutional conduct by government agents: Judges and clerks and referee actions taken without valid jurisdiction—through misapplied venue and improper service—constitute ultra vires acts that were never authorized by constitutional law or popular sovereignty.

- Part I, Article 29 provides that "[t]rial shall be held in the county where the cause of action arose; Even assuming a cause of action arose in connection with a Wilton address, Article 29 mandates that trial must be held in the proper county—which was Hillsborough – North, the Manchester division—where Plaintiff resided. No statute justifies the bypassing of this constitutional venue requirement.

- Part I, Article 17 emphasizes that "no subject shall be held to answer for any crime or offense, or be subjected to the payment of any costs or fees, except in the manner provided by law." Plaintiff was wrongly subjected to a civil debt claim in a venue that had no statutory or constitutional authority over his person, violating this provision.

- Part I, Article 15 guarantees that "[e]very subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face; and to be fully heard in his defense." No such opportunity was available where the court lacked jurisdiction and proceeded upon defective service.

- Part I, Article 10 provides that "[w]henever the ends of government are perverted, and public liberty manifestly endangered... the people may, and of right ought to reform the old, or establish a new government." The courts proceeding without personal jurisdiction or lawful service—without investigating the Plaintiff's actual address—is the sort of systemic abuse contemplated by Article 10.

- Part I, Article 35 affirms that "It is essential to the preservation of the rights of every individual, his life, liberty, property and character, that there be an impartial interpretation of the laws." Impartiality is violated when courts enable a plaintiff to proceed with improper venue and service.

- Finally, Part I, Article 37 enshrines separation of powers: By legislatively or administratively tolerating venue violations, the judiciary abdicates its independence and allows adjudicative power to be usurped by arbitrary clerical processing.

(INTENTIONALLY LEFT BLANK)

## XI. RELIEF REQUESTED

Plaintiff respectfully demands that this Court:

1. Deny Defendant VELOCITY INVESTMENTS, LLC Motion to Dismiss in its entirety;
2. Recognize the nullity of any orders or writs issued "in pais" or outside proper judicial procedure;
3. Mandate and Compel Defendants to release discoverable evidences demanded;
4. Mandate and Compel Defendants future filings to be sworn under evidentiary standards and rules (FRE) and any unsworn assertions and filings be stricken from the record;
5. Permit discovery and trial to proceed;
6. Grant all further relief as is just and proper under the U.S. and N.H. Constitutions.

All Rights Reserved always and forever more, without prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

I, Appellant, certify/declare under penalty of perjury that the above is true and correct to the best of my abilities.

_Matthew-Lane: Hassell_    **Dated:** 9th of June, 2025

Matthew-Lane: Hassell
Propria Persona Sui Juris
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

## CERTIFICATE OF COMPLIANCE:

I certify that a copy of this filing and CERTIFICATE OF SERVICE has been sent by USPS FIRST CLASS/PRIORITY mail to Thomas E. Walker, Jr., New Hampshire Bar ID # 18048 and Donald W. Seeley, JR., Bar # 20454 and NH Assistant Attorney General Peter M. MacKenna, Bar # 269543, to their respective addresses on file, on the _____9th_____ of June, 2025.



**9589 0710 5270 1015 8292 87**




Retail

U.S. POSTAGE PAID
PM
MANCHESTER, NH 03103
JUN 09, 2025

02210

**$14.95**

S2322W501594-44

PRESS FIRMLY TO SEAL




PRESS FIRMLY TO SEAL

R C03

## UNITED STATES POSTAL SERVICE ® | PRIORITY MAIL

**FROM:**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

### FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

### TRACKED ■ INSURED

EP14F October 2023

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

### PRIORITY MAIL
★ MAIL ★

UNITED STATES POSTAL SERVICE

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:** Matthew-Lane'i Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]



**TO:** Clerk of Court
Anastasia Dubrovsky
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA. 02210



Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

This package is made from post-consumer waste. Please recycle – again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.