# 24-1442

# United States Court of Appeals
## for the First Circuit

In re: MATTHEW-LANE HASSELL,

Plaintiff- Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

WRIT OF ERROR from a Judgment Entered by a Judge of the
United States District Court for the District of New Hampshire

## SECOND NOTICE AND MOTION TO COMPEL RULING, ISSUE ORDER, OR SET EXPEDITED TIMELINE

Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona Sui Juris

    COMES NOW, Appellant MATTHEW-LANE: HASSELL, Propria Persona Sui Juris, and respectfully submits this Second Notice and Renewed Motion to

Page 1

Compel Ruling in light of the continued refusal of the Court to act on Appellant's properly filed and docketed Motion to Compel Decision (entered May 27, 2025).

This motion now serves as formal notice of escalation to Congressional and Executive oversight authorities, given the Court's prolonged silence and procedural noncompliance, and further invokes reassignment procedures due to a demonstrable structural conflict of interest under 28 U.S.C. § 351(c) and Rule 25.

## I. STATUS UPDATE AND NOTICE OF ESCALATION

To date, the First Circuit has not issued a ruling or scheduling order in response to:

- Appellant's NOTICE-MOTION to Compel Decision docketed May 27, 2025;
- The total procedural abandonment by Appellees, who have either failed to file briefs, affidavits, or competent motions.
- Any communication since that date regarding the disposition of the matter.

Appellant hereby informs the Court that:

This judicial silence is not harmless—it is a constitutional injury.

Appellant now formally declares that this continued inaction constitutes a dereliction of Article III duty, and invokes external intervention mechanisms under the United States Constitution.

1. A **formal Congressional Complaint** has been submitted to the **House and Senate Judiciary Committees**, citing violations of 28 U.S.C. §§ 331, 1657, 604(a)(3), Pub. L. 101-650, and First Circuit Local Rules;
2. A **Presidential Petition** has been filed under Article II, § 3 (Take Care Clause), requesting referral to the DOJ Civil Rights Division and Office of Legal Counsel;
3. All materials submitted to Congress and the White House are incorporated herein by reference.

This filing is not merely a procedural motion. It is a constitutional demand.
The time for internal discretion has passed. The United States Court of

Appeals for the First Circuit now faces formal notice that its silence is subject to legislative and executive scrutiny.

## II. STRUCTURAL BIAS AND DEMAND FOR REASSIGNMENT

Appellant notes that all three members of the appellate panel—Chief Judge David J. Barron, Judge Gustavo A. Gelpí, and Judge Seth R. Aframe—are actively participating in the adjudication of this matter. Under 28 U.S.C. § 351(c), both the Chief Judge and any judge involved in the matter must be disqualified from overseeing any complaint or delay-related oversight.

As the only remaining eligible active judges in the First Circuit are junior and administratively subordinate to the Chief Judge, including Judge Lara E. Montecalvo and Judge Julie Rikelman, there exists an inherent risk of institutional bias and structural incapacity to ensure objective, impartial review.

Appellant therefore formally demands that this matter be referred to a judicial council of another circuit under Rule 25 of the Rules for Judicial-Conduct Proceedings to avoid direct conflicts of interest.

However, Appellant asserts that Rule 25 merely reallocates oversight to another Article III judge—who remains bound to the same institutional structure, culture, and incentives as the original panel. As such, even reassignment to another circuit cannot remedy the deeper problem of systemic judicial bias, institutional loyalty, and the lack of independent enforcement mechanisms.

Even the U.S. Supreme Court has recognized the constitutional dangers of internal judicial bias. In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the Court held that even the appearance of bias can violate due process. Here, because every Article III judge has an inherent institutional interest in preserving the reputation of the judiciary, no judge—regardless of circuit—can be considered truly independent in reviewing allegations of delay, inaction, or misconduct by another federal judge. This is a structural failure requiring Congressional and Executive intervention.

This structural flaw necessitates external oversight under the Separation of Powers Doctrine. As the judiciary cannot credibly act as the sole judge of its own integrity, especially where adjudicatory delay harms constitutional rights, Appellant respectfully demands immediate intervention by:

- The **U.S. Department of Justice** (DOJ), including its Civil Rights Division;
- **Congress**, via the Judiciary Committees and inspector general authorities under 28 U.S.C. §§ 604–612;
- **The President**, pursuant to Article II's Take Care Clause, as the final backstop for enforcement of constitutional duties by all federal officers, including judges.

This demand aligns with the principle that **checks and balances, not intra-branch leniency**, must govern serious claims of systemic judicial misconduct, to ensure objective review.

### III. GROUNDS FOR RENEWED MOTION

The Court's continued inaction constitutes:

- Constructive denial of due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976);
- Violation of expedited review mandates under 28 U.S.C. § 1657(a);
- Procedural failure to address motions under FRAP 27, Loc. R. 27.0(d), and I.O.P. VII(A);
- Default by Appellees under FRAP 31, due to complete lack of briefs or sworn filings.

Further, pursuant to *Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990), and *Bounds v. Smith*, 430 U.S. 817 (1977), excessive judicial delay without justification amounts to a constitutional deprivation of meaningful access to the courts.

### IV. DEMAND FOR RULING AND NOTICE TO FILE SUPERVISORY RESPONSE

Appellant respectfully demands that the Court:

1. Rule immediately on the pending Motion to Compel Decision and all associated filings;
2. Issue a public scheduling order or status ruling within ten (10) days;
3. File a supervisory response or justification if the delay is to continue beyond that window;
4. Take judicial notice of unrebutted allegations, sworn evidence, and procedural abandonment by Appellees;
5. Accept this filing as part of the formal appellate record for review by Congress and Executive oversight authorities;
6. Refer any further misconduct or delay-related proceedings to a different judicial circuit pursuant to Rule 25, to avoid appearance of bias.

All Rights Reserved always and forever more, without prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

I, Appellant, certify/declare under penalty of perjury that the above is true and correct to the best of my abilities.

_Matthew-Lane: Hassell_     Dated: 2nd of July, 2025

Matthew-Lane: Hassell
Propria Persona Sui Juris
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
PHONE: (603) 231-0844
EMAIL: Mhas191@yahoo.com

I certify that a copy of this MOTION/NOTICE has been sent by USPS FIRST CLASS/ PRIORITY mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA and/ or Nathan W. Kenison–Marvin, to their respected addresses on file, on the 2nd of July, 2025.

PRESS FIRMLY TO SEAL    PRESS FIRMLY TO SEAL

EXPECTED DELIVERY DAY: 07/05/
USPS TRACKING® #
9505 5158 5129 5183 5469 66

# PRIORITY MAIL®

- Expected de[livery]... [d]omestic use.
- Domestic ... insurance (restrictions apply).*
- USPS Track... [f]or domestic and many international destinations.
- Limited internation...
- When used internation[ally a] customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

PS00001000014
EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP


PAPER POUCH

Retail
PM
NASHUA, NH 03060
JUL 02, 2025



02210

$10.10

RDC 03    0 Lb 2.30 Oz    S2323Y501635-09

FROM:



**UNITED STATES POSTAL SERVICE® | PRIORITY MAIL**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]

TO: Clerk of Court
1st Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, M.A. 02210

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE