# United States Court of Appeals
## For the First Circuit

No. 24-1442

MATTHEW-LANE HASSELL,

Plaintiff - Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants - Appellees.

Before

Barron, Chief Judge,
Gelpí and Aframe, Circuit Judges.

**JUDGMENT**

Entered: April 22, 2026

Pro se appellant Matthew-Lane Hassell ("Hassell") appeals from the district court's dismissal of his complaint for lack of subject-matter jurisdiction. We review the dismissal de novo. Román-Cancel v. United States, 613 F.3d 37, 41 (1st Cir. 2010). The district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. See Morales-Tanon v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008). After careful review of the parties' submissions and the underlying record, we hold that judicial immunity bars Hassell's due process and equal protection claims against the judicial defendants. See Zenon v. Guzman, 924 F.3d 611, 616-617 (1st Cir. 2019).

To the extent that Hassell seeks injunctive relief to grant him 50/50 custody of the minor child and a cease-and-desist order to stop the wage garnishment, and to the extent that such prospective relief might not be prohibited by § 1983, see Negron-Almeda v. Santiago, 579 F.3d 45, 52 (1st Cir. 2009); Ex parte Young, 209 U.S. 123, 159-60 (1908), he has waived these claims for lack of development. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Having reviewed Hassell's submissions on appeal and the record below, we conclude as well that no substantial question is presented in this appeal as to the private defendants Devin Aileen Kimbark, Cheryl Kimbark and Mark Kimbark. See 1st Cir. R. 27.0(c). Hassell's complaint

fails to state a claim upon which relief may be granted against these defendants because they are private individuals and there is no suggestion in the record that any of them acted "under color of state law." See 42 U.S.C. § 1983. "It is '[o]nly in rare circumstances' that private parties can be viewed as state actors." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). To the extent that Hassell argues that conduct of the private actors here constitutes state action, none is evident. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011). Nor has he plausibly alleged that the private defendants violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68.

Affirmed. See 1st Cir. R. 27.0(c). All other pending motions are denied as moot.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Matthew-Lane Hassell, Devin Aileen Kimbark, Cheryl L. Kimbark, Mark Kimbark, Anthony J. Galdieri, John M. Formella, Nathan W. Kenison-Marvin