# 24-1442

# United States Court of Appeals
**for the First Circuit**

John Joseph Moakley
U.S. Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-9057

RECEIVED FOR FILING
IN CLERK'S OFFICE
2025 MAY 11 P 12:46
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

In re: MATTHEW-LANE HASSELL,

Plaintiff - Appellant,

v.

DEVIN AILEEN KIMBARK; CHERYL L. KIMBARK; MARK E. KIMBARK; JUDGE TODD H. PREVETT; JUDGE MICHAEL L. ALFANO; JUDGE KERRY P. STECKOWYCH,

Defendants – Appellees.

---

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Pursuant to Fed. R. App. P. 35 and 40, Plaintiff–Appellant Matthew-Lane: Hassell petitions for panel rehearing and rehearing en banc.

## INTRODUCTION

The panel affirmed dismissal on three grounds: (1) judicial immunity bars Appellant's due process and equal protection claims; (2) Appellant "waived" claims for prospective relief under § 1983; and (3) no substantial question exists as to private defendants because they are not state actors. Each ground rests on a misapplication of controlling law:

- Waiver was applied without the liberal construction required for pro se filings;
- The panel acknowledged but did not analyze prospective relief under *Ex parte Young*;

• The panel did not apply the Rule 12(b)(6) plausibility standard to Appellant's factual allegations; and
• Judicial immunity was applied without the required functional analysis of whether the alleged conduct was judicial.

Consistent with the longstanding principle that constitutional protections must be construed to preserve their substance, courts must ensure that procedural safeguards—particularly where fundamental rights are implicated—are not eroded through summary disposition without proper analysis. See *Boyd v. United States*, 116 U.S. 616, 635 (1886).

Each error reflects the same underlying defect: the panel failed to apply the Rule 12(b)(6) standard and instead resolved fact-dependent issues and legal questions without accepting Appellant's allegations as true. These errors are outcome-determinative. Correcting them requires vacatur and reinstatement of claims, development of the record and adjudication.

## STANDARD FOR REHEARING

Rehearing is warranted where the Court has overlooked or misapprehended points of law or fact. Fed. R. App. P. 40(a)(2). En banc review is warranted for conflicts with Supreme Court precedent or questions of exceptional importance. Fed. R. App. P. 35(a).

## ARGUMENT

## I. WAIVER WAS MISAPPLIED TO A PRO SE APPELLANT

The panel held that Appellant "waived" claims for prospective relief for lack of development, citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). That ruling conflicts with the Supreme Court's mandate to liberally construe pro se filings:

- *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972);
- *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Appellant's submissions on appeal set forth:

- requests for injunctive relief affecting custody and ongoing enforcement (App. Br. 53–54);
- allegations of continuing constitutional violations, including deprivation of parental rights and denial of process (App. Br. 30–35, 50); and
- arguments challenging the procedures used to impose and maintain those restrictions (Reply Br. 21–23, 33).

Taken together, Appellant's collective filings articulate claims for prospective relief and ongoing constitutional violations.

Under *Haines* and *Erickson*, these filings must be construed to raise the strongest arguments they suggest. The Supreme Court has further made clear that courts must look to the substance of pro se filings rather than their technical form. See Castro v. United States, 540 U.S. 375, 381–82 (2003).

Critically, that obligation applies before the application of procedural doctrines such as waiver. A court may not invoke waiver to disregard claims that are reasonably presented in substance across a pro se litigant's filings, as doing so nullifies the required liberal construction—based on alleged lack of formal development—impermissibly elevates form over substance and conflicts with controlling Supreme Court precedent.

Proper application of governing law requires that Appellant's submissions be read as a whole, liberally construed, and evaluated on their substance—not dismissed on technical deficiencies.

## II. THE PANEL FAILED TO APPLY THE GOVERNING FRAMEWORK FOR PROSPECTIVE RELIEF UNDER § 1983

The panel acknowledged that prospective relief "might not be prohibited by § 1983," citing *Ex parte Young*, but did not analyze those claims. That is not a permissible disposition. Where a plaintiff alleges ongoing constitutional violations

and seeks to halt them, courts must apply *Ex parte Young*, 209 U.S. 123, 159–60 (1908). Appellant alleged:

1) ongoing deprivation of parental rights (App. Br. 30–31); 2) continuing wage garnishment (App. Br. 54; Reply Br. 33); and 3) denial of process via ex parte proceedings and lack of evidentiary hearings (App. Br. 33–35).

Where a plaintiff alleges continuing deprivation of constitutional rights, the law provides mechanisms for relief, including prospective relief under *Ex parte Young*, 209 U.S. 123, 159–60 (1908).

By applying judicial immunity categorically and declining to analyze claims for prospective relief, the panel effectively foreclosed any remedy for ongoing constitutional violations.

These allegations squarely trigger *Ex parte Young*. By acknowledging but not applying *Ex parte Young*, the panel resolved the case without the governing framework.

## III. THE PANEL DID NOT APPLY THE RULE 12(b)(6) STANDARD

Under de novo review, the Court must apply the Rule 12(b)(6) standard, which requires accepting factual allegations as true and determining whether they plausibly state a claim. See:

- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);
- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under this standard, the Court must accept Appellant's factual allegations as true and determine whether they plausibly state a claim for relief. Appellant alleged:

1) denial of evidentiary hearings (App. Br. 33–34); 2) ex parte custody determinations (App. Br. 33); and 3) prolonged deprivation of parental rights (App. Br. 30–31, 50). He further argued the district court relied on improper inferences. (App. Br. 39–41)

The panel did not analyze plausibility. Instead, it affirmed dismissal through waiver and immunity—doctrines that do not replace the Rule 12(b)(6) inquiry, nor do they permit the Court to bypass or replace that inquiry entirely. This omission is outcome-determinative because it bypasses the required de novo plausibility analysis. The panel's failure to perform this analysis is inconsistent with its stated de novo standard of review.

## III-A. THE UNDERLYING STATE PROCEEDINGS OR PROCEDURES DENIED APPELLANT A MEANINGFUL OPPORTUNITY TO BE HEARD

Appellant repeatedly sought an evidentiary hearing to challenge allegations underlying the custody orders (App. Br. 33–34) affecting custody and parenting time. Those requests were opposed and denied without evidentiary development.

The resulting orders imposed significant and ongoing restrictions, including limiting Appellant to 2 hour supervised visits twice a week since the hearing held on March 22, 2023 to current (over 3 years). These restrictions were imposed based on disputed representations and assertions that were never subjected to adversarial testing.

Where the State imposes substantial limitations on parental rights, due process requires a meaningful opportunity to be heard at a meaningful time and in a meaningful manner.

Here, the absence of an evidentiary hearing, coupled with the reliance on contested allegations, deprived Appellant of that opportunity. The panel's affirmance did not address this procedural deficiency and instead upheld dismissal without ensuring that the underlying factual disputes had been properly adjudicated.

This further demonstrates that the case was resolved prematurely, without development of a factual record necessary to apply the governing legal standards.

## IV. JUDICIAL IMMUNITY WAS APPLIED WITHOUT THE REQUIRED FUNCTIONAL ANALYSIS

The panel held that "judicial immunity bars Hassell's due process and equal

protection claims." That conclusion reflects a misapplication of the governing legal standard.

Judicial immunity applies only to judicial acts, determined by a functional analysis of the nature of the act, not the identity of the actor. See Stump v. Sparkman, 435 U.S. 349, 362 (1978); Forrester v. White, 484 U.S. 219, 227–29 (1988); Mireles v. Waco, 502 U.S. 9, 11–12 (1991).

The Supreme Court has made clear that courts must "look to the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. at 229.

Appellant alleged conduct including:

- denial of evidentiary hearings (App. Br. 33–34: Doc. 00118172953, at 33–34);
- participation in enforcement actions affecting property (App. Br. 54; Reply Br. 33);
- coordination with other actors (Reply Br. 21–23: Doc. 00118205828, at 28–30).

These allegations raise the threshold question whether the challenged conduct was adjudicative in nature or instead administrative or enforcement-related.

At the pleading stage, those allegations must be accepted as true, and the Court must determine whether they plausibly describe conduct falling outside the scope of judicial immunity. That inquiry cannot be resolved by conclusory characterization.

Neither the district court nor the panel performed the required functional analysis. Instead, judicial immunity was applied categorically, without evaluating whether the alleged conduct constituted judicial acts within the meaning of controlling precedent.

That is legal error and reflects a categorical application of immunity untethered to the function-based analysis required by Supreme Court precedent. The applicability of judicial immunity in this context turns on the nature of the conduct alleged—a fact-dependent inquiry that cannot be resolved on the pleadings where the complaint plausibly alleges non-judicial or enforcement-related conduct.

By dismissing on immunity grounds without performing the required functional analysis, the panel effectively resolved disputed questions regarding the nature of the conduct and drew inferences against Appellant, contrary to the Rule 12(b)(6) standard.

This omission is outcome-determinative. If the conduct alleged is administrative or enforcement in nature, judicial immunity does not apply. See Forrester v. White, 484 U.S. at 227–29. To the extent Appellant seeks prospective relief to halt ongoing violations, such claims are not barred by immunity. See Ex parte Young, 209 U.S. 123, 159–60 (1908).

Accordingly, dismissal on the basis of judicial immunity was premature. Proper application of controlling law requires evaluation of the alleged conduct under the functional test, after development of the factual record.

## V. THE STATE-ACTION HOLDING IGNORED PLEADING-STAGE REQUIREMENTS

The panel concluded that private defendants were not acting under color of state law and that no substantial question exists. That conclusion reflects a misapplication of the governing state-action framework at the pleading stage.

Appellant alleged joint participation in conduct depriving him of constitutional rights, including:

- coordinated action with state actors (Reply Br. 21–22 (Document: 00118205828 at 28–29));
- deprivation through state-enforced processes (Reply Br. 22–23 (Document: 00118205828 at 29–30)).

Under controlling Supreme Court precedent, private parties act under color of state law where they are willful participants in joint activity with the State or its agents. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 941–42 (1982); Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

At the pleading stage, a plaintiff need only allege facts supporting a plausible inference of such joint participation. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970) (state action may be established through allegations of joint activity, including circumstantial evidence of coordination).

These allegations must be accepted as true and evaluated under the Rule 12(b)(6) standard. The Court may not resolve factual disputes or draw inferences against the plaintiff in determining whether state action exists.

The panel's summary conclusion that no state action exists does not reflect application of this framework. Instead, it resolves a fact-dependent inquiry—whether private parties acted jointly with state actors—without accepting Appellant's allegations as true or permitting development of the factual record.

State action in the joint-participation context is inherently fact-intensive and ordinarily not suitable for resolution on the pleadings where plausible allegations of coordinated conduct exist.

By dismissing these claims without applying the governing standard, the panel effectively required proof rather than plausibility and resolved factual questions adverse to Appellant at the pleading stage and effectively converted a pleading-stage inquiry into a merits determination. That is legal error.

This error mirrors the panel's treatment of immunity and waiver—each reflects a failure to apply the Rule 12(b)(6) standard and an improper resolution of fact-dependent issues at the pleading stage.

## VI. THE PANEL MISAPPREHENDED THE SCOPE OF THE RICO ALLEGATIONS

The panel stated that Appellant failed to plausibly allege that "the private

defendants" violated RICO.

However, Appellant's district-court and appellate filings did not limit the allegations solely to private actors. Appellant alleged coordinated conduct involving judicial defendants, attorneys, state actors, and private individuals acting jointly through state-enforced processes. See Doc. 20 at 8–10; Reply Br. 21–24 (Document: 00118205828 at 28–31).

Specifically, Appellant alleged:

- coordinated conduct between private parties and state actors;
- use of judicial and enforcement mechanisms to impose continuing deprivation of rights; and
- financial incentives connected to Title IV-D enforcement mechanisms under the Social Security Act.

Appellant further relied on the framework discussed in Giuliano v. Fulton, 399 F.3d 381 (1st Cir. 2005), including allegations concerning coordinated conduct, continuity, and ongoing activity.

Whether those allegations ultimately satisfy the elements of a RICO claim is distinct from whether they were plausibly alleged at the pleading stage.

The panel did not analyze the elements of the claim under the Rule 12(b)(6) framework and instead summarily concluded that no plausible RICO allegation existed as to "private defendants," despite Appellant's allegations of coordinated conduct involving both state and private actors.

At minimum, the allegations required application of the governing plausibility standard and reasonable inferences in Appellant's favor.

## CONCLUSION

Because the panel failed to correctly apply the governing Rule 12(b)(6) standard and instead substituted waiver, immunity, and state-action doctrines to resolve fact-dependent and legal questions without accepting Appellant's allegations as true, the judgment cannot stand.

These errors are not isolated; they reflect a material departure from controlling Supreme Court precedent governing pleading standards, judicial immunity, prospective relief, state action, and liberal construction of pro se filings, warranting rehearing and, if necessary, en banc review.

For the foregoing reasons, Appellant respectfully requests that the Court:

1. Grant panel rehearing;
2. Vacate the judgment entered April 22, 2026;
3. Reverse the dismissal under Rule 12(b)(6); and
4. Remand the case to the district court for further proceedings consistent with controlling law, including development of the factual record.

In the alternative, Appellant requests rehearing en banc.

VOID WHERE PROHIBITED BY LAW

Matthew-Lane: Hassell Dated: 8th of May, 2026

Matthew-Lane: Hassell
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona, Sui Juris

I certify that a copy of the above mentioned PETITION/motion (word count 2,371 words) has been sent by USPS FIRST CLASS/PRIORITY mail to DEVIN AILEEN KIMBARK and MARK EDWARD KIMBARK and CHERYL L. KIMBARK and ATTORNEY GENERAL JOHN M. FORMELLA/ NATHAN W. KENISON-MARVIN.

FIRMLY TO SEAL

FSC MIX Board FSC® C116916

PAPER POUCH how2recycle.info

PRESS FIRMLY TO SEAL

Retail

UNITED STATES POSTAL SERVICE®

U.S. POSTAGE PAID
PM
COLUMBIA, SC 29206
MAY 08, 2026

02210

$17.85

RDC 03 0 Lb 6.00 Oz S2324H503863-08

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

SCREENED

d delivery date specified for domestic use.

c shipments include $100 of insurance (restrictions apply).*

'acking® service included for domestic and many international destinations.

international insurance.**

sed internationally, a customs declaration form is required.

oes not cover certain items. For details regarding claims exclusions see the
il Manual at http://pe.usps.com.
ational Mail Manual at http://pe.usps... ability and limitations of coverage.

ECTED DELIVERY DAY: 05/11/26

S SIGNATURE® TRACKING #

9510 8116 0753 6128 1494 98

CKED ■ INSURED

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Bishop Ruben DeWayne
5105 N. Main St. Bld. A.
Columbia, SC 29203

TO:

U.S. Court of Appeals
1 Courthouse Way, Rm 2500
Boston, MA 02210

Label 228, December 2023 FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

EP14F October 2023

PAPER how2recycle.info